UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
KNOXVILLE DIVISION

| | |
|---|---|
| MAKS, INC., *et al.*, | ) |
| | ) |
| Plaintiffs, | ) |
| | ) No.: 3:10-CV-443 |
| v. | ) (VARLAN/GUYTON) |
| | ) |
| EODT GENERAL SECURITY CO., *et al.*, | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM OPINION AND ORDER

This civil action is before the Court on several motions: MAKS, Inc., General Trading & Contracting Co.'s Motion to Dismiss EOD Technology's Counterclaims [Doc. 53]; Defendants EODT General Security Company, EOD Technology, Inc., and Matt Kaye's Motion to Dismiss Claims of Plaintiffs John Doe #1, John Doe #2, and John Doe #3 [Doc. 77]; Matt Kaye's First Motion for Summary Judgment [Doc. 79]; Plaintiffs' Motion for Leave to File a First Amended Complaint [Doc. 92]; Plaintiffs' EMERGENCY Motion for the Court to Stay Briefing and Consideration of Matt Kaye's Motion for Summary Judgment [Doc. 94]; and Plaintiffs' Motion for the Court to Strike Section 2 of EOD Technology, Inc.'s, EODT General Security Company's, and Matt Kaye's Response and Opposition to Plaintiffs' Motion for Leave to File a First Amended Complaint [Doc. 98].

EOD Technology, Inc. ("EOD Technology") filed a response and opposition to plaintiffs' motion to dismiss its counterclaims [Doc. 55], and plaintiffs replied [Doc. 59]. Plaintiffs filed a response to EODT General Security Company ("EODT General Security"), EOD Technology, and Matt Kaye's motion to dismiss the claims of the "John Doe" plaintiffs [Doc. 82]. EOD Technology, EODT General Security, and Matt Kaye filed responses to plaintiffs' motion to amend and plaintiffs' motion to strike [Docs. 96, 101], and plaintiffs filed a reply to their response to the motion to amend [Doc. 99]. Defendant Matt Kaye filed a response to plaintiffs' motion to stay [Doc. 97], and plaintiffs replied [Doc. 100]. The time period for filing any other responses or replies has expired. *See* E.D. Tenn. L.R. 7.1, 7.2. Hence, all such motions are ripe for the Court's consideration.

The Court first turns to plaintiffs' motion to amend [Doc. 92].[1] Plaintiffs submit that the proposed first amended complaint seeks to accomplish the following: (1) remove the claims of the Afghan national "John Doe" plaintiffs; (2) omit the claim for false imprisonment; (3) replace the "Jack Doe" defendants with named defendants whose identities have been learned through the discovery process; (4) remove the Alien Tort Claim Act as a basis for jurisdiction; (5) clarify the allegations against defendant Matt Kaye; (6) better distinguish EODT General Security and EODT Technology; and (7) include a prayer for post-judgment interest [Doc. 93]. Plaintiffs submit the amended complaint will reduce the burden on the Court by eliminating claims that can no longer be maintained, clarify

---

[1] The Court turns to this motion first for several reasons, including because plaintiffs allege that granting the motion will moot other pending motions.

ambiguities, some of which resulted in defendant Matt Kaye filing a motion for summary judgment, and allow the parties to focus on the remaining issues of this dispute [*Id.*]. Further, plaintiffs submit that the parties will not be prejudiced by the filing of an amended complaint because discovery is still in the early stages, and that the trial date will not need to be continued as a result of naming the "Jack Doe" defendants because relevant discovery will focus only on the events of a particular date [*Id.*].

Defendants EOD Technology, EODT General Security, and Matt Kaye oppose the motion to amend on two grounds [Doc. 96]. The first is that the proposed first amended complaint dismisses the "John Doe" plaintiffs from this action contrary to the procedures provided for in Rule 41(a) of the Federal Rules of Civil Procedure [*Id.*]. The second is that it would be futile to add the seven new defendants in place of the three "Jack Doe" defendants because they would have statute of limitations defenses [*Id.*].

Regarding defendants' argument that the proposed first amended complaint dismisses the John Doe plaintiffs from this action contrary to the procedures provided for in Rule 41(a) of the Federal Rules of Civil Procedure, defendants assert that, absent a dismissal order from the Court, the effect of the proposed amended complaint would be to "leave open to argument from anyone later identified as an 'Afghan Day Laborer' that there [sic] cause of action has somehow been preserved by [sic] original filing of the Complaint in conjunction with Rule 41(a) [of the Federal Rules of Civil Procedure]" [Doc. 96]. The Court finds the argument without merit.

