UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
KNOXVILLE DIVISION

| | |
|---|---|
| MAKS, INC., *et al.*, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | No.: 3:10-CV-443 |
| v. ) | (VARLAN/GUYTON) |
| ) | |
| EODT GENERAL SECURITY CO., *et al.*, ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM OPINION AND ORDER**

This civil action is before the Court on Plaintiffs' Motion for Reconsideration of Plaintiffs' Motion to Add Thomas Dwyer, Loren Hughes, Susan Davis, Les Lunceford, Floyd Weed, Matt Knetche, and James Pearson as Defendants in the Above Captioned Action [Doc. 103]. EOD Technology, Inc. ("EODT Technology"), EODT General Security Company ("EODT General Security"), and Matt Kaye responded in opposition [Doc. 105], and plaintiffs replied [Doc. 107]. For the following reasons, the Court will deny the motion.

**I.  Background**

In a prior memorandum opinion and order [Doc. 102], the Court considered plaintiffs' motion to amend the complaint, which sought to, among other things, replace the three "Jack Doe" defendants with named defendants, whose identities had been learned through the discovery process. Defendants argued that it would be futile to add the seven defendants in place of the three "Jack Doe" defendants because they would have statute of limitations defenses. The Court agreed with defendants and denied plaintiffs' request for leave to amend

the complaint to assert the seven named defendants in place of the "Jack Doe" defendants.[1]
Plaintiffs now ask the Court to reconsider this decision [Doc. 104]. They assert three reasons why the Court should do so: (1) a statute of limitations attack is an affirmative defense that must be pled by a party; (2) the Court may not raise an affirmative defense *sua sponte*; and (3) the Court cannot decide a counter-argument where plaintiffs have not raised such [*Id.*].

Defendants argue that plaintiffs' motion "does not raise any new argument against futility vis-à-vis relation back" [Doc. 105]. They further argue that the seven individuals plaintiffs seek to name as defendants are not the same persons identified in the complaint because only three "Jack Doe" defendants were named in the complaint, not seven, and one of the seven individuals is a female [*Id.*]. Also, they state plaintiffs' assertion that what was unknown at the time of the filing of the complaint was the legal or given names of the seven individuals confirms the Court's distinction of the facts of this case from *Krupski v. Costa Crociere, S. p. A.*, — U.S. —, 130 S. Ct. 2485 (2010) [*Id.*].

## II. Standard of Review

Plaintiffs' request for reconsideration is not made pursuant to any certain rule of the Federal Rules of Civil Procedure. Although the Federal Rules of Civil Procedure do not explicitly authorize motions for reconsideration, they are commonly treated as either a Rule 59(e) motion or a Rule 60(b) motion. *Hood v. Hood*, 59 F.3d 40, 43 n.1 (6th Cir. 1995). Because the instant motion was filed within twenty-eight days after the entry of the order

---

[1] The Court assumes familiarity with this decision [*See* Doc. 102].

granting in part and denying in part plaintiffs' motion to amend, it will be considered under Rule 59(e). *Id.* ("[W]hen a post-judgment motion is ambiguous as to whether it is filed pursuant to Rule 59 or Rule 60, if filed within [twenty-eight] days of judgment, the appellate courts have construed it as a Rule 59 motion.").

"A district court may grant a Rule 59(e) motion to alter or amend judgment only if there is: '(1) a clear error of law; (2) newly discovered evidence; (3) an intervening change in controlling law; or (4) a need to prevent manifest injustice.'" *Henderson v. Walled Lake Consol. Schs.*, 469 F.3d 479, 496 (6th Cir. 2006) (quoting *Intera Corp. v. Henderson*, 428 F.3d 605, 620 (6th Cir. 2005)). Rule 59 motions are not "intended as a vehicle to re-litigate previously considered issues; should not be utilized to submit evidence which could have been previously submitted in the exercise of reasonable diligence; and are not the proper vehicle to attempt to obtain a reversal of a judgment by offering the same arguments previously presented." *Kenneth Henes Special Projects Procurement v. Cont'l Biomass Indus., Inc.*, 86 F. Supp. 2d 721, 726 (E.D. Mich. 2000) (emphasis and citation omitted).

## III.  Analysis

Plaintiffs' first and second arguments for reconsideration are intertwined. Plaintiffs assert that the Court "overstep[ed] its authority when it raise[d]" the affirmative defense of the statute of limitations [Doc. 104]. They also assert that, even if "inspired by the arguments of [c]ounsel for EODT [Technology] and EODT [General] Security," it was improper for the Court to consider the statute of limitations with respect to plaintiffs' motion to amend because counsel for these defendants do not represent the seven individuals and the statute

3

of limitations is an affirmative defense that can be raised "only by the person who has its benefit, or that person's legal counsel" [*Id.* (emphasis omitted)].

