UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| MAKS, INC., *et al.*, | ) | |
| | ) | |
| Plaintiffs / Counter-Defendant, | ) | |
| | ) | No. 3:10-CV-443 |
| | ) | (VARLAN/GUYTON) |
| v. | ) | |
| | ) | |
| EODT GENERAL SECURITY CO., *et al.*, | ) | |
| | ) | |
| Defendants / Counter-Plaintiff. | ) | |

## MEMORANDUM AND ORDER

This case is before the undersigned pursuant to 28 U.S.C. § 636, the Rules of this Court, and the referral of the District Judge. The parties appeared before the Court on July 6, 2012, to address various discovery disputes in this case pursuant to Part 3(i) of the Scheduling Order [Doc. 54]. Attorney Deborah Buchholz was present representing the Plaintiffs/Counter-Defendant (hereinafter "MAKs"). Attorneys Brian Quist and Jason Fisher were present representing the Defendants/Counter-Plaintiff (hereinafter "EODT").

The parties have submitted informal position papers regarding their disputes, along with supporting documentation, to the Court. The Court has also heard the oral arguments presented by the parties. At the hearing, MAKs presented eleven discovery issues for review by the Court, and having heard from the parties, the Court finds as follows:

1. Initial Disclosures by EODT: The Court finds that EODT's initial disclosures are adequate pursuant to Rule 26(a)(1)(A) of the Federal Rules of Civil Procedure.

2. Privilege Log Produced by EODT: The Court finds that the privilege log produced by EODT is adequate.

3. Interrogatories 9, 10, 11: MAKs withdrew this issue from the Court's consideration at

the hearing.

4. Request for Production 6: MAKs also withdrew this issue from the Court's consideration at the hearing.

5. Interrogatory 3: With regard to portion (a) of Interrogatory 3, EODT shall identify any persons who are responsive to this question and who were not identified in EODT's initial disclosures. With regard to portion (b) of Interrogatory 3, EODT will not be required to identify who it *may call* as witnesses at the trial of this matter. Both parties will be expected to disclose potential trial witnesses through a witness list disclosed pursuant to the Scheduling Order no later than forty-five days before trial, [Doc. 54 at 6].

6. Interrogatory 4: MAKs also withdrew this issue from the Court's consideration at the hearing.

7. Interrogatory 7: This interrogatory requests that EODT identify all subcontractors it used at the Bagram Airbase and state whether these entities are due sums from EODT. The Court will not require EODT to respond to this inquiry. MAKs has admitted that the other subcontractors were not involved in the alleged breach of contract at issue in this case. The Court finds that the requested information is irrelevant.

8. Request for Production 5: MAKs requests "Any communications between EODT and any representative of the United States Government . . . regarding relocatable building modules . . . ." EODT responds that it has produced the documents and materials it has that are responsive to this question and discoverable. The Court has no reason to question the veracity of this statement, and therefore, the Court finds that no additional production is appropriate.

9. <u>Interrogatory 11</u>: MAKs also withdrew this issue from the Court's consideration at the hearing.

10. <u>Additional Expert Testimony</u>: MAKs has requested that the undersigned grant it leave to present additional expert testimony. This request has been made via an informal discovery dispute conference. The request would have been more appropriately made through a motion directed at the District Judge. Regardless of the vehicle for its presentation, the Court finds that this request is not well-taken.

    MAKs has not disclosed the additional testimony it seeks to elicit from Henry Wilkins. It has, instead, stated to opposing counsel in an email that Mr. Wilkins will "be offering his expert opinion on additional topics," which counsel for MAKs describes as "expert testimony on the standard of care and what can be reasonably anticipated with respect to oversight of modular building contracts by prime contractors to the [U.S.] [G]overnment and what industry standards are with respect to the termination of a contract." [Email from Hennessey to Quist & Fischer, dated June 26, 2012]. This disclosure, coupled with a brief resume of Mr. Wilkins, is inadequate.

    In addition, it is undisputed that this disclosure was made, without the Court's permission, four months after the expiration of MAKs's deadline for disclosing expert testimony. Accordingly, the disclosure, in addition to being inadequate, is not timely.

11. <u>Interrogatory 11, Subpart 5</u>: MAKs requests that EODT produce the names of persons on duty at the MAKs Compound on the night of the incident at issue in this case. The Court finds that this inquiry is appropriately limited in scope and is reasonably calculated to lead to the discovery of admissible evidence. EODT shall respond and provide the names of persons who were on duty to MAKs on or before **July 17, 2012**.

3

The parties represented to the Court that the Court has now addressed all pending discovery matters. While the Court recognizes that additional disputes may arise, the Court admonishes the parties to turn their efforts and attention to preparing this case for trial. The Court declines the request by MAKs to extend pending deadlines in this case, and all deadlines set by the District Judge remain in effect. This matter will proceed to trial before the Honorable Thomas A. Varlan, United States District Judge, at **9:00 a.m. on November 5, 2012**.

**IT IS SO ORDERED**.

ENTER:

　/s H. Bruce Guyton
United States Magistrate Judge