UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| MAKS, INC., *et al.*, | ) | |
| | ) | |
| Plaintiffs / Counter-Defendant, | ) | |
| | ) | No. 3:10-CV-443 |
| | ) | (VARLAN/GUYTON) |
| v. | ) | |
| | ) | |
| EODT GENERAL SECURITY CO., *et al.,* | ) | |
| | ) | |
| Defendants / Counter-Plaintiff. | ) | |

## REPORT AND RECOMMENDATION

This case is before the undersigned pursuant to 28 U.S.C. § 636, the Rules of this Court, and the referral of the District Judge. Now before the Court is the Motion for Partial Dismissal filed by EOD Technology, Inc., ("EODT"), Matt Kaye, and EODT General Security Company ("EODT Security").[1] The Motion to Dismiss moves the Court to dismiss Counts III through IX of the Amended Complaint [Doc. 106], in whole or part. The Plaintiffs have responded in opposition to the Motion to Dismiss. [Doc. 128].


I. **BACKGROUND**

In 2009, the parties entered into two contracts: (1) "Master Subcontract Agreement" [Doc. 1-1, 128-1] and (2) "Contract for Services" [Doc. 1-2, 128-2]. The parties agreed that the law of the State of Tennessee would govern disputes related to the contracts, and the parties appear to agree that Tennessee law governs this litigation. [See Doc. 106 at ¶ 11; Doc. 109 at ¶ 11].

---

[1] For reasons more fully explained below, EODT is essentially the only remaining Defendant in this action, and therefore, the Court will refer to "EODT" rather than "the Defendants" in this Report and Recommendation.

For the purposes of this motion, the nature of the action can be summarized as follows: MAKS and two individual plaintiffs accuse EODT of entering MAKS construction facility in Kabul, Afghanistan, on October 23, 2009. MAKS alleges that its employees and others were assaulted when personnel employed by EODT forcibly commandered re-locatable housing and related modules meant for military use, which were the subject of a contractual agreement between the parties. EODT argues that it exercised its right to self-help in a reasonable manner following extended non-performance by MAKS.

## II. STANDARD OF REVIEW

In considering a motion to dismiss, the Court is required to "accept all well-pleaded factual allegations of the complaint as true and construe the complaint in the light most favorable to the plaintiff." Dubay v. Wells, 506 F.3d 422, 426 (6th Cir. 2007). A complaint need not contain "detailed factual allegations," but it must contain more than "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). A complaint will survive a motion to dismiss if it "contain[s] sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Hensley Mfg. v. ProPride, Inc., 579 F.3d 603, 609 (6th Cir.2009) (quoting Iqbal, 556 U.S. at 678).

"Assessment of the facial sufficiency of the complaint must ordinarily be undertaken without resort to matters outside the pleadings." Rondigo, L.L.C. v. Township of Richmond, 641 F.3d 673, 680-81 (6th Cir. 2011) (citing Wysocki v. Int'l Bus. Mach. Corp., 607 F.3d 1102,

2

1104 (6th Cir. 2010)). A court may accept "matters outside the pleadings" in evaluating the motion, but in doing so, the court must treat the motion "as one for summary judgment under Rule 56," rather than a motion to dismiss under Rule 12. Jones v. City of Cincinnati, 521 F.3d 555, 562 (6th Cir. 2008) (quoting Fed. R. Civ. P. 12(d)).

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). In so deciding, a court is to view "the evidence and reasonable inferences therefrom in the light most favorable to the non-moving party." Barker v. Goodrich, 649 F.3d 428, 432 (6th Cir. 2011).

## III. AMENDED COMPLAINT

The pertinent portions of the Amended Complaint [Doc. 106], are as follows:

A.     Count III: MAKS alleges that EODT did not comply with Section 16 of the Master Subcontract Agreement between the parties. MAKS alleges that Section 16 required EODT to comply with certain dispute resolution provisions, which were not complied with. MAKS alleges that this failure to comply with dispute resolution provisions has damaged MAKS.

B.     Count IV: MAKS alleges that EODT Security refused to provide a number of agreed upon services to MAKS meant to safeguard MAKS personnel and MAKS property. MAKS alleges that it has suffered substantial damages as a result, in the form of lost property, disrupted employment relationships, and disruption of its business purpose.

