UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| MAKS, INC., *et al.*, )<br><br>Plaintiffs / Counter-Defendant, )<br><br>)<br>)<br>v. )<br><br>)<br>EOD Technology, Inc., *et al.,* )<br><br>)<br>Defendants / Counter-Plaintiff. ) | No. 3:10-CV-443<br>(VARLAN/GUYTON) |

## MEMORANDUM AND ORDER

This case is before the undersigned pursuant to 28 U.S.C. § 636, the Rules of this Court, and the referral orders of the District Judge. The parties appeared before the undersigned on August 14, 2012, to address a variety of motions pending in this case. Attorneys Joseph Hennessey and Deborah Buchholz were present representing Plaintiffs MAKS Inc. General Trading and Contracting Co., Gopalakrishna Pillai Ajeesh Kumar Kammarayil, and Mohammed Azad Shabbir, (hereinafter collectively "MAKS" or "the Plaintiffs"). Attorneys Brian Quist and Jason Fisher were present representing EOD Technology Inc., (hereinafter "EODT") which is effectively the only Defendant in this case.[1]

## I. BACKGROUND

The background of this case is reviewed in the Report and Recommendation, entered by the undersigned on August 3, 2012. [See Doc. 220 at 1-2].

The motions now before the Court address discovery. This case is set for trial on November 5, 2012. The deadline for completing discovery was set to expire on August 7, 2012.

---

[1] EODT General Security Company and Matt Kaye were dismissed by Order of the District Judge entered May 2, 2012, [Doc. 133]. Defendant Mark Anderson has not yet been served in this case, and the undersigned has recommended that the Plaintiffs' claims against Mr. Anderson, therefore, be dismissed. [See Doc. 220 at 19].

On July 19, 2012, EODT filed a Motion to Stay Discovery, moving the Court for an Order staying all pending and further depositions and discovery in this case until the Court ruled on EODT's Motion for Protective Order [Doc. 200] and Motion for Rule 37 Sanctions [Doc. 191]. The Motion to Stay was granted the same day it was filed, and discovery has been stayed pending disposition of EODT's Motion for Protective Order [Doc. 200] and Motion for Rule 37 Sanctions [Doc. 191].

Additional background relating to the discovery issues in this case will be discussed, where relevant, below.

## II.     ANALYSIS

Now before the Court are five motions relating to discovery in this case. The Court will address each motion in turn.

### A.     Motion to Compel Production of Documents Listed in EODT's Privilege Log [Doc. 188]

MAKS moves the Court to enter an order compelling EODT to produce the documents listed in Defendant's privilege log. MAKS argues:

1. Emails that have Capt. Kathleen Schultz as a recipient should be produced, because Capt. Schultz, who MAKS alleges is not an employee of EODT, was copied on the communications. MAKS argues that the inclusion of Capt. Schultz waives the attorney-client privilege;

2. Emails labeled "RLB Conference Follow-up" were not prepared in anticipation of litigation and should be produced;

3. Emails labeled "General Counsel Report" do not appear to ask for legal advice from the

2

General Counsel, and therefore, they are not protected by the attorney-client privilege;

4. The Court should order EODT to identify persons on email distribution lists, so that MAKS can determine if sharing the emails with third persons destroys the attorney-client privilege; and

5. Emails that were not composed in anticipation of litigation should be produced, see List Doc. 188-1 at 10-12; and

[Doc. 188-1 at 5-10].

EODT maintains that the communications at issue are protected by either the work-product doctrine or by attorney-client privilege. EODT responds to the specific allegations, as follows:

1. In regard to Capt. Schultz, EODT argues she was a "client representative," and her receipt of the emails does not waive the attorney-client privilege for such emails;

2. In regard to the emails labeled "RLB Conference Follow-up," EODT argues that these communications include and reflect counsel directives and/or counsel interpretations and should be protected;

3. In regard to the "General Counsel Report" emails, EODT argues that the very title of the emails coupled with the fact that all were drafted by Erik Quist, in his capacity as EODT's attorney, support finding these materials to be privileged;

4. EODT argues that it should not be required to produce an affidavit identifying persons copied on its emails and their relationship to EODT, because the privileges at issue would extend both to corporate counsel and employees of the client corporation regardless of the employee's rank. At the hearing, EODT alternatively argued that it had already identified these persons;

3

5. In regards to the final catch-all argument presented by MAKS, EODT responds that these communications are specifically identified as being protected by the attorney-client privilege, but MAKS persists in making a work-product argument as to those documents. [Doc. 204 at 8].

[Doc. 204 at 5-8].

In its reply [Doc. 213], MAKS argues that at the very least the emails at issue should be reviewed *in camera*.

