UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| MAKS, INC., *et al.*, ) | |
| ) | |
| Plaintiffs / Counter-Defendant, ) | |
| ) | No. 3:10-CV-443 |
| ) | (VARLAN/GUYTON) |
| v. ) | |
| ) | |
| EOD Technology, Inc., ) | |
| ) | |
| Defendant / Counter-Plaintiff. ) | |

## MEMORANDUM AND ORDER

This case is before the undersigned pursuant to 28 U.S.C. § 636, the Rules of this Court, and the referral of the District Judge. The parties appeared before the undersigned on November 9, 2012, for a hearing to address a number of the parties' evidentiary objections prior to trial. Attorney Deborah Buchholz was present representing the Plaintiffs, and Attorney Joseph Hennesseey was present, via telephone, representing the Plaintiffs MAKS Inc. General Trading and Contracting Co., Gopalakrishna Pillai Ajeesh Kumar Kammarayil, and Mohammed Azad Shabbir (hereinafter "MAKS"). Attorneys Brian Quist, Jason Fisher, and Ryan Jarrard were present representing the Defendant EOD Technology, Inc., (hereinafter "EODT").

The Court heard the parties' positions and has considered the parties' written submissions. With regard to the parties' objections to one another's exhibit lists [Docs. 289, 290], the undersigned's evidentiary rulings are stated below. Objections not addressed in this Memorandum and Order will be addressed by the District Judge at the trial of this matter.

Except to the extent addressed below, both parties **RESERVED** their right to object to exhibits as irrelevant in the context of trial under Rules 401, 402, and 403 of the Federal Rules of Civil Procedure.

**Exhibits Offered by EODT**

1. <u>EODT Exhibit No. 22</u>: MAKS presents two objections to these photographs.

    a. MAKS first argues that these photographs were not previously produced. The Court finds that MAKS did not present any evidence to the Court to support the assertion that these photographs were not previously produced, and counsel for EODT made a proffer that the photographs were produced to counsel for MAKS in a timely manner. The Court finds that MAKS has not demonstrated that EODT failed to produce these photographs. The Court finds this objection is not well-taken. It is **OVERRULED**.

    b. Second, MAKS argues that it has no assurance that the photographs "are what they purport to be." Counsel for MAKS also objects to the photograph's admission because it was not taken on the date the events at issue in this case took place and further objected to certain metadata associated with the photographs being inaccessible. Counsel later conceded, however, that he has no reason to believe – or evidence to support an assertion – that these photographs were tampered with or modified in a manner that would render it inadmissible. Counsel for EODT represented that the photograph will be introduced through testimony of a witness familiar with the subject of the photograph, and this witness will be subject to cross-examination. The Court finds that this testimony will likely provide a sufficient basis for admitting this photograph. The objection to the admission of this photograph is not well-taken and it is **OVERRULED**.

2. <u>EODT Exhibit No. 30</u>: Objection **OVERRULED**, <u>see</u> findings regarding Exhibit 22.

3. <u>EODT Exhibit No. 37</u>: Objection **OVERRULED**, <u>see</u> findings regarding Exhibit 22.

4. <u>EODT Exhibit No. 72</u>: Objection was withdrawn by counsel for MAKS. It is **DENIED AS MOOT**.

5. <u>EODT Exhibit No. 77</u>: Objection **OVERRULED**, <u>see</u> findings regarding Exhibit 22.

6. <u>EODT Exhibit No. 101</u>: Objection **OVERRULED**, <u>see</u> findings regarding Exhibit 22.

7. <u>EODT Exhibit No. 105</u>: Objection **OVERRULED**, <u>see</u> findings regarding Exhibit 22.

8. <u>EODT Exhibit No. 120</u>: Objection **OVERRULED**, <u>see</u> findings regarding Exhibit 22.

9. <u>EODT Exhibit No. 128</u>: Objection **OVERRULED**, <u>see</u> findings regarding Exhibit 22.

10. <u>EODT Exhibit No. 138</u>: Objection **OVERRULED**, <u>see</u> findings regarding Exhibit 22. The parties stipulated, however, that to the extent either party has in its possession a clearer copy of these photographs, the clearer copy may be used at trial.

11. <u>EODT Exhibit No. 139</u>: Objection **OVERRULED**, <u>see</u> findings regarding Exhibit 22.

12. <u>EODT Exhibit No. 148</u>: Objection **OVERRULED**, <u>see</u> findings regarding Exhibit 22.

13. <u>EODT Exhibit No. 151</u>: Objection **OVERRULED**, <u>see</u> findings regarding Exhibit 22.

