IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE
KNOXVILLE DIVISION

| | |
|---|---|
| MAKS, Inc., *et. al.* | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) No. 3:10-cv-00443 |
| | ) |
| STERLING OPERATIONS, INC. | ) |
| f/k/a EOD TECHNOLOGY, INC. | ) Judge: Varlan/Guyton |
| | ) |
| Defendant, | ) |

## STERLING OPERATIONS' RESPONSE TO MAKS'S PETITION FOR THE AWARD OF CONTRACTUAL ATTORNEY'S FEES AND COSTS

Comes now Defendant Sterling Operations, Inc., f/k/a EOD Technology, Inc. (hereafter "EODT")[1], by and through counsel, and responds to MAKS's Petition for the Award of Contractual Attorney's Fees and Costs [Doc. 369; Brief at Doc. 370] and pursuant to the Court's Order [Doc. 337, amended at Doc. 362]. This Response is made without waiver of any of the issues asserted in EODT's Post Judgment Motions.

### I. INTRODUCTION

MAKS asserts that it was required to expend $866,127.60 in attorney's fees and $81,895.96 in costs to defend the Counterclaim. Since MAKS offered no rebuttal evidence to the Counterclaim following EODT's case in chief at trial, and spent very little effort to defend the Counterclaim in comparison to its efforts to prosecute the Original

---

[1] Inasmuch as the trial testimony and exhibits refer to the defendant as "EODT," for consistency, Defendant Sterling Operations, Inc. will continue to be referred to as "EODT."

1

and Amended Complaint, the foregoing fees and costs to defend the Counterclaim are not reasonable.

## II. STANDARD FOR REVIEW

The contractual provision entitling MAKS to attorney's fees for defense of the Counterclaim is governed by Tennessee law. Ex. D – 1.1, Master Subcontract Agreement ("MSA") Section 16. That provision at Section 26 of the MSA is as set forth in MAKS's Brief [Doc. 370]. The contractual provision is limited to MAKS's attorneys fees and expenses attributable to defending the Counterclaim.

The other limitation is that MAKS's proposed fees and expenses must be reasonable. As this is a diversity case, "attorney's fees are governed by state law." *Hometown Folks, LLC v. S&B Wilson*, 643 F.3d 520, 533 (6th Cir. 2011). Under Tennessee law, a determination of a reasonable attorney's fee is based on determining a reasonable rate multiplied by reasonable time. In order to determine what a reasonable rate is, the Tennessee Courts have adopted the following test:

1. The time devoted to performing the legal service.
2. The time limitations imposed under the circumstances.
3. The novelty and difficulty of the questions involved and the skill requisite to perform the legal service properly.
4. The fee customarily charged in the locality for similar legal services.
5. The amount involved and the results obtained.
6. The experience, reputation, and ability of the lawyer performing the legal service.

*Elchlepp v. Hatfield*, 294 S.W.3d 146, 154 (Tenn. Ct. App. 2008) citing *Connors v. Connors*, 594 S.W.2d 672, 676 (Tenn. 1980).

With respect to point 4 above, this court has dealt with this issue previously, by articulating that reasonable rates are those rates "sufficient to encourage competent representation in Knoxville." *Doherty v. City of Maryville* 2009 U.S. Dist 92149[2]

Note that the variables of reasonable rate as well as reasonable time are determined by the prevailing rates and practices at the venue.

### III.   MAKS'S APPLICATION, GENERALLY

In its Brief, MAKS states that a court "may nevertheless reduce the contractual attorney's fees claimed if it finds such an award would be inequitable and unreasonable." MAKS Brief, [Doc. 370] p. 2. MAKS's application is grossly inequitable and unreasonable. The above contractual attorney's fees and expense reimbursement provision of the MSA is narrow and limited to just that effort required to defend the Counterclaim. To qualify as an allowed fee or expense, the activity must have been undertaken, or the expense incurred, <u>only</u> because a Counterclaim was filed. Had there been no Counterclaim, Counsel for Plaintiffs MAKS, Kumar, and Shabbir would have had their attorneys undertake many, many activities and incur various expenses. Accordingly, MAKS is ineligible to be reimbursed for that attorney time, and those expenses, which it would have incurred anyway in prosecution of its Original and Amended Complaint for itself and Plaintiffs Kumar and Shabbir.

---

[2] In that case, Judge Varlan determined that a rate of $225 for partners and $175 for associates was reasonable for the Knoxville area.

3

MAKS does concede the foregoing delineation in allowed versus unhallowed fees and expenses is applicable. MAKS's itemization of time spent [Doc. 370-1] shows all the time spent by MAKS's counsel from the time of Mr. Hennessey's first involvement through the end of trial. MAKS has a separate column for each attorney showing the total time spent by the attorney and then a separate column for that portion of the total time that was spent exclusively to defend the Counterclaim. MAKS has done the same for its expenses. MAKS has provided an itemization of its expenses and copies of various expenses. [Doc. 370-2]. This attachment contains documentation of expenses not claimed, and so therefore MAKS also concedes that not every expense it has incurred was to defend the Counterclaim.

