# EODT's Response to MAKS's Fee Application

Key: EODT's response to each item is in blue text below the item. EODT's suggested deductions are as set forth by negative number in red font below the time entries. Where EODT conceded some allowability for time, the item no. is highlighted in yellow.

| Item No. | Date | Narrative | JH All | JH CC | DB All | DB CC | JB All | JB CC |
|---|---|---|---|---|---|---|---|---|
| 1 | 2011/01/04 | Review Answer and Counterclaim filed by EODT; forward to client; email to Mark Anderson seeking update on request to waive service of process. Response: This entry should not be allowed in its entirety. A downward adjustment for this time entry is appropriate because it contains activity other than limited to defense of the Counterclaim. The 115 paragraph Answer was in response to the 106 paragraph Original Complaint. The Counterclaim was only 12 paragraphs. Had there been no Counterclaim, most of this activity would have been required of counsel for Plaintiffs MAKS, Kumar, and Shabbir. Also, attempting to serve defendant Mark Anderson with the Original Complaint would not be as a result of the Counterclaim. The entry contains time for two attorneys, yet the description suggest time from just one attorney. A deduction of 1.5 hours and .2 hours is suggested | 2.00 | 2.00 / -1.50 | 0.20 | 0.20 / -0.20 | 0.00 | 0.00 |
| 2 | 2011/01 /06 | Review Entry of Appearance by Jenkins & Jenkins. Response: This entry should be disallowed because it fails to describe how the activity is limited to just defending the Counterclaim. Appearance by counsel would be required regardless of a Counterclaim. | 0.10 | 0.10 / -0.10 | 0.00 | 0.00 | 0.00 | 0.00 |
| 3 | 2011/01/07 | Review email from Mark Anderson re: request for waiver of service. Response: N/A | 0.10 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| 4 | 2011/01/12 | Draft Answer to Counterclaim; email to local counsel re: Answer to Counterclaim; email to client seeking review of Answer to Counterclaim. DB: Reviewed counter-complaint and draft answer to same; researched accord and satisfaction; prepared email comments for J. Hennessey. Response: This entry is limited to defense of the Counterclaim and may be allowed. While the entry is for two attorneys, there is a separate designation | 2.70 | 2.70 / 0.00 | 0.07 | 0.07 / 0.00 | 0.00 | 0.00 |
| 5 | 2011/01/13 | Review comments and edits to Answer to Counterclaim provided by local counsel; incorporate into draft; final draft; certificate of service, file through ECF Response: This entry is limited to defense of the Counterclaim and may be allowed. | 2.40 | 2.40 / 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| 6 | 2011/01/18 | Email to opposing counsel seeking consent to extend period of service for | 0.70 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |

| # | Date | Description | | | | | |
|---|------|-------------|---|---|---|---|---|
| | | Mark Anderson, repeating request for names of EODT Security. Response: N/A | | | | | |
| 7 | 2011/01/19 | Email to Mark Anderson seeking name of attorney. Response: N/A | 0.10 | 0.00 | 0.00 | 0.00 | 0.00 |
| 8 | 2011/01/25 | Review response to correspondence from Deborah Stevens of Lewis, King, Krieg, and Waldrop. Response: This entry should not be allowed because it fails to describe how the activity is limited to just defending the Counterclaim. | 0.20 | 0.20 / -0.20 | 0.00 | 0.00 | 0.00 |
| 9 | 2011/01/26 | Make comparison chart that compares the allegations of the complaint with EODT's answers; analyze the precise facts to which EODT has admitted and which it denies; begin analysis of whether motion for judgment on the pleadings is appropriate; forward to client for comments; begin drafting motion for judgment on the pleadings. Response: This entry should not be allowed because it is expressly unrelated to the defense of the Counterclaim. The entry is an analysis of the allegations of the Complaint with EODT's Answers "which EODT has admitted and which it denies." From the description, the Motion being drafted would be related to that analysis. See next 5 entries wherein this same Motion is expressly not related to the Counterclaim. The Motion when filed [Doc. 11] was the Motion by Plaintiffs MAKS, Kumar, and Shabbir to obtain judgment on their Original Complaint causes of action against EODT for compensatory and punitive damages. This Motion was wholly without merit and was denied. [Doc. 63]. | 7.30 | 6.30 / -6.30 | 0.00 | 0.00 | 0.00 |
| 10 | 2011/01/27 | Continue drafting motion for judgment on pleadings incorporating EODT's Counterclaim on deficient performance as justification for seizure as admission. Research issues related to TN UCC and TN Modular Building Code into draft of the motion. Response: N/A | 10.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| 11 | 2011/01/30 | Continue work on motion for judgment on the pleadings; research the conditions under which judgment the pleadings is timely and when the pleadings are closed (given that Anderson has not been served); incorporate into draft; distinguish pleadings relating to EODT and EODT Security, incorporate the claims of the counterclaim, i.e. that the seizure was justified under the FAR, in motion for judgment on the pleadings. Response: N/A | 11.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| 12 | 2011/01/31 | Continue work on motion for judgment on pleadings. Make changes to complaint as per Sandy proofreading; review emails; email to Amit re damages; liase with local counsel; add section two based on admissions contained in EODT's Answer; convert section on EODT as agent of U.S. Government to discussion of self-help remedies available under TN law for MAKS's alleged breach of contract. Response: N/A | 11.00 | 0.00 | 0.00 | 0.00 | 0.00 |

| # | Date | Description | | | | | | |
|---|------|-------------|---|---|---|---|---|---|
| 13 | 2011/01/31 | Make comments to judgment on the pleadings. Response: N/A | 0.00 | 0.00 | 0.00 | 0.00 | 0.50 | 0.00 |
| 14 | 2011/02/01 | Review John Beins comments on judgment on the pleadings. Response: N/A | 0.40 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| 15 | 2011/02/01 | Reviewed Mo for Judgment on Pleadings Response: This entry should not be allowed because it is expressly unrelated to the defense of the Counterclaim. See previous 6 entries wherein this same Motion is expressly not related to the Counterclaim. | 0.00 | 0.00 | 0.20 | 0.20 / -0.20 | 0.00 | 0.00 |
| 16 | 2011/02/02 | Review comments of Deborah Buchholz. Response: N/A | 0.20 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| 17 | 2011/02/02 | Reviewed motion & memo for compliance with local rule format requirements; drafted email with housekeeping comments for J. Hennessey. Response: This entry should not be allowed because it is expressly unrelated to the defense of the Counterclaim. See previous 8 entries wherein this same Motion is expressly not related to the Counterclaim. See Response to item 9. | 0.00 | 0.00 | 0.50 | 0.50 | 0.00 | 0.00 |
| 18 | 2011/02/03 | Incorporate comments from Beins and Buchholz into redraft of motion; draft notice of 30b6 deposition for custodian of records forward to Deborah Buchholz for review. Response: N/A | 2.70 | 0.00 | 0.00 | -0.50 / 0.00 | 0.00 | 0.00 |
| 19 | 2011/02/04 | Communicate with client re: update on case. Response: This entry should not be allowed because it fails to describe how the activity is limited to just defending the Counterclaim. Without a Counterclaim, Plaintiffs MAKS, Kumar, and Shabbir presumably required updates. | 0.20 | 0.20 / -0.20 | 0.00 | 0.00 | 0.00 | 0.00 |
| 20 | 2011/02/04 | Reviewed email re depositions, checked availability of conference room, drafted response email. Response: This entry should not be allowed because it fails to describe how the activity is limited to just defending the Counterclaim. | 0.00 | 0.00 | 0.30 | 0.30 / -0.30 | 0.00 | 0.00 |
| 21 | 2011/02/07 | Make final changes to motion for judgment on pleadings; draft proposed order, certificate of service, file with ECF; draft and serve Requests for Admission on EODT; email to opposing counsel on timing of 30b6 deposition for custodian of records. Response: N/A | 3.90 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| 22 | 2011/02/10 | Continue research conditions for serving process, research issues related to serving defendants found overseas, draft motion to extend time to serve, edit, file through ECF. Response: N/A | 1.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| 23 | 2011/02/18 | Review withdraw of Deborah Stevens, consult with Jenkins & Jenkins. Response: This entry should not be allowed because it fails to describe how the activity is limited to just defending the Counterclaim. | 0.20 | 0.20 / -0.20 | 0.00 | 0.00 | 0.00 | 0.00 |
| 24 | 2011/02/24 | Reviewed EODT's Response in opposition to Plaintiffs Mo for Partial | 0.00 | 0.00 | 0.20 | 0.20 | 0.00 | 0.00 |

| # | Date | Description | | | | |
|---|---|---|---|---|---|---|
| | | Judgment on Pleadings.<br>Response: This entry should not be allowed. See Response to items 10-18 and item 25. | | | | |
| 25 | 2011/02/25 | Review EODT's Opposition to Judgment on the Pleadings; forward to client; review EODT's motion to stay discovery; review EODT's Response to Plaintiffs Motion on Extending time to serve process.<br>Response: N/A | 2.70 | 0.00 | -0.20 | 0.00 |
| | | | | | 0.00 | 0.00 |
| 26 | 2011/02/26 | Email to opposing counsel withdrawing request for admission and withdrawing request to identify dates for deposition.<br>Response: This entry should not be allowed because it fails to describe how the activity is limited to just defending the Counterclaim. The activity by counsel pertained to EODT's Motion to Stay Discovery [Doc. 20] because Plaintiffs MAKS, Kumar, and Shabbir had initiated discovery in violation of Rule 26(d). | 0.20 | 0.20<br>-0.20 | 0.00 | 0.00 |
| 27 | 2011/02/27 | Draft and file response to motion to stay discovery; file via ECF; draft and send to local counsel for comments Reply to Defendant EODT's opposition to extension of time to serve defendant Anderson.<br>Response: This entry should be disallowed because the activity is unrelated to the Counterclaim. The referenced Motion to Stay Discovery filed by EODT [Doc. 20] pertained to stopping MAKS's attempted discovery served in violation of Rule 26(d). Further, the discovery pertained to Plaintiffs MAKS, Kumar, and Shabbir seeking financial information concerning EODT's president Matt Kaye, and was not related to the Counterclaim. | 1.50 | 1.00<br>-1.00 | 0.00 | 0.00 |
| 28 | 2011/02/28 | Review comments by Deborah Buchholz on Reply to EODT's Opposition to Extension of time to file against Mark Anderson; reply; incorporate suggestions into new draft; review and take notes on EODT's Opposition to EODT's opposition to judgment on the pleadings.<br>Response: N/A | 1.40 | 0.00 | 0.00 | 0.00 |
| 29 | 2011/02/28 | Reviewed EODT's Response to Mo to Extend Time and MAKS proposed reply; drafted email w/comments.<br>Response: This entry should be disallowed because the activity is unrelated to the Counterclaim. The referenced Motion to Extend Time filed by MAKS [Doc. 12] pertained to MAKS's efforts to extend the time to serve Mark Anderson and the other "Jack Doe" defendants with the Original Complaint and is not related to the defense of the Counterclaim. | 0.00 | 0.60 | 0.60<br>-0.60 | 0.00 |
| 30 | 2011/03/01 | Research and draft Reply to Opposition to Judgment on the pleadings, addressing EODT arguments that which attempts to justify actions as an appropriate response to the breaches alleged in EODT's Counterclaim (replevin, FAR). | 6.50 | 6.50 | 0.00 | 0.00 |

| # | Date | Description / Response | | | | | |
|---|------|------------------------|---|---|---|---|---|
| 31 | 2011/03/04 | Make additional changes to draft reply, forward to local counsel for comment; draft and send WordPerfect Order on Judgment on the Pleadings to chambers of Judge Varlan; draft, finalize, and send WordPerfect version of Order on motion to extend time to serve Anderson. | 2.20 | -6.50 / 0.00 | 0.00 | 0.00 | 0.00 |
|  |  | Response: This entry should not be allowed because it is expressly unrelated to the defense of the Counterclaim. See previous items 10-18 and 25 wherein the Motion filed by MAKS is expressly not related to the Counterclaim. Therefore EODT's response would not be related to the Counterclaims and so preparing a Reply would not be related to defending the Counterclaim. |  |  |  |  |  |
| 32 | 2011/03/06 | Review and respond to client communication seeking update on litigation setting time for conference call. | 0.20 | 0.20 | 0.00 | 0.00 | 0.00 |
|  |  | Response: This entry should not be allowed because it fails to describe how the activity is limited to just defending the Counterclaim. Without a Counterclaim, Plaintiffs MAKS, Kumar, and Shabbir presumably required updates. |  |  |  |  |  |
| 33 | 2011/03/07 | Finalize and file through ECF the Reply to EODT's Opposition to Motion for Judgment on the Pleadings; conference with client updating status of litigation and summarizing motions and replies filed. | 2.00 | -0.20 / 0.50 | 0.00 | 0.00 | 0.00 |
|  |  | Response: This entry should not be allowed. See response to items 30 and 31. |  |  |  |  |  |
| 34 | 2011/03/08 | Review Order referring motions to Magistrate Judge Guyton; review email from Lori Gibson noticing that Court will deem motion to stay discovery as moot; respond. | 0.30 | -0.50 / 0.00 | 0.00 | 0.00 | 0.00 |
|  |  | Response: N/A |  |  |  |  |  |
| 35 | 2011/03/09 | Review Court order on Motion to Stay Discovery; review corporate disclosure statements filed by EODT. | 0.10 | 0.10 / -0.10 | 0.00 | 0.00 | 0.00 |
|  |  | Response: This entry should not be allowed because the activity is unrelated to defense of the Counterclaim. The referenced Court Order [Doc. 26] pertained to the Order entered when Plaintiffs withdrew their discovery that violated Rule 26(d). Also, a corporate disclosure would have been required by EODT regardless of a Counterclaim. |  |  |  |  |  |
| 36 | 2011/03/11 | Review Court order granting Plaintiffs' Motion to Extend Time to serve Mark Anderson. | 0.20 | 0.00 | 0.00 | 0.00 | 0.00 |
|  |  | Response: N/A |  |  |  |  |  |
| 37 | 2011/03/14 | Reviewed email correspondence re discovery conference; provided available dates to J. Hennessey. | 0.00 | 0.00 | 0.10 | 0.10 | 0.00 |
|  |  | Response: This entry should not be allowed because it fails to describe how the activity is limited to just defending the Counterclaim. A discovery conference would have been required without the Counterclaim. |  |  |  |  |  |
| 38 | 2011/03/15 | Conversation with Embassy of Afghanistan regarding process for informing Government of need to serve process on Mark Anderson. Draft and send email to Attorney General of Afghanistan to effect service on Mark Anderson and | 1.20 | 0.40 | 0.00 | -0.10 / 0.00 | 0.00 |

| No. | Date | Entry / Response | (1) | (2) | (3) | (4) | (5) |
|---|---|---|---|---|---|---|---|
| | | seeking an opinion of law on whether EODT's actions were justified in response to its claims (articulated in counterclaim) that MAKS was in breach of contract. | | | | | |
| | | Response: This entry should not be allowed. Regardless of this entry containing the word "Counterclaim," the time is expressly devoted to getting Mark Anderson served with the Original Complaint and an inadmissible hearsay opinion of an Afghanistan government official. EODT asserted MAKS was in breach of contract in its Answer | | | -0.40 | | |
| 39 | 2011/03/18 | Draft Rule 26 Discovery plan forward to local counsel for comment. | 1.00 | | 0.00 | 0.00 | 0.00 |
| | | Response: This entry should not be allowed because a discovery plan from Plaintiffs MAKS, Kumar, and Shabbir would have been required without the Counterclaim anyway. | 1.00 | | -1.00 | | |
| 40 | 2011/03/18 | Met w/EODT counsel to participate in discovery conference. | 0.00 | 0.60 | 0.60 | 0.00 | 0.00 |
| | | Response: This entry should not be allowed because a discovery conference on behalf of Plaintiffs MAKS, Kumar, and Shabbir would have been required without the Counterclaim anyway. | | | 0.00 -0.60 | | |
| 41 | 2011/03/23 | Review draft protective order sent by Jenkins & Jenkins; forward to client for review. | 0.40 | | 0.00 | 0.00 | 0.00 |
| | | Response: This entry should not be allowed because it fails to describe how the activity is limited to just defending the Counterclaim. MAKS would have sought discovery from EODT without the Counterclaim and EODT would have sought a Protective Order without a Counterclaim filed. | -0.40 | | | | |
| 42 | 2011/03/23 | Reviewed subsequent email correspondence re discovery conference. | 0.00 | 0.10 | 0.10 | 0.00 | 0.00 |
| | | Response: This entry should not be allowed a discovery conference would have been required for Plaintiffs MAKS, Kumar, and Shabbir without the Counterclaim. | | | 0.00 -0.10 | | |
| 43 | 2011/03/26 | Make edits to EODT draft of Rule 26 Discovery Plan and Protective order. | 2.20 | | 0.00 | 0.00 | 0.00 |
| | | Response: This entry should not be allowed. MAKS would have sought discovery from EODT without the Counterclaim and EODT would have sought a Protective Order without a Counterclaim filed. | 2.20 -2.20 | | | | |
| 44 | 2011/03/27 | Make final edits to Rule 26 discovery plan and protective order; draft and finalize cover letter to Jenkins & Jenkins. | 0.70 | | 0.00 | 0.00 | 0.00 |
| | | Response: This entry should not be allowed. See entries immediately preceeding regarding the discovery conference, discovery plan, and Protective Order | 0.70 | | | | |
| 45 | 2011/03/28 | Reviewed MAKS proposed changes to agreed discovery plan and protective order. | 0.00 | 0.10 | 0.10 | 0.00 | 0.00 |
| | | Response: This entry should not be allowed. See entries immediately preceeding regarding the discovery conference, discovery plan, and Protective Order | -0.70 0.00 | | | | |
| 46 | 2011/04/06 | Review correspondence from Jenkins & Jenkins highlighting the various conflicts in discovery, review written edits; make edits to Jenkins & Jenkins's edits, transmit back to him with cover letter. | 1.40 | 0.00 | -0.10 0.00 | 0.00 | 0.00 |

| # | Date | Description | | | | | |
|---|------|-------------|---|---|---|---|---|
| | | Response: This entry should not be allowed. See entries immediately preceeding regarding the discovery conference, discovery plan, and Protective Order | | -1.40 | 0.00 | 0.00 | 0.00 |
| 47 | 2011/04/07 | Review Jenkins & Jenkins comments to Discovery plan and edits to protective; draft and edit initial disclosures, send to client for review; finalize and file Rule 26(f) Report; email to Jenkins & Jenkins requesting information about Governmental authorization for EODT's self-help remedies in the face of alleged MAKS breaches; review and forward certified transcript of telephone recorded conversation between MAKS officials and Mark Anderson of October 23, 2009; forward to Jenkins & Jenkins. | 9.20 | 9.20 | 0.00 | 0.00 | 0.00 |
| | | Response: This entry should not be allowed. As a result of the choice of Plaintiffs MAKS, Kumar, and Shabbir to file their Original Complaint, a discovery plan and Protective Order would have been required anyway. Further, described work concerning MAKS's criticism of EODT's "self help" was the essence of MAKS's accusations of conversion and assault in the Original Complaint. The phone transcript was an item used at trial as part of MAKS's case in chief to prove its Amended Complaint theory of conversion. Trial Ex. D-135. Finally, the description fails to show how this work would be necessitated only because a Counterclaim was filed. | | -9.20 | 0.00 | 0.00 | 0.00 |
| 48 | 2011/04/08 | Review Jenkins & Jenkins's Initial Disclosures; draft and send to Jenkins & Jenkins a motion for a Rule 16 Conference; review Client's corrections and clarifications of the 10/23/09 transcript. | 2.30 | 2.30 | 0.00 | 0.00 | 0.00 |
| | | Response: This entry should not be allowed. As a result of Plaintiffs' choice to file their Original Complaint, EODT would have been required to serve Initial Disclosures. Without a Counterclaim, EODT would have identified the same witnesses and documents in support of its affirmative defenses. MAKS's need for a Rule 16 conference is not demonstrated by this entry to be necessitated because of the Counterclaim. Also, work pertaining to MAKS's correcting what was represented to be a certified transcript is not shown to be necessitated by the existence of the Counterclaim. If the transcript was certified (see item 38), MAKS should not be correcting it to fabricate evidence in support of Plaintiffs tort theories. | | -2.30 | 0.00 | 0.00 | 0.00 |
| 49 | 2011/04/12 | Continue work on initial disclosures; protective order; transcript; file motion for Joint Scheduling Conference; file motion for a protective order. | 7.40 | 7.40 | 0.00 | 0.00 | 0.00 |
| | | Response: This entry should not be allowed. First, it is bothersome that Plaintiffs need to work on, and therefore alter, the transcript which was certified. (See item 38.) As a result of the choice of Plaintiffs MAKS, Kumar, and Shabbir to file their Original Complaint, initial disclosures, a Protective Order, and a scheduling conference would be required anyway regardless of a Counterclaim. Again, the phone transcript of 10/23/09 was used by MAKS at trial in its case in chief to show conversion, a remedy now abandoned by MAKS. | | -7.40 | 0.00 | 0.00 | 0.00 |
| 50 | 2011/04/13 | Review Order referring motions to Magistrate Guyton. | 0.10 | 0.10 | 0.00 | 0.00 | 0.00 |

| No. | Date | Description | | | | | | |
|---|---|---|---|---|---|---|---|---|
| 51 | 2011/04/14 | Reviewed email correspondence re protective orders and discovery. | 0.00 | 0.10 | 0.10 | 0.00 | 0.00 | |
| | | Response: This entry should not be allowed because it fails to describe how the activity is limited to just defending the Counterclaim. | -0.10 | | -0.10 | | | |
| 52 | 2011/04/18 | Review transcript of audio tape for accuracy; scheduling order; draft motion for protective order re timing location of depositions; review email from Leah Walker re: scheduling of hearing. | 5.60 | 0.00 | 0.00 | 0.00 | 0.00 | |
| | | Response: This entry should not be allowed because it fails to describe how the activity is limited to just defending the Counterclaim. Again, continued work on a certified transcript (see item 38) for accuracy is bothersome. Also, the position of Plaintiffs MAKS, Kumar, and Shabbir on the timing and location of depositions was not accepted by the Court [Doc. 52]. | -5.60 | | | | | |
| 53 | 2011/04/19 | Continue work on protective order re location of depositions; respond to email from Leah Walker; review response from Ms. Walker; exchange of emails with Jenkins & Jenkins on attempts to resolve issues in advance of hearing. | 4.60 | 0.00 | 0.00 | 0.00 | 0.00 | |
| | | Response: This entry should not be allowed because it fails to describe how the activity is limited to just defending the Counterclaim. Again, the position of Plaintiffs MAKS, Kumar, and Shabbir on the timing and location of depositions was not accepted by the Court [Doc. 52]. | -4.60 | | | | | |
| 54 | 2011/04/20 | Review Order referring outstanding motions to Magistrate Judge Guyton; forward motions to client; settlement call with Jenkins & Jenkins wherein Fisher warns of insolvency and bankruptcy; memo to client on responses to threat of insolvency; email exchanges with Jenkins & Jenkins and Leah Walker on scheduling. | 2.00 | 0.00 | 0.00 | 0.00 | 0.00 | |
| | | Response: This entry should not be allowed because it fails to describe how the activity is limited to just defending the Counterclaim. The alleged details of a settlement discussion, albeit MAKS's version being incomplete and misleading, should not be included because the other side of the settlement discussion, which was more like settlement extortion, would not be productive. Further, MAKS's efforts in extorting money from EODT would have been the result of it filing its Original Complaint, not as a result of a Counterclaim. | -2.00 | | | | | |
| 55 | 2012/04/20 | Reviewed email correspondence and confirmed availability for hearing on outstanding motions on May 24[1]. | 0.00 | 0.10 | 0.10 | 0.00 | 0.00 | |
| | | Response: This entry should not be allowed because it fails to describe how the activity is limited to just defending the Counterclaim | | | -0.10 | | | |
| 56 | 2011/04/21 | Review Order Scheduling Hearing. | 0.10 | 0.00 | 0.00 | 0.00 | 0.00 | |
| | | Response: This entry should not be allowed because it fails to describe how the activity is limited to just defending the Counterclaim | -0.10 | | | | | |
| 57 | 2011/04/27 | Review email from Leah Walker cancelling hearing and asking for new dates; email exchange establishing acceptable date. | 0.10 | 0.10 | 0.00 | 0.00 | 0.00 | |