Rule 41 governs dismissal of actions, not claims. *Mgmt. Investors v. United Mine Workers*, 610 F.2d 384, 394, 394 n.22 (6th Cir. 1979). Because plaintiff seeks to omit the claims of the "John Doe" plaintiffs pursuant to its proposed amended complaint, Rule 41 therefore has no application [*See* Doc. 93 (noting that the proposed amended complaint seeks to "drop" "[t]he claims of the Afghan national 'John Doe' Plaintiffs")].

Defendants secondly contend that the original complaint asserted tort claims against three "Jack Doe" defendants, but the proposed amended complaint seeks to allege that the torts were committed by seven named individuals, one of whom is a woman [Doc. 96]. Defendants argue that there is a statue of limitations issue in doing so because the applicable statute of limitations period is one year, and the proposed amendment would not relate back to the date of the original pleading under Rule 15(c) of the Federal Rules of Civil Procedure [*Id.*]. Thus, they argue, the proposed amendment would be futile [*Id.*].

In response, plaintiffs filed a motion to strike this portion of defendants' response [Doc. 98]. Plaintiffs submit that the attorneys who filed the response do not represent the seven named individuals and should not be allowed to engage in "shadow advocacy" on their behalf [*Id.*]. Additionally, plaintiffs assert that it is "offensive" that these attorneys make such an argument given their repeated resistance on behalf of the clients they represent to disclose the identities of these individuals [*Id.*]. Plaintiffs, however, do not address the substance of defendants' argument, stating:

> There might be a time and a debate on the applicable statute of limitations on the assault claims. Yet, Plaintiffs should not have to dedicate the time, energy, and resources in debating such points with attorneys who do not represent the individuals who might or might not have objections to the filing of assault and other tort claims.

[Doc. 99].

Although plaintiffs may find it offensive that the attorneys for EODT General Security, EODT Technology, and Matt Kaye would make such an argument, plaintiffs cite no authority for the inappropriateness of defendants' argument. Moreover, defendants' submit that they make the argument because plaintiffs' proposed amendment "would seem to be futil[e] . . . and futility is a valid objection to a proposed amendment" [Doc. 101]. Because plaintiffs have provided the Court with no authority that it cannot consider a futility argument relevant to parties not yet before the Court but raised by those presently in the case, the Court **DENIES** plaintiffs' motion to strike [Doc. 98] and will consider the substance of the futility argument.

The proposed amended complaint seeks to assert various tort claims against the seven newly-named defendants, including trespass, assault, negligence, and tortious interference [*See* Doc. 82-1]. As the proposed amended complaint relies upon diversity jurisdiction [*see id.*], the Court must apply the law of Tennessee to determine the applicable statute of limitations. *Erie R.R. v. Tompkins*, 304 U.S. 64, 78 (1938). The statute of limitations for tort actions pursuant to Tennessee law is one year from the date of the alleged injury. Tenn. Code Ann. § 28-3-104. The proposed amended complaint alleges that the date of the alleged injury for each of the tort claims is October 23, 2009 [*Id.*]. Plaintiff filed its motion to

5

amend, however, on October 25, 2011; that is, more than a year after the date of the alleged injury. Thus, unless plaintiffs' amendments relate back to the date of the original pleading—October 21, 2010, which is less than a year from the date of the alleged injury—plaintiffs motion to amend should be denied on the basis of futility.

"Rule 15(c) of the Federal Rules of Civil Procedure governs when an amended pleading 'relates back' to the date of a timely filed original pleading and is thus itself timely even though it was filed outside an applicable statute of limitations." *Krupski v. Costa Crociere S. p. A.*, — U.S. —, 130 S. Ct. 2485, 2489 (2010). Where an amended pleading changes a party or a party's name, an amendment relates back to the original pleading if the amendment "asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out-or attempted to be set out-in the original pleading[,]"

> and if, within the period provided by Rule 4(m) for serving the summons and complaint, the party to be brought in by amendment: (i) received such notice of the action that it will not be prejudiced in defending on the merits; and (ii) knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity.

Fed. R. Civ. P. 15(c). Thus, there are three elements required for an amendment to "relate back."