The Court does not find that it committed a clear error of law in addressing defendants' futility argument in response to plaintiffs' motion to amend the complaint, nor does it find any basis to alter its ruling to prevent manifest injustice.[2] First, the Court did not *sua sponte* address whether the proposed amended complaint would be futile because of a statute of limitations defense as defendants raised this point in opposition to the proposed amended complaint. Moreover, futility is a valid objection to a motion to amend, *Miller v. Calhoun Cnty.*, 408 F.3d 803, 817 (6th Cir. 2005), and plaintiffs never provided, and still do not provide, the Court with any authority that it could not consider a futility argument related to parties not yet before the Court but raised by those presently in the case. Second, while plaintiffs may be correct that the statute of limitations is an affirmative defense that is designed for the benefit of a person against whom a claim may be made, *see Hayden v. Ford Motor Co.*, 498 F.2d 1292, 1294 (6th Cir. 1974), such rule does not necessarily preclude the Court from considering whether it would be futile to allow an amendment to a complaint that adds new defendants because that amendment would not survive a motion to dismiss based upon a statute of limitations defense asserted by those new defendants.

---

[2]Plaintiffs do not note any newly discovered evidence or intervening change in controlling law, and so the Court does not consider such in determining whether Rule 59(e) relief is warranted.

4

Plaintiffs' third argument is that the Court erred in anticipating "[p]laintiffs [sic] counterarguments for why a statute of limitations defense would fail" [Doc. 104]. They state there was "not a complete lack of knowledge about who the [d]efendant[s] might be" because they have asserted from the outset of this litigation that defendants' employees assaulted them on October 23, 2009; use of "Jack Doe" merely substituted for the "specific persons who participated in the assault" [*Id.*].

The Court finds that it did not "anticipate" any counter-argument of plaintiffs. Rather, the Court addressed defendants' argument that the proposal to name the seven individuals as defendants would be futile because of the statute of limitations, which involved an analysis of whether the proposed amendment would relate back to the date of the original pleading. Pursuant to Sixth Circuit law, the Court found that it would not relate back because a suit against a Doe defendant "is not equivalent to a 'mistake' concerning the actual defendant's identity" [Doc. 102 (citations omitted)]. Plaintiffs cite the Court to no law or facts that undermines this conclusion; indeed, as defendants assert, plaintiffs' assertion that what was unknown at the time of the filing of the complaint was the legal or given names of the seven individuals supports the Court's distinction of the facts of this case from *Krupski v. Costa Crociere, S. p. A.*, — U.S. —, 130 S. Ct. 2485 (2010).

Plaintiffs further argue that plaintiffs were going to rely upon the doctrine of equitable tolling, but have been precluded from doing so as a result of the Court's decision [Doc. 104]. The Court points out that plaintiffs expressly declined to address defendants' futility argument:

5

> There might be a time and a debate on the applicable statute of limitations on the assault claims. Yet, Plaintiffs should not have to dedicate the time, energy, and resources in debating such points with attorneys who do not represent the individuals who might or might not have objections to the filing of assault and other tort claims.

[Doc. 99]. Plaintiffs cannot use their Rule 59(e) motion to re-litigate an issue plaintiffs previously had an opportunity to argue and the Court has already considered.

Further, although plaintiffs seemingly cite *Keenan v. Bagley*, 400 F.3d 417, 421 (6th Cir. 2005), for the proposition that the Court was required to consider equitable tolling, the Court has reviewed *Keenan* and does not find that the case stands for the proposition so asserted by plaintiffs. The language quoted by plaintiffs from *Keenan*—"every court must consider an equitable tolling claim on a case-by-case basis"—is taken from the Sixth Circuit's instruction in *Keenan* that a court must consider various factors in analyzing equitable-tolling claims and that such factors "are not necessarily comprehensive or always relevant; ultimately every court must consider an equitable tolling claim on a case-by-case basis." 400 F.3d at 421 (citation omitted). Thus, the language quoted by plaintiff merely refers to the fact that a court must consider whether an equitable-tolling claim is meritorious on a case-by-case basis; not that the Court must consider an equitable-tolling claim whenever the statute of limitations is raised.

## IV. Conclusion

For the reasons explained herein, the Court hereby **DENIES** Plaintiffs' Motion for Reconsideration of Plaintiffs' Motion to Add Thomas Dwyer, Loren Hughes, Susan Davis, Les Lunceford, Floyd Weed, Matt Knetche, and James Pearson as Defendants in the Above Captioned Action [Doc. 103].

IT IS SO ORDERED.

s/ Thomas A. Varlan  
UNITED STATES DISTRICT JUDGE