C.     Count V: MAKS alleges that EODT personnel entering MAKS property interfered with MAKS's possessory interests in the site. MAKS alleges that EODT is responsible for the tort of trespass by its employees under a theory of *respondeat superior*, and in the alternative, MAKS

3

argues that any actions deemed to be *ultra vires* fall within the scope of a civil conspiracy between the Defendants. MAKS alleges that as a result of the trespass MAKS has suffered and sustained damages in the form of lost property, disruption of employment relationships, and disruption of business activities.

D.  Count VI: MAKS argues that EODT's actions constituted a wrongful assumption and exercise of ownership rights over goods and chattels belonging to MAKS in a manner inconsistent with MAKS's ownership rights. MAKS alleges that EODT's acts constituted conversion and maintains that it suffered damages as a result of this conversion.

E.  Count VII: Plaintiffs allege that the Defendants gave directions or orders to employ lethal force that constituted a breach of the standard of care governing contractors to the United States. MAKS argues that actions by individuals Mark Anderson and Matt Kaye are attributable to EODT under the doctrine of *respondent superior*. Plaintiffs allege that as a result of these actions they have been damaged.

F.  Count VIII: MAKS alleges that the knowing entry of EODT onto the MAKS site on October 23, 2009, interfered with contractual relationships MAKS had with its employees and vendors. MAKS alleges that it sustained damages as a result of this alleged interference with contractual relationships.

G.  Count IX: Plaintiffs Gopalakrishna Pillai Ajeesh Kumar Kammarayil and Mohammed Azad Shabbir allege that the Defendants invaded the interior of the MAKS site brandishing loaded weapons in the ready position with the intent of causing them apprehension of harmful or offensive contact. Plaintiffs Gopalakrishna Pillai Ajeesh Kumar Kammarayil and Mohammed Azad Shabbir allege that EODT is liable for these actions under the doctrine of *respondent superior* and/or a civil conspiracy. Plaintiffs Gopalakrishna Pillai Ajeesh Kumar Kammarayil

4

and Mohammed Azad Shabbir allege that as a result of these actions they have sustained injuries.

## IV.  ANALYSIS

The Court will address EODT's arguments in favor of dismissal in the order in which they are presented by EODT in its brief.

### A.  Dismissal of EODT Security and Substitution of EODT as Defendant/Counter-Plaintiff

EODT states that it is a matter of undisputed fact that EODT Security is not a separate entity from EODT.  EODT moves the Court to dismiss portions of Counts IV, V, VI, VII, VIII, and IX that purport to make claims against EODT Security and to substitute EODT as the Defendant in such claims.

In an Order entered May 2, 2012, the Honorable Thomas A. Varlan, United States District Judge, granted the relief requested by EODT by ordering that "all references to EODT Security in the amended complaint [Doc. 106] are stricken, and all such references in the original complaint and the amended complaint [Doc. 106] are deemed to have been references to EODT . . . ." [Doc. 133 at 2].

Accordingly, the undersigned finds that this issue is moot, and the undersigned will **RECOMMEND** that EODT's request for relief will be **DENIED AS MOOT**.

### B.  Conspiracy Allegations

EODT argues that allegations of conspiracy found in Counts V and IX should be dismissed, because for purposes of a cause of action alleging civil conspiracy, a corporation and its employees are regarded as one in the same.

5

In its response, MAKS states that the parties have agreed to dismiss the conspiracy allegations as they relate to EODT, EODT General Security, and Matt Kaye. [Doc. 128 at 3]. MAKS does not object to EODT's assertion that a corporation and one of its wholly owned subsidiaries cannot be deemed to have conspired with one another, and therefore, MAKS agrees that the conspiracy allegations between EODT and EODT General Security should be dismissed. [Doc. 128 at 3].

Further, MAKS concedes: "The Court lacks jurisdiction over Mark Anderson and the remainder of the persons against whom factual allegations of conspiracy have been alleged. Therefore, the conspiracy allegations with respect to Mark Anderson and such persons should not be dismissed." [Doc. 128 at 3]. These statements, taken together, appear to conflict with Rule 12(b)(6) of the Federal Rules of Civil Procedure and federal case law. MAKS has not cited any statute, rule, or case law in support of this assertion.

In Tennessee, "there can be no actionable claim of conspiracy where the conspiratorial conduct alleged is essentially a single act by a single corporation acting through its officers, directors, employees, and other agents, *each acting within the scope of his or her employment*." Trau-Med of Amer., Inc. v. Allstate Ins. Co., 71 S.W.3d 691, 703-04 (Tenn. 2002).