*1.     Attorney-Client Privilege*

Rule 501 of the Federal Rules of Evidence states, "[I]n a civil case, state law governs privilege regarding a claim or defense for which state law supplies the rule of decision."  In this case, the Plaintiffs have invoked the Court's jurisdiction pursuant to 28 U.S.C. § 1332(a)(2), based upon the diversity of the citizenship of the parties.  [Doc. 106 at ¶ 15].  "It is black-letter law that federal courts sitting in diversity apply state substantive rules of decision . . . ." Bock v. Univ. of Tenn. Med. Group, Inc., 471 Fed. App'x 459, 461 (6th Cir. 2012) (citing Erie R.R. Co. v. Tompkins, 304 U.S. 64 (1938)).  Because state law supplies the rule of decision in this diversity action, state law also governs the invocation of the attorney-client privilege.

Tennessee Code Annotated § 23-3-105 provides "No attorney, solicitor or counselor shall be permitted, in giving testimony against a client or person who consulted the attorney, solicitor or counselor professionally, to disclose any communication made to the attorney, solicitor or counselor as such by such person during the pendency of the suit, before or afterward, to the person's injury."  The confidentiality of communications between an attorney and a client "is destroyed when those communications take place in the presence of a third party." State v. Tenn. Trucking Ass'n Self Ins. Group Trust, 209 S.W.3d 602, 616 (Tenn. Ct. App. 2006); see Hazlett

4

v. Bryant, 241 S.W.2d 121, 123 (1951).

2.  *Work-Product Doctrine*

"The work-product doctrine protects an attorney's trial preparation materials from discovery to preserve the integrity of the adversarial process." In re Professionals Direct Ins. Co., 578 F.3d 432, 438 (6th Cir 2009) (citing Hickman v. Taylor, 329 U.S. 495, 510-14 (1947)).

"In a diversity case, the court applies federal law to resolve work product claims . . . . " In re Powerhouse Licensing, LLC, 441 F.3d 467, 472 (6th Cir. 2006).  Thus, Rule 26 of the Federal Rules of Civil Procedure governs the Court's decision on this issue.  Rule 26(b)(3) protects: (1) "documents and tangible things"; (2) "prepared in anticipation of litigation or for trial"; (3) "by or for another party or its representative."

In determining whether the work-product doctrine protects a document from disclosure, "the lone issue is whether the disputed documents were prepared in anticipation of litigation." Professionals Direct, 578 F.3d at 438.  To determine whether a document has been prepared "in anticipation of litigation," the court must ask: "(1) whether that document was prepared 'because of' a party's subjective anticipation of litigation, as contrasted with ordinary business purpose; and (2) whether that subjective anticipation was objectively reasonable." Id. at 439 (citing United States v. Roxworthy, 457 F.3d 590, 594 (6th Cir. 2006)).

C.  *Application*

With the above law in mind, the Court has considered the parties' positions as were presented in both their filings and their oral arguments.  The Court finds as follows:

1.  The Court finds that the emails on which Capt. Schultz was copied are not protected by the attorney-client privilege because they were revealed to Capt. Schultz, who EODT conceded at oral arguments is a customer.  Because Capt. Schultz is a third party and

5

these communications were shared with her, they are not privileged. Counsel for EODT will turn these emails over to counsel for MAKS on or before **August 21, 2012**.

2. As to the "RLB" emails, the Court has no evidence indicating that these communications were made to third parties who were not employed by EODT. Therefore, the Court finds that the emails are protected by the attorney-client privilege, and the Court will not order their production. If evidence to the contrary is discovered after the parties confer about the status of the persons copied on the emails, MAKS may renew its motion to compel with regard to this single issue.

3. The Court finds that general counsel emails are privileged materials protected by the attorney-client privilege under Tennessee law.

4. The parties shall confer about the names and positions of persons who were included on privileged communications. They shall agree on who has previously been identified and who has not. EODT shall identify any persons who were not already identified on or before **August 21, 2012**.

5. The Court will conduct an *in camera* review of the remaining documents, which are listed in Doc. 188-1 at 10-12, pursuant to the law discussed above. EODT shall deliver these emails to the chambers of the undersigned on or before **August 27, 2012**.

In sum, the Motion to Compel will be **GRANTED IN PART** and **DENIED IN PART**, as more fully explained above.

**B.      First Motion for Sanctions [Doc. 191]**

In its First Motion for Sanctions, EODT moves the Court for an order dismissing all claims of Plaintiff Mohammed Azad Shabbir ("Plaintiff Azad") and prohibiting Plaintiff Azad from testifying at trial, pursuant to pursuant to Rule 37(d)(1)(A)(i) & (3) and 37(b)(2)(A)(ii) of

6

the Federal Rules of Civil Procedure. EODT also moves the Court to prohibit MAKS's employee Amit Malhotra from testifying at trial or by deposition to be presented at trial. In support of these requests, EODT submits that Plaintiff Azad failed to appear at his properly noticed deposition on July 12, 2012, and Mr. Malhorta has been informed EODT that he would not attend his deposition on July 13, 2012.

MAKS responds that the requested sanctions are not justified because: (1) neither person was properly noticed for a deposition and (2) EODT has not certified that they have conferred in good faith, pursuant to Rule 37(d)(1)(B). [Doc. 311]. MAKS states that Mr. Malhotra's deposition has been taken, and Plaintiff Azad was issued a visa and now has no obstacle to appearing for a deposition. [Doc. 211 at 2].