14. <u>EODT Exhibit No. 153</u>: MAKS objects to this letter between counsel for the parties on the ground that it constitutes an offer of compromise or settlement under Rule 408 of the Federal Rules of Evidence. The letter, Exhibit 153, does not contain an explicit offer to compromise and settle this dispute. However, it is part of a series of correspondence between counsel for the parties which is an ongoing exchange of information and positions made in the context of seeking a settlement of the claims between the parties. The Court finds the objection well-taken, and it is **SUSTAINED**.

15. <u>EODT Exhibit No. 160</u>: Objection **OVERRULED**, <u>see</u> findings regarding Exhibit 22.

16. <u>EODT Exhibit No. 203</u>: Objection was withdrawn by counsel for MAKS. It is **DENIED AS MOOT**.

17. EODT Exhibit No. 204: MAKS objects to this summary of damages and its accompanying documents regarding damages. The Court finds that Exhibit 204 is admissible pursuant to Rule 1006 of the Federal Rules of Evidence. MAKS's objection is **OVERRULED**.

18. EODT Exhibit No. 205: The Court finds that Exhibit 205 is admissible pursuant to Rule 1006 of the Federal Rules of Evidence. MAKS's objection is **OVERRULED**.

19. EODT Exhibit No. 206: The Court finds that Exhibit 206 was not produced with its accompanying documents. Therefore, MAKS's objection is **SUSTAINED**. EODT shall have up to and including **November 13, 2012,** in which to produce the underlying documents to counsel for MAKS.

20. EODT Exhibit No. 208: The Court finds that Exhibit 208 is admissible pursuant to Rule 1006 of the Federal Rules of Evidence. MAKS's objection is **OVERRULED**.

21. EODT Exhibit No. 209: MAKS's objection is **OVERRULED**.

22. EODT Exhibit No. 210: MAKS's objection is **OVERRULED**.

23. EODT Exhibit No. 211: Counsel for EODT has proffered that this disc has been provided to counsel for MAKS. The Objection is **OVERRULED**.

## Exhibits Offered by MAKS

1. MAKS Exhibit 40: MAKS listed a complaint from a prior suit filed by EODT as an exhibit to this trial. EODT argues that the complaint relates to a suit about trade usage and competition. EODT maintains the complaint is irrelevant to this case. MAKS counters that the complaint shows a habit of requesting unreasonable damages on the part of EODT and is admissible under Rule 406 of the Federal Rules of Evidence.

Rule 406 provides for admission of evidence of an organization's routine practice. The

4

Advisory Committee Notes describe such behavior as a person or organization's "regular practice of meeting a particular kind of situation with a specific type of conduct, such as the habit of going down a particular stairway two stairs at a time, or of giving the hand-signal for a left turn." The behavior is "semi-automatic."

Neither the complaint nor the alleged practice of seeking large amounts of damages fall under Rule 406. Therefore, the objection is **SUSTAINED**.

2. <u>MAKS Exhibit 139:</u> EODT objects to the admission of medical charges allegedly incurred by Plaintiff Ajeesh Kumar absent a medical expert testifying to the reasonableness of the charges. MAKS confirms that it will not be calling a medical expert, but counsel for MAKS represented that it does not seek recovery of these medical expenses and has agreed to redact from the exhibit any dollar amounts. The Court finds this is an acceptable course, and with that redaction, the objection is **OVERRULED**.

3. <u>MAKS Exhibit 201:</u> MAKS agreed to withdraw this exhibit. Accordingly, the objection to Exhibit 201 is **DENIED AS MOOT**.

4. <u>MAKS Exhibit 264:</u> Finally, EODT objects to the admission of MAKS's receipts for costs and expenses into evidence. MAKS argues that these receipts demonstrate damages related to its conversion claim. EODT argues that MAKS presents a claim for conversion and under Tennessee law recovery on a conversion claim is limited to the converted items' value. MAKS concedes that it only intends to admit these receipts as evidence of damages relating to its conversion claim.

"Damages in a conversion action are generally determined by the fair, reasonable market value of the property at the time and place of conversion." <u>Franklin Capital Assocs., L.P. v. Almost Family, Inc.</u>, 194 S.W.3d 392, 406 (Tenn. Ct. App. 2005) (citing <u>Lance Prod.,</u>

5

Inc. v. Commerce Union Bank, 764 S.W.2d 207, 213 (Tenn. Ct. App. 1988)). Accordingly, the undersigned finds that the receipts of costs and expenses are irrelevant and inadmissible in this case.

The objection is **SUSTAINED**.

**IT IS SO ORDERED**.

ENTER:

  /s H. Bruce Guyton
United States Magistrate Judge