The problem is that MAKS has been exceptionally disingenuous in application of this limitation. For that reason alone, based on principals of "equity and reasonableness" pursuant to the above cited authority, as well as the resulting lack of credibility, this Court may deny MAKS' petition outright. For example, MAKS's petition seeks, with rare exception, payment for <u>all</u> of its attorney time and expenses rendered in the case since the date EODT filed its Counterclaim to the Original Complaint in January, 2011. See [Doc. 370-1 and [Doc. 370-2]. Also, to prosecute their Amended Complaint at trial, Plaintiffs Kumar and Shabbir needed an interpreter. Had there been no Counterclaim, Plaintiffs would have needed an interpreter. Yet MAKS shamelessly insists that expenses for the interpreter were incurred in defending the Counterclaim. See [Doc. 370-2] p.3-4; expenses for interpreter Poonam Magar, dated 11/25/12; 11/26/12; 11/26/12; and;11/27/12.

4

## IV. RESPONSE BY EODT

Provided herewith as <u>Attachment 1</u> is a matrix of all MAKS's claimed attorneys fees to defend against the Counterclaim commencing with the first entry attributable to the Counterclaim that occurred on January 4, 2011. For reference, the items at <u>Attachment 1</u> are numbered consecutively from 1 – 418. EODT has provided its response below each item in blue text and its suggested deduction shown as a negative number in red font. The number for each item to which EODT concedes may be allowed, in whole or in part, is highlighted in yellow.

Provided herewith as <u>Attachment 2</u> is a matrix of all of MAKS'S claimed non-taxable costs incurred in defending the Counterclaim . For reference, the items at <u>Attachment 2</u> are numbered consecutively from 1 – 167. EODT has provided its response below each item in blue text and its suggested deduction shown as a negative number in red font. The number for each item to which EODT concedes may be allowed, in whole or in part, is highlighted in yellow.

Provided herewith as <u>Attachment 3</u> is a matrix of all of MAKS's claimed personnel costs allegedly incurred to defend against the Counterclaim,  For reference, the items at <u>Attachment 3</u> are numbered consecutively from 1 – 12. EODT has provided its response below each item in blue text and its suggested deduction shown as a negative number in red font. The number for each item to which EODT concedes may be allowed, in whole or in part, is highlighted in yellow.

## V. REASONABLE TIME, RATES, AND LITIGATION EXPENSES

The components factoring into the determination of allowed attorneys fees and litigation expense under Section 26 of the MSA are (1) reasonable time spent on an allowed task (i.e. time to defend the Counterclaim and not time spent in prosecution of the Original and Amended Complaint), (2) reasonable hourly rate for the allowed task; and (3) the reasonable litigation and personnel expenses that are both incurred to only to defend the Counterclaim and that are the type of expense that are reasonable for Knoxville area attorneys to charge their clients.

### A. Time Spent

As set forth in the matrix that is Attachment 1 to this Brief, since the filing of the Counterclaim to the Original Complaint in January 2011, it seems that virtually all time spent by all three of the attorneys for Plaintiffs MAKS, Kumar, and Azad are claimed to be strictly in defense of the Counterclaim.

#### (1) MAKS's Efforts

MAKS spent virtually no effort in defending the counterclaim. MAKS's entire focus was the alleged assault claims for Ajeesh Kumar and Azad Shabbir, which MAKS paid for, and conversion claim, now abandoned [Doc. 333]. It was MAKS's hope to receive millions of dollars in compensatory damages for these claims and millions more dollars in punitive damages.

#### (2) Time Analysis

In response to the almost 400 claimed fee entries, Attachment 1 contains EODT's response to each item. EODT's response was written by its attorney Brian Quist and is

6

referenced in the Affidavit of Brian Quist at Attachment 6 hereto. As demonstrated by the matrix at Attachment 1, the overwhelming majority of items should be excluded or reduced as those items are not undertaken as a result of the Counterclaim and would have been undertaken anyway regardless of a Counterclaim. From this analysis, it appears that only the following hours are fairly attributable to the Counterclaim:

| | |
|---|---|
| Joesph Hennessey | 88.60 |
| Deborah Buchholz | 8.97 |
| John Beins | 30.00 |

B.  Rate

The applicable rates for MAKS's counsel would be the rates customarily charged by attorneys where the case is filed, which is the Eastern District of Tennessee, Northern Division at Knoxville. The assertion by MAKS that Washington D.C. rates should apply to its counsel Mr. Hennessey and Mr. Beins is without merit. Based upon the Affidavit of Knoxville attorney Robert H. Green, submitted as Attachment 4 to this Brief, and also the Affidavit of Brian C. Quist at Attachment 6, it is unwarranted and unreasonable to apply the requested Washington D.C. rates in this case.