| # | Date | Description | | | | | | |
|---|------|-------------|---|---|---|---|---|---|
| | | Response: This entry should not be allowed because it fails to just describe how the activity is limited to just defending the Counterclaim | | | | | | |
| 58 | 2011/04/29 | Review recent motions, order and notices<br>Response: This entry should not be allowed because it fails to just describe how the activity is limited to just defending the Counterclaim | 0.00 | -0.10 | 0.80 | 0.80 / -0.80 | 0.00 | 0.00 |
| 59 | 2011/04/30 | Research case law establishing standards for adequate service with specific emphasis on electronic service of those residing overseas; draft and file motion deeming Mark Anderson adequately served.<br>Response: N/A | 5.00 | 0.00 | | 0.00 | 0.00 | 0.00 |
| 60 | 2011/05/03 | Review Order referring motion to deem Mark Anderson served to Magistrate Judge Guyton; forward papers to Mark Anderson.<br>Response: N/A | 0.10 | 0.00 | | 0.00 | 0.00 | 0.00 |
| 61 | 2011/05/17 | Review response to motion on service of Mark Anderson and Motion and time, location, and sequence of discovery.<br>Response: This entry should not be allowed. The entry expressly pertains to MAKS's efforts to get service upon Mark Anderson for its Original Complaint. | 0.50 | 0.50 | | 0.00 | 0.00 | 0.00 |
| 62 | 2011/05/18 | Request updated information from client to include in initial disclosures; research federal and local rules on time deadlines for responding to motions; file motion to strike based expiration of time.<br>Response: This entry should not be allowed. MAKS's work on its Initial Disclosures would have been required of MAKS anyway without there being a Counterclaim. The Motion to Strike [Doc. 43] pertained to an Opposition Brief [Doc. 41] filed by EODT opposing MAKS's Motion [Doc. 36]. MAKS's initial motion was without merit. [Doc. 52]. Said Motion, Opposition Brief, and MAKS's Motion to Strike were not activities required by the Counterclaim. | 2.30 | 2.30 | | 0.00 | 0.00 | 0.00 |
| 63 | 2011/05/20 | Review EODT's response to motion to strike.<br>Response: N/A | 0.30 | -2.30 | | 0.00 | 0.00 | 0.00 |
| 64 | 2011/05/21 | Draft, finalize, and file reply to Opposition to Motion to Strike.<br>Response: N/A | 0.70 | 0.00 | | 0.00 | 0.00 | 0.00 |
| 65 | 2011/05/23 | Review Court notice.<br>Response: N/A | 0.10 | 0.00 | | 0.00 | 0.00 | 0.00 |
| 66 | 2011/05/24 | Reviewed recent filings: Confirmed J. Hennessey's travel arrangements; pulled motions to be argued; confirmed courtroom for tomorrow; pulled electronic communications rules and ltr needed to keep cell phone on person.<br>Response: This entry should not be allowed because it fails to just describe how the activity is limited to just defending the Counterclaim | 0.00 | 0.00 | 1.30 | 1.30 / -1.30 | 0.00 | 0.00 |
| 67 | 2011/05/25 | Prepare for and attend hearing before Magistrate Judge Guyton. | 2.00 | 2.00 | 2.00 | 0.00 | 0.00 | 0.00 |

| No. | Date | Description / Response | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|
| | | Response: This entry should not be allowed because it fails to describe how the activity is limited to just defending the Counterclaim. The motions argued included the Motion for Protective Order and Motion to Deem Mark Anderson Served filed by Plaintiffs MAKS, Kumar, and Shabbir, and other motions not the result of a Counterclaim having been filed. [Doc. 50]. | -2.00 | | | 1.50 | 1.50 | 0.00 | 0.00 |
| 68 | 2011/05/25 | Travel to, waiting time proceeding, and observed oral arguments by counsel. See response to item 67. | 0.00 | | | 1.50 | -1.50 | 0.00 | 0.00 |
| 69 | 2011/05/26 | Review Court Order on Request for Rule 16 hearing. | 0.20 | 0.20 | | 0.00 | 0.00 | 0.00 | 0.00 |
| | | Response: This entry should not be allowed because it fails to describe how the activity is limited to just defending the Counterclaim. See response to item 67. | | -0.20 | | | | | |
| 70 | 2011/05/27 | Review Court Order on Outstanding motions; consultation with local counsel; consultation with client. | 4.00 | 4.00 | | 0.00 | | 0.00 | 0.00 |
| | | Response: This entry should not be allowed because it fails to describe how the activity is limited to just defending the Counterclaim. The Order [Doc. 52] pertained to the items referred to at items 67. | | -4.00 | | | | | |
| 71 | 2011/06/06 | Reviewed post-motion documents in Pacer. | 0.00 | 0.00 | | 0.40 | 0.40 | 0.00 | 0.00 |
| | | Response: This entry should not be allowed because it fails to describe how the activity is limited to just defending the Counterclaim. | | | | | -0.40 | | |
| 72 | 2011/06/10 | Exchange of emails with Jenkins & Jenkins regarding scheduling. | 0.10 | 0.10 | | 0.00 | 0.00 | 0.00 | 0.00 |
| | | Response: This entry should not be allowed because it fails to describe how the activity is limited to just defending the Counterclaim. Scheduling would have been required regardless of a Counterclaim. | | -0.10 | | | | | |
| 73 | 2011/06/13 | Begin draft of draft motion to dismiss counterclaims; email to MAKS; continue drafting motion to dismiss researching unclean hands in TN. | 4.80 | 4.80 | | 0.00 | | 0.00 | 0.00 |
| | | Response: While this entry does pertain to MAKS's Motion to Dismiss the Counterclaim, the Motion [Doc. 53], work on this Motion should not be allowed because it was frivolous and should not have been filed. See response at [Doc. 55]. This Motion [Doc. 53] was DENIED as Moot. See Order at [Doc. 102]. | | -4.80 | | | | | |
| 74 | 2011/06/15 | Continue drafting motion to dismiss counterclaims researching issues related to self-help remedies, equitable conduct and Fed. R. Civ. P. 12 (f). | 4.00 | 4.00 | | 0.00 | | 0.00 | 0.00 |
| | | Response: This entry should not be allowed. See previous entry regarding the MAKS Motion to Dismiss the Counterclaim. Also, EODT's self help remedies pertained to EODT's defenses and affirmative defenses to the Original Complaint's charge of conversion | | -4.00 | | | | | |
| 75 | 2011/06/16 | Continue to research and draft motion to dismiss counterclaim; finalize and file through ECF with certificate of service and draft order. | 5.50 | 5.50 | | 0.00 | | 0.00 | 0.00 |
| | | Response: This entry should not be allowed. See response to entry no. 73 | | -5.50 | | | | | |
| 76 | 2011/06/22 | Memo to client bringing update on case. | 1.00 | 1.00 | | 0.00 | | 0.00 | 0.00 |
| | | Response: This entry should not be allowed because it fails to describe how the activity is limited to just defending the Counterclaim. | | -1.00 | | | | | |
| 77 | 2011/06/23 | Call USAF Dep. Gen. Counsel; draft correspondence to AF General Counsel | 1.70 | 1.70 | | 0.00 | | 0.00 | 0.00 |

| # | Date | Description | | | | | | |
|---|---|---|---|---|---|---|---|---|
| | | detailing allegations of complaint and requesting assistance. **Response:** This entry should not be allowed because it fails to describe how the activity is limited to just defending the Counterclaim. The description clearly pertains to the "allegations of complaint" as stated. | | -1.70 | | | | |
| 78 | 2011/06/24 | Conference with Amit Malhotra; email and call to Jenkins & Jenkins. **Response:** This entry should not be allowed because it fails to describe how the activity is limited to just defending the Counterclaim. | 1.50 | 1.50 / -1.50 | 0.00 | 0.00 | 0.00 | 0.00 |
| 79 | 2011/06/27 | Review Order of Judge Varlan setting trial schedule. **Response:** This entry should not be allowed because it fails to describe how the activity is limited to just defending the Counterclaim. Regardless of the Counterclaim, Plaintiffs MAKS, Kumar, and Shabbir would have been noticed for a trial date. | 0.30 | 0.30 / -0.30 | 0.00 | 0.00 | 0.00 | 0.00 |
| 80 | 2011/06/28 | Review scheduling order; calendar; correspond with opposing and local counsel on schedule. **Response:** This entry should not be allowed because it fails to describe how the activity is limited to just defending the Counterclaim. Regardless of the Counterclaim, counsel for Plaintiffs MAKS, Kumar, and Shabbir would have needed to receive and review a scheduling order and confer with local counsel. | 2.40 | 2.40 / -2.40 | 0.00 | 0.00 | 0.00 | |
| 81 | 2011/06/30 | Reviewed latest filings (Mo to Dismiss & Scheduling order); updated calendar with deadlines rec'd from J. Hennessey. **Response:** This entry should not be allowed because it fails to describe how the activity is limited to just defending the Counterclaim. See response to item 80. | 0.00 | 0.00 | 0.30 | 0.30 / -0.30 | 0.00 | 0.00 |
| 82 | 2011/07/01 | Review EODT's opposition to motion to dismiss and affidavit of Susan Davis; forward to client for particular facts alleged by Susan Davis. **Response:** This entry should not be allowed because it fails to describe how the activity is limited to just defending the Counterclaim | 0.80 | 0.80 / -0.80 | 0.00 | 0.00 | 0.00 | 0.00 |
| 83 | 2011/07/03 | Review client responses to EODT's Opposition and Susan Davis. **Response:** This entry should not be allowed because it fails to describe how the activity is limited to just defending the Counterclaim | 0.30 | 0.30 / -0.30 | 0.00 | 0.00 | 0.00 | 0.00 |
| 84 | 2011/07/05 | Review ECF notification on EODT Opposition; email to Jenkins & Jenkins re: extension for Reply; email to client; review client reply; return email to client re Affidavit; draft and file motion for extension. **Response:** This entry should not be allowed because it fails to describe how the activity is limited to just defending the Counterclaim. | 5.40 | 5.40 / -5.40 | 0.00 | 0.00 | 0.00 | 0.00 |
| 85 | 2011/07/07 | Conference calls with Amit and Summit; review Court Order on extension; obtain John Doe contract info. **Response:** This entry should not be allowed because it fails to describe how the activity is limited to just defending the Counterclaim. As it pertains to John Doe information, that would pertain to Plaintiffs' MAKS, Kumar, and Shabbir's Original Complaint. | 1.20 | 1.00 / -1.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| 86 | 2011 /07/10 | Work on reply to EODT's opposition to motion to dismiss. | 2.40 | 2.40 | 0.00 | 0.00 | 0.00 | 0.00 |

Response: This entry should not be allowed because it fails to describe how the activity is limited to just defending the Counterclaim.

| No. | Date | Description / Response | | | | | |
|---|---|---|---|---|---|---|---|
| | | *(continued from previous entry)* Response: This entry should not be allowed because it fails to describe how the activity is limited to just defending the Counterclaim. | | -2.40 | 0.00 | 0.00 | 0.00 |
| 87 | 2011/07/11 | Continue work on reply to EODT's opposition to motion to dismiss. Response: This entry should not be allowed because it fails to describe how the activity is limited to just defending the Counterclaim. | 3.30 | -3.30 | 0.00 | 0.00 | 0.00 |
| 88 | 2011/07/12 | Continue work on reply to EODT's opposition to motion to dismiss. Work on drafting outline of opposition memorandum. Response: This entry should not be allowed because it fails to describe how the activity is limited to just defending the Counterclaim | 3.40 | -3.40 | 0.00 | 0.00 | 0.00 |
| 89 | 2011/07/20 | Email exchange to Jenkins & Jenkins on need to establish discovery schedule. Response: This entry should not be allowed because it fails to describe how the activity is limited to just defending the Counterclaim. Without a Counterclaim, Plaintiffs MAKS, Kumar, and Shabbir would have required a discovery schedule. | 0.20 | -0.20 | 0.00 | 0.00 | 0.00 |
| 90 | 2011/07/21 | Email exchange with J. Fisher; call to AF General Counsel; draft and serve RFP 1-4 on EODT. Response: This entry should not be allowed because it fails to describe how the activity is limited to just defending the Counterclaim. | 3.10 | -3.10 | 0.00 | 0.00 | 0.00 |
| 91 | 2011/07/22 | Confer with Jenkins & Jenkins; review draft of Supplement to Rule 26 disclosure, edit and file with Court. Response: This entry should not be allowed because it fails to describe how the activity is limited to just defending the Counterclaim | 0.50 | -0.50 | 0.00 | 0.00 | 0.00 |
| 92 | 2011/07/29 | Reviewed filed documents 66-63 Response: This entry should not be allowed because it fails to describe how the activity is limited to just defending the Counterclaim. These documents pertained to Plaintiffs' failed Motion for Judgment in its favor [Doc. 63] and other efforts by Plaintiffs regarding their Complaint. | 0.00 | 0.00 | 0.70 | 0.70 / -0.70 | 0.00 |
| 93 | 2011/08/01 | Review Court Order Denying motion for judgment on the pleadings; consult with local counsel; consult with John Beins; forward to client with cover. Response: This entry should not be allowed. The Order [Doc. 63] denied the Motion of Plaintiffs MAKS, Kumar, and Shabbir for affirmative judgment in their favor on their Original Complaints against EODT [Doc. 11] and not the Counterclaim. | 4.00 | -4.00 | 0.00 | 0.00 | 0.00 |
| 94 | 2011/08/01 | Telephone conversation with Joe Hennessey. Response: N/A | 0.00 | 0.00 | 0.00 | 0.00 | 0.20 |
| 95 | 2011/08/09 | Review Jenkins & Jenkins new draft of Protective Order for business records. Response: This entry should not be allowed because it fails to describe how the activity is limited to just defending the Counterclaim. | 0.20 | -0.20 | 0.00 | 0.00 | 0.00 |
| 96 | 2011/08/10 | Review EODT Motion for a Protective Order as filed. Response: This entry should not be allowed because it fails to describe how the activity is limited to just defending the Counterclaim. | 0.20 | -0.20 | 0.00 | 0.00 | 0.00 |

| # | Date | Description | | | | | |
|---|------|-------------|---|---|---|---|---|
| 97 | 2011/08/18 | Review Defendant's Motion for Protective Order; research FRCP 26(c); draft and file opposition. | 1.80 | 1.80 | 0.00 | 0.00 | 0.00 |
| | | Response: This entry should not be allowed because it fails to describe how the activity is limited to just defending the Counterclaim. | | -1.80 | | | |
| 98 | 2011/08/24 | Review EODT Reply in response to Opposition to Protective Order. | 0.30 | 0.30 | 0.00 | 0.00 | 0.00 |
| | | Response: This entry should not be allowed because it fails to describe how the activity is limited to just defending the Counterclaim. | | -0.30 | | | |
| 99 | 2011/08/25 | Reviewed motion for protective order related filings (docs 64-67). | 0.00 | 0.00 | 0.20 | 0.20 | 0.00 |
| | | Response: This entry should not be allowed because it fails to describe how the activity is limited to just defending the Counterclaim. | | | | -0.20 | |
| 100 | 2011/08/29 | Review Judge Guyton Order on Protective Order and Protective Order as Entered. | 0.50 | 0.50 | 0.00 | 0.00 | 0.00 |
| | | Response: This entry should not be allowed because it fails to describe how the activity is limited to just defending the Counterclaim. | | -0.50 | | | |
| 101 | 2011/09/06 | Draft and serve RFA and INT on EODT; conference with client; file notices of discovery; forward protective order to client with update; conference call with client. | 7.70 | 7.70 | 0.00 | 0.00 | 0.00 |
| | | Response: This entry should not be allowed because it fails to describe how the activity is limited to just defending the Counterclaim. This discovery pertained to efforts by MAKS and the other Plaintiffs in furtherance of their Original Complaints. | | -7.70 | | | |
| 102 | 2011/09/08 | Draft Matt Kaye Discovery; review EODT request for additional time to respond to discovery requests. | 2.10 | 2.10 | 0.00 | 0.00 | 0.00 |
| | | Response: This entry should not be allowed because it fails to describe how the activity is limited to just defending the Counterclaim. The discovery served upon Matt Kaye had nothing to do with the Counterclaim. | | -2.10 | | | |
| 103 | 2011/09/16 | Review written discovery served by Jenkins & Jenkins and Court notices of the same; forward to client. | 1.00 | 1.00 | 0.00 | 0.00 | 0.00 |
| | | Response: This entry should not be allowed because it fails to describe how the activity is limited to just defending the Counterclaim. | | -1.00 | | | |
| 104 | 2011/09/22 | Review EODT motion to dismiss claims of John Doe Plaintiffs; forward to client. | 0.40 | 0.00 | 0.00 | 0.00 | 0.00 |
| | | Response: N/A | | | | | |
| 105 | 2011/09/28 | Review Motion for Summary Judgment filed by Matt Kaye. | 0.50 | 0.00 | 0.00 | 0.00 | 0.00 |
| | | Response: N/A | | | | | |
| 106 | 2011/09/29 | Review pleadings and discovery requests; email Jenkins & Jenkins regarding the logistics of document review. | 0.80 | 0.80 | 0.00 | 0.00 | 0.00 |
| | | Response: This entry should not be allowed because it fails to describe how the activity is limited to just defending the Counterclaim. | | -0.80 | | | |
| 107 | 2011/10/03 | Reviewed pleadings 72-81 | 0.00 | 0.00 | 0.30 | 0.30 | 0.00 |

| # | Date | Description | | | | | |
|---|------|-------------|---|---|---|---|---|
| 108 | 2011/10/04 | Review client email; finalize and file Reply to Motion to Dismiss.<br>*Response: This entry should not be allowed because it fails to describe how the activity is limited to just defending the Counterclaim. Significantly, [Doc. 79] was defendant Matt Kaye's Motion to Dismiss the suit filed against him (brief at [Doc. 80], affidavit [Doc. 81]) , which would have nothing to do with defending the Counterclaim.* | 0.40 | 0.40<br>-0.40 | 0.00 | 0.00<br>-0.30 | 0.00 |
| 109 | 2011/10/06 | Review EODT's responses to MAKS's Interrogatories 1-8.<br>*Response: This entry should not be allowed because it fails to describe how the activity is limited to just defending the Counterclaim* | 1.00 | 1.00<br>-1.00 | 0.00 | 0.00 | 0.00 |
| 110 | 2011/10/07 | Review Jenkins & Jenkins email on inquiry concerning the identities of the EODT personnel who entered the MAKS compound on 10/23/09.<br>*Response: This entry should not be allowed because it pertains to evidence probative of the claims of Plaintiffs MAKS, Kumar, and Shabbir for conversion and assault.* | 0.20 | 0.20<br>-0.20 | 0.00 | 0.00 | 0.00 |
| 111 | 2011/10/10 | Review motion by Matt Kaye for a protective order; Matt Kaye responses to discovery requests; draft and file emergency motion on Matt Kaye Protective Order.<br>*Response: N/A* | 1.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| 112 | 2011/10/18 | Review motion for summary judgment for Matt Kaye; draft 1 st Amended Complaint.<br>*Response: N/A* | 6.50 | 0.00 | 0.00 | 0.00 | 0.00 |
| 113 | 2011 /10/19 | Draft and File Response to Matt Kaye Motion for Protective Order: email to client providing update on litigation; draft First Amended Complaint; forward to local counsel for comments with cover email.<br>*Response: N/A* | 6.80 | 0.00 | 0.00 | 0.00 | 0.00 |
| 114 | 2011 /10/20 | Review Order referring outstanding motions to Magistrate Judge Guyton; memo to client regarding First Amendment Complaint, soliciting comments; review comments of Deborah Buchholz.<br>*Response: This entry should not be allowed because it fails to describe how the activity is limited to just defending the Counterclaim. The motions referred pertained to Matt Kaye's Motion for a Protective Order as to his financial affairs [Doc. 85]. That information would have been sought in support of Plaintiffs' claims of punitive damages against Mr. Kaye. The need to for an Amended Complaint was directly attributable to the need for Plaintiffs to change their theory as to Mr. Kaye's liability from alleging falsely that Mr. Kaye was at the MAKS Compound 10/23/09 committing assaults [Doc. 1] to Mr. Kaye committing conspiracies [Doc. 106].* | 1.10 | 1.10<br>-1.10 | 0.00 | 0.00 | 0.00 |
| 115 | 2011/10/20 | Reviewed docs 83-89 and amended complaint; drafted email query re certain changes | 0.00 | 0.00 | 0.90 | 0.90 | 0.00 |