The first element is undoubtedly satisfied here, and defendants do not seem to assert otherwise. Although defendants focus their argument on what they call the "time and notice

6

requirements" of Rule 15(c), the Court finds the third element fatally dictates the disposition of the portion of plaintiffs' motion seeking to assert claims against the seven newly-named defendants.[2]

"The Sixth Circuit has long held the position that a complete lack of knowledge as to the identity of a defendant—a suit against a Doe defendant, for example—is not equivalent to a 'mistake' concerning the actual defendant's identity." *Flick v. Lake Cnty. Jail*, No. 1:10-CV-532, 2011 WL 3502366, at *1 (N.D. Ohio Aug. 10, 2011) (citation omitted); *see also Moore v. State of Tenn.*, 267 F. App'x 450, 455 (6th Cir. 2008) ("In this court, a plaintiff's lack of knowledge pertaining to an intended defendant's knowledge does not constitute a 'mistake concerning the party's identity' within the meaning of Rule 15(c)." (citations omitted)). Plaintiffs expressly assert that, pursuant to the proposed amended complaint, "[t]he 'Jack Doe' Defendants have been replaced by actual named defendants whose identities have been learned through the discovery process" [Doc. 93]. Thus, pursuant to Sixth Circuit precedent, the claims set forth in the proposed amended complaint against these newly-named defendants would not relate back to the date of the original complaint, and it

---

[2]The Court therefore does not address the second element; that is, that the party to be brought in by amendment received such notice of the action that it will not be prejudiced in defending on the merits within the period provided by Rule 4(m).

would be futile to allow the amendment.[3]  *See Miller v. Calhoun Cnty.*, 408 F.3d 803, 817 (6th Cir. 2005) ("A court need not grant leave to amend, however, where the amendment would be futile." (citation omitted)).

Accordingly, the Court **GRANTS in part** and **DENIES in part** plaintiffs' motion to amend [Doc. 92]. The motion is denied to the extent plaintiffs seek to add new defendants in place of the "Jack Doe" defendants, but granted in all other respects.  Plaintiff shall file the proposed amended complaint, without the allegations pertaining to the seven newly-

---

[3]The Court notes that the United States Supreme Court recently decided *Krupski v. Costa Crociere, S. p. A.*, — U.S. —, 130 S. Ct. 2485 (2010).  In *Krupski*, the Supreme Court addressed Rule 15(c)'s mistake prong.  The Supreme Court broadly defined "mistake" as "an error, misconception, or misunderstanding; an erroneous belief," and provided the following example:

> A plaintiff may know that a prospective defendant-call him party A-exists, while erroneously believing him to have the status of party B.  Similarly, a plaintiff may know generally what party A does while misunderstanding the roles that party A and party B played in the "conduct, transaction, or occurrence" giving rise to her claim.  If the plaintiff sues party B instead of party A under these circumstances, she has made a "mistake concerning the proper party's identity" notwithstanding her knowledge of the existence of both parties.

130 S. Ct. at 2494 (citations omitted).

*Krupski*, however, is distinguishable from this case.  In this case, plaintiffs knew who they wanted to sue, they just did not know their names.  Indeed, they intentionally chose to sue the "Jack Doe" defendants because they did not know their identities.  "*Krupski*, in contrast, addressed the situation where a party knew of the existence of two parties, but, confused as to their roles in a transaction, mistakenly sued the wrong one."  *Flick*, 2011 WL 3502366, at *2; *see also Bradford v. Bracken Cnty.*, 767 F. Supp. 2d 740 (2011) (applying the Sixth Circuit's rule and distinguishing *Krupski* where the plaintiff originally sued "Kentucky State Police Officers, Names Unknown" and later amended the complaint to name specific individuals); *Burdine v. Kaiser*, No. 3:09CV1026, 2010 WL 2606257 (N.D. Ohio June 25, 2010) (applying the Sixth Circuit's rule and distinguishing *Krupski* where the plaintiff did not know the identities of the parties until after the statute of limitations period ran).

8

named defendants and without any material changes to the substance that was proposed to the Court, within twenty-one (21) days of the entry of this order. Failure to so file, or indicate why no such filing will be made, could result in dismissal for failure to prosecute. *See* Fed. R. Civ. P. 16(f), 41(b).

In light of the Court's rulings, and because the filing of a new complaint supersedes the previous complaint and controls the case, *see Parry v. Mohawk Motors of Mich., Inc.*, 236 F.3d 299, 306–07 (6th Cir. 2000), the Court hereby **DENIES AS MOOT** the following motions:

- MAKS, Inc., General Trading & Contracting Co.'s Motion to Dismiss EOD Technology's Counterclaims [Doc. 53];

- Defendants EODT General Security Company, EOD Technology, Inc., and Matt Kaye's Motion to Dismiss Claims of Plaintiffs John Doe #1, John Doe #2, and John Doe #3 [Doc. 77];

- Matt Kaye's First Motion for Summary Judgment [Doc. 79]; and

- Plaintiffs' EMERGENCY Motion for the Court to Stay Briefing and Consideration of Matt Kaye's Motion for Summary Judgment [Doc. 94].

The parties may refile these motions, if appropriate, once the amended complaint is filed.

IT IS SO ORDERED.

s/ Thomas A. Varlan
UNITED STATES DISTRICT JUDGE