It is undisputed that the only remaining defendant, Mark Anderson – who, the Court would note, has yet to be served – was an employee of EODT. [Doc. 106 at ¶ 9]. In its Amended Complaint, MAKS requests both that Mr. Anderson's actions be considered to be actions taken within the scope of his employment, covered by *respondeat superior,* and that the actions be deemed *ultra vires*, falling outside the scope of employment. [See e.g., Doc. 106 at ¶¶ 63-64]. The undersigned finds that these pleadings are simply "labels and conclusions," as they relate to the conspiracy allegations. Twombly, 550 U.S. at 555. The Court finds the allegations

6

presented do not contain sufficient factual allegations, that if accepted as true, state a claim for conspiracy that is plausible on its face. See Iqbal, 556 U.S. at 678.

Accordingly, the undersigned will **RECOMMEND** that EODT's request for dismissal of the conspiracy claims be **GRANTED** and the conspiracy allegations be **DISMISSED**.

## C.    Count III: Failure to Adhere to Dispute Resolution Provision

EODT argues that MAKS's claim for failure to adhere to the dispute resolution clause contained in the parties' agreement should be dismissed because: (1) the provision is inapplicable to EODT in that EODT did not file this suit; and (2) MAKS damages are speculative and non-actionable. [Doc. 116 at 3].

MAKS responds that its claim is based upon EODT's electing to employ self-help remedies that are not authorized under the parties' contract. [Doc. 128 at 4]. MAKS asserts that it has not brought an amorphous action based on a "failure to negotiate," but it has instead alleged Count III for breach of Section 16 of the contract, which describes the process to be used in resolving disputes. [Doc. 128 at 4-5]. MAKS maintains that a jury should decide whether the actions EODT took on October 23, 2009, were consistent with the dispute resolution provisions agreed upon by the parties. [Doc. 128 at 5].

In its entirety, Section 16 of the parties' Master Subcontract Agreement reads:

> The validity, performance, enforcement, and venue for the resolution of any disputes of this Agreement shall be governed by the laws of the State of Tennessee.
>
> The Parties acknowledge that there are a number of informal dispute resolution procedures (such as arbitration, mediation, and informal conferences) which will be used in an effort to resolve any controversy or claim arising out of this Agreement, or the alleged breach thereof. The parties agree that the aforementioned mechanisms will be utilized prior to proceeding in a judicial form [sic]. Should any such controversy or claim arise, any party may

7

request in writing that a[n] informal dispute resolution procedure should be utilized, stating in general terms the nature of the proposed procedure and provide the other with sufficient descriptions and information regarding its position to permit informed assessments and decisions. The other party shall then have a period of two (2) weeks in which to respond. If no answer to such request is given within such period, then the requesting party shall be free to pursue any legal remedy which may be available to it. If such request is accepted, the procedure outlined in such request shall first be followed prior to either party resorting to judicial procedure. In the event the parties fail to resolve the claim or controversy in the dispute resolution procedure utilized, within two (2) weeks thereafter either party may propose an additional informal dispute resolution procedure and the parties shall proceed in like manner as above.

Subcontractor [MAKS] acknowledges that EODT's Prime Contract may include a disputes resolution clause which may limit EODT to certain dispute resolution procedures, such as arbitration or administrative proceedings. In the event that such procedures govern disputes, EODT will make this fact known to the Subcontractor. In turn, Subcontractor agrees to participate as a party in, and be bound by the dispute resolution procedures in the Prime Contract.

[Doc. 128-1 at 8].

In the Amended Complaint, MAKS alleges that EODT breached Section 16 of the Master Subcontract Agreement, which MAKS refers to as the Module Contract, by resorting "to the use of lethal force to seize from MAKS modules that were the subject of the Module Contract." [Doc. 106 at ¶ 51]. In its only statement relating to proximate or legal causation, MAKS asserts "EODT's disregard *of its own* dispute resolution provisions has damaged MAKS, with respect to lost property, disruption of employment relationships, and disruption of its business activities, in an amount to be proven at trial." [Doc. 106 at ¶ 52 (emphasis in original)].