The parties confirmed, when they appeared before the Court at the hearing, that the deposition of Amit Malhotra has been taken. They agreed the First Motion for Sanctions is moot as to Amit Malhotra, because Mr. Malhotra sat for his deposition in July. The Court, therefore, finds that the motion is moot as to Mr. Malhotra.

The Court asked counsel for the Plaintiffs when Plaintiff Azad could be prepared to sit for his deposition in Knoxville, Tennessee. Counsel represented that Plaintiff Azad is currently in Kuwait, but he could be prepared and present to sit for a deposition in Knoxville, if he was given one week's notice.

The Court will not grant the Motion for Sanctions at this time. The Court will instead **ORDER** the parties to agree as soon as possible on a date on which the deposition of Plaintiff Azad will be taken. The deposition will be taken by agreement, and it must be taken on or before **August 27, 2012**. If any party does not cooperate in scheduling this deposition, the opposing party must contact the Court immediately. If Plaintiff Azad does not sit for his

deposition on or before August 27, 2012, the undersigned will recommend that EODT's requests for sanctions be granted and that Plaintiff Azad's claims be dismissed pursuant to Rule 37(b), (d) of the Federal Rules of Civil Procedure.

**C.     Motion for Sanctions Against Defendant EOD Technology Inc. for Violation of the Court's Order of May 27, 2011 [Doc. 193]**

At the hearing on August 14, 2012, counsel for MAKS moved to withdraw this motion. Accordingly, the Court finds that the Motion for Sanctions is moot, and it will be **DENIED AS MOOT**.

**D.     Second Motion for Protective Order [Doc. 200]**

In its Second Motion for Protective Order, EODT moves the Court for an Order "protecting EODT, its employees, and witnesses in this case from further oppression, intimidation, annoyance, harassment, and undue burden and expense resulting from the actions of Plaintiffs." [Doc. 200 at 1]. EODT alleges that MAKS: served witness Matt Knetchel with litigation just prior to his deposition in an effort to oppress, annoy, and harass; conducted the deposition of witness Susan Davis in a manner meant to harass; threatened Ms. Davis with litigation; and harassed and threatened counsel for EODT during depositions. EODT moves the Court to: terminate MAKS's right to take further depositions; terminate MAKS's right to take additional discovery; deny MAKS's motion to compel documents in which EODT has asserted a privilege; and quash pending discovery requests and late filed exhibits to Susan Davis's deposition. [Doc. 200 at 2].

MAKS has responded that counsel's behavior was appropriate [Doc. 218], and EODT has filed a reply reiterating its initial position [Doc. 223].

The Court has considered the allegations made by EODT and the behavior of counsel generally. At the hearing, the Court reviewed counsel's obligations to take discovery on matters that are relevant to the claims and defenses pending in this case and to do so in a civil and respectful manner, without attempts to intimidate, or argue with, witnesses, and without on-the-record discussions by counsel in the presence of the deponent. The Court will **DENY** the Motion for Protective Order. The Court will allow discovery to proceed as described below with the expectation that counsel for the parties will conduct themselves in a professional manner through the remainder of the period for taking discovery.

**E.    Motion for Extension of Time to Complete Discovery Following the Court Lifting the Stay on Discovery Entered on July 19, 2012 [Doc. 212]**

In its Motion for Extension of Time, MAKS moves the Court to: (1) lift the stay of discovery, and (2) extend the discovery deadline of August 7, 2012, by the same amount of days that the stay halted the discovery process.

EODT responds that it stands by its Second Motion for Protective Order – *i.e.* its request that discovery by the Plaintiffs be terminated. [Doc. 219]. In the alternative, it responds that if discovery is allowed to go forward it would be appropriate to extend discovery for a time equal to the same number of days that has elapsed since the entry of the Order of July 19, 2012.

The Court finds the Motion for Extension of Time is well-taken, and it will be **GRANTED**, as follows. The stay of discovery in this matter will be **LIFTED**, and the parties shall have up to and including **September 14, 2012**, to *complete* the taking of discovery in this case.

**III.     CONCLUSION**

Based upon the foregoing,

1.    The Motion to Compel **[Doc. 188]** is **GRANTED IN PART** and **DENIED IN PART**, to the extent stated above;

2.    The First Motion for Sanctions **[Doc. 191]** is **DENIED**, but Plaintiff Azad is **ORDERED** to sit for a deposition in this matter, on an agreed-upon date and time, no later than **August 27, 2012**;

3.    The Motion for Sanctions **[Doc. 193]** is **DENIED AS MOOT**;

4.    The Second Motion for Protective Order **[Doc. 200]** is **DENIED**;

5.    The Motion for Extension of Time to Complete Discovery **[Doc. 212]** is **GRANTED**, in that the stay of discovery in this matter will be **LIFTED**; and

6.    The parties shall have up to and including **September 14, 2012**, to complete the taking of discovery in this case.

**IT IS SO ORDERED**.

ENTER:

_____s/ H. Bruce Guyton_____
United States Magistrate Judge

10