Since Mr. Hennessey and Mr. Beins have failed to offer evidence as to a reasonable rate for themselves in Knoxville, EODT's first suggestion is for the Court to deny any award of fees for those attorneys.

Even though MAKS has failed to offer evidence of the reasonable rates for Mr. Hennessy and Mr. Beins in the Knoxville area, EODT's second suggestion is for the Court to apply the only Knoxville area rates offered by MAKS, which are the rates of

7

between $200.00 and $225.00. For example, the Court could apply a rate of $225.00 an hour for Mr. Beins ad a rate of $200.00 an hour for Mr. Hennessey.

Out of concern that the Washington D.C. rates offered by MAKS for their attorneys, albeit the wrong measure, shifts the burden to EODT to offer evidence of reasonable rates for Knoxville area attorneys, and without waiver of the foregoing suggestions, EODT submits herewith the Affidavit of Robert Green at <u>Attachment 4</u>.

Mr. Green proffers the suggested rates for top shelf Knoxville area attorneys practicing construction litigation in the Knoxville. While the rate suggested by Mr. Green is reasonable, EODT suggest that the more practical rates charged by its Knoxville area counsel are also reasonable to this case. See Affidavit of Brian Quist, <u>Attachment 6</u>.

If somehow the burden has now shifted to EODT, EODT's third suggestion for applicable rates is a s follows:

| | | |
|---|---|---|
| John Beins | $225.00 per hour x 30.00 hrs | = $ 6,750.00 |
| Joseph Hennessey | $200.00 per hour x 88.60 hrs | = $17,720.00 |
| Deborah Buchholz | $175.00 per hour x 8.97 hrs | = <u>$ 1,569.75</u> |
| | TOTAL | $26,039.75 |

C.  Expense

It was Plaintiff MAKS's choice to engage out of state attorneys to defend the Counterclaim. As set forth above, the measure is what a reasonable Knoxville area attorney would charge to litigate a case in Federal District Court, Knoxville.

In support of what expenses a reasonable Knoxville area attorney would charge their client, submitted herewith as <u>Attachment 5</u> is the Affidavit of Knoxville attorney

8

Scott Taylor. Mr. Taylor is the chairman of the Knoxville Bar Association's fee dispute committee. In that capacity, as well as being a partner in an established Knoxville law firm, he is qualified to express opinions about what expenses should, and should not be, charged to a client by a Knoxville area attorney to litigate a case in Knoxville.

To that end, submitted as <u>Attachment 2</u> hereto is EODT's analysis of what expenses, deemed reasonable by Knoxville area attorneys, may be assessed to defend the Counterclaim. Removed from MAKS's claim are such expenses that MAKS would have incurred anyway from having brought the Original and Amended Complaint in the first place. That is, if there had been no Counterclaim, an expense Plaintiffs MAKS, Kumar, and Shabbir would have incurred anyway should not be allowed under Section 26 of the MSA. Also, expenses claimed by MAKS that Knoxville area attorneys would regard as overhead or otherwise non-billable commuting related expenses are removed. See Aff. of Scott Taylor, Par. 15 and 16.

In summary, based upon the analysis at <u>Attachment 2</u>, MAKS' expenses allowable under Section 26 of the MSA are 680.99

### VI. MAKS'S PERSONNEL COSTS

Submitted herewith as <u>Attachment 3</u> is an analysis of EODT's response to MAKS's claim for personnel time allegedly required to defend the Counterclaim. As with the analysis of the attorneys fees and expense discussed above, personnel costs that MAKS would have incurred regardless of a Counterclaim are costs incurred to prosecute the Original Complaint and Amended Complaint by Plaintiffs MAKS. Kumar, and

9

Shabbir. Those expense should not be allowed. Accordingly, pursuant the analysis at Attachment 3, MAKS's award for personnel cost should be limited to $3,574.43.

## VII. CONCLUSION

For the foregoing reasons, and without waiver of its post judgment motions filed, the award to MAKS for attorneys fees, expenses, and personnel costs allowable under Section 26 of the MSA should be limited as follows:

1. Attorney's fees     $26,039.75
2. Expenses     $    680.99
3. Personnel costs     $   3,574.43

    TOTAL     $30,295.17

Submitted this _ 12th__ day of April 2013.

*/s/ Brian C. Quist*

Brian C. Quist (BPR #012762)
Jason E. Fisher (BPR #021467)
Joanna R. O'Hagan (BPR #025616)
Ryan E. Jarrard (BPR #024525)
JENKINS & JENKINS ATTORNEYS, PLLC
2121 First Tennessee Plaza
Knoxville, TN 37929
(865) 524.1873

Attorneys for Sterling Operations, Inc.
f/k/a EOD Technology, Inc.

10

## CERTIFICATE OF SERVICE

I hereby certify that on this the **12th day of April 2013**, a copy of the foregoing Document was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. All other parties will be served by regular U.S. mail. Parties may access this filing through the Court's electronic filing system.

/s/ **Brian C. Quist**
Brian C. Quist (BPR #012762)