| # | Date | Description / Response | | | | | |
|---|------|------------------------|---|---|---|---|---|
| 116 | 2011/10/22 | Response: This entry should not be allowed. See response to item 114. Email to Opposing Counsel forwarding proposed First Amended Complaint with request to consent. Response: This entry should not be allowed because it fails to describe how the activity is limited to just defending the Counterclaim. | 0.20 | 0.20 / −0.20 | 0.00 | −0.90 / 0.00 | 0.00 |
| 117 | 2011 /10/24 | Review Order of Judge Guyton; email to Deborah Buchholz; review reply by Jenkins & Jenkins; send reply to Jenkins & Jenkins; Response: This entry should not be allowed. The Order [Doc. 91] did not pertain to the Counterclaim. | 0.80 | 0.80 / −0.80 | 0.00 | 0.00 | 0.00 |
| 118 | 2011/10/25 | Finish drafting motion for leave to file 1st Amended complaint, motion to stay consideration Matt Kaye MSJ, file docs; file; file motion to stay consideration of motion for summary judgment by Matt Kaye. Response: N/A | 5.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| 119 | 2011/11/01 | Review opposition to motion to file First Amended Complaint; reply to motion to stay consideration of Matt Kaye Motion for Summary Judgment. Response: N/A | 1.30 | 0.00 | 0.00 | 0.00 | 0.00 |
| 120 | 2011/11/01 | Reviewed filed docs 90-95 and email correspondence re discovery. Response: This entry should not be allowed because it fails to describe how the activity is limited to just defending the Counterclaim. The significant activity resulting in these items was the need for Plaintiffs to file a motion for an Amended Complaint for new and improved affirmative relief against Defendants. | 0.00 | 0.00 | 0.40 | 0.40 / −0.40 | 0.00 |
| 121 | 2011/11/07 | Research issues related to asserting statute of limitations as an affirmative defense; draft motion to strike founded upon the fact that Opposition was filed by those who do not represent putative plaintiffs; draft and file Reply to Opposition to File First Amended Complaint; draft and file Reply to Opposition to Emergency Motion to Stay Disposition of Matt Kaye Motion for Summary Judgment. Response: N/A | 3.60 | 0.00 | 0.00 | 0.00 | 0.00 |
| 122 | 2011/11/08 | Prepare documents to be sent to Jenkins & Jenkins in response to EODT's RFP; email to Jenkins & Jenkins re: Bates numbering of documents. Response: This entry should not be allowed. The RFP being responded to at this time was discovery served upon Plaintiffs relating to their claims for damages and other related evidence. | 5.00 | 5.00 / −5.00 | 0.00 | 0.00 | 0.00 |
| 123 | 2011/11/09 | Review EODT Opposition to Plaintiffs' Motion to Strike. Response: This entry should not be allowed because it fails to describe how the activity is limited to just defending the Counterclaim. Plaintiffs motin to strike was without merit anyway. | 0.30 | 0.30 / −0.30 | 0.00 | 0.00 | 0.00 |
| 124 | 2011/11/14 | Telephone conference with Deborah Buchholz. Response: This entry should not be allowed because it fails to describe how the activity is limited to just defending the Counterclaim. | 0.10 | 0.10 / −0.10 | 0.00 | 0.00 | 0.00 |
| 125 | 2011/11/15 | Communication to client re: EODT interrogatories; request for production of | 0.20 | 0.20 | 0.00 | 0.00 | 0.00 |

| No. | Date | Description |
|-----|------|-------------|
| | | documents. |
| | | Response: This entry should not be allowed because it fails to describe how the activity is limited to just defending the Counterclaim. |
| 126 | 2011/11/16 | Review email from Jenkins & Jenkins re: Bates Stamp numbering convention; email to client re: discovery. — 0.10   0.10   0.00   0.00 |
| | | Response: This entry should not be allowed because it fails to describe how the activity is limited to just defending the Counterclaim. — -0.20 (red) |
| 127 | 2011/11/1V | Telephone conference with Deborah Buchholz. — 0.10   0.10   0.00   0.00 |
| | | Response: This entry should not be allowed because it fails to describe how the activity is limited to just defending the Counterclaim. — -0.10 (red)   -0.10 |
| 128 | 2011/11/17 | Left msg for J. Fisher re document production; acknowledged email from J. Hennessey. — 0.00   0.00   0.10   0.10   0.00 |
| | | Response: This entry should not be allowed because it fails to describe how the activity is limited to just defending the Counterclaim. |
| 129 | 2011/11/18 | Email follow-up: rec'd call back from J. Fisher. — 0.00   0.00   0.10   0.01   0.00 |
| | | Response: This entry should not be allowed because it fails to describe how the activity is limited to just defending the Counterclaim. — -0.10 (red)   -0.01 (red) |
| 130 | 2011/11/21 | Visited J. Fisher's office to view documents; met with J. Fisher and DSI (vendor) for estimate; drafted update email for J. Hennessey. — 0.00   0.00   0.60   0.60   0.00 |
| | | Response: This entry should not be allowed because it fails to describe how the activity is limited to just defending the Counterclaim. The documents being produced were pursuant to an extremely broad document request unspecific to EODT's counterclaim. — -0.60 (red) |
| 131 | 2011/12/12 | Review Court Order granting in part and denying in part the motion to file a First Amended Complaint and address other outstanding motions; consultations with John Beins; consultations with local counsel on strategy going forward. — 1.50   0.00   0.00   0.00   0.00 |
| | | Response: N/A |
| 132 | 2011/12/12 | Telephone conversation with Hennessey. — 0.00   0.00   0.00   0.30   0.00 |
| 133 | 2011/12/20 | Prepare and file motion for reconsideration. — 3.00   0.00   0.00   0.00   0.00 |
| | | Response: N/A |
| 134 | 2011/12/21 | Reviewed filed docs 96-104; Followed up on funding status of scanning project. — 0.00   0.00   0.80   0.80   0.00 |
| | | Response: This entry should not be allowed because it fails to describe how the activity is limited to just defending the Counterclaim. — -0.80 (red) |
| 135 | 2011/12/23 | Review EODT Response to Motion for Reconsideration. — 0.40   0.00   0.00   0.00   0.00 |
| | | Response: N/A |
| 136 | 2011/12/28 | Reviewed Doc 105 filed by EODT — 0.00   0.00   0.20   0.20   0.00 |

| No. | Date | Description | | | | | |
|---|---|---|---|---|---|---|---|
| 137 | 2012/01/02 | Response: This entry should not be allowed. EODT's [Doc. 105] was EODT's Opposition to Plaintiffs' Motion to reconsider the denial of Plaintiffs' Motion to sue current and former EODT employees for damages. | 2.30 | | -0.20 | 0.00 | 0.00 |
| 138 | 2012/01/03 | Make required edits to the First Amended Complaint and file as Ordered; Prepare and file Notice that Filing of First Amended Complaint is not Abandonment of the Motion for Reconsideration: file Reply to Opposition to Motion for Reconsideration. Response: N/A | 0.00 | 0.50 | 0.50 | 0.00 | 0.00 |
| | | Reviewed emails from DSI; tested then forwarded instructions to J. Hennessey; Reviewed documents 105-1 08 | | | -0.50 | | |
| | | Response: This entry should not be allowed. See response to item 137. Document 106 was the Amended Complaint for Plaintiffs MAKS, Kumar, and Shabbir. | | | | | |
| 139 | 2012/01/13 | Letter to prospective expert witness; contact client to discuss discovery. Response: This entry should not be allowed. Plaintiffs expert witnesses ultimately designated pertain to issues probative of Plaintiffs' case in chief, not defending the Counterclaim. | 0.40<br>-0.40 | 0.00 | 0.00 | 0.00 | 0.00 |
| 140 | 2012/01/18 | Prepare and send to Jenkins & Jenkins Defendants' Response to the Request for the Production of Documents. Response: This entry should not be allowed because it fails to describe how the activity is limited to just defending the Counterclaim. | 5.00<br>-5.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| 141 | 2012/01/20 | Communications from client regarding discovery; review EODT's Answer and Counterclaim. Response: This entry should not be allowed in its entirety. Part of the entry does pertain to the Answer to the Amended Complaint and Counterclaim. A deduction of .75 hours is suggested. | 1.00<br>-0.75 | 0.00 | 0.00 | 0.00 | 0.00 |
| 142 | 2012/01/26 | Review email from Jenkins & Jenkins making inquiry about specific discovery requests; respond. Response: This entry should not be allowed because it fails to describe how the activity is limited to just defending the Counterclaim. | 0.10<br>-0.10 | 0.10 | 0.00 | 0.00 | 0.00 |
| 143 | 2012/01/27 | Communication to client regarding outstanding discovery requests. Response: This entry should not be allowed because it fails to describe how the activity is limited to just defending the Counterclaim. | 0.10<br>-0.10 | 0.10 | 0.00 | 0.00 | 0.00 |
| 144 | 2012/01/29 | Draft answer to amended counterclaim. Response: This entry may be allowed since it does pertain to the answer to the Counterclaim, albeit the refiling of the Counterclaim necessitated purely as a result of Plaintiffs filing an Amended Complaint. | 1.70<br>0.00 | 1.70 | 0.00 | 0.00 | 0.00 |
| 145 | 2012/01/30 | Review discovery requests with Amit Malhotra. Response: This entry should not be allowed because it fails to describe how the activity is limited to just defending the Counterclaim. At this time. EODT's discovery requests of MAKS pertained to Plaintiffs' Complaint. | 0.80<br>-0.80 | 0.00 | 0.00 | 0.00 | 0.00 |

| Item | Date | Description | | | | | |
|---|---|---|---|---|---|---|---|
| 146 | 2012/01/31 | Confer with client re discovery responses. Response: This entry should not be allowed because it fails to describe how the activity is limited to just defending the Counterclaim. See response to item 145. | 0.80 | 0.80 -0.80 | 0.00 | 0.00 | 0.00 |
| 147 | 2012/01/31 | Reviewed docs 1 09-110. Response: This entry may be allowed since it does pertain to the Counterclaim [Doc. 109] and the Aanswer to the Counterclaim [Doc. 110], albeit the refiling of the Counterclaim necessitated purely as a result of Plaintiffs filing an Amended Complaint. | 0.00 | 0.00 | 0.40 | 0.40 0.00 | 0.00 |
| 148 | 2012/02/06 | Txt from client alerting me to email of draft responses, review email; email to Jenkins & Jenkins re timing of final responses; memo to client with specific inquiries re discovery responses. Response: This entry should not be allowed because at this time, EODT's discovery requests of MAKS pertained to Plaintiffs' Complaint. | 1.90 | 1.90 -1.90 | 0.00 | 0.00 | 0.00 |
| 149 | 2012/02/07 | Review draft answers to interrogatories; request extension from Jenkins & Jenkins. Response: This entry should not be allowed. See responses to items 145 and 148. | 0.30 | 0.30 -0.30 | 0.00 | 0.00 | 0.00 |
| 150 | 2012/02/08 | Conference call with Ajeesh; prepare interrogatory responses based on conversation with Ajeesh; additional follow up conversation with Ajeesh. Response: N/A | 2.90 | 0.00 | 0.00 | 0.00 | 0.00 |
| 151 | 2012/02/10 | Email from client re: cost information and additional information to add to responses to discovery. Response: This entry should not be allowed. See responses to items 145, 148, and 151. | 0.30 | 0.30 -0.30 | 0.00 | 0.00 | 0.00 |
| 152 | 2012/02/13 | Phone calls and emails to various persons re: expert witnesses; work on EODT discovery requests; communications to client regarding discovery requests; provide update to opposing counsel on status of outstanding discovery requests; letter to possible expert witness re: defending against counterclaims and allegations of delay. Response: This entry should not be allowed because it fails to describe how the activity is limited to just defending the Counterclaim. | 3.80 | 3.80 -3.80 | 0.00 | 0.00 | 0.00 |
| 153 | 2012/02/14 | Draft letter to potential expert witness on expeditionary construction and war time schedules and delays. Response: This entry should not be allowed because it fails to describe how the activity is limited to just defending the Counterclaim. | 0.50 | 0.50 -0.50 | 0.00 | 0.00 | 0.00 |
| 154 | 2012/02/16 | Write General counsel of AF re witnesses; email to potential witnesses; work on obtaining expert witnesses. Response: This entry should not be allowed because it fails to describe how the activity is limited to just defending the Counterclaim. | 4.00 | 4.00 -4.00 | 0.00 | 0.00 | 0.00 |
| 155 | 2012/02/17 | Conference call with Amit Malhotra. Response: N/A | 0.30 | 0.00 | 0.00 | 0.00 | 0.00 |

| No. | Date | Description | | | | | | |
|---|---|---|---|---|---|---|---|---|
| 156 | 2012/02/21 | Conference call with Azad and Amit. Response: This entry should not be allowed because it fails to describe how the activity is limited to just defending the Counterclaim. | 1.10 | 1.10 / -1.10 | 0.00 | 0.00 | 0.00 | 0.00 |
| 157 | 2012/02/22 | Meeting with potential expert witness; research potential counsel in New Zealand to serve process on Mark Anderson draft letter to determine availability. Response: This entry should not be allowed because it fails to describe how the activity is limited to just defending the Counterclaim. Serving Mark Anderson would have been for the purposes of all Plaintiff's prosecuting their Amended Complaint against him. | 2.80 | 2.80 / -2.80 | 0.00 | 0.00 | 0.00 | 0.00 |
| 158 | 2012/02/23 | Make recommendations to client on expert witnesses to defend against counterclaims based on delay - critical path analysis. Response: This entry should not be allowed. While the entry mentions the word "counterclaim," MAKS never listed any construction expert testimony for trial. | 0.50 | 0.50 / -0.50 | 0.00 | 0.00 | 0.00 | 0.00 |
| 159 | 2012/02/24 | Conference call with Amit re INT; submit responses to Jenkins & Jenkins; forward to opposing counsel a supplement to request for production of documents. Response: N/A | 5.50 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| 160 | 2012/02/27 | Review correspondence from counsel in New Zealand. Finalize INT Responses. Response: N/A | 0.90 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| 161 | 2012/03/07 | Review correspondence from Chris Cole of USAF JAG identifying himself as contact point; telephone call to Mr. Cole. Response: This entry should not be allowed because it fails to describe how the activity is limited to just defending the Counterclaim. | 0.40 | 0.40 / -0.40 | 0.00 | 0.00 | 0.00 | 0.00 |
| 162 | 2012/03/12 | Review Judge Varlan's Order denying motion for reconsideration; consult with local counsel; call to Jenkins & Jenkins. Response: N/A | 1.20 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| 163 | 2012/03/13 | Communications with opposing counsel about joint motion for a continuance; forward Varlan and other documents to client, brief client on joint motion to continue trial. Response: This entry should not be allowed because it fails to describe how the activity is limited to just defending the Counterclaim. The activity pertains to continuing the trial date generally. | 0.50 | 0.50 / -0.50 | 0.00 | 0.00 | 0.00 | 0.00 |
| 164 | 2012/03/14 | Confer with Jenkins & Jenkins regarding Joint Motion for Continuance; draft new calendar; draft joint affidavit; draft order. Response: This entry should not be allowed. See response to item 163. | 2.00 | 2.00 / -2.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| 165 | 2012/03/15 | Review edits by Jenkins & Jenkins to Joint Motion for a Continuance. Response: This entry should not be allowed. See response to item 163. | 0.20 | 0.20 / -0.20 | 0.00 | 0.00 | 0.00 | 0.00 |
| 166 | 2012/03/16 | Review filing by Jenkins & Jenkins; review email to Jenkins & Jenkins by Lori Gibson regarding filing of draft order with signature already affixed. | 0.20 | 0.20 | 0.00 | 0.00 | 0.00 | 0.00 |

20

| # | Date | Description / Response | Hrs | Adj | | | |
|---|------|------------------------|-----|-----|--|--|--|
| | | Response: This entry should not be allowed. See response to item 163. The filing that day was the Joint Motion for Continuance. [Doc. 112]. | | -0.20 | 0.00 | 0.00 | 0.00 |
| 167 | 2012/03/20 | Review Order granting motion for a new trial date. Response: This entry should not be allowed. See response to several previous entries. | 0.20 | 0.20 / -0.20 | 0.00 | 0.00 | 0.00 |
| 168 | 2012/03/22 | Confer with opposing counsel regarding status hearing scheduled for April 3, 2012; draft motion and file using ECF. Response: This entry should not be allowed because it fails to describe how the activity is limited to just defending the Counterclaim. | 0.70 | 0.70 / -0.70 | 0.00 | 0.00 | 0.00 |
| 169 | 2012/03/23 | Review motion to dismiss filed by EODT; affidavit of Susan Davis; affidavit of Erik Quist; Affidavit of Matt Kaye; Notice of Intent to Use Expert Witnesses. Response: This entry should not be allowed. The Motion to Dismiss filed was to dismiss the Complaint filed by Plaintiffs MAKS, Kumar, and Shabbir. [Doc. 116] | 2.50 | 2.50 / -2.50 | 0.00 | 0.00 | 0.00 |
| 170 | 2012/03/26 | Review supplemental affidavit of Erik Quist; review and respond to email from Leah Walker requesting dates to reschedule status hearing. Response: This entry should not be allowed. The affidavit of E. Quist pertained to EODT's Motion to Dismiss Plaintiffs' Complaint. [Doc. 123]. | 0.50 | 0.50 / -0.50 | 0.00 | 0.00 | 0.00 |
| 171 | 2012/03/27 | Prepare for and attend meeting at Embassy of India. Response: This entry should not be allowed because it fails to describe how the activity is limited to just defending the Counterclaim. Presumably the issue with the Indian Embassy would have pertained to getting visas for tort Plaintiffs Kumar and Azad, since later on in the case getting visas was apparently a significant problem. | 1.50 | 1.50 / -1.50 | 0.00 | 0.00 | 0.00 |
| 172 | 2012/03/29 | Reviewed email correspondence & Docs III- 124 Response: This entry should not be allowed because it fails to describe how the activity is limited to just defending the Counterclaim. | 0.00 | 0.00 | 1.50 | 1.50 / -1.50 | |
| 173 | 2012/04/03 | Review discovery re: ID of EODT Security; review of complaint; conference call with Jenkins & Jenkins; conduct initial research on interlocutory appeal. Response: N/A | 1.10 | 0.00 | 0.00 | 0.00 | 0.00 |
| 174 | 2012/04/09 | Review documents produced for gaps. Response: This entry should not be allowed because it fails to describe how the activity is limited to just defending the Counterclaim. It is unknown what "gaps" is. | 1.20 | 1.20 / -1.20 | 0.00 | 0.00 | 0.00 |
| 175 | 2012/04/11 | Review EODT's proposed motion to dismiss. Response: N/A | 0.30 | 0.00 | 0.00 | 0.00 | 0.00 |
| 176 | 2012/04/12 | Review and edit stipulations; forward to Buchholz for comment; Draft opposition to Matt Kaye Motion to Dismiss. Response: N/A | 3.90 | 0.00 | 0.00 | 0.00 | 0.00 |
| 177 | 2012/04/15 | Draft and file Motion for an Extension of Time to file Reply to Motion to | 1.00 | 0.00 | 0.00 | 0.00 | 0.00 |

| # | Date | Description | | | | | |
|---|------|-------------|---|---|---|---|---|
| | | Dismiss Claims against Matt Kaye. | | | | | |
| | | Response: N/A | | | | | |
| 178 | 2012/04/16 | Review various communications from the Court regarding motion including notice of lack of certificate of service, email from Leah Walker on Proposed Order, Order granting motion to extend time. | 0.30 | 0.00 | 0.00 | 0.00 | 0.00 |
| | | Response: N/A | | | | | |
| 179 | 2012/04/18 | Review stipulations; email questions to Jenkins & Jenkins regarding | 0.70 | 0.00 | 0.00 | 0.00 | 0.00 |
| | | Response: N/A | | | | | |
| 180 | 2012/04/19 | Reviewed email correspondence re stipulations and drafted short response. | 0.00 | 0.00 | 0.20 | 0.20 | 0.00 |
| | | Response: This entry should not be allowed because it fails to describe how the activity is limited to just defending the Counterclaim. The stipulations [Doc. 132] did not pertain to the Counterclaim. | | | -0.20 | -0.20 | |
| 181 | 2012/04/23 | Research and continue to draft opposition to motion to dismiss. | 12.60 | 12.60 | 0.00 | 0.00 | 0.00 |
| | | Response: This entry should not be allowed because it fails to describe how the activity is limited to just defending the Counterclaim. Again, the Motion to Dismiss [Doc. 116] was EODT's Motion to Dismiss Plaintiffs' Amended Complaint. This activity would not be in defense of the Counterclaim. | | -12.60 | | | |
| 182 | 2012/04/26 | Reviewed recent email correspondence; responded to proposed deposition dates and printed new filings for later review. | 0.00 | 0.00 | 0.20 | 0.20 | 0.00 |
| | | Response: This entry should not be allowed because it fails to describe how the activity is limited to just defending the Counterclaim. | | | -0.20 | -0.20 | |
| 183 | 2012/04/27 | Reviewed new filings | 0.00 | 0.00 | 0.40 | 0.40 | 0.00 |
| | | Response: This entry should not be allowed because it fails to describe how the activity is limited to just defending the Counterclaim. Activity in the case at or about this time was Plaintiffs' response in opposition to EODT's Motion to Dismiss [Doc. 23]. | | | -0.40 | -0.40 | |
| 184 | 2012/05/01 | Document review. | 3.70 | 3.70 | 0.00 | 0.00 | 0.00 |
| | | Response: This entry should not be allowed because it fails to describe how the activity is limited to just defending the Counterclaim. | | -3.70 | | | |
| 185 | 2012/05/07 | Draft task list for trial with consultations with John Beins; email to USAF re: witnesses identified by EODT in R. 26 Disclosure; research issues related to UCC. | 3.50 | 3.50 | 0.00 | 0.00 | 0.30 |
| | | Response: This entry should not be allowed because it fails to describe how the activity is limited to just defending the Counterclaim. | | -3.50 | | | -0.30 |
| 186 | 2012/05/07 | Review "to do" list created by Joe Hennessey in MAKS v. EODT. | 0.00 | 0.00 | 0.00 | 0.30 | 0.30 |
| | | Response: This entry should not be allowed because it fails to describe how the activity is limited to just defending the Counterclaim. | | | | | -0.30 |
| 187 | 2012/05/08 | Draft subpoenas for Creed, Lunceford and Williams, arrange for court reporter, arrange for process server; research UCC; email to Jenkins & Jenkins re UCC applicability; review email from AF and forward to Jenkins & Jenkins re: discovery from AF personnel; conference with Deborah Buchholz. | 3.40 | 3.40 | 0.00 | 0.00 | 0.00 |

| # | Date | Description | | | | | |
|---|---|---|---|---|---|---|---|
| | | Response: This entry should not be allowed because it fails to describe how the activity is limited to just defending the Counterclaim. Les Luneford was a witness used by Plaintiffs in their case in chief to prove their conversion and assault claims. [Doc. 317]. | 0.00 | -3.40 | | | 0.00 |
| 188 | 2012/05/08 | Returned call from J. Hennessey re court reporter and process server. | | | 0.10 | 0.10 / -0.10 | 0.00 |
| 189 | 2012/05/10 | Response: This entry should not be allowed because it fails to describe how the activity is limited to just defending the Counterclaim. | 0.10 | 0.10 / -0.10 | 0.00 | 0.00 | 0.00 |
| | | Telephone conference with Deborah Buchholz. | | | | | |
| 190 | 2012/05/11 | Response: This entry should not be allowed because it fails to describe how the activity is limited to just defending the Counterclaim. | 0.70 | 0.70 / -0.70 | 0.00 | 0.00 | 0.00 |
| | | Telephone conference with Deborah Buchholz. | | | | | |
| 191 | 2012/05/11 | Reviewed recent emails re discovery & filed docs 133-134; Discussed items remaining to be done and distribution of work. | 0.00 | 0.00 | 0.90 | 0.90 / -0.90 | 0.00 |
| | | Response: This entry should not be allowed because it fails to describe how the activity is limited to just defending the Counterclaim. The ORDER at [Doc. 133] had nothing to do with the Counterclaim. [Doc. 134] and pertained to MAKS's Motion later deemed without merit to strike the affidavit of Erik Quist. | | | | | |
| 192 | 2012/05/15 | Conference call with Buchholz. | 0.70 | 0.70 / -0.70 | 0.00 | 0.00 | 0.00 |
| | | Response: This entry should not be allowed because it fails to describe how the activity is limited to just defending the Counterclaim. | | | | | |
| 193 | 2012/05/15 | Reviewed applicability of TN UCC | 0.00 | 0.50 / -0.50 | 0.50 | 0.50 / -0.50 | 0.00 |
| | | Response: This entry should not be allowed because it fails to describe how the activity is limited to just defending the Counterclaim. | | | | | |
| 194 | 2012/05/16 | Read and draft response to opposition to motion to strike affidavit of Eric Quist. | 0.90 | 0.90 | 0.00 | 0.00 | 0.00 |
| | | Response: This entry should not be allowed because it fails to describe how the activity is limited to just defending the Counterclaim. See response to item 191. | | -0.90 | | | |
| 195 | 2012/05/18 | Telephone conference with Deborah Buchholz. | 0.10 | 0.10 / -0.10 | 0.00 | 0.00 | 0.00 |
| | | Response: This entry should not be allowed because it fails to describe how the activity is limited to just defending the Counterclaim. | | | | | |
| 196 | 2012/05/18 | Reviewed docs 135-138 and recent email correspondence; Reviewed Touhy decision and referenced AFI; drafted introductory email to Atty Cole. | 0.00 | 0.00 | 1.50 | 1.50 / -1.50 | 0.00 |
| | | Response: This entry should not be allowed because it fails to describe how the activity is limited to just defending the Counterclaim. Documents 135-138 pertained to Plaintiffs MAKS, Kumar, and Shabbir responding to EODT's Motion to Dismiss the Amended Complaint and Plaintiffs' Motion, later deemed to be without merit, to strike the affidavit of Susan Davis. | | | | | |
| 197 | 2012/05/21 | Reviewed emails from J. Hennessey and Mr. Cole; prepared summons form and called clerk; asked for address for M. Anderson for summons. | 0.00 | 0.00 | 0.60 | 0.60 | 0.00 |