"The essential elements of any breach of contract claim include (1) the existence of an enforceable contract, (2) nonperformance amounting to a breach of the contract, and (3) damages

8

caused by the breach of the contract." <u>ARC LifeMed, Inc. v. AMC–Tennessee, Inc.</u>, 183 S.W.3d 1, 26 (Tenn. Ct. App. 2005) (quoting <u>Custom Built Homes v. G.S. Hinsen Co.</u>, Inc., No. 01A01–9511–CV–00513, 1998 WL 960287 (Tenn. Ct. App. Feb.2, 1998)).

Viewing the allegations in the light most favorable to MAKS, the Court finds that the Amended Complaint alleges the existence of an enforceable contract. The Court finds it also alleges nonperformance amounting to a breach of the contract in that it alleges that self-help remedies were used by EODT instead of the dispute resolution provisions provided for in Section 16. Finally, the Court finds that MAKS's allegations of damages come very close to being simply "labels and conclusions." <u>See</u> <u>Twombly</u>, 550 U.S. at 555 (2007). After thorough review, however, the Court concludes that the categories of damages identified and the allegation of causation are sufficient to survive the motion to dismiss.

Applying the standard for summary judgment under Rule 56(a) of the Federal Rules of Civil Procedure, the Court cannot say that there is no genuine dispute as to any material fact and EODT is entitled to judgment as a matter of law. Genuine disputes remain as to whether EODT used self-help remedies, and a genuine dispute remains on the issue of whether these actions violated Section 16.

Accordingly, the undersigned finds that EODT's request that Count III be dismissed or it be granted judgment in its favor on this claim is not well-taken, and the undersigned will **RECOMMEND** that it be **DENIED.**

### D.     Count IV: Refusal to Provide Contracted-For Security Services

EODT argues that in Count IV MAKS alleges EODT Security caused damages to MAKS because it allowed EODT to damage MAKS when EODT took delivery of the re-locatable housing and related modules. [Doc. 116 at 3]. EODT argues that it is entitled to summary

9

judgment because EODT Security, the only defendant named in Count IV, is not a legal entity.

The undersigned finds that EODT's position is not well-taken. The Order entered by the District Judge on May 2, 2012, substituted "EODT" for "EODT Security" in the first Complaint and the Amended Complaint. [Doc. 133 at 2]. Thus, Count IV is now pending against EODT, and EODT's argument that the wrong tortfeasor was named is now moot.

EODT has not presented any other basis on which to dismiss this claim or grant judgment in EODT's favor, and therefore, the undersigned finds that EODT's request that Count IV be dismissed or that EODT be granted judgment in its favor on this claim is not well-taken. The undersigned will **RECOMMEND** that it be **DENIED**.

### E.     Count V: Trespass

EODT presents three arguments for dismissing Count V. First, EODT argues that the claim should be dismissed as to EODT Security, because EODT Security is not a legal entity. This issue has been addressed by the District Judge, and is now moot.

Second, EODT argues that MAKS's alternative theory of conspiracy should be dismissed for the reasons discussed previously. The Court has addressed this issue, and it is effectively moot. As stated above, the undersigned will **RECOMMEND** that the conspiracy allegations be **DISMISSED**.

Finally, EODT argues that Count V "should be dismissed because, as a matter of undisputed fact, EODT, on behalf of the United States government, was entitled to take possession of the [m]odules." [Doc. 116 at 4]. In support of this position, EODT argues that it was entitled pursuant to the Master Subcontract Agreement to take possession of the modules, because the Master Subcontract Agreement was terminated for cause. [Doc. 121 at 12-13]. EODT maintains that the modules were, effectively, paid for in full, [Doc. 121 at 12], and as

such, EODT was entitled to take possession of the modules – based on MAKS's breach – on October 23, 2009.

The Court cannot find that MAKS has failed to state a claim or that dismissal is appropriate. In responding to Count V in its Answer, EODT did not state that the modules had been fully paid for, nor did it respond that EODT was entitled to retrieve the modules from MAKS. [Doc. 109 at ¶¶ 59-64]. Thus, EODT has invited the Court to look outside the pleadings in making its determination, and therefore, the Court finds that dismissal is not appropriate.