| # | Date | Description | | | | |
|---|------|-------------|---|---|---|---|
| 198 | 2012/05/22 | Response: This entry clearly relates to suing and serving Mr. Anderson, not defending the Counterclaim.<br>Call to Buchholz. | 0.20 | 0.20<br>−0.20 | −0.60 | 0.00 |
| 199 | 2012/05/22 | Reviewed modular home case and TN UCC; discussion with Hennessey re: USAF contacts.<br>Response: This entry should not be allowed because it fails to describe how the activity is limited to just defending the Counterclaim. | 0.00 | 0.00 | 1.10<br>−1.10 | 0.00 |
| 200 | 2012/05/24 | Reviewed amended complaint, answer and counterclaim, answer to counterclaim and master subcontract; pulled applicable TN UCC provisions and began drafting memo.<br>Response: This entry should not be allowed because it fails to describe how the activity is limited to just defending the Counterclaim. | 0.00 | 0.00 | 3.60<br>−3.60 | 0.00 |
| 201 | 2012/05/25 | Conference call with client.<br>Response: This entry should not be allowed because it fails to describe how the activity is limited to just defending the Counterclaim. | 0.30 | 0.30<br>−0.30 | 0.00 | 0.00 |
| 202 | 2012/05/25 | Completed research on and drafting of TN UCC vs. General Contract remedies; forwarded memo to J. Hennessey; Reviewed email from J. Hennessey, Federal Rules of Civil Procedure re service of process; drafted response email seeking add'l info.<br>Response: This entry should not be allowed because it fails to describe how the activity is limited to just defending the Counterclaim. Further, questions concerning service of process would not relate to the Counterclaim. | 0.00 | 0.00 | 4.80<br>−4.80 | 0.00 |
| 203 | 2012/05/25 | Calls to and from Audrey Bedrolls, re: lawsuit against James Pearson.<br>Response: This entry should not be allowed because it fails to describe how the activity is limited to just defending the Counterclaim. Plaintiffs suing former EODT employee James Pearson in New York state court would be for the purpose of Plaintiffs seeking damages against Mr. Pearson, not defending the Counterclaim filed in this case. | 0.70 | 0.70<br>−0.70 | 0.00 | 0.00 |
| 204 | 2012/05/28 | Draft deposition notices for Susan Davis, Erik Quist, Henry Mincke, and 30b6 for EOD technology, Inc.<br>Response: This entry should not be allowed because it fails to describe how the activity is limited to just defending the Counterclaim. | 0.80 | 0.80<br>−0.80 | 0.00 | 0.00 |
| 205 | 2012/05/29 | Review research on UCC; email to Jenkins & Jenkins re Deposition of Don Patton; phone call to Jenkins & Jenkins; call to Don Patton. | 2.90 | 2.90 | 0.00 | 0.00 |

| No. | Date | Description | Hours | Reduction | | | |
|---|---|---|---|---|---|---|---|
| 206 | 2012/06/01 | Response: This entry should not be allowed because it fails to describe how the activity is limited to just defending the Counterclaim. All efforts pertaining to Don Patton, at this item and hereafter, are not activity required to defend the Counterclaim. Don Patton was a former EODT employee who had filed a previous lawsuit against EODT unrelated to the Counterclaim. The deposition of Mr. Patton ultimately taken pertained exclusively to that suit. The suit was deemed inadmissible for trial. [Doc. 296, p. 4, MAKS Ex. 40]. | 0.60 | -2.90 | 0.00 | 0.00 | 0.00 |
| 207 | 2012/06/06 | Telephone conference with Amit re responses to my emails; research attorney-client privilege re privilege log.<br>Response: This entry should not be allowed because it fails to describe how the activity is limited to just defending the Counterclaim. Presumably the reference to attorney-client privilege logs pertained to the failed efforst of Plaintiffs MAKS, Kumar, and Shabbir to obtain EODT's attorney-client privileged documents for use in prosecuting the Amended Complaint. | 0.10 | -0.10 | 0.00 | 0.00 | 0.00 |
| | 2012/06/06 | Telephone conference with Deborah Buchholz.<br>Response: This entry should not be allowed because it fails to describe how the activity is limited to just defending the Counterclaim. | 0.60 | -0.60 | 0.00 | 0.00 | 0.00 |
| 208 | 2012/06/07 | Additional work on securing visas for plaintiffs; file notice of expert witnesses.<br>Response: This entry should not be allowed. Obtaining visas for Plaintiffs Kumar and Shabbir was for purpose of these Plaintiffs giving a deposition as required for them to continue to prosecute their tort claims against EODT. | 1.50 | -1.50 | 0.00 | 0.00 | 0.00 |
| 209 | 2012/06/11 | Draft and send correspondence to US ambassador to complete regarding the need for visas; conference call with Deborah Buchholz; call to Jenkins & Jenkins.<br>Response: This entry should not be allowed. Obtaining visas for Plaintiffs Kumar and Shabbir was for purpose of these Plaintiffs giving a deposition as required for them to continue to prosecute their tort claims against EODT. | 1.30 | -1.30 | 0.00 | 0.00 | 0.00 |
| 210 | 2012/06/11 | Reviewed email correspondence and docs 139-142; Call w/J. Hennessey re new events and priorities.<br>Response: This entry should not be allowed. The documents referenced pertained to the efforts of all Plaintiffs in furtherance of claims against EODT. The subpoenas at [Doc. 140] pertained to Mr. Patton. See response to item 205. The item at [Doc. 141] was the subpoena of Les Lunceford, a witness used by MAKS at trial (see [Doc. 317]). The item at [Doc. 142] pertains to Plaintiffs' experts designated in support of their Amended Complaint, which experts were never used at trial. | 0.70 | -0.70 | 0.00 | 0.00 | 0.00 |
| 211 | 2012/06/13 | Reviewed new filings (depo notices) forwarded summary to J. Hennessey per his request<br>Response: This entry should not be allowed because it fails to describe how the activity is limited to just defending the Counterclaim | 0.20 | -0.20 | 0.00 | 0.00 | 0.00 |
| 212 | 2012/06/14 | Phone call to local counsel; call to Judge Guyton. | 0.40 | 0.00 | 0.00 | 0.00 | 0.00 |

| No. | Date | Description | | | | | |
|---|---|---|---|---|---|---|---|
| | | Response: This entry should not be allowed because it fails to describe how the activity is limited to just defending the Counterclaim. The activity in the case at this time was predominately due to the inability of Plaintiffs MAKS, Kumar, and Shabbir to commit to or to giving depositions as required. | | -0.40 | | | |
| 213 | 2012/06/14 | Received subpoenas from Mr. Jarrod; consulted w/J. Hennessey; drafted email to J. Fischer re improper service<br>Response: This entry should not be allowed. See response to item 213. Further, serving counsel for a represented party is proper. For example, Plaintiffs frequently served counsel for EODT with witness subpoenas for EODT's employees. | 0.00 | 0.00 | 0.20 | 0.20<br>-0.20 | 0.00 | 0.00 |
| 214 | 2012/06/15 | Prepare supplemental document production and forward to Jenkins & Jenkins, send supplemental document request to Jenkins & Jenkins; review supplemental docs.<br>Response: This entry should not be allowed. The documents requested by EODT pertained to EODT defending the claims of Plaintiffs. This would be required regardless of a Counterclaim. The documents requested by Plaintiffs related to their efforts to prove their Amended Complaint against EODT. | 4.60 | 4.60<br>-4.60 | 0.00 | 0.00 | 0.00 |
| 215 | 2012/06/18 | Review proposed deposition schedule sent by Jenkins & Jenkins; consult with client; review discovery requests and responses to date.<br>Response: This entry should not be allowed because it fails to describe how the activity is limited to just defending the Counterclaim. See prior entry. | 1.80 | 1.80 | 0.00 | 0.00 | 0.00 |
| 216 | 2012/06/19 | Conference call with client.<br>Response: This entry should not be allowed because it fails to describe how the activity is limited to just defending the Counterclaim. | 0.20 | -1.80<br>0.20<br>-0.20 | 0.00 | 0.00 | 0.00 |
| 217 | 2012/06/19 | Reviewed email correspondence and recent filings; confirmed dates available for depositions in July.<br>Response: This entry should not be allowed because it fails to describe how the activity is limited to just defending the Counterclaim. | 0.00 | 0.00 | 0.60 | 0.60<br>-0.60 | 0.00 | 0.00 |
| 218 | 2012/06/20 | Conduct review of materials sent by Jenkins and Jenkins during the last week; compare to the inventory of outstanding discovery disputes; draft memorandum to the court summarizing discovery disputes; identifying and attaching exhibits one through four; call to Jenkins & Jenkins to determine whether issues can be resolved in advance of the conference call; phone call to Deborah Buchholz; telephonic hearing with Judge Guyton; conversation with Baumgartner.<br>Response: This entry should not be allowed in its entirety. Prior to this date, EODT did send to MAKS counsel data supporting its Counterclaim damages calculations. The discovery dispute before Judge Gutyon 6/20/13 was the result of the inability of Plaintiffs MAKS, Kumar, and Shabbir to give their depositions as required. See Minute Entry, [Doc. 165]. A deduction of 3.4 hours is suggested. | 5.40 | 5.40<br>-3.40 | 0.00 | 0.00 | 0.00 |

| No. | Date | Description | | | | | | |
|---|---|---|---|---|---|---|---|---|
| 219 | 2012/06/20 | Call w/J. Hennessey prior to conference call; listened in on discovery conference call; Follow-up call w/JH after. | 0.00 | 0.00 | 1.00 | 1.00 | 0.00 | 0.00 |
| | | Response: This entry should not be allowed. See response to item 218. | | | | | -1.00 | 0.00 |
| 220 | 2012/06/21 | Phone call to Deborah Buchholz; multiple phone conferences with client regarding visas. | 2.00 | 2.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| | | Response: This entry should not be allowed because the activity is limited to just defending the Counterclaim. The only description pertains to Plaintiffs Kumar and Shabbir's inability to get visas to come give depositions as required for them to maintain their suits against EODT. | | -2.00 | | | | |
| 221 | 2012/06/21 | Reviewed prior email correspondence; prepared draft motion; forwarded list of statements requiring support to JH | 0.00 | | 5.20 | 5.20 | 0.00 | 0.00 |
| | | Response: This entry should not be allowed because it fails to describe how the activity is limited to just defending the Counterclaim. While the Motion being prepared is unknown, the next Motion filed by Plaintiffs, and filed by Ms. Buchholz, was Plaintiff Azad Shabbir's Motion for a Protective Order [Doc. 174] due to his inability to get a visa to come give his deposition. The work described by this entry is not to defend the Counterclaim. | | | | | -5.20 | |
| 222 | 2012/06/22 | Conference call with Deborah Buchholz Amit and D. Buchholz regarding information needed for protective order to be filed in the Eastern District of Tennessee; conversations with Vivian Baumgardner regarding service of subpoenas on Susan Davis and Eric Quist; review and respond to multiple emails to Jenkins & Jenkins to noticing depositions serving subpoenas scheduling issues; conference calls with Deborah Buchholz regarding responses to attempted subpoenas; review Jenkins & Jenkins's submission to court regarding discovery disputes; multiple conference calls with clients regarding visa issues and newly noticed depositions. | 9.70 | 9.70 | 0.00 | 0.00 | 0.00 | 0.00 |
| | | Response: This entry should not be allowed. The "information needed" appears to be related to the Motion for Protective Order for Plaintiff Azad Shabbir due to his inability to get a visa and give a deposition, the other items pertain, again, to the efforts by all Plaintiffs to prosecute their claims against EODT. The subpoena served on Erik Quist noticing him for a deposition while he was out of town, and the subpoena on Susan Davis noticing her for a deposition on a weekend were the subject of the Motion for Protective Order [Doc. 170.] which was granted. See Order at [Doc. 180]. | | -9.70 | | | | |
| 223 | 2012/06/22 | Reviewed new email correspondence; drafted response to query from JH re EODT request to reschedule; phone calls with Joe Hennessey, re: discovery issues. | 0.00 | 0.00 | 1.00 | 1.00 | 0.00 | 0.00 |
| | | Response: This entry should not be allowed because it fails to describe how the activity is limited to just defending the Counterclaim. | | | | | -1.00 | |
| 224 | 2012/06/23 | Review documents transmitted by Jenkins & Jenkins in advance of conference call with Judge Guyton; draft memorandum to Judge Guyton and | 11.50 | 11.50 | 0.00 | 0.00 | 0.00 | 0.00 |

| # | Date | Description | | | | |
|---|------|-------------|---|---|---|---|
| | | transmit; conference call with Deborah Buchholz in advance conference with Judge Guyton; conference with Judge Guyton post conference strategy session with Deborah Buchholz; draft subpoenas for Eric Quist and Susan Davis; telephone call to Vivian Baumgartner regarding rush service upon Quist and Davis; conference with Amit regarding status of visa and to report on conference call with Judge Guyton; multiple phone calls with Lauren Dunn.<br><br>Response: This entry should not be allowed because it fails to describe how the activity is limited to just defending the Counterclaim.  The entry describes work preparing for a conference with Judge Guyton that day.  It appears, from the docket sheet, there was no hearing with Magistrate Guyton that day, the day before, or the next day. | -11.50<br>12.20 | 0.00 | 0.00 | 0.00 |
| 225 | 2012/06/24 | In preparation for filing motion for summary judgment, review the motion for judgment on the pleadings, review the motion to dismiss EODT's counterclaims, review Judge Varlan's opinion to nine motion for judgment on the pleadings, create a chart comparing the factual allegations of the complaint to the answers provided by EODT: meet with client and review supplemental documents brought from Kuwait; additional fact investigation; additional document review.<br><br>Response: This entry should not be allowed because it fails to describe how the activity is limited to just defending the Counterclaim.  From a review of the Docket sheet, it does not appear that a Motion for Summary Judgemnt was prepared or filed by Plaintiffs during this time period.  The Dispositive Motion that had not been ruled on by this time was Defendants' Motion to Dismiss the Amended Complaint [Doc. 116], see Report and Recommendation at [Doc. 220].  The chart pertaining to the factual allegation of the Complaint and the Answer would be work in furtherance of preparing to prosecute the Amended Complaint. | 12.20<br>-12.20 | 0.00 | 0.00 | 0.00 |
| 226 | 2012/06/25 | Prepare and send to Jenkins and Jenkins supplemental document production. phone calls to Deborah Buchholz and Vivian Baumgartner.<br><br>Response:  This entry should not be allowed.  The document production from Defendants was targeted at discovering information related to Plaintiffs MAKS, Kumar and Shabbir's causes of action against EODT. | 3.50<br>-3.50 | 0.00 | 0.00 | 0.00 |
| 227 | 2012/06/25 | Reviewed email correspondence: printed key documents: Prepared and filed Mo for Protective order re plaintiff deposition dates and opposition to EODT's motion for protective order. | 0.00 | 0.00 | 5.60 | 5.60 | 0.00 |

| # | Date | Description | | | | |
|---|---|---|---|---|---|---|
| 228 | | Response: This entry should not be allowed. The Motion for Protective Order filed by counsel this date, [Doc. 174] pertained to Plaintiff Azad Shabbir's inability to give a deposition. A deposition for a tort Plaintiff is a required activity in furtherance of his own claim against EODT. not to defend the Counterclaim. EODT's Motion for Protective Order [Doc. 170] was necessitated by Plaintiffs noticing EODT employees for deposition on a weekend and also while one witness was on vacation. | | | | -5.60 |
| 228 | 2012/06/26 | Meet with clients to discuss upcoming deposition; multiple emails exchanges with opposing counsel regarding depositions: review terms of work order quashing depositions; call to judge's chambers regarding additional discovery disputes: review all outstanding discovery request to EODT for inclusion memo: draft and file the notice of deposition; you drafting to Judge Guyton regarding additional discovery disputes. | 10.50 | 10.50 | 0.00 | 0.00 |
| | | Response: This entry should not be allowed. Again, all of these activites are efforts by Plaintiffs MAKS, Kumar, and Shabbir in furtheance of prosecuting their claims against EODT. Additionally, it apperas that the outstanding discovery dispute at the time pertained to the matters presented at the hearing before Judge Guyton on 7/6/12. See Minute entry after [Doc. 183] and also [Doc. 186]. The discovery dispute substantially pertained to Plaintiffs' issues with EODT's intitial disclosures, EODT's privilege log. MAKS's overly broad discovery requests, etc. Plaintiffs prevailed on very little of these issues. See the Orders entered at [Doc. 187] | | -10.50 | | |
| 229 | 2012/06/27 | Finish memorandum to judge Guyton defend deposition of Summit Malhotra: send email correspondence to the court regarding availability for July 6 hearing. | 10.00 | 10.00 | 0.00 | 0.00 |
| | | Response: Defending the deposition of Sumit Malhotra was required to defend the Counterclaim. 8 hours for this activity may be allowed. The remainder of this entry pertained to the discovery dispute of Plaintiffs referred to at response to item 228. A deduction of 2 hours is suggested. | | -2.00 | | |
| 230 | 2012/06/27 | Attend deposition of Summit M in preparation for trial.: met w/client and JH. | 0.00 | 0.00 | 8.50 | 8.50 |
| | | Response: Defending the deposition of Sumit Malhotra was required to defend the Counterclaim and so this sentry may be allowed. | | | | 0.00 |
| 231 | 2012/06/29 | Call Don Patton: conference with John Beins email order multiple emails Jenkins Jenkins: meet with summit to review documents bills of lading. invoices, witness statements.: Communications with Lauren Dunn regarding our visit to the Loudoun County Chancery Court:; Conversation with the clerk and master: draft letter to Lebanon County chancery court requesting permission to access the done patent file: forward additional document production by Jenkins Jenkins to Jagdeep with instructions: prepare additional production of documents to Jenkins and Jenkins. | 8.00 | 8.00 | 0.00 | 0.00 |

Response: This entry should not be allowed because it fails to describe how the activity is limited to just defending the Counterclaim. Don Patton was a former employee of EODT who filed a lawsuit against EODT. Mr. Patton's deposition by counsel for MAKS pertained exclusively to that lawsuit which was ruled inadmissible in this case. [Doc. 296]. — -8.00

| # | Date | Description | | | | | | |
|---|------|-------------|---|---|---|---|---|---|
| 232 | 2012/06/29 | Telephone discussion with Hennessey EODT v. MAKS. Response: N/A | 0.00 | 0.00 | 0.00 | 0.00 | 0.30 | 0.00 |
| 233 | 2012/06/30 | Review complaint filed by Don Patton to detect patterns of misrepresentation with respect to EODT's claim against Patton that might be present in claims against MAKS; calls to the court house in Loudon county; multiple phone calls to paralegal; review documents; prepare and send additional document production to Jenkins and Jenkins. Response: This entry should not be allowed because it fails to describe how the activity is limited to just defending the Counterclaim. Don Patton was a former employee of EODT who filed a lawsuit against EODT. Mr. Patton's deposition by counsel for MAKS pertained exclusively to that lawsuit which was ruled inadmissible in this case. [Doc. 296]. | 9.30 | 9.30 | -9.30 | 0.00 | 0.00 | 0.00 |
| 234 | 2012/07/01 | Calls to Sumit Malhotra; prepare for deposition of Susan Davis. Response: Because Susan Davis was a witness designated by EODT for the Counterclaim, taking her deposition would pertain to defending the Counterclaim and this entry may be allowed. However, given issues of credibility permeating this fee application, as well as the fact that the purpose of Plaintiffs taking Ms. Davis deposition was to harass and annoy her, a deduction of all 12.1 hours is suggested. At the hearing on EODT's Second Motion for a Protective Order 8/14/12 [Doc. 224; 225], the conduct of Plaintiffs' counsel was noted to be abusive by Judge Guyton. As to MAKS's conduct for this deposition, see EODT's Motion at [Doc. 200] and copy of Susan Davis' deposition at [Doc. 201]. | 12.10 | 12.10 | -12.10 | 0.00 | 0.00 | 0.00 |
| 235 | 2012/07/02 | Multiple calls to Deborah Buchholz and Paralegal; take deposition of Susan Davis. Response: Because Susan Davis was a witness designated by EODT for the Counterclaim, taking her deposition would pertain to defending the Counterclaim and this entry may be allowed. However, given the issue set forth in response to item 234, a deduction of all 10.3 hours is suggested. | 10.30 | 10.30 | -10.30 | 0.00 | 0.00 | 0.00 |
| 236 | 2012/07/02 | Met w/client and JH; attended deposition of Susan Davis to learn facts in preparation for trial (EODT) Response: Because Susan Davis was a witness designated by EODT for the Counterclaim, taking her deposition would pertain to defending the Counterclaim and this entry may be allowed. However, given the issue set forth in response to item 234, a deduction of all 9 hours is suggested. | 0.00 | 0.00 | 9.00 | 9.00 | -9.00 | 0.00 |
| 237 | 2012/07/02 | Calls to Audrey Bedolis, re: James Pearson. | 0.10 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |

| # | Date | Description | | | | | |
|---|------|-------------|---|---|---|---|---|
| | | Response: N/A | | | | | |
| 238 | 2012/07/04 | Reviewed discovery requests, rules and correspondence re discovery disputes in preparation for hearing before Mag. Guyton<br>Response: This entry should not be allowed because it fails to describe how the activity is limited to just defending the Counterclaim. The discovery dispute ended up to be without much merit for MAKS. Kumar and Shabbir. [Doc. 187]. | 0.00 | 1.70 | 1.70 / −1.70 | 0.00 | 0.00 |
| 239 | 2012/07/05 | Multiple telephone calls to client, decision makers at State Department and at Capitol to secure visas; multiple calls to Deborah Buchholz, re: visas and problem solving around obtaining entry to the country.<br>Response: This entry should not be allowed because it fails to describe how the activity is limited to just defending the Counterclaim. The time entry appears related to the inability of tort Plaintiffs Kumar and Azad to enter the country. | 2.30 / −2.30 | 0.00 | 0.00 | 2.30 | 0.00 |
| 240 | 2012/07/05 | Reviewed discovery requests, rules and correspondence re discovery disputes in preparation for hearing before Mag. Guyton; Strategy call w/JH re discovery issues and upcoming depositions.<br>Response: This entry should not be allowed because it fails to describe how the activity is limited to just defending the Counterclaim. Additionally, at this hearing, Plaintiffs MAKS. Kumar. and Shabbir did not prevail on their claimed discovery grievances [Doc. 187]. | 0.00 | 2.70 | 2.70 / −2.70 | 0.00 | 0.00 |
| 241 | 2012/07/06 | Participated in hearing re discovery disputes; Reviewed discovery requests, rules and correspondence re discovery disputes in preparation for hearing before Mag. Guyton; Participated in hearing re discovery disputes<br>Response: This entry should not be allowed because it fails to describe how the activity is limited to just defending the Counterclaim. Additionally, at this hearing, Plaintiffs MAKS. Kumar, and Shabbir did not prevail on their claimed discovery grievances [Doc. 187]. | 0.00 | 2.20 | 2.20 / −2.20 | 0.00 | 0.00 |
| 242 | 2012/07/07 | Review Judge Guyton's order on discovery disputes; call to Deborah Buchholz review pleadings to make final determination of whether to file motion for summary judgment; review contract; review documents produced by EODT and draft request for production number seven to obtain the attachments to emails that were not included in prior productions.<br>Response: This entry should not be allowed because it fails to describe how the activity is limited to just defending the Counterclaim. | 2.50 / −2.50 | 0.00 | 0.00 | 2.50 | 0.00 |
| 243 | 2012/07/08 | Make multiple phone calls re: visas; draft and send emails to U.S. Consulate staff in Kuwait and India.<br>Response: This entry should not be allowed because it fails to describe how the activity is limited to just defending the Counterclaim. The entries appear to pertain to the problems with the entry into this country by the tort plaintiffs Kumar and Shabbir. | 3.00 / −3.00 | 0.00 | 0.00 | 3.00 | 0.00 |
| 244 | 2012/07/09 | Phone calls to local counsel. | 0.20 | 0.20 | 0.00 | 0.00 | 0.00 |

| # | Date | Description | | | | | |
|---|---|---|---|---|---|---|---|
| | | Response: This entry should not be allowed because it fails to describe how the activity is limited to just defending the Counterclaim. | | -0.20 | | | |
| 245 | 2012/07/10 | Prepare for and defend deposition of Jagdeep Singh.<br>Response: This entry should not be allowed. Mr. Singh was noticed to give a deposition regarding MAKS's claims against EODT [Doc. 159]. | 8.00 | -8.00 | 0.00 | 0.00 | 0.00 |
| 246 | 2012/07/10 | Call w/JH; Reviewed prior email summary & AFI; drafted Touhy request and forwarded to JH for comment; left voicemail and sent email to Mr. Cole (heads up on depo needed)<br>Response: This entry should not be allowed because it fails to describe how the activity is limited to just defending the Counterclaim. Not sure what this entry is attempting to describe. | 1.80 | -1.80 | 0.00 | 0.00 | 0.00 |
| 247 | 2012/07/11 | Prepare for and attend telephonically the deposition of Matt Knetchel; conference meeting with Deborah Buchholz.<br>Response: This entry should not be allowed. Mr. Knetchel was a former employee of EODT who was present at the MAKS compound 10/23/29. EODT took his deposition [Doc. 184] for possible use at trial because he could testify that no MAKS employees were assaulted. This witness had nothing to do with the Counterclaim. | 6.50 | -6.50 | 0.00 | 0.00 | 0.00 |
| 248 | 2012/07/11 | Met w/JH re depo summary, expert testimony and Capt depo; drafted follow-up email Mr. Cole<br>Response: This entry should not be allowed because it fails to describe how the activity is limited to just defending the Counterclaim. Not sure what this entry is attempting to describe. | 1.40 | -1.40 | 0.00 | 0.00 | 0.00 |
| 249 | 2012/07/12 | Morning meeting with client; deposition of Ajeesh.<br>Response: This entry should not be allowed. Clearly, Mr. Ajeesh Kumar was required to give a deposition due to his having filed a suit against EODT for personal injury and assault, and not to defend the Counterclaim. | 7.00 | -7.00 | 0.00 | 0.00 | 0.00 |
| 250 | 2012/07/12 | Consulted with clients and co-counsel; observed deposition of Ajeesh<br>Response: This entry should not be allowed because it fails to describe how the activity is limited to just defending the Counterclaim. Mr. Ajeesh Kumar was required to give his deposition in furtherance of his own personal injury lawsuit for assault tort damages. The work was certainly not in defense of the Counterclaim. Had there been no Counterclaim, Mr. Kumar would have been required to give a deposition. | 5.50 | -5.50 | 0.00 | 0.00 | 0.00 |
| 251 | 2012/07/15 | Draft and file motion for sanctions; draft and file deposition notice for Les Lunceford; draft and file deposition notice for Erik Quist; draft and file 30 B6 Odeposition notice; draft and file notice of availability of Amit Malhotra.<br>Response: This entry should not be allowed. Plaintiffs Motion for Sanctions [Doc. 193] was completely without merit and ultimately withdrawn at the hearing 8/14/12 [Doc. 225]. Witnesses Les Lunceford and Erik Quist were deposed for purposes other than defending the Counterclaim. | 2.50 | -2.50 | 0.00 | 0.00 | 0.00 |

| # | Date | Description | | | | | | |
|---|------|-------------|---|---|---|---|---|---|
| 252 | 2012/07/16 | Telephone conferences with Deborah Buchholz. Response: This entry should not be allowed because it fails to describe how the activity is limited to just defending the Counterclaim. | 0.30 | 0.30 / -0.30 | 0.00 | 0.00 | 0.00 | 0.00 |
| 253 | 2012/07/16 | Reviewed emails; printed recent filings for later review; spoke w/JH by phone; reviewed fed rules forwarded email. Response: This entry should not be allowed because it fails to describe how the activity is limited to just defending the Counterclaim. | 0.00 | 0.00 | 0.60 | 0.60 / -0.60 | 0.00 | 0.00 |
| 254 | 2012/07/17 | Review correspondence from Jenkins & Jenkins regarding sequence of discovery; review motion for protective order conference with John Beins, Deborah Buchholz; file minutes to take deposition of Amit Malhotra; review EODT document production request for clarification from client. Response: This entry should not be allowed because it fails to describe how the activity is limited to just defending the Counterclaim. Much of the entry does not even justify the expenditure of 6 hours. | 8.00 | 8.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| 255 | 2012/07/17 | Telephone with Hennessey. Response: This entry should not be allowed because it fails to describe how the activity is limited to just defending the Counterclaim. | 0.00 | -8.00 / 0.00 | 0.00 | 0.00 | 0.20 | 0.20 / -0.20 |
| 256 | 2012/07/18 | Review email from Amit re: Azad and visa status; send email to US Consulate in India: exchange text messages with John Beins regarding strategy on subpoena; email Vivian Baumgartner regarding service of process on Les Lunceford; send emails to Deborah Buchholz with respect to her defending Amit's deposition: meet with Amit regarding preparation for deposition; attend Amit deposition and monitor while reviewing pleadings by EODT on route 37 sanctions and sanctions against Amit and Azad for allegedly missing deposition dates review emails from US Consulate regarding status of Azad's visa.; prepare for deposition of Don Patton Julie OCR search of all references to Don Patton and document production. Response: This entry should not be allowed because it fails to describe how the activity is limited to just defending the Counterclaim. The activity as it pertains to all of these witnesses Amit Malhotra, Azad Shabbir, and Don Patton have nothing to do with the Counterclaim. It appears that Mr. Azad had extensive problems coming into the United States to give his required deposition, but those issues pertained to his case in chief for assault tort compensatory and punitive damages against EODT and not to defend the Counterclaim. | 10.00 / -10.00 | 10.00 / -10.00 | 0.00 | 0.00 | 0.20 | 0.20 / -0.20 |
| 257 | 2012/07/18 | Defended deposition of Amit Malhotra. Response: This entry should not be allowed because it fails to describe how the activity is limited to just defending the Counterclaim. Mr. Malhotra was deposed as a witness because this witness was represented to be a person who would testify at trial on behalf of MAKS claims against EODT | 0.00 | 0.00 | 2.20 | 2.20 / -2.20 | 0.00 | 0.00 |
| 258 | 2012/07/19 | Multiple calls to Deborah Buchholz. | 0.40 | 0.40 | 0.00 | 0.00 | 0.00 | 0.00 |

| # | Date | Activity | | | | | |
|---|------|----------|---|---|---|---|---|
| 259 | 2012/07/19 | Researched address for Capt. Schultz; called C. Cole (left msg); called base legal office re subpoena service (referred me to Geneva convention); updated Touhy request and forwarded to C. Cole with cover email; reviewed info re potential Army; Reviewed filed docs 185-200 witness; retrieved and reviewed regulations re same; prepared Touhy request and cover email for Ltc. Witherspoon | 0.00 | -0.40 | 2.60 | 2.60 | 0.00 | 0.00 |
| | | Response: This entry should not be allowed because it fails to describe how the activity is limited to just defending the Counterclaim. These activities appear to pertain to locating Captain Shultz, a witness called by Plaintiffs MAKS, Kumar, and Shabbir at trial as part of their case in chief. [Doc. 317]. | | 0.00 | -2.60 | 0.00 | 0.00 | |
| 260 | 2012/07/20 | Prepare deposition exhibits for use Don Patton deposition; take deposition of Donald Patten; strategy session with Deborah Buchholz; telephone 7/19 conference with Amit Malhotra reporting on deposition of Don Patton; review motion to stay by EODT and Order of Varlan; call to Beins; draft rules 72 appeal of magistrate judge decisions on discovery. | 14.70 | 14.70 | 0.00 | 0.00 | 0.00 | 0.00 |
| | | Response: This entry should not be allowed because it fails to describe how the activity is limited to just defending the Counterclaim. Don Patton was a former employee of EODT who filed a lawsuit against EODT. Mr. Patton's deposition by counsel for MAKS, Kumar, and Shabbir pertained to that lawsuit. The suit had nothing to do with the Counterclaim. The suit was deemed inadmissible at trial. See Oder [Doc. 296]. | | -14.70 | 0.00 | | | |
| 261 | 2012/07/20 | Telephone discussions with Hennessey. | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| | | Response: This entry should not be allowed because it fails to describe how the activity is limited to just defending the Counterclaim. | | | | | | |
| 262 | 2012/07/21 | Draft opposition to motion barring Amit and Azad from testifying | 0.70 | 0.70 | 0.00 | 0.00 | 0.30 | 0.30 |
| | | Response: This entry should not be allowed because it fails to describe how the activity is limited to just defending the Counterclaim. The sanction sought pertained to the failure of these witnesses to come to Knoxville and give depositions as required. The activity does not pertain to defending the Counterclaim. | | -0.70 | | | | -0.30 |
| 263 | 2012/07/22 | Continue drafting opposition to motion barring Amit and Azad from testifying | 1.60 | 1.60 | 0.00 | 0.00 | 0.00 | 0.00 |
| | | Response: This entry should not be allowed because it fails to describe how the activity is limited to just defending the Counterclaim. The sanction sought pertained to the failure of these witnesses to come to Knoxville and give depositions as required. The activity does not pertain to defending the Counterclaim. | | -1.60 | | | | |
| 264 | 2012/07/23 | Continue working on opposition to sanctions; correspond with US Embassy in India regarding Azad's visa; continue working on summary narrative of discovery to date. | 2.60 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |

| # | Date | Description | | | | | |
|---|------|-------------|---|---|---|---|---|
| 265 | 2012/07/26 | n/a<br>Review all communications with Brian quest regarding scheduling of depositions; incorporate vacations into the declaration in opposition to motion; continue to draft motion in opposition to route 37 sanctions against Amit and Azad; call US Embassy in new Delhi regarding these logistics; report that results of communications with US Embassy to client.<br>Response: This entry should not be allowed because it fails to describe how the activity is limited to just defending the Counterclaim. Most of this entry does not make much sense. | 8.50 | 8.50<br>-8.50 | 0.00 | 0.00 | 0.00 |
| 266 | 2012/07/27 | Finish work on opposition Rule 37 sanctions against Amit and Azad.<br>Response: This entry should not be allowed because it fails to describe how the activity is limited to just defending the Counterclaim. The sanction sought pertained to the failure of these witnesses to come to Knoxville and give depositions as required. The activity does not pertain to defending the Counterclaim. | 8.20 | 8.20<br>-8.20 | 0.00 | 0.00 | 0.00 |
| 267 | 2012/07/27 | Work on reply to opposition to motion to compel attorney-client privilege materials.<br>Response: This entry should not be allowed because it fails to describe how the activity is limited to just defending the Counterclaim. Further, Plaintiffs MAKS, Kumar, and Shabhir failed to prevail on this motion. | 2.70 | 2.70<br>-2.70 | 0.00 | 0.00 | 0.00 |
| 268 | 2012/07/31 | Draft opposition to second motion for protective order; include facts discovered to date and status of the litigation. Review deposition Matt Knetchel; review deposition Susan Davis; review the deposition of Don Patton; review the deposition summit Malhotra and corporate deposition.<br>Response: This entry should not be allowed because it fails to describe how the activity is limited to just defending the Counterclaim. The activity appears to pertain to EODT's Motion to Stay Discovery based upon the abuses of Mr. Hennessey. | 11.00 | 11.00<br>-11.00 | 0.00 | 0.00 | 0.00 |
| 269 | 2012/08/01 | Research case law regarding scope of protective order; review case law with respect to the remedy of dismissal; review Georgia law with respect to the unauthorized practice of law; review Federal Rules of Civil Procedure 45 with respect who is authorized to issue a subpoena; additional research with respect to a privilege from lawsuits when one is a witness in litigation; finalized draft and send to Deborah Buchholz.<br>Response: This entry should not be allowed because it fails to describe how the activity is limited to just defending the Counterclaim. | 5.00 | 5.00<br>-5.00 | 0.00 | 0.00 | 0.00 |
| 270 | 2012/08/03 | Telephone calls to Deborah Buchholz.<br>Response: This entry should not be allowed because it fails to describe how the activity is limited to just defending the Counterclaim. | 0.20 | 0.20<br>-0.20 | 0.00 | 0.00 | 0.00 |
| 271 | 2012/08/03 | Reviewed email correspondence (excluding recent filings); phone calls with Joe Hennessey. | 0.00 | 0.00 | 0.80 | 0.80 | 0.00 |

| # | Date | Description | | | | | | |
|---|------|-------------|---|---|---|---|---|---|
| 272 | 2012/08/04 | Telephone calls to Deborah Buchholz. Response: This entry should not be allowed because it fails to describe how the activity is limited to just defending the Counterclaim. | 0.40 | 0.40 / -0.40 | 0.00 | -0.80 | 0.00 | 0.00 |
| 273 | 2012/08/08 | Retrieved, filed and reviewed docs 203 - 223. Response: This entry should not be allowed because it fails to just defending the Counterclaim. Ostensibly these documents pertained to the hearing 8/14/12 which involved many motions, none of which involved the Counterclaim. | 0.00 | 0.00 | 4.00 | 4.00 / -4.00 | 0.00 | 0.00 |
| 274 | 2012/08/10 | Organized filings and discovery responses. Response: This entry should not be allowed because it fails to describe how the activity is limited to just defending the Counterclaim. | 0.00 | 0.00 | 1.50 | 1.50 / -1.50 | 0.00 | 0.00 |
| 275 | 2012/08/14 | Appeared at hearing w/co-counsel; Reviewed Davis Deposition; requested exh from JH; followed up with military contacts re witnesses. Response: This entry should not be allowed because it fails to describe how the activity is limited to just defending the Counterclaim. The hearing 8/14/12 involved several motions, none of which involved the Counterclaim. | 0.00 | 0.00 | 1.90 | 1.90 / -1.90 | 0.00 | 0.00 |
| 276 | 2016/08/16 | Prepared outline for phone interview; follow-up voicemail JH re exhibits. Response: This entry should not be allowed because it fails to describe how the activity is limited to just defending the Counterclaim | 0.00 | 0.00 | 1.00 | 1.00 / -1.00 | 0.00 | 0.00 |
| 277 | 2012/08/20 | Multiple emails to Jenkins & Jenkins seeking availability of EODT witnesses; telephone calls to Deborah Buchholz. Response: This entry should not be allowed because it fails to describe how the activity is limited to just defending the Counterclaim | 1.50 | 1.50 / -1.50 | 0.00 | 0.00 | 0.00 | 0.00 |
| 278 | 2012/08/20 | Reviewed deadline for pretrial order; began drafting; call w/JH re interview and deadline; recorded notes on interview and forwarded to JH. Response: This entry should not be allowed because it fails to just defending the Counterclaim. A pre-trial Order would have been required regardless of the Counterclaim | 0.00 | 0.00 | 2.10 | 2.10 / -2.10 | 0.00 | 0.00 |
| 279 | 2012/08/24 | Review emails and return emails to Ryan Jarrard regarding Susan Davis exhibits; Exchange emails with Jenkins & Jenkins regarding availability of Les Lunceford; telephone call to Ryan Jarrard in attempt to resolve Susan Davis exhibit dispute; calls to magistrate Judge Guyton's office to arrange discovery dispute resolution conference call. Response: This entry should not be allowed because it fails to describe how the activity is limited to just defending the Counterclaim | 4.00 | 4.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| 280 | 2012/08/26 | Continue review of documents in box 7 defendants production; multiple calls from Amit regarding Azad's difficulty in clearing immigration calls and emails to Deborah Buchholz regarding schedule for Monday. | 9.00 | 9.00 / -4.00 | 0.00 | 0.00 | 0.00 | 0.00 |

| # | Date | Description | | | | | |
|---|------|-------------|--|--|--|--|--|
| | | Response: This entry should not be allowed because it fails to describe how the activity is limited to just defending the Counterclaim. Counsel spending 9 hours to unsort the difficulties with tort Plaintiff Azad Shabbir's inability to come and give his Court Ordered deposition [Doc. 225] is not activity in furtherance of defending the Counterclaim. | -9.00 | 0.00 | 0.00 | 0.00 | |
| 281 | 2012/08/27 | Attend deposition of Mohammed Azad; meet and confer with Ryan Jarred regarding Susan Davis exhibits; prepare for and attend conference call with magistrate Judge Guyton to resolve variety of discovery disputes; send multiple emails to Jake and Jacob's in attempt to gain clarity on the schedule; prepare for deposition of Henry Mincke. | 6.00 | 6.00 | 0.00 | 0.00 | |
| | | Response: This entry should not be allowed. The activity in the case that day was the Court Ordered deposition of Plaintiff Azad Shabbir. Mr. Shabbir had filed a lawsuit against EODT for assault. Mr. Azad's counsel attending the deposition that day would have been for the purpose of Mr. Azad's case in chief against EODT, and not to defend the Counterclaim. Mr. Azad was ordered by the Court to give this deposition [Doc. 225]. Not sure who Jake and Jacob are and how they pertain to defending the Countercomplaint. | -6.00 | | | | |
| 282 | 2012/08/27 | Met with Amit and Azad; defended deposition; met w/JH thereafter; added newly noticed depos to calendar. | 0.00 | 0.00 | 4.00 | 4.00 | 0.00 |
| | | Response: This entry should not be allowed. The activity in the case that day was the Court Ordered deposition of Plaintiff Azad Shabbir. Mr. Shabbir had filed a lawsuit against EODT for assault. Mr. Azad's counsel attending the deposition that day would have been for the purpose of Mr. Azad's case in chief against EODT, and not to defend the Counterclaim. | | -4.00 | | | |
| 283 | 2012/08/28 | File notice of deposition for Les Lunceford; Melissa Cunningham, Barry Koklock; and Henry Mincke; telephone conference with Deborah Buchholz. Prepare for depositions Missy Cunningham and Kevin Kuklok; take deposition of Missy Cunningham and Kevin Kuklok; conference call with Joanna O'Hagan and magistrate Judge Guyton regarding indication of attorney-client privilege during deposition; order transcripts of August 14,2012 proceedings; conference call with John Beins regarding findings in documents; additional work regarding organization of hot documents from document review; review documents produced by Jenkins and Jenkins in preparation for deposition of Bill McReynolds; phone call with Deborah Buchholz. | 11.90 | 11.90 | 0.00 | 0.00 | 0.00 |

| No. | Date | Activity | Hours | Reduction | | | | |
|---|---|---|---|---|---|---|---|---|
| | | Response: This entry should not be allowed. Virtually all of this activity was for the purpose of Plaintiffs MAKS, Kumar, and Shabbir in prosecuting their Amended Complaint. Missy Cunningham is the administrative assistant to EODT's President Matt Kaye. The purpose of that deposition was to harass and annoy her, and had nothing to do with the Counterclaim. Plaintiffs challenge to the attorney-client privilege necessitating a conference with the Magistrate was for the purpose of Mr. Hennessey harassing and intimidating Ms. Cunningham and Ms. O'Hagan, which effort failed [Doc. 236] and should not be allowed. | 0.00 | -11.90 | 0.00 | 0.00 | 0.00 | 0.00 |
| 284 | 2012/08/28 | Telephone call with Hennessey. Response: This entry should not be allowed because it fails to describe how the activity is limited to just defending the Counterclaim | 0.30 | -0.30 | 0.00 | 0.00 | 0.30 | 0.30 |
| 285 | 2012/08/29 | Complete subpoenas for service on Jenkins Jenkins; go to Jenkins for deposition of last Les Lunceford; confer with Joanna O'Hagan; drop off subpoenas with Joanna O'Hagan; prepare for Henry Mincke's deposition; take Henry Mincke deposition; review documents produced by Jenkins and Jenkins for evidence of emails reference by Henry Mincke; review documents related to operation Midshipman. Response: This entry should not be allowed because it fails to describe how the activity is limited to just defending the Counterclaim. Mr. Mincke was a witness deposed by Plaintiffs MAKS, Kumar, and Shabbir in furtherance of their Amended Complaint theories. Mr. Mincke was a witness called by Plaintiffs at trial. [Doc. 317]. | 14.00 | 14.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| 286 | 2012/08/30 | Review McReynolds exhibits and prepare deposition outline; take deposition of Bill McReynolds; conference call with client. Response: Mr. McReynolds was a witness for EODT in furtherance of the Counterclaim and would be allowable. | 5.30 | -14.00 / 5.30 / -5.30 | 0.00 | 0.00 | 0.00 | 0.00 |
| 287 | 2012/08/31 | Search and review hot documents contained in the 48,000 page document production; telephone call with Amit Malhotra regarding information obtained in the review document; prepare for deposition of Don Patton; take deposition of John Patton; consult with Deborah Buchholz. Response: This entry should not be allowed because it fails to describe how the activity is limited to just defending the Counterclaim. Don Patton was a witness having nothing to do with EODT's Counterclaim. Mr. Patton had filed a suit against EODT and the deposition of Don Patton pertained to Mr. Hennessey asking Mr. Patton about his lawsuit, which lawsuit was deemed inadmissible prior to trial. [Doc. 296] | 8.50 | 8.50 / -8.50 | 0.00 | 0.00 | 0.00 | 0.00 |
| 288 | 2012/09/04 | Beginning to review of Susan Davis late filed exhibit; draft and file notices of deposition for Les Lunceford; Susan Davis, Henry Mincke, Bill McReynolds, Kevin Beamish, Erik Quist; Lisa Jacobson; email to Joanna O'Hagan regarding documents that will provide the basis for expert testimony; email to opposing counsel regarding documents of Melissa Cunningham; email to opposing | 7.20 | 7.20 | 0.00 | 0.00 | 0.00 | 0.00 |