In regards to summary judgment, the Court would first note that neither party cites the Court to what it proposes are the elements of the tort of trespass. "In its broad and general sense 'trespass' is commonly understood to mean an entry upon the soil of another in the absence of lawful authority without the owner's license." State v. Lyons, 802 S.W.2d 590, 593-94 (Tenn. 1990) (citing Norvell v. Gray's Lessee, 31 Tenn. 96 (1851)). Even if the facts presented by EODT are undisputed, the Court cannot say that they entitle EODT to judgment as a matter of law. Neither payment for the modules, nor the termination of the Master Subcontract Agreement for cause, address the issue of whether EODT was entitled to enter on lands allegedly owned or leased by MAKS. The Court cannot say, based on the evidence and briefing before it, that EODT is entitled to judgment as a matter of law on this claim.

Accordingly, the undersigned finds that EODT's request that Claim V be dismissed or that it be granted judgment in its favor on this claim is not well-taken. The undersigned will **RECOMMEND** that it be **DENIED**.

### F.     Count VI: Conversion

EODT offers the same three arguments in support of dismissing MAKS's claim for conversion. [Doc. 116 at 4; Doc. 121 at 11-12]. EODT adds that "MAKS's claim for

11

conversion is not serious." [Doc. 121 at 13]. In support of this position, EODT states that MAKS complains, first, that EODT took possession of ninety modules, and complains, second, that EODT did not take possession of the remaining twenty-two modules. [Doc. 121 at 14]. EODT does not state how these seemingly contradictory complaints undermine MAKS's common law claim.

Initially, the Court finds that dismissal would not be appropriate given the references to matters outside the scope of the pleadings. Thus, the Court will turn to evaluating the motion under the summary judgment standard.

"Conversion is a common-law action of ancient origin for wrongfully taking possession and assuming control of another's property." Greer v. Corrections Corp. of America, 1996 WL 697942, at *2 (Tenn. Ct. App. 1996) (citing McCombs v. Guild, Church & Co., 77 Tenn. (9 Lea) 81 (1882); McCall v. Owens, 820 S.W.2d 748 (Tenn. Ct. App. 1991)).

As discussed above EODT argues that it is entitled to judgment in its favor because: (1) EODT was entitled to take possession of the modules after the Master Subcontract Agreement was terminated for cause; and (2) the modules were, effectively, paid for in full. In support of these arguments, EODT relies in part on the affidavit of Eric Quist which states *inter alia* "on October 23, 2009, EODT terminated the MAKS Subcontract for cause including, without limitation, untimely and inadequate performance as set forth in my letter to MAKS attached hereto as Exhibit 1 (the "Termination Letter")." [Doc. 118 at ¶ 4].

The Termination Letter referenced by Mr. Quist, which purports to give notice of termination of the Master Subcontractor Agreement, is dated October 24, 2009, and thus, it does not predate the alleged entry onto the MAKS compound on October 23, 2009. The date on which the Agreement was terminated is a material fact that is subject to a genuine dispute. It

precludes finding as a matter of law that EODT is entitled to judgment in its favor on the claim for conversion.

Accordingly, the undersigned finds that EODT's request that Claim VI be dismissed or that it be granted judgment in its favor on this claim is not well-taken. The undersigned will **RECOMMEND** that it be **DENIED**.

## H.     Count VII: Negligence

In addressing MAKS's claim for negligence, EODT again argues that EODT Security and Matt Kaye should be dismissed. Both EODT Security and Matt Kaye have been dismissed as defendants in this case. [Doc. 133]. Therefore, the Court finds this issue is moot.

"A claim of negligence requires proof of the following elements: (1) a duty of care owed by defendant to plaintiff; (2) conduct below the applicable standard of care that amounts to a breach of that duty; (3) an injury or loss; (4) cause in fact; and (5) proximate, or legal, cause." McCall v. Wilder, 913 S.W.2d 150, 153 (Tenn. 1995).

Having reviewed MAKS's pleadings, the Court finds that MAKS's Amended Complaint fails to identify a duty of care and fails to demonstrate that it was owed by EODT to the Plaintiffs. The Amended Complaint alleges that Section 4 of Exhibit A-1 to the Master Subcontract Agreement, which MAKS refers to as the "Module Contract," required subcontractor personnel to sign a written acknowledgment of the Law of Armed Conflict, Rules for the Use of Force, and the Rules of Engagement.

MAKS also cites the Contract for Services, which MAKS refers to as the Security Contract, as making the Law of Armed Conflict, Rules for the Use of Force, and the Rules of Engagement applicable to EODT. [Doc. 106 at 19]. The Contract for Services, in Section 13, states, "When providing professional services, EODT shall comply with all professional

13

standards of care in the conduct of the Work and shall be responsible for the professional quality, technical accuracy, and the coordination of all studies, designs, drawings, analyses, and other services furnished by it under this Agreement." [Doc. 1-2 at 4].[2] MAKS asserts that these portions of the contracts, taken together, make it clear that EODT "must adhere to standards of care with respect to the use of weaponry and the use of lethal force." [Doc. 106 at 20].