| # | Date | Description | | | | | |
|---|---|---|---|---|---|---|---|
| | | counsel regarding exhibits; review documents for less Lunceford deposition; continue creating HotDocs folder for trial prep; conversation with Netta Kocuba re: transcript of proceedings.<br>Response: This entry should not be allowed because it fails to describe how the activity is limited to just defending the Counterclaim | 2.30 | -7.20 | | 0.00 | 0.00 |
| 289 | 2012/09/05 | Begin drafting deposition outline for Les Lunceford; phone call with Deborah Buchholz; phone call to Jenkins & Jenkins.<br>Response: This entry should not be allowed because it fails to describe how the activity is limited to just defending the Counterclaim. Les Lunceford was a witness called by Plaintiffs MAKS, Kumar, and Shabbir as part of their case in chief. [Doc. 317]. | 2.30 | -2.30 | | 0.00 | 0.00 |
| 290 | 2012/09/05 | Reviewed email correspondence; call w/JH.<br>Response: This entry should not be allowed because it fails to describe how the activity is limited to just defending the Counterclaim. | 0.00 | 0.00 | 1.10 | 1.10<br>-1.10 | 0.00 |
| 291 | 2012/09/06 | Multiple emails exchanged Jenkins Jenkins regarding missing documents; call to the court to arrange for a consultation with magistrate Judge Guyton; continue review of documents in preparation for deposition Les Lunceford, Susan Davis, Henry Mincke, Eric Quist, Bill McReynolds, Lisa Jacobson, and Kevin Beamish.<br>Response: Preparation for the depositions of Susan Davis, Lisa Jacobson, Bill McReynolds, and Kevin Beamish could be allowable if a basis for pro-ration were present in this entry. The other activities are either without merit or not related to defense of the Counterclaim. A deduction of 6 hours is suggested. | 8.50 | -6.00 | | 0.00 | 0.00 |
| 292 | 2012/09/06 | Prepared subpoenas, served on B. Quist, Completed Service section and scanned for file; Drafted email update for JH regarding all outstanding matters.<br>Response: This entry should not be allowed because it fails to describe how the activity is limited to just defending the Counterclaim. | 0.00 | 0.00 | 1.70 | 1.70<br>-1.70 | 0.00 |
| 293 | 2012/09/07 | Review all hot doc exhibits to specify which documents deposition of Les Lunceford, Susan Davis, Mincke, Quist, and Jacobson. Discovery dispute conference call with Judge Guyton to resolve issues related to documents supporting expert witness testimony, Melissa Cunningham missing exhibits, lack of response to request for the production of documents seven, eight, and nine. Follow up to conference call with Jason with respect to documents allegedly sent Jenkins Jenkins. Continue preparation depositions Susan Davis, Les Lunceford, Henry Mincke, Eric Quist, Lisa Jacobson, Kevin Beamish. Prepare memorandum for the court regarding discovery dispute with Jenkins and Jenkins conference with Deborah Buchholz and follow-up memo regarding Discovery strategy and tactics. | 10.00 | 19.00 | 0.00 | 0.00 | 0.00 |

Response: This entry should not be allowed. Nineteen (19) hours billed in one day lacks credibility. Also, most of the activities pertain to Plaintiffs MAKS, Kumar, and Shabbir prosecuting their case in chief. Also Plaintiffs' discovery dispute was without merit. [Doc. 246]. Witnesses Lisa Jacobson, Susan Davis, and Kevin Beamish were witnesses designated by EODT for the Counterclaim, yet given the foregoing, a basis for reasonable pro-ration of this entry is lacking.

| # | Date | Description | | | | | | |
|---|------|-------------|---|---|---|---|---|---|
| 294 | 2012/09/07 | Prepared for and conduct interview of Capt. Schultz. Response: This entry should not be allowed. Captain Schultz was a witness called by Plaintiffs MAKS, Kumar, and Shabbir in furtherance of their Amended Complaint. [Doc. 317]. | 0.00 | -19.00<br>0.00 | 1.60 | 1.60<br>-1.60 | 0.00 | 0.00 |
| 295 | 2012/09/10 | Early morning deposition preparation for Les Lunceford; take deposition of Les Lunceford; begin preparation for deposition of Susan Davis. Response: This entry should not be allowed in its entirety. Les Lunceford was a witness called by Plaintiffs MAKS, Kumar, and Shabbir in prosecution of their case in chief for the tort theories. See [Doc. 317]. Susan Davis, however, was a witness for EODT on the Counterclaim and so preparation for her deposition may be allowed. The deposition of Les Lunceford took most of the day. A deduction of of 12 hours is suggested. | 15.00 | 15.00<br>-12.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| 296 | 2012/09/10 | Attend deposition of Les Lunceford to learn facts in preparation for trial. Response: This entry should not be allowed. First there is no justification for two attorneys at this deposition. Also, Les Lunceford was a witness called by Plaintiffs MAKS, Kumar, and Shabbir in prosecution of their case in chief for the tort theories. See [Doc. 317]. | 0.00 | 0.00 | 7.50 | 7.50<br>-7.50 | 0.00 | 0.00 |
| 297 | 2012/09/11 | Early-morning deposition prep for Susan Davis deposition; memo to client; memo to Debra Buchholz regarding items on task list; attend deposition of Susan Davis; begin preparations for depositions Henry Mincke; begin reviewing procurement manual for 30 B6 deposition of Bill McReynolds. Response: Most of this entry pertains to defending the Counterclaim and may be allowed. Susan Davis' deposition took most of the day and preparing for Bill McReynolds deposition is appropriate. Preparing for Henry Mincke's deposition would be related to the case in chief of MAKS, Kumar, and Shabbir. A deduction of 2.0 hours is suggested. | 12.00 | 12.00<br>-2.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| 298 | 2012/09/12 | Continue deposition preparation for Henry Mincke and Bill McReynolds; deposition of Henry Mincke; dispute with the deposition of McReynolds; emergency telephonic hearing with Magistrate Judge Guyton of US district court regarding process forward; motion to bar Bill McReynolds as expert witness; prepare for deposition of Erik Quist. | 12.20 | 12.20 | 0.00 | 0.00 | 0.00 | 0.00 |

| No. | Date | Description | | | | | |
|---|---|---|---|---|---|---|---|
| | | Response: This entry should not be allowed. Plaintiffs MAKS, Kumar, and Shabbir took the depositon of Henry Mincke and Erik Quist for purposes of the conversion tort claim and the breach of the security contract. While Bill McReynolds was a witness for EODT probative to the Counterclaim. the description does not make much sense and the docket sheet reflects a hearing with Magistrate Guyton on 9/12/12. Also, the descriptions do not allow for reasonable pro-ration of the activities. | | −12.20 | | | |
| 299 | 2012/09/13 | Prepare for deposition of Erik Quist; take deposition of Erik Quist.<br>Response: This entry should not be allowed. The essence of Plaintiffs MAKS, Kumar, and Shabbir taking the deposition of Erik Quist pertained to MAKS suit for breach of the Security Contract. While MAKS received a jury verdict of $3,000.00, this deposition had nothing to do with defense of the Counterclaim. | 12.50 | 12.50<br>−12.50 | 0.00 | 0.00 | 0.00 |
| 300 | 2012/09/13 | Researched current Kuwait ambassador, address for assistant secretary Blake; printed Ajeesh deposition; modified draft letter to same; email to JH updating on progress and giving opportunity for input.<br>Response: This entry should not be allowed because it fails to describe how the activity is limited to just defending the Counterclaim. | 0.00 | 0.00 | 1.80 | 1.80<br>−1.80 | 0.00 |
| 301 | 2012/09/14 | Prepare for Lisa Jacobson deposition and Kevin Beamish; take such depositions; emergency telephonic hearing before Magistrate Judge Guyton on discovery abuses.<br>Response: Lisa Jacobson and Kevin Beamish were witnesses designated by EODT to provide evidence on the Counterclaim. Preparing for and taking the depositions of these witnesses would be allowable. Mr. Hennessey's need for a telephonic hearing before Magistrate Guyton was completely without merit, not reasonable, and wasted time [Doc. 248]. A deduction of 1.5 hours is appropriate for this entry. | 9.50 | 9.50<br>−1.50 | 0.00 | 0.00 | 0.00 |
| 302 | 2012/09/17 | Draft memo to exclude McReynolds as witness at trial; review McReynolds transcript; phone call with Deborah Buchholz; phone call to Jenkins & Jenkins.<br>Response: While excluding Bill McReynold's testimony at trial would be without merit, the entry does describe work undertaken in defense of the Counterclaim. Because such Motion was never filed, and would have been totally without merit, a deduction of 2.4 hours is suggested. | 3.40 | 3.40<br>−2.40 | 0.00 | 0.00 | 0.00 |
| 303 | 2012/09/17 | Reviewed prior filings and drafted pretrial order; forwarded to JH; reviewed recent emails.<br>Response: This entry should not be allowed because it fails to describe how the activity is limited to defending the Counterclaim. Further, a pre-trial Order would be required regardless of the Counterclaim | 0.00 | 0.00 | 3.30 | 3.30<br>−3.30 | 0.00 |
| 304 | 2012/09/18 | Phone call with Deborah Buchholz re: deposition of Don Patton.<br>Response: This entry should not be allowed because it fails to describe how the activity is limited to just defending the Counterclaim. Further, Don Patton was a witness that had nothing to do with the Counterclaim | 0.10 | 0.10<br>−0.10 | 0.00 | 0.00 | 0.00 |

| # | Date | Description | | | | | | |
|---|------|-------------|---|---|---|---|---|---|
| 305 | 2012/09/18 | Prepare for and attended part 3 Patton deposition<br>*Response: This entry should not be allowed because it fails to describe how the activity is limited to just defending the Counterclaim. Further Don Patton was a witness that had nothing to do with the Counterclaim* | 0.00 | 0.00 | 1.80 | 1.80 / -1.80 | 0.00 | 0.00 |
| 306 | 2012/09/19 | Phone call with Local Counsel Deborah Buchholz re: follow-up to deposition of Don Patton.<br>*Response: This entry should not be allowed because it fails to describe how the activity is limited to just defending the Counterclaim. Further, Don Patton was a witness that had nothing to do with the Counterclaim* | 0.40 | 0.40 / -0.40 | 0.00 | 0.00 | 0.00 | 0.00 |
| 307 | 2012/09/20 | Call to Nicholas Chase; draft and file Plaintiffs witness list.<br>*Response: This entry should not be allowed. Plaintiffs MAKS, Kumar, and Shabbir were required to file a witness list for their prosecution of their Amended Complaint.* | 3.70 | 3.70 / -3.70 | 0.00 | 0.00 | 0.00 | 0.00 |
| 308 | 2012/09/21 | Call to Deborah Buchholz re: need to issue subpoenas.<br>*Response: This entry should not be allowed because it fails to describe how the activity is limited to just defending the Counterclaim* | 0.20 | 0.20 / -0.20 | 0.00 | 0.00 | 0.00 | 0.00 |
| 309 | 2012/09/21 | Researched witness fee requirement; calculated witness fee; consulted with mentor; drafted email to JH re same.<br>*Response: This entry should not be allowed because it fails to describe how the activity is limited to just defending the Counterclaim* | 0.00 | 0.00 | 1.40 | 1.40 / -1.40 | 0.00 | 0.00 |
| 310 | 2012/09/25 | Researched remedies for unprepared 30(b)(6) witnesses; researched venue and conflict of laws re fraud claim and res judicata; drafted email JH.<br>*Response: This entry should not be allowed because it fails to describe how the activity is limited to just defending the Counterclaim* | 0.00 | 0.00 | 4.10 | 4.10 / -4.10 | 0.00 | 0.00 |
| 311 | 2012/09/26 | Draft motion in liminae eliminate Erik Quist testimony. Conference call with Deborah Buchholz all I grew 12 preparation status, consultation on pretrial memo, consultation on Matt Knetchel trial subpoena; review changes to pretrial memo submitted by Jenkins & Jenkins.<br>*Response: This entry should not be allowed because it fails to describe how the activity is limited to just defending the Counterclaim. Work on trial subpoena's for witnesses in support of Plaintiffs' case in chief and work on a pre-trial Order would be required anyway regardless of a Counterclaim.* | 5.60 | 5.60 / -5.60 | 0.00 | 0.00 | 0.00 | 0.00 |
| 312 | 2012/10/02 | Continued research and investigation of facts regarding possible RICO claim; conversation with Jim O'Hare regarding the entity status of an ESOP; conference call with Deborah Buchholz regarding pretrial checklist; begin drafting fact section of new complaint; research pleading requirements under rule nine for a fraud claim; review email from Jenkins & Jenkins's.<br>*Response: This entry should not be allowed. The description is clearly pertaining to Plaintiffs MAKS, Kumar, and Shabbir preparing to file their Motion to Amend the Complaint again. [Doc. 261] which was denied. See Order [Doc. 273].* | 13.00 | 13.00 / -13.00 | 0.00 | 0.00 | 0.00 | 0.00 |

| # | Date | Description | | | | | | |
|---|------|-------------|---|---|---|---|---|---|
| 313 | 2012/10/02 | Daily status update call w/JH. Response: This entry should not be allowed because it fails to describe how the activity is limited to just defending the Counterclaim. | 0.00 | 0.00 | 0.30 | 0.30 (-0.30) | 0.00 | 0.00 |
| 314 | 2012/10/03 | Incorporate facts of Operation Midshipman into narrative of fraud. Response: This entry should not be allowed. The description is clearly pertaining to Plaintiffs MAKS, Kumar, and Shabbir preparing to file their Motion to Amend the Complaint again. [Doc. 261] which was denied. See Order [Doc. 273]. | 8.00 | 8.00 (-8.00) | 0.00 | 0.00 | 0.00 | 0.00 |
| 315 | 2012/10/04 | Conversation with John Beins regarding strategy on rule 30 B6 witnesses; do research on superseding contracts and the effects of damages caused by the second contract door; continued work on draft fraud complaint; conference call with Deborah Buchholz. Response: This entry should not be allowed. The description appears to pertain to Plaintiffs MAKS, Kumar, and Shabbir preparing to file their Motion to Amend the Complaint again. [Doc. 261] which was denied. See Order [Doc. 273]. | 4.90 | 4.90 (-4.90) | 0.00 | 0.00 | 0.00 | 0.00 |
| 316 | 2012/10/04 | Telephone call with Joe Hennessey. Response: This entry should not be allowed because it fails to describe how the activity is limited to just defending the Counterclaim | 0.00 | 0.00 | 0.00 | 0.00 | 0.40 | 0.40 (-0.40) |
| 317 | 2012/10/04 | Researched procedure/rules relating to subpoenaing out of state witnesses; prepared email JH; called to follow-up. Response: This entry should not be allowed because it fails to describe how the activity is limited to just defending the Counterclaim | 0.00 | 0.00 | 2.70 | 2.70 (-2.70) | 0.00 | 0.00 |
| 318 | 2012/10/05 | Continue work on motion in liminae re: AIA contract; 8:12-10:30: cont'd; complete and file motion in liminae to bar defendants counterclaim; conference with Jenkins & Jenkins regarding deadlines; conference with Deborah Buchholz regarding jury instructions; begin working on compiling the exhibit list; list exhibits one through 282 for submission to court. Response: This entry should not be allowed because it fails to describe how the activity is limited to just defending the Counterclaim | 11.50 | 11.50 (-11.50) | 0.00 | 0.00 | 0.00 | 0.00 |
| 319 | 2012/10/05 | Prepared and filed suggested jury instructions Response: This entry should not be allowed because in furtherance of the Amended Complaint, Plaintiffs MAKS, Kumar, and Shabbir would have had to prepare and file jury instructions. | 0.00 | 0.00 | 7.30 | 7.30 (-7.30) | 0.00 | 0.00 |
| 320 | 2012/10/07 | Read the deposition of Susan Davis; review the videotape of Erik Quist's deposition. Response: This entry should not be allowed in its entirety. Reviewing the deposition of Susan Davis would be chargeable to defending the Counterclaim. Based on the other listed activity, required by Plaintiffs in prosecution of their Amended Complaint, 1hour (i.e. reducing the entry by 2.3 hours) would be reasonable and may be allowed. | 3.30 | 3.30 (-2.30) | 0.00 | 0.00 | 0.00 | 0.00 |
| 321 | 2012/10/08 | Continue drafting new complaint. | 8.00 | 8.00 | 0.00 | 0.00 | 0.00 | 0.00 |

Case 3:10-cv-00443-TAV-HBG   Document 372-1   Filed 04/12/13   Page 42 of 60   PageID #: 5236

| No. | Date | Activity / Response | | | | | | |
|---|---|---|---|---|---|---|---|---|
| 322 | 2012/10/11 | Continue drafting narrative of new complaint to include details of Operation Midshipman.<br>Response: This entry should not be allowed. The description is clearly pertaining to Plaintiffs MAKS, Kumar, and Shabbir preparing their Motion to Amend the Complaint again. [Doc. 261] which was denied. See Order [Doc. 273]. See related non-allowed item no. 325 | 6.70 | -8.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| 323 | 2012/10/12 | Continue draft motion to amend complaint, read Lunceford transcript; Call to Jenkins & Jenkins regarding the previous email on service process; review Brian quizzed email rejecting offer settlement and threatening criminal action and ethics violation; review the terms of the Tennessee rules of professional conduct Oespecially rule 4.482; forward to Brian quickest and other attorneys are Jenkins Jenkins The reference to Tennessee code of response of professional responsibility. Rule 4.482; phone calls left messages for Deborah Buccholz; send emails to Bryan Chris regarding interference with Business relationship with Deborah Buccholz; Send notice for Bronquist to withdraw counterclaim pursuant to rule 11; Make additional edits to draft complaint using additional information derived from Lunceford deposition; read more of Lunceford's deposition.<br>Response: This entry should not be allowed because it fails to describe how the activity is limited to just defending the Counterclaim. It also makes no sense. Misspelling defense counsel's name no less than 4 times in the same entry further reduces the credibility that this entry was ever reviewed before submission with the petition for fees. The reference to threatening criminal action was the threats made by MAKS. | 13.70 | -6.70 / -13.70 | 13.70 | 0.00 | 0.00 | 0.00 |
| 324 | 2012/10/13 | 6:30 AM to 7:42 AM: Continue edits to complaint adding additional information from I.I. deposition including the role of the static guards in implementing the raid; 8:30 AM to 10:30 AM Finish second round edits of draft complaint send to Debra Buchholz for review; 12 noon to 1:15 PM: review transcript of Henry Mincke.<br>Response: This entry should not be allowed. The description is clearly pertaining to Plaintiffs MAKS, Kumar, and Shabbir preparing to file their Motion to Amend the Complaint again. [Doc. 261] which was denied. See Order [Doc. 273]. See related non-allowed item no. 325 | 4.60 | -4.60 | 0.00 | 0.00 | 0.00 | 0.00 |
| 325 | 2012/10/14 | Review Deborah Buchholz edits make final changes to complaint finalize motion for new trial date.<br>Response: N/A | 10.20 | | 0.00 | 0.00 | 0.00 | 0.00 |
| 326 | 2012/10/16 | Reviewed email correspondence through end of last week & printed recent | 0.00 | | 0.00 | 0.50 | 0.50 | 0.00 |

filings.
Response: This entry should not be allowed because it fails to describe how the activity is limited to just defending the Counterclaim

| # | Date | Description | | | | | |
|---|------|-------------|---|---|---|---|---|
| 327 | 2012/10/18 | Reviewed draft Davis complaint; added comments<br>Response: N/A | 0.00 | 0.00 | 1.00 | -0.50 | 0.00 | 0.00 |
| 328 | 2012/10/19 | Draft and file reply to EODT Motion in limine; review Jacobson; draft reply to opposition to plaintiffs motion in limine; conference call with Deborah Buchholz; review EODT's objection to Plaintiffs exhibit list.<br>Response: This entry should not be allowed because it fails to describe how the activity is limited to just defending the Counterclaim | 4.10 | 4.10 / -4.10 | 0.00 | 0.00 | 0.00 | 0.00 |
| 329 | 2012/10/19 | Reviewed filings; discussed status of case w/JH.<br>Response: This entry should not be allowed because it fails to describe how the activity is limited to just defending the Counterclaim | 0.00 | 0.00 | 2.80 | 2.80 / -2.80 | 0.00 | 0.00 |
| 330 | 2012/10/20 | Continue working on reply to opposition to motion in limine viz. AIA; review; finalize and file.<br>Response: This entry should not be allowed because it fails to describe how the activity is limited to just defending the Counterclaim | 7.60 | 7.60 / -7.60 | 0.00 | 0.00 | 0.00 | 0.00 |
| 331 | 2012/10/21 | Finish reading Jagdeep Singh Deposition; finish reading Lisa Jacobson deposition; begin reading Amit Malhotra deposition; review Documents for supplement to the exhibit list.<br>Response: This entry should not be allowed in its entirety. Reviewing the deposition of Lisa Jacobson would be chargeable to defending the Counterclaim. Based on the other listed activity, required by Plaintiffs in prosection of their Amended Complaint, 1 hour (i.e. reducing the entry by 4.2 hours) would be reasonable and may be allowed. | 5.20 | 5.20 / -4.20 | 0.00 | 0.00 | 0.00 | 0.00 |
| 332 | 2012/10/22 | Review pleadings in preparation for pretrial hearing; review pretrial order as issued by the court; attend pretrial hearing; Teleconference with clients explaining the results of the hearing; work on direct examination outline for Deborah Buchholz.<br>Response: This entry should not be allowed. Had a Counterclaim not been filed, counsel for Plaintiffs MAKS, Kumar, and Shabbir would have been required to attend the pre-trial conference anyway. The most significant pending Motion at the time was the Motion by Plaintiffs MAKS, Kumar, and Shabbir to Amend the Complaint [Doc. 261] which was denied. | 7.00 | 7.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| 333 | 2012/10/22 | Reviewed pending motions in preparation for final pretrial conference.<br>Response: This entry should not be allowed because it fails to describe how the activity is limited to just defending the Counterclaim. The most significant pending Motion at the time was the Motion by Plaintiffs MAKS, Kumar, and Shabbir to Amend the Complaint [Doc. 261] which was denied. | 0.00 | 0.00 / -7.00 | 2.00 | 2.00 / -2.00 | 0.00 | 0.00 |
| 334 | 2012/10/22 | Met w/JH; attended pre-trial conference. | 0.00 | 0.00 | 3.80 | 3.80 | 0.00 | 0.00 |