The only portion of the parties' agreement referring to the Law of Armed Conflict, Rules for the Use of Force, and the Rules of Engagement applies those regulations to MAKS, not to EODT, because it refers to the "Subcontractor," which in the Master Subcontract Agreement is a term of art used to refer to MAKS. MAKS's allegation that this provision should be reinterpreted as applying to EODT is based on a wholly unrelated provision and is not persausive.

Even if these provisions, taken together, were interpreted as somehow making the contents of the Law of Armed Conflict, Rules for the Use of Force, and the Rules of Engagement applicable to EODT, MAKS has failed to identify any portion of those regulations or the parties' agreements themselves that demonstrate a standard of care. Thus, the undersigned finds that the Amended Complaint does not identify a specific duty of care contained in Law of Armed Conflict, Rules for the Use of Force, and the Rules of Engagement, nor does it demonstrate that any specific duty was owed by EODT to the Plaintiffs.

---

[2] MAKS does not cite the portion of the Contract for Services from which it derives the partial quote ("EODT shall comply with all professional standards of care in the Conduct of the Work . . .", Doc. 106 at ¶ 74(b)) used in the Amended Complaint. The only portion of the Contract for Services using this language appears to be the sentence the Court has included above, this sentence is taken from the portion of the Contract for Services entitled, "Warranties and Professional Care."

Accordingly, the undersigned finds that EODT's request that Claim VII be dismissed[3] is well-taken. The undersigned will **RECOMMEND** that it be **GRANTED**.

## I.     Count VIII: Tortious Interference with Contracts

In addressing MAKS's claim for tortious interference with contracts, EODT again argues that EODT Security and Matt Kaye should be dismissed. Both EODT Security and Matt Kaye have been dismissed as defendants in this case. [Doc. 133]. Therefore, the Court finds this issue is moot.

In regard to Count VIII, EODT has not presented any additional arguments for dismissal or awarding summary judgment in its favor. [See Doc. 116 at 5]. Accordingly, the undersigned finds that EODT's request that the Claim VIII be dismissed or that it be granted judgment in its favor on this claim is not well-taken. The undersigned will **RECOMMEND** that it be **DENIED**.

## J.     Count IX: Tort of Assault

In addressing Claim IX for tortious assault brought by Plaintiffs Gopalakrishna Pillai Ajessh Kamar Kammaryil and Mohammend Azad Shabbir (collectively the "Individual Plaintiffs"), EODT again argues that EODT Security and Matt Kaye should be dismissed. Both EODT Security and Matt Kaye have been dismissed as defendants in this case. [Doc. 133]. Therefore, the Court finds this issue is moot.

In addition, EODT argues that the conspiracy component of Count IX should be dismissed. This issued is addressed in Part IV, B of this Report and Recommendation.

---

[3] In so deciding, the Court has considered the pleadings and the exhibits referenced therein. See Fed. R. Civ. P. 10(c); Weiner v. Klais and Co., Inc., 108 F.3d 86, 89 (6th Cir. 1997). The Court would note that it has done so based upon the Plaintiffs' having attached these documents to the initial Complaint [Docs. 1-1, 1-2], despite the Plaintiffs' having failed to attach these exhibits to the Amended Complaint. Because "an exhibit to a pleading is a part thereof for all purposes," Fed. R. Civ. P. 10(c), the Court's decision on this point may be and is made pursuant to Rule 12(b)(6).

EODT further argues that this Count "should be dismissed because, as a matter of undisputed fact, no actionable assault as alleged took place." [Doc. 116 at 6]. EODT cites the Court to Hughes v. Metro Gov't of Nashville, 340 S.W.3d 352, 371 (Tenn. 2011), which holds that the intentional tort of assault requires that a defendant intend to create an apprehension of harm in the plaintiff. EODT notes that the Individual Plaintiffs stated in their responses to written discovery that they were afraid that if they moved they would be shot. [Doc. 121 at 17]. EODT argues that this statement is undermined by the Individual Plaintiffs' continuing to move around – placing cell phone calls, trying to take photographs, and moving cars. [Doc. 121 at 18]. EODT also argues that the Individual Plaintiffs have not pled actionable damages. [Doc. 121 at 20-21].