| No. | Date | Description | | | | | | |
|---|---|---|---|---|---|---|---|---|
| 335 | 2012/10/23 | Response: This entry should not be allowed. Plaintiffs counsel would have been required to attend the pre-trial conference regardless of the Counterclaim. | | | | -3.80 | 0.00 | 0.00 |
| | | Review defendant's exhibit list for hearsay or other objections; review correspondence from process server; work on Plaintiffs exhibit list. | 2.60 | 2.60 | 0.00 | | | |
| | | Response: This entry should not be allowed in its entirety. Reviewing Defendant's exhibit list would be chargeable to defending the Counterclaim. Based on the other listed activity, required by Plaintiffs in prosection of their Amended Complaint, 1.3 hours (i.e. reducing the entry by half) would be reasonable and may be allowed. | | -1.30 | | | | |
| 336 | 2012/10/23 | Reviewed exhibits to S. Malhotra depo and fedex'd to JH. | 0.00 | 0.00 | 6.20 | 6.20 | 0.00 | 0.00 |
| | | Response: This entry should not be allowed because it fails to describe how the activity is limited to just defending the Counterclaim. The work described pertains to the deposition of Sumit Malhotra, a witness called to testify by Plaintiffs. | | | | -6.20 | | |
| 337 | 2012/10/24 | Began review of S. Malhotra depo; Contacted realtors re short term apartment rental; drafted email to JH re same. | 0.00 | 0.00 | 1.60 | 1.60 | 0.00 | 0.00 |
| | | Response: This entry should not be allowed because it fails to describe how the activity is limited to just defending the Counterclaim. The work described pertains to the deposition of Sumit Malhotra, a witness called to testify by Plaintiffs. Also, obtaining short term housing was required by Plaintiffs to come to trial anyway. | | | | -1.60 | | |
| 338 | 2012/10/25 | Review documents produced by EODT For possible inclusion in plaintiffs exhibits, conduct search documents for bills of lading, do you search of documents for contract modifications, do search of documents for AIA holdings. | 8.20 | 8.20 | 0.00 | 0.00 | 0.00 | 0.00 |
| | | Response: This entry should not be allowed because it fails to describe how the activity is limited to just defending the Counterclaim | | -8.20 | | | | |
| 339 | 2012/10/26 | Review document productions, review the exhibits to Sumit Malhotra's deposition; Review documents reduplication, create new exhibit list, file next exhibit list with of the court; email consolidated photos to Jenkins & Jenkins. | 14.00 | 14.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| | | Response: This entry should not be allowed because it fails to describe how the activity is limited to just defending the Counterclaim. The work described pertains to the exhibit list for Plaintiffs MAKS, Kumar, and Shabbir for their case in chief on the Amended Complaint as well as work with exhibits for the deposition of Sumit Malhotra, a witness called to testify by Plaintiffs | | -14.00 | | | | |
| 340 | 2012/10/27 | Create an alternative exhibit lists for review by defendants and the court, By striking out the exhibits that have been deleted and adding sequentially new exhibits. | 2.40 | 2.40 | 0.00 | 0.00 | 0.00 | 0.00 |

| No. | Date | Description and Response | | | | | Reduction |
|---|---|---|---|---|---|---|---|
| 341 | 2012/10/28 | Review deposition transcript of Kevin Kuklok: Reviewed the third deposition of Don Patton. Forward both depositions to Deborah Buchholz; email order of witnesses to client. **Response:** This entry should not be allowed because it fails to describe how the activity is limited to just defending the Counterclaim. The work described pertains to the exhibit list for Plaintiffs MAKS, Kumar, and Shabhir for their case in chief on the Amended Complaint. | 11.60 | 0.00 | 0.00 | 0.00 | -2.40 |
| 342 | 2012/10/29 | Review and annotate Knetchel, Mince, Singh, Jacobson, Lunceford depositions; review Quist email indicating that he will provide an additional witness list. **Response:** This entry should not be allowed in its entirety. The entry fails to describe how the activity is limited to just defending the Counterclaim. The description appears related to work in furtherance of Plaintiffs' case in chief with the exception of reviewing the deposition of Lisa Jacobson. Based on the other listed activity, required by Plaintiffs in prosection of their Amended Complaint, and the time alloted at item 331 for review of L. Jacobson's deposition, 1 hour (i.e. reducing the entry by 14 hours) would be reasonable and may be allowed. | 15.00 | 0.00 | 0.00 | 0.00 | -11.60 / -14.00 |
| 343 | 2012/10/30 | Continue review Knetchel deposition; send depositions to client for review in advance of trial; review and annotate the deposition transcript of Matt Knetchel; email to Deborah Buchholz re: election of remedies research; review Defendants' exhibit list and email Jenkins & Jenkins to determine if such person will actually be attending trial; begin process of getting Beins admitted pro hac vice; reply to Jenkins & Jenkins's email on exhibit lists; review Susan Davis 3066 deposition; review and annotate deposition of Henry Mincke. **Response:** This entry should not be allowed in its entirety. Review of EODT's exhibit list would be related to defending the Counterclaim. Based on the other listed activity, required by Plaintiffs in prosection of their Amended Complaint, 1 hours (i.e. reducing the entry by 11.3 hours) would be reasonable and may be allowed. | 12.30 | 0.00 | 0.00 | 0.00 | -11.30 |
| 344 | 2012/10/30 | Prepare application for pro hac vice; conversation with Hennessey. **Response:** This entry should not be allowed because it fails to describe how the activity is limited to just defending the Counterclaim. | 0.00 | 0.00 | 0.00 | 0.20 | -0.20 |
| 345 | 2012/10/30 | Researched response to EODT's trial brief re election of remedies. **Response:** This entry should not be allowed. The work pertains to the MAKS's claims for affirmative relief and would have been required regardless of any counterclaim. | 0.00 | 0.80 | 0.80 | 0.00 | -0.80 |

| # | Date | Description | | | | | | |
|---|------|-------------|---|---|---|---|---|---|
| 346 | 2012/10/31 | Review deposition transcript of Matt Knetchel; Obtain and process paperwork needed for John Beins admission pro hoc vice; Continue plaintiffs objections to defendant's first exhibit list with multiple emails to Jenkins & Jenkins; Review defendants final exhibit list." Consultation: appropriate response to unauthorized filing of additional exhibit list by defendants. Continue review of defendant's exhibit list. | 11.00 | 11.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| | | Response: This entry should not be allowed in its entirety. Plaintiffs' objections to EODT's exhibits would be related to defending the Counterclaim. Based on the other listed activity required by Plaintiffs in prosection of their Amended Complaint. 3 hours (i.e. reducing the entry by 8 hours) would be reasonable and may be allowed. | | -8.00 | | | | |
| 347 | 2012/11/01 | Continue drafting, editing and filing plaintiffs objections to defendant's exhibit lists; exchange emails with Brian quest regarding exhibit list; File motion to strike, review Buchholz draft reply to motion for election of remedies, edit, conference call with Buchholz; Review deposition transcript of Kevin Beamish; review deposition transcript of Melisa Cunningham; interface with FedEx office regarding condensed depositions. | 10.50 | 10.50 | 0.00 | 0.00 | 0.00 | 0.00 |
| | | Response: This entry should not be allowed in its entirety. Plaintiffs' objections to EODT's exhibits would be related to defending the Counterclaim. Based on the other listed activity required by Plaintiffs in prosection of their Amended Complaint. 2 hours (i.e. reducing the entry by 8.5 hours) would be reasonable and may be allowed. | | -8.50 | | | | |
| 348 | 2012/11/01 | Researched and wrote response trial brief re election of remedies. | 0.00 | 0.00 | 3.80 | 3.80 | 0.00 | 0.00 |
| | | Response: This entry should not be allowed because it fails to describe how the activity is limited to just defending the Counterclaim | | | | -3.80 | | |
| 349 | 2012/11/02 | Call to Captain Schultz to arrange travel and discuss questions; call to Dave King; Create outline for trial testimony; consultations with John Beins regarding admission to case, File motion to shorten the time for defendants to reply to motion to strike, consultations with ECF staff in Tennessee; review order of Judge Varlan; continue work on trial outline; review deposition transcript of last Lunceford for video editing; Begin file memorandum to client on expectations of trial. | 10.80 | 10.80 | 0.00 | 0.00 | 0.20 | 0.20 |
| | | Response: This entry should not be allowed because it fails to describe how the activity is limited to just defending the Counterclaim. The description appears related to work in furtherance of Plaintiffs' case in chief. Captain Schultz was a witness presented at trial by Plaintiffs MAKS, Kumar, and Shabbir. [Doc. 317]. The referenced Motion pertained to Plaintiffs' Motion to strike EODT's exhibit list which was without merit. See Order [Doc. 285]. Les Lunceford was a witness called by Plaintiffs. [Doc. 317]. | | -10.80 | | | | -0.20 |
| 350 | 2012/11/02 | Telephone with Joe Hennessey to discuss MAKS v. EODT. | 0.00 | 0.00 | 0.00 | 0.00 | 0.20 | 0.20 |

| No. | Date | Description | | | | | | |
|---|---|---|---|---|---|---|---|---|
| 351 | 2012/11/03 | Response: This entry should not be allowed because it fails to describe how the activity is limited to just defending the Counterclaim | 13.10 | 13.10 / -13.10 | 0.00 | 0.00 | 0.00 | -0.20 |
| | | Continue work on client memorandum; Review deposition transcript of Sumit Malhotra; continued working on trial outline. | | | | | | 0.00 |
| 352 | 2012/11/04 | Response: This entry should not be allowed because it fails to describe how the activity is limited to just defending the Counterclaim. The description appears related to work in furtherance of Plaintiffs' case in chief. Sumit Malhotra was a witness called by Plaintiffs MAKS, Kumar, and Shabbir [Doc. 317]. | 9.40 | 9.40 / -9.40 | 0.00 | 0.00 | 0.00 | 0.00 |
| | | Continue reading Sumit deposition in preparation for trial. | | | | | | |
| 353 | 2012/11/05 | Response: This entry should not be allowed because it fails to describe how the activity is limited to just defending the Counterclaim. The description appears related to work in furtherance of Plaintiffs' case in chief. Sumit Malhotra was a witness called by Plaintiffs MAKS, Kumar, and Shabbir [Doc. 317]. | 14.60 | 14.60 / -14.60 | 0.00 | 0.00 | 0.00 | 0.00 |
| | | Continue to prepare exhibit list; conference call with client; conference call with John finds; review emails from the court regarding the trial exhibits. | | | | | | |
| 354 | 2012/11/05 | Response: This entry should not be allowed because it fails to describe how the activity is limited to just defending the Counterclaim. The description appears related to work in furtherance of Plaintiffs' case in chief | 0.00 | 0.00 | 6.00 | 6.00 / -6.00 | 0.00 | 0.00 |
| | | Reviewed deposition testimony and began review of exhibits. | | | | | | |
| 355 | 2012/11/06 | Review defendant's final exhibit list for objections; draft opposition brief; file 52-page response. | 12.50 | 12.50 / -6.25 | 0.00 | 0.00 | 0.00 | 0.00 |
| | | Response: This entry should not be allowed in its entirety. Had there been no Counterclaim, EQDT would still have presented most all of its exhibits in support of its affirmative defenses asserting offset. Seperating this entry in half (i.e. a deduction of 6.25 hours) is suggested | | | | | | |
| 356 | 2012/11/06 | Trial Prep; Jagdeep depo review & note preparation; review of draft exhibits. | 0.00 | 0.00 | 7.20 | 7.20 / -7.20 | 0.00 | 0.00 |
| | | Response: This entry should not be allowed because it fails to describe how the activity is limited to just defending the Counterclaim. The description appears related to work in furtherance of Plaintiffs' case in chief | | | | | | |
| 357 | 2012/11/07 | Finalize Trial Exhibits. | 10.00 | 10.00 / -10.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| | | Response: This entry should not be allowed because it fails to describe how the activity is limited to just defending the Counterclaim. The reference is to finalizing the trial exhibits forPlaintiffs' MAKS, Kumar, and Shabbir. Regardless of a Counterclaim, Plaintiffs would have needed trial exhibits for their case in chief. | | | | | | |
| 358 | 2012/11/07 | Continued review of draft exhibits; Met w/court deputy re DEPS/IERS system; emailed JH re same. | 0.00 | 0.00 | 9.50 | 9.50 / -9.50 | 0.00 | 0.00 |

Response: This entry should not be allowed because it fails to describe how the activity is limited to just defending the Counterclaim. Regardless of a Counterclaim, Plaintiffs would have needed their counsel to undertake this activity anyway for their case in chief.

| No. | Date | Description | | | | | |
|---|---|---|---|---|---|---|---|
| 359 | 2012/11/08 | Review issues related to the change of EODT to Sterling global operations Inc.; consultations with John Beins and Seth Goldberg; consultations with Deborah Buchholz; email exchange with Joanna O'Hagan. Response: This entry should not be allowed because it fails to describe how the activity is limited to just defending the Counterclaim. The work described pertains to EODT's name change, a matter having no bearing on the Counterclaim. | 6.80 | 0.00 | 0.00 | 0.00 | 0.00 |
| 360 | 2012/11/08 | Telephone with Hennessey MAKS v. EODT. Response: This entry should not be allowed because it fails to describe how the activity is limited to just defending the Counterclaim, but is probably connected with the subject matter of item 359. | 0.00 / -6.80 | 0.00 | 0.00 | 0.40 | 0.40 / -0.40 |
| 361 | 2012/11/08 | Reviewed exhibit list and objections; prepared outline for hearing tomorrow; downloaded final exhibits; corrected naming convention and burned to flash drives for court and defendant's; delivered flash drive; coordinated w/co-counsel; retrieved & printed Def Exh requested by court/ Continued review of Plaintiffs exhibits. Response: This entry should not be allowed because it fails to describe how the activity is limited to just defending the Counterclaim. See Response to item 363. Much of the entry appears to be work on the trial exhibits for Plaintiffs MAKS, Kumar, and Shabbir. | 0.00 | 10.00 | 10.00 / -10.00 | 0.00 | 0.00 |
| 362 | 2012/11/09 | Trial prep: identify missing documents; conferences with Deborah Buchholz; address issues related to change in corporation name EODT to Sterling; make suggested changes to amended complaint and forward to send to opposing counsel. Response: This entry should not be allowed because it fails to describe how the activity is limited to just defending the Counterclaim. Work on the Amended Complaint would be in prosecution of the Amended Complaint for all Plaintiffs | 6.20 / -6.20 | 0.00 | 0.00 | 0.00 | 0.00 |
| 363 | 2012/11/09 | Prepared for evidentiary hearing; conferred JH; Researched EODT name change; drafted motion; Evidentiary hearing before Magistrate Guyton. Response: This entry should not be allowed because it fails to describe how the activity is limited to just defending the Counterclaim. The hearing pertained to objections to Exhibits by both EODT and Plaintiffs MAKS, Kumar, and Shabbir. [Doc. 295 and 296]. Had there been no Counterclaim, Plaintiffs counsel would have been required to attend this hearing anyway. | 0.00 | 8.60 | 8.60 / -8.60 | 0.00 | 0.00 |
| 364 | 2012/11/10 | Research on opening arguments and strategy on mention of FBI raid on EODT raid; consultations with Beins; travel to Knoxville with client discussing narrative of case and facts with Amit, Jagdeep, Sumit, Ajeesh, and Azad. | 8.00 | 0.00 | 0.00 | 0.50 | 0.50 |

| # | Date | Activity / Response | | | | | | |
|---|------|---------------------|---|---|---|---|---|---|
| | | Response: This entry should not be allowed because it fails to describe how the activity is limited to just defending the Counterclaim. The activity described indicates preparation for Plaintiffs MAKS, Kumar, and Shabbir to prosecute their Amended Complaint. | 0.00 | -8.00 | 6.80 | 6.80 | 0.00 | -0.50 |
| 365 | 2012/11/10 | Completed review of exhibits; reviewed/amended fact sheet for testimony by Amit; reviewed MSA & WA01. Response: This entry should not be allowed because it fails to describe how the activity is limited to just defending the Counterclaim. Amit Malhotra was a witness called by Plaintiffs as part of their case in chief. [Doc. 317] | 0.00 | 0.00 | 6.80 | -6.80 | 0.00 | 0.00 |
| 366 | 2012/11/10 | Telephone with Hennessey. Response: This entry should not be allowed because it fails to describe how the activity is limited to just defending the Counterclaim. | 0.00 | 0.00 | 0.00 | 0.00 | 0.50 | 0.50 |
| 367 | 2012/11/11 | Meeting with client to prepare for direct testimony of Amit Malhotra and Jagdeep Singh; prepare opening argument; prepare with Deborah Buchholz to directly examine MAKS witnesses; go through the deposition transcripts and my email requests of Jenkins & Jenkins to see what documents they need to provide to us, and issue subpoena for them; respond to their request that Dave Cook be allowed to offer testimony out of order, go through the photos that defendant has entered into evidence with the clients. Response: This entry should not be allowed because it fails to describe how the activity is limited to just defending the Counterclaim. The activity described indicates preparation for Plaintiffs MAKS, Kumar, and Shabbir to prosecute their Amended Complaint. Dave Cook was a witness for EODT, and so responding to the request that he testify out of order could be related to defending the Counterclaim if that time were known. | 15.00 | -15.00 | 0.00 | 0.00 | 15.00 | 0.00 |
| 368 | 2012/11/11 | Met with clients/attys; trial preparation. Response: This entry should not be allowed because it fails to describe how the activity is limited to just defending the Counterclaim | 0.00 | 0.00 | 10.50 | -10.50 | 10.50 | 0.00 |
| 369 | 2012/11/12 | Prepare for trial: prepare exhibits; prepare witnesses. Discuss trial strategy viz. sequencing witnesses. Prepare opening argument. Prepare direct examination of Jag deep on defendants photographic exhibits; supplement our hearsay objection to the emails; prepare demonstrative exhibits for opening and direct examinations; prepare video clips for him impeachment of defense witnesses; create a timeline for each of the modules fabricated by our clients that tracks their completion in complete movements to Karachi delay in Karachi movement through Pakistan. And arrival in Kabul; review jury list sent by the Court. Go through exhibits to ensure accuracy; email corrections to the court. | 14.00 | 14.00 | 0.00 | 0.00 | 14.00 | 14.00 |

| Item | Date | Description | | | | | | |
|---|---|---|---|---|---|---|---|---|
| 370 | 2012/11/12 | Trial preparation.<br>Response: This entry should not be allowed because it fails to describe how the activity is limited to just defending the Counterclaim. The entry appears to be a combined entry from two (2) lawyers, with no indication of which lawyer is performing any given service. Every indication from the entry is that the activity is in preparation for Plaintiffs MAKS, Kumar, and Shabbir to prosecute their Amended Complaint | 0.00 | 0.00 | -14.00 / 0.00 | 14.00 | 14.00 | -14.00 / -14.00 |
| 371 | 2012/11/12 | Preparation for direct testimony of Amit Malhotra.<br>Response: This entry should not be allowed because it fails to describe how the activity is limited to just defending the Counterclaim. See Response to item 369.<br>Response: This entry should not be allowed because it fails to describe how the activity is limited to just defending the Counterclaim. See Response to item 369. Further, witness Amit Malhotra was a witness from MAKS called to trial by Plaintiffs. | 0.00 | 0.00 | 12.00 | 12.00 / -12.00 | 0.00 | 0.00 |
| 372 | 2012/11/13 | Prepare final trial exhibits. Jury Trial Day 1 - Voir Dire held. Jurors sworn. Jury empaneled. Opening: Arguments heard. Plaintiff called witness to testify. Witness sworn and testimony heard. Witness cross-examined; Plaintiffs and Defendants introduced evidence. Exhibits marked and admitted. Court heard arguments regarding EOD Technology's Motion to Present Testimony Out of Order (doc. 294). Court granted motion and permitted witness to testify out of order on the morning of Friday, November 16, 2012. Prepare for continued testimony by Amit Malhotra and cross examination by Jenkins & Jenkins. Consultations with client; attend voire dire and pretrial; opening arguments; direct examination of Amit Malhotra; meeting with client and John Beins and Deborah Buchholz additional trial preparation.<br>Response: This entry should not be allowed. The first day of trial pertained to activity Plaintiff MAKS and Plaintiffs Ajeesh Kumar and Azad Shabbir were required to undertake in prosecution of thier Amended Complaint for breach of the Module Contract, breach of the the Security Contract, Conversion, Trespass, Tortuous Interference with Contracts, failure to abide by the dispute provision, Personal Injury Assault and, significantly, MAKS attempts to obtain punitive damages. Had there been no Counterclaim, all three (3) Plaintiffs would have undertaken Voir Dire, Opening Statement, and the presentation of witnesses Amit Malhotra and Jagdeep Singh as part of their case in chief presenting facts in support of Plaintiffs' Amended Complaint. | 16.00 | -16.00 | 16.00 | 0.00 | 0.00 | 0.00 |
| 373 | 2012/11/13 | Trial preparation: trial; review case facts; work on witness scheduling; and outline of testimony message.<br>Response: This entry should not be allowed. See Response to item 372. | 0.00 | 0.00 | 0.00 | 0.00 | 16.00 | 16.00 |
| 374 | 2012/11/13 | First day - Jury trial; Preparation for direct testimony of Amit Malholtra and Jagdeep Singh. | 0.00 | 0.00 | 15.50 | 15.50 | 0.00 | -16.00 / 0.00 |

| # | Date | Description | | | | | |
|---|------|-------------|---|---|---|---|---|
| | | Response: This entry should not be allowed. See Response to item 372. Without a Counterclaim, Plaintiffs would have been required to have these witnesses testify concerning the facts supporting their demands for affirmative relief in the Amended Complaint. | | | | -15.50 | |
| 375 | 2012/11/14 | Up at 4:15 AM to begin work on gathering documents in preparation for Susan Davis deposition; work to ensure witnesses will be available at trial; attend trial 8:30 through 5:30; Consultations with the client 5:30 through 6:30 PM; work to examine EODT witnesses on claims of deficiencies and Operation Midshipman. Communicate with Court deputy regarding trial photo exhibits; research issues related to fair market value. | 15.00 | 15.00 | 0.00 | 0.00 | 0.00 |
| | | Response: The activity at trial that day (day 2) was the continued prosecution of the Amended Complaint by Plaintiffs MAKS, Kumar, and Shabbir. Accordingly, this entry should not be allowed. Preparing for a deposition of Susan Davis would not be justified because discovery was closed. The witnesses referred to as needing to be available would have been witnesses called by Plaintiffs to support their Amended Complaint. Plaintiffs' interest in Operation Midshipman related to Plaintiffs' tort theories of recovery of conversion, assault, and punitive damages. Issues relating to "fair market value" is a reference to the measure of damges of either MAKS's conversion and/or tresspass damages. Had there been no Counterclaim, Plaintiffs counsel would have undertaking these same activities. | -15.00 | | | | |
| 376 | 2012/11/14 | Trial preparation; trial; fact briefing; questions for Hennessey, Malhotra, and others. | 0.00 | 0.00 | 0.00 | 13.00 | 13.00 |
| | | Response: This entry should not be allowed. See Response to item 375. | | | | | |
| 377 | 2012/11/14 | Second day - Jury trial | 0.00 | 0.00 | 11.30 | 0.00 | 0.00 |
| | | Response: This entry should not be allowed. See Response to item 375. | | | -11.30 | | -13.00 |
| 378 | 2012/11/15 | Begin work at 4:30 AM, preparing direct examination of Henry Mincke, identifying documents to be used at to be entered into evidence consultations with John Beins damage testimony; attend trial 8:30 AM through 5:30 AM; consultations with the client through 7:00 PM; break for dinner; work on continuation of Henry Mincke direct examination; work on Dave Cook cross-examination; work on season David's direct examination. Argue motion on hearsay objections to EODT's exhibit. | 15.00 | 15.00 | 0.00 | 12.00 | 12.00 |