The Individual Plaintiffs do not dispute any of the substantive grounds for summary judgment argued by EODT. They, instead, argue only that "the Court has never had jurisdiction over Mark Anderson or the other Individual Defendants. Therefore, dismissal against these individuals is inappropriate." [Doc. 128 at 17].[4]

Having reviewed Count IX, the Court cannot say that the Individual Plaintiffs have failed to state a claim. The Individual Plaintiffs allege that EODT personnel invaded the MAKS's compound, brandishing loaded weapons, with the intent to cause the Individual Plaintiffs apprehension of harmful contact. [Doc. 106 at ¶ 88]. They allege they suffered damages as a result. [Doc. 106 at ¶ 91]. Accepting the Individual Plaintiffs' allegations as true and construing the complaint in the light most favorable to the Plaintiffs, see Dubay, 506 F.3d at 426, the undersigned finds it contains sufficient factual matters, which if accepted as true, state a claim to

---

[4] The Individual Plaintiffs have not cited any law, rule, or case supporting the assertion that dismissal would be inappropriate because the Court "has never had jurisdiction" over these defendants.

relief that is plausible on its face, see Iqbal, 556 U.S. at 678. Dismissal is, therefore, not appropriate.

In regards to summary judgment, EODT bears the burden of showing at least one essential element of MAKS's claim is absent. Fish v. Home Depot USA, Inc., 455 Fed. App'x 575, 579 (6th Cir. 2012). It has failed to do so. First, the Court finds that the Individual Plaintiffs' having moved after being told that they could be shot if they moved does not, as a matter of law, disprove an element of assault or disprove the Plaintiffs' alleged apprehension, as a matter of law.

EODT also argues that the Individual Plaintiffs are required to offer medical proof to support their claim for tortious assault. It is well-established that when a "claim for negligent infliction of emotional distress is a 'stand-alone' claim, *i.e.*, one for emotional disturbance alone in the absence of a physical injury, the serious or severe mental injury must be proven 'through expert medical or scientific proof.'" Rogers v. Louisville Land Co., 367 S.W.3d 196, 206 (Tenn. 2012) (quoting Flax v. DaimlerChrysler Corp., 272 S.W.3d 521, 528 (Tenn. 2008)). EODT does not offer a case, statute, or rule in support of its position that the same is true for a claim of assault. Finding that EODT is entitled to judgment in its favor under these circumstances would be inappropriate, and the undersigned declines to do so.

Accordingly, the undersigned finds that EODT's request that Claim IX be dismissed or that it be granted judgment in its favor on this claim is not well-taken. The undersigned will **RECOMMEND** that it be **DENIED**.

17

**K.      Dismissal of Claims for Attorney's Fees**

Finally, MAKS and the Individual Plaintiffs move the Court to award attorney's fees for each claim presented.[5]  With regard to MAKS's contract claims – Counts I, II, and III – EODT argues that there is no contractual, statutory, or common law provision entitling MAKS to an award of attorney's fees.  [Doc. 116 at 6].  With regard to the tort claims – Counts IV through IX – EODT argues that there is no statutory or common law provision entitling MAKS or the Individual Plaintiffs to an award of attorney's fees.

MAKS responds that Section 26 of the Master Subcontract Agreement provides that the prevailing party in any dispute "relating to the performance of the Work covered by [the] Agreement" shall be entitled to recover reasonable costs and attorney's fees.  [Doc. 128-1 at 10].  Section 20 of the Contract for Services, executed by the parties on June 3, 2009, provides, "If a dispute arises relating to the performance of the Work covered by this Agreement, and legal or other costs are incurred by the Parties, it is agreed that the prevailing Party shall be entitled to recover all reasonable cost incurred in the defense of the claim, including staff time at current billing rates, court costs, attorney's fees, and other claim-related expenses."  [Doc. 128-2 at 5].

Neither MAKS nor the Individual Plaintiffs respond with any basis on which a jury or the Court could award attorney's fees related to the tort claims.