| # | Date | Description | | | | | |
|---|------|-------------|---|---|---|---|---|
| | | Response: Activity in the trial that day (day 3) was the continued prosecution of the Amended Complaint for Plaintiffs MAKS, Kumar, and Shabbir. [Doc. 317]. This entry should not be allowed in its entirety because it fails to describe how the activity is limited to just defending the Counterclaim. The entry appears to be a combined entry from two (2) lawyers, with no indication of which lawyer is performing any given service. Witnesses Henry Mincke and Susan Davis were called by Plaintiffs as part of Plaintiffs' case in chief to prove their Amended Complaint, particularly the alleged Operation Midshipman conversion/conspiracy theory. Witness Dave Cook, permitted to testify out of order, was a witness offered by EODT to defend the alleged breach of the Module Contract claim by MAKS. Ostensibly his testimony related to both EODT's defense of the MAKS suit as well as facts in support of EODT's Counterclaim. Preparing for his testimony would perhaps be necessary to defend the Counterclaim. A time of 4 hours (i.e. reducing the entry by 8 hours for Mr. Beins) would be reasonable and may be allowed. | | | | -15.00 | -8.00 |
| 379 | 2012/11/15 | Third day - Jury trial; Reviewed and printed exhibits for cross-examination of Jagdeep; Reviewed and filed Second Amended Complaint re name change. Response: This entry should not be allowed. See Response to item 378. Preparing witnesses for cross examination would be necessary as part of prosecuting Plaintiffs' case in chief since cross examination is limited by Fed. R. Ev. 611(b) to direct examination. Additionally, work on the Second Amended Complaint had to do with the name change of EODT and not defending the Counterclaim. Further, to the extent three (3) lawyers at counsel table are required for this portion of the trial, the portion of the trial at this point is to prosecute the Original Complaint. | 0.00 | 0.00 | 12.50 | 12.50 | 0.00 |
| 380 | 2012/11/16 | Up at 5:00 to continue preparation for Susan Davis direct examination; attend trial. Response: This entry should not be allowed in its entirety. While this day of the trial (day 4) was during the case in chief of all Plaintiffs, Defense witness Dave Cook was permitted to testify out of order [Doc. 317]. One half of an 8 hour day of trial would not be unreasonable for lead counsel and so allowing 4 hours (i.e. reducing the entry by 8 hours) may be allowed. The other activity pertaining to Susan Davis, a witness called by Plaintiffs MAKS, Kumar, and Shabbir, was her "direct examination" and so such work would have for Plaintiffs case in chief on their Amended Complaint | 12.00 | -8.00 | 0.00 | -12.50 | 0.00 |
| 381 | 2012/11/16 | Trial preparation; trial; work with Hennessey and client on preparation of witness examination. | 0.00 | 0.00 | 0.00 | 12.00 | 12.00 |

| # | Date | Description | | | | | |
|---|------|-------------|---|---|---|---|---|
| 382 | 2012/11/16 | Response: This entry should not be allowed in its entirety. While this day of the trial (day 4) was during the case in chief of all Plaintiffs, Defense witness Dave Cook was permitted to testify out of order [Doc. 317]. While the entry fails to describe how the activity is limited to just defending the Counterclaim, one half of an 8 hour day of trial would not be unreasonable for second chair counsel and so allowing 4 hours (i.e. reducing the entry by 8 hours) is suggested. | 0.00 | 8.80 | 8.80 / -8.80 | 0.00 | -8.00 |
| | | Fourth day - Jury trial; Preparation for direct of Ajeesh. Response: This entry should not be allowed. See Response to item 380. Further, the entry fails to describe how the activity for Plaintiffs' third attorney is limited to just defending the Counterclaim. The matter of preparing for the direct examination of Ajeesh Kumar would be required for Mr. Kumar to prosecute his own peronal injury assault claim for compensatory and punitive damages. | | | | | |
| 383 | 2012/11/17 | All day working session preparing trial schedule, securing court improved translator; identifying additional witnesses and reading through deposition transcripts in preparation; ongoing consultations with John Beins regarding establishing trial facts; review of exhibits it has been admitted and not admitted. | 14.00 | 0.00 | 0.00 | 14.00 | 14.00 / -14.00 |
| | | Response: This entry should not be allowed because it fails to describe how the activity is limited to just defending the Counterclaim. Saturday 11/17/12 was a weekend during the continued presentation of the case in chief of Plaintiffs MAKS, Kumar, and Shabbir. The need for a translator was for Plaintiffs Kumar and Shabbir, and would have been needed regardless of a Counterclaim. | | | | | |
| 384 | 2012/11/17 | Trial preparation, trial; preparation for trial, review depositions of Patton, Kuklok. | 0.00 | 0.00 | 0.00 | 14.00 | 14.00 / -14.00 |
| | | Response: This entry should be allowed. see Response to item 383. Don Patton was a former employee of EODT. His deposition was taken by Plaintiffs MAKS, Kumar, and Shabbir almost exclusively on matters pertaining to a suit he filed against EODT, which suit was deemed inadmissible. See [Doc. 296]. Kevin Kuklok is EODT's ethics and compliance officer. His deposition was taken in furtherance the Amended Complaint of Plaintiffs MAKS, Kumar, and Shabbir. Neither witness had any information probative of EODT's counterclaim. Appropriately, neither witness was called by Plaintiffs at trial | | | | | |
| 385 | 2012/11/17 | Reviewed Ajeesh Depo: prepared outline for direct examination. | 0.00 | 5.50 | 5.50 / -5.50 | 0.00 | 0.00 |
| | | Response: This entry should not be allowed. Review of Plaintiff Ajeesh's deposition and work on his direct examination would have pertained to work on the case in chief for Plaintiff Ajeesh Kumar. | | | | | |
| | 2012/11/18 | Discuss case strategy with John Beins; working lunch with client to discuss case strategy. Work with client to ascertain delivery schedule; begin preparation for deposition LL. Prepare 150 trial exhibits for examination of Les Lunceford work until 2:00 a.m. | 11.00 | 0.00 | 0.00 | 11.00 | 11.00 |

| # | Date | Description | | | | | | |
|---|------|-------------|---|---|---|---|---|---|
| | | Response: This entry should not be allowed because it fails to describe how the activity is limited to just defending the Counterclaim. Sunday 11/18/12 was a weekend during the continued presentation of the case in chief of Plaintiffs MAKS, Kumar, and Shabbir. Les Lunceford was a witness called by Plaintiffs in support of their tort theory of conversion. [Doc. 317] | -11.00 | | | | | |
| 386 | 2012/11/18 | Preparation for trial; trial; continued review of transcripts for determination of direct examination. | 0.00 | 0.00 | 0.00 | 0.00 | 10.00 | 10.00 |
| | | | | | | | | -10.00 |
| | | Response: This entry should not be allowed, see Response to item 385. Work on "direct examination" by definition pertains to work on the case in chief for all Plaintiffs | | | | | | |
| 387 | 2012/11/18 | Reviewed Azad Depo. | 0.00 | 0.00 | 2.00 | 0.00 | 0.00 | 0.00 |
| | | Response: This entry should not be allowed, see Response to item 385. Review of Plaintiff Azad's deposition would have pertained to work on the case in chief for Plaintiff Azad. | | | | -2.00 | | |
| 388 | 2012/11/19 | Up at 6:00 a.m. to continue preparation for direct examination of Les Lunceford; direct examination of Les Lunceford, assist John Beins to prepare for direct examination of Kevin Beamish. React to the fact that Erik Quist had not been subpoenaed. Post-trial, assist Deborah Buchholz with preparing Azad Shabbir and Ajeesh Kumar for direct testimony. | 18.00 | 18.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| | | Response: Activity in the case that day (day 5) was continued presentation of the case in chief for Plaintiffs MAKS, Kumar, and Shabbir. All of the work in the described entry pertained to witness presented at trial for all Plaintiffs, including, it seems, tort plaintiffs Shabbir and Azad. [Doc. 317] Time spent at trial should not be allowed since prosecting the case in chief for all Plaintiffs would have been required of Plaintiffs' counsel regardless of the Counterclaim. The entry further fails to describe how other activity is limited to just defending the Counterclaim. | -18.00 | | | | | |
| 389 | 2012/11/19 | Prepare for examination of Kevin Beamish; trial; continued trial prep. | 0.00 | 0.00 | 0.00 | 0.00 | 12.00 | 12.00 |
| | | Response: This entry should not be allowed, see Response to item 388. | | | | | | -12.00 |
| 390 | 2012/11/19 | Subpoena Erik Quist to office and home; coordinated with JH. | 0.00 | 0.00 | 8.00 | 0.00 | 0.00 | 0.00 |
| | | Response: This entry should not be allowed because it fails to describe how the activity is limited to just defending the Counterclaim. Erik Quist was a witness to be called by Plaintiffs MAKS, Kumar, and Azad in prosecution of their case in chief [Doc. 317]. Also the charge of $1,800.00 (8 x $225) to serve a subpoena is about $1,700.00 above market price for a process server. | | | -8.00 | | | |
| 391 | 2012/11 /20 | Up at 5:30 to prepare for continued examination of Les Lunceford. Attend trial. Attend Trial. | 10.00 | 10.00 | 0.00 | 0.00 | 0.00 | 0.00 |

| # | Date | Description / Response | | | | | | |
|---|------|------------------------|--|--|--|--|--|--|
| | | Response: Activity in the case that day (day 6) was continued presentation of the case in chief for Plaintiffs MAKS, Kumar, and Shabbir. Specifically, tort plaintiff Azad Shabbir was the principal witness that day. [Doc. 317] Time spent at trial should not be allowed since prosecuting the case in chief for all Plaintiffs would have been required of Plaintiffs' counsel regardless of the Counterclaim. The entry further fails to describe how other activity is limited to just defending the Counterclaim | | -10.00 | | | | |
| 392 | 2012/11/20 | Prepare for trial; attend trial; trial preparation. | 0.00 | 0.00 | 0.00 | 0.00 | 10.00 | 10.00 |
| | | Response: This entry should not be allowed, see Response to item 391. | | | | | | -10.00 |
| 393 | 2012/11/20 | Full day of trial. | 0.00 | 0.00 | 8.50 | 8.50 | 0.00 | 0.00 |
| | | Response: This entry should not be allowed, see Response to item 391. | | | | -8.50 | | |
| 394 | 2012/11/21 | No trial: Holiday. | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| | | Response: N/A | | | | | | |
| 395 | 2012/11/22 | No trial: Holiday. | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| | | Response: N/A | | | | | | |
| 396 | 2012/11/23 | Travel and day spent on logistics. | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| | | Response: N/A | | | | | | |
| 397 | 2012/11/24 | Review remaining Defense exhibits; draft, edit, motion to exclude various Defense exhibits on hearsay grounds; telephonic interview of Capt. Schultz; memo to Beins and Buchholz. | 10.50 | 10.50 | 0.00 | 0.00 | 0.00 | 0.00 |
| | | Response: This entry should not be allowed in its entirety. Activity pertaining to the defense exhibits and related motion would be preparation for defending the Counterclaim at this point in the trial. A time of 8 hours (i.e. reducing the entry by 2.5 hours) is suggested. | | -2.50 | | | | |
| 398 | 2012/11/24 | Met with Ajeesh to prepare for direct examination. | 0.00 | 0.00 | 5.50 | 5.50 | 0.00 | 0.00 |
| | | Response: This entry should not be allowed because preparing Ajeesh Kumar to testify would have been required regardless of a Counterclaim since he was a Plaintiff prosecuting his own tort claim. [Doc. 317] | | | | -5.50 | | |
| 399 | 2012/11/25 | Assist with preparation of Ajeesh Kumar for trial testimony; prepare for Les Lunceford's direct testimony and my cross examination; meet with Katherine Schultz to prepare for trial testimony. | 13.00 | 13.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| | | Response: This entry should not be allowed because preparing Ajeesh Kumar to testify would have been required regardless of a Counterclaim since he was a plaintiff prosecuting his own tort claim. Les Lunceford and Katherine Schultz were witnesses presented at trial by Plaintiffs MAKS, Kumar, and Azad as part of their case in chief. [Doc. 317] | | -13.00 | | | | |
| 400 | 2012/11/25 | Prepare for trial (read deposition transcripts of Erik Quist and Susan Davis). | 0.00 | 0.00 | 0.00 | 0.00 | 10.00 | 10.00 |

| No. | Date | Entry / Response | | | | |
|---|---|---|---|---|---|---|
| | | Response: This entry should not be allowed because it fails to describe how the activity is limited to just defending the Counterclaim. Plaintiffs were still presenting their case in chief at this point. Erik Quist was a witness presented at trial by Plaintiffs MAKS, Kumar, and Azad as part of their case in chief. [Doc. 317]. Susan Davis was a witness presented by EODT for the Counterclaim so reviewing her deposition would be reasonable. A time of 3 hours (i.e. reducing the entry by 7 hours) is suggested. | | | | −7.00 |
| 401 | 2012/11/25 | Met with Ajeesh to prepare for direct examination. | 0.00 | 0.00 | 5.00 | 0.00 |
| | | Response: This entry should not be allowed because preparing Ajeesh Kumar to testify would have been required regardless of a Counterclaim since he was a Plaintiff prosecuting his own tort claim. [Doc. 317] | | | −5.00 | |
| 402 | 2012/11/26 | Review documents sought to be admitted by Defendants; email Jenkins & Jenkins; Attend trial; prepare outline for direct examination of Captain Schultz, prepare for cross examination of Les Lunceford with particular emphasis on Exhibit 58. | 19.00 | 19.00 | 0.00 | 0.00 |
| | | Response: Activity in the case that day (day 7) was continued presentation of the case in chief for Plaintiffs MAKS, Kumar, and Shabbir. Specifically, tort plaintiff Ajeesh Kumar was the principal witness that day. [Doc. 317] Time spent at trial should not be allowed since prosecting the case in chief for all Plaintiffs would have been required of Plaintiffs' counsel regardless of the Counterclaim. The entry further fails to describe how other activity is limited to just defending the Counterclaim | | −19.00 | | |
| 403 | 2012/11/26 | Trial preparation. | 0.00 | 0.00 | 0.00 | 14.00 |
| | | Response: This entry should not be allowed because it fails to describe how the activity is limited to just defending the Counterclaim. Activity in the case that day (day 7) was continued presentation of the case in chief for Plaintiffs MAKS, Kumar, and Shabbir. [Doc. 317] | | | | −14.00 |
| 404 | 2012/11/26 | Attend trial. | 0.00 | 0.00 | 8.50 | 0.00 |
| | | Response: This entry should not be allowed, see Response to item 402. | | | −8.50 | 0.00 |
| 405 | 2012/11/27 | Attend trial; after trial work on review of Matt Knetchel deposition to identify sections Defendants sought to be introduced; make preliminary designations of trial transcripts; review proposed jury instructions; assist John Beins to prepare for direct examination of Susan Davis. | 13.00 | 13.00 | 0.00 | 0.00 |
| | | Response: Activity in the case that day (day 8) was the last day of the case in chief for Plaintiffs MAKS, Kumar, and Shabbir. [Doc. 317] Time spent at trial should not be allowed since prosecting the case in chief for all Plaintiffs would have been required of Plaintiffs' counsel regardless of the Counterclaim. The described work after trial, except for preparing to cross-examine Susan Davis would be required of Plaintiffs' counsel without there being a Counterclaim. Preparing to cross-examine Susan Davis should be allowed, and so allowing 3 hours for that activity (i.e. reducing the entry by 10 hours) may be allowed. | | −10.00 | | |

| # | Date | Description | | | | | | |
|---|------|-------------|---|---|---|---|---|---|
| 406 | 2012/11/27 | Prepare for cross examination of Susan Davis; prepare for trial; attend trial; prepare for next trial date.<br><br>Response: This entry should not be allowed in its entirety because time spent for second chair counsel for Plaintiffs MAKS, Kumar, and Shabbir to prosecute their case in chief would have been required of counsel had no Counterclaim been filed. Preparing after trial to cross-examine Susan Davis should be allowed. Allowing 4 hours for that activity (i.e. reducing the entry by 8 hours) may be allowed. | 13.00 | 13.00 | 0.00 | 0.00 | 0.00 | 0.00<br><span style="color:red">-8.00</span> |
| 407 | 2012/11/27 | Attend trial.<br><br>Response: This entry should not be allowed because it fails to describe how a third lawyer at counsel table was required to defend the Counterclaim on a day when the activity in the case was the prosection of the case in chief by Plaintiffs MAKS, Kumar, and Shabbir. | 0.00 | 0.00 | 8.50 | 8.50<br><span style="color:red">-8.50</span> | 0.00 | 0.00 |
| 408 | 2012/11/28 | Attend trial Susan Davis testimony; prepare John Beins for cross examination of Susan Davis.<br><br>Response: Activity in the case this day (day 9) was the first day of EODT's case in chief presenting its Counterclaim. [Doc. 312]. This entry reflects work by counsel in defending the Counterclaim and may be allowed. However, an 18 hour billing day lacks credibility given the significant other entries pertaining to Susan Davis and so a deduction of 10 hours is suggested | 18.00 | 0.00<br><span style="color:red">-10.00</span> | 0.00 | 0.00 | 18.00 | 0.00 |
| 409 | 2012/11/28 | Trial preparation; attend trial; strategy session and fact investigation.<br><br>Response: Based on the activity in the case that day, part of this entry does reflect work by second chair counsel in defending the Counterclaim. A strategy session and investigation is unspecific to defending the Counterclaim. A deduction of 6 hours is suggested. | 0.00 | 14.00 | 0.00 | 0.00 | 14.00 | 14.00<br><span style="color:red">-6.00</span> |
| 410 | 2012/11/28 | Attend trial.<br><br>Response: This entry should not be allowed because it fails to describe how a third lawyer at counsel table was required to defend the Counterclaim. | 0.00 | 0.00 | 8.50 | 8.50<br><span style="color:red">-8.50</span> | 0.00 | 0.00 |
| 411 | 2012/11/29 | Up at 5:30 to review deposition designations of Matt Knetchel deposition; identify deposition excerpts to be introduced by Plaintiffs; file designations with the Court; redact exhibits and send to Court; prepare for trial; prepare for cross examination of Lisa Jacobson and Bill McReynolds by reviewing deposition transcripts; attend trial; work late with Deborah Buchholz and John Beins to prepare closing arguments (2:00 a.m.). | 14.00 | 0.00 | 0.00 | 0.00 | 14.00 | 0.00 |

| # | Date | Entry / Response | | | | | | |
|---|------|------------------|---|---|---|---|---|---|
| | | **Response:** Activity in the case this day (day 10) was the second and last day of EODT's case in chief presenting its Counterclaim and also the rebuttal presentation by Plaintiffs of the deposition of Matt Knetchel, former security guard for EODT at the MAKS compound 10/23/09. [Doc. 314] Counsel for Plaintiffs MAKS, Kumar, and Shabbir would have been required to present a closing argument anyway, and time for this activity should not be allowed. This remainder of the entry reflects work by counsel in defending the Counterclaim. A deduction of 8 hours is suggested. | | | | | 14.00 | 14.00 / −8.00 |
| 412 | 2012/11/29 | Prepare for motions for directed verdict, and other post-trial motions; attend trial.<br>**Response:** This entry should not be allowed in its entirety because it fails to describe how the activity is limited to just defending the Counterclaim. However, activity in the case that day was EODT presenting its Counterclaim and rebuttal proof by Plaintiffs in reading the deposition of Matt Knetchel in support of their tort claims. Post trial motions would have resulted regardless of a Counterclaim. An entry of 6 hours for second chair counsel to attend trial (i.e. reducing the entry by 8 hours) may be allowed. | 0.00 | −8.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| 413 | 2012/11/29 | Attend trial.<br>**Response:** This entry should not be allowed because it fails to describe how a third lawyer at counsel table was required to defend the Counterclaim. | 0.00 | 0.00 | 8.80 | 8.80 / −8.80 | 0.00 | 0.00 |
| 414 | 2012/11/30 | Up at 5:30 a.m. to continue preparation for closing argument; incorporate information into outline; 7:30 a.m. meeting with Deborah Buchholz and John Beins; attend trial; make closing arguments; instructions to the jury.<br>**Response:** Activity in the case this day (day 11) was closing argument, charge to the jury, and awaiting jury deliberations. [Doc. 315] This entry is not limited to defending the Counterclaim and should not be allowed. Had there been no Counterclaim, counsel for Plaintiffs MAKS, Kumar, and Shabbir would have prepared for closing argument and presented closing arguments at trial in prosecution of the Amended Complaint for all Plaintiffs anyway. | 7.00 | 7.00 / −7.00 | 0.00 | 0.00 | 7.00 | 7.00 |
| 415 | 2012/11/30 | Prepare for final day of trial; assist Hennessey with closing arguments; final preparations for motions for directed verdict.<br>**Response:** This entry should not be allowed, see Response to item 415. | 0.00 | 0.00 | 0.00 | 0.00 | 7.00 | 7.00 / 7.00 |
| 416 | 2012/11/30 | Attend trial; await verdict.<br>**Response:** This entry should not be allowed, see Response to item 415. | 0.00 | 0.00 | 8.00 | 8.00 / −8.00 | 0.00 / −7.00 | 0.00 |
| 417 | 2012/12/03 | Waiting time for verdict: attend court where verdict is read and post-trial motions are scheduled. | 3.00 | 3.00 | 0.00 | 0.00 | 0.00 | 0.00 |

| | | | | | | | | |
|---|---|---|---|---|---|---|---|---|
| | Response: Activity in the case this day (day 12) was awaiting the jury verdict. [Doc. 316] This entry is not limited to defending the Counterclaim and should not be allowed. Regardless of a Counterclaim, counsel for Plaintiffs MAKS, Kumar, and Shabbir would have attended Court for the verdict. Further the post trial motions briefing schedule pertained to MAKS election of remedies, not the Counterclaim. See EODT's Motion [Doc. 320] and MAKS's response [Doc. 321]. | | -3.00 | | | | | |
| 418 | 2012/12/03 | Waiting time for verdict; attend court where verdict is read and post-trial motions are scheduled. | 0.00 | 0.00 | 2.70 | 2.70 | 0.00 | 0.00 |
| | | Response: This entry should not be allowed, see Response to item 417. | | | | | | |
| | | | 1221.50 | 88.60 | 351.37 | 8.97 | 204.00 | 30.00 |
| | | | | | | -2.70 | | |

**TOTAL ALLOWED HOURS TO DEFEND THE COUNTERCLAIM**

**JOSEPH HENNESSEY**      88.60

**DEBORAH BUCHHOLZ**      8.97

**JOHN BEINS**      30.00