The Court finds that the District Judge or a jury may find it appropriate to award attorney's fees related to Counts I, II, III, and IV,[6] based upon the parties' contracts, and the Court finds that EODT's request that the prayers for attorney's fees relating to these claims be

_____

[5] EODT states that MAKS and the Individual Plaintiffs seek an award of attorney's fees for each claim except for Count IX.  This is incorrect.  Count IX prays that a judgment be entered including an award of costs and attorney's fees.  [Doc. 106 at ¶ 94].  All of the claims, which are numbered Counts I-IX, move for entry of a judgment to include attorney's fees.

[6] The Court has reviewed the Complaint and finds that Count IV, along with Count I, II, and III, arise out of the performance of the contracts.

18

dismissed is not well-taken. The undersigned will **RECOMMEND** that it be **DENIED**.

Neither MAKS nor the Individual Plaintiffs have cited the undersigned to any legal basis for awarding attorney's fees on the tort claims. Accordingly, the undersigned finds that the EODT's request that the prayers for attorney's fees relating to Counts V, VI, VII, VIII, and IX is well-taken. It will be **GRANTED**, and the undersigned will **RECOMMEND** that these prayers for attorney's fees be dismissed.

**L.      Failure to Serve Defendant Mark Anderson**

The undersigned finds it appropriate to raise a final issue *sua sponte*.

Pursuant to Rule 4 of the Federal Rules of Civil Procedure, "If a defendant is not served within 120 days after the complaint is filed, the court – on motion or on its own after notice to the plaintiff – *must* dismiss the action without prejudice against that defendant or order that service be made within a specified time." Fed. R. Civ. P. 4(m) (emphasis added).

The Plaintiffs have not served Defendant Mark Anderson. The original complaint in this matter was filed October 21, 2010, well over 600 days ago. The undersigned therefore **RECOMMENDS** that all of the Plaintiffs' claims against Defendant Mark Anderson be **DISMISSED WITHOUT PREJUDICE**.

19

## V.     CONCLUSION

In sum, the undersigned **RECOMMENDS**[7] that the Motion for Partial Dismissal

1. EODT's requests that EODT Security and Matt Kaye be dismissed from this case be **DENIED AS MOOT**;

2. EODT's request for dismissal of the conspiracy claims and allegations be **GRANTED** and the conspiracy allegations be **DISMISSED**;

3. EODT's request that Count III be dismissed or that EODT be granted judgment in its favor on that claim be **DENIED;**

4. EODT's request that Count IV be dismissed or that EODT be granted judgment in its favor on that claim be **DENIED;**

5. EODT's request that Count V be dismissed or that EODT be granted judgment in its favor on that claim be **DENIED;**

6. EODT's request that Count VI be dismissed or that EODT be granted judgment in its favor on that claim be **DENIED;**

7. EODT's request that Count VII be dismissed be **GRANTED;**

8. EODT's request that Count VIII be dismissed or that EODT be granted judgment in its favor on that claim be **DENIED;**

---

[7] Any objections to this Report and Recommendation must be served and filed within fourteen (14) days after service of a copy of this recommended disposition on the objecting party. Fed. R. Civ. P. 72(b)(2). Such objections must conform to the requirements of Rule 72(b), Federal Rules of Civil Procedure. Failure to file objections within the time specified waives the right to appeal the District Court's order. Thomas v. Arn, 474 U.S. 140, 106 S. Ct. 466 (1985). The district court need not provide de novo review where objections to this report and recommendation are frivolous, conclusive or general. Mira v. Marshall, 806 F.2d 636 (6th Cir. 1986). Only specific objections are reserved for appellate review. Smith v. Detroit Federation of Teachers, 829 F.2d 1370 (6th Cir. 1987).

9. EODT's request that Count IX be dismissed or that EODT be granted judgment in its favor on that claim be **DENIED**;

10. EODT's request that the prayers for attorney's fees relating to Counts V, VI, VIII, and IX be **DISMISSED** be **GRANTED**, but that the request for **DISMISSAL** be **DENIED** as to Counts I, II, III, and IV, and

11. All of the Plaintiffs' claims against Defendant Mark Anderson be **DISMISSED WITHOUT PREJUDICE**.

Thus, the undersigned **RECOMMENDS** that this litigation proceed as to Counts I, II, III, IV, V, VI, VIII, and IX, except that the conspiracy claims contained therein and the requests for attorney's fees related to Counts V, VI, VIII, and IX be **DISMISSED**. The Court **RECOMMENDS** that Count VII be dismissed in its entirety.

Respectfully Submitted,

   /s H. Bruce Guyton
United States Magistrate Judge