EODT'S RESPONSE (in Blue) to
MAKS Non-Taxable Costs Claimed in Defendaing Against Counter Claim

Key: EODT's response to each item is in blue text below the item. EODT's suggested deductions are as set forth by negative number in red font below the expense entries. Where EODT conceded some allowability for expense, the item no. is highlighted in yellow.

| Item No. | Date | Description | Amount Claimed / Proposed (deduction) |
|---|---|---|---|
| 1 | 2011/05/11 | JH Travel to Knoxville by bus for hearing. | $13.00 |
| | | 5/25/11. The item [Doc. 370-2, p.6] should not be allowed as an expense incurred in defense of the Counterclaim because the hearing in question on 5/25/11, which resulted in the Order at [Doc. 51] pertained to a scheduling order and Plaintiffs' motion to have Mark Anderson deemed served and other activities unrelated directly to defending the Counterclaim. Also, while MAKS was free to use the attorney of its choice, passing this expense to EODT is limited to attorney billing practices of the venue (i.e. Knoxville area), and it is not customary for Knoxville area attorneys to charge for commuting. See Aff. S. Taylor, par. 15 | -$13.00 |
| 2 | 2011/12/28 | Document Solutions of Knoxville for digitization of EODT document production. | $3,448.11 |
| | | Response: At MAKS's insistence, EODT agreed to split the cost of the digitization of the document production. The total cost to both parties was $6,896.20. This item [Doc. 370-2, p. 9] should not be allowed as an expense incurred in defense of the Counterclaim because the DSI expense to have documents digitized pertained to a discovery request served by Plaintiffs MAKS, Kumar, and Shabbir. The discovery request was extremely broad and is the type of document request that MAKS and Plaintiffs Kumar and Shabbir would have undertaken regardless of a Counterclaim. Further the discovery makes no specific request as it pertains to the Counterclaim. | -$3,448.11 |
| 3 | 2012/05/30 | Bus ticket to Knoxville for depositions (trip cancelled, tickets nonrefundable). | $66.50 |
| | | Response: This item [Doc. 370-2, p. 15] should not be allowed as an expense incurred in defense of the Counterclaim because the expense did not pertain to defending the Counterclaim. The reason for the cancellation of the deposition was that Plaintiffs MAKS, Kumar, and Shabbir attempted to schedule the deposition of former EODT employee Les Lunceford. Plaintiffs MAKS, Kumar, and Azad sought to depose this witness in support of its Original Complaint. See Subpoena at [Doc. 141]. Further the deposition attempted was in viloation of the Court's Order that Plaintiffs be the first to be deposed. Also, the expense is a commuting expense. While MAKS was free to use the attorney of its choice, passing this expense to EODT is limited to attorney billing practices of the venue, and it is not customary for Knoxville area attorneys to charge for commuting. See Aff. S. Taylor, par. 15 | -$66.50 |
| 4 | 2012/06/25 | Megabus DC to Knoxville roundtrip. | $68.50 |
| | | Response: This claimed expense is for Plaintiffs' out of state counsel's commute 6/25/12 to 7/02/12. This item [Doc. 370-2, p. 19] should not be allowed as an expense incurred in defense of the Counterclaim because while MAKS was free to use the attorney of its choice, it is limited to attorney billing practices of the venue (i.e. Knoxville area), and it is not customary for Knoxville area attorneys to charge for commuting. See Aff. S. Taylor, par. 15 | -$68.50 |
| 5 | 2012/06/27 | Carrying case for equipment used for deposition. | $74.19 |

|   |   |   |   |
|---|---|---|---|

    Response: This item [Doc. 370-2, p. 20] should not be allowed as an expense incurred in defense of the counterclaim because it is for a carrying case, an expense Knoxville area attorneys would regard as overhead and not customarily charged to the client. See Aff. S. Taylor, par. 16     **-$74.19**

6    2012/06/28    Dinner Oodles (JH dinner)      $19.90

    Response: After a diligent search of the supporting documents filed at [Doc. 370-2], a receipt, documentation, or other support could not be located, and so the expense item should be denied.      **-$19.90**

7    2012/06/29    FedEx Office (copies of pleadings).      $17.57

    Response: This item [Doc. 370-2, p. 21] should not be allowed as an expense incurred in defense of the Counterclaim because the entry fails to show how the expense is limited to defending the Counterclaim. Furthermore, it is for a small number of black & white copies (145) that a Knoxville area attorney would make on their own office copier as an overhead expense not customarily charged to the client. See Aff. S. Taylor, par. 16      **-$17.57**

8    2012/06/29    Nama Sushi Bar (JH dinner).      $26.22

    Response: This item [Doc. 370-2, p. 23] should not be allowed as an expense incurred in defense of the Counterclaim because the expense is for an evening meal (8:36 pm) and therefore not the type of expense Knoxville area attorneys would charge to the client. See Aff. S. Taylor, par. 15. Additionally, there were no depositions or court proceedings in Knoxville that day. The expense is more related to the counsel of choice for Plaintiffs MAKS, Kumar, and Shabbir having to commute from out of state. While MAKS was free to use the attorney of its choice, passing this expense to EODT is limited by the attorney billing practices of the venue (i.e. Knoxville area), and it is not customary for Knoxville area attorneys to charge for expenses related to commuting. See Aff. S. Taylor, par. 15.      **-$26.22**

9    2012/06/29    Lunch Downtown Grill (Sumit, Deborah, Dunn, Hennessey)      $45.38

    Response: After a diligent search of the supporting documents filed at [Doc. 370-2], a receipt, documentation, or other support could not be located, and so the expense item should be denied.      **-$45.38**

10    2012/06/29    FedEx Office (courtesy copies).      $83.57

    Response: The item is an expense for a CD and scanning 278 pages to the CD. This item [Doc. 370-2, p. 22] should not be allowed as an expense incurred in defense of the Counterclaim because the entry fails to show how the expense is limited to defending the Counterclaim. Also, for the hourly rates proposed by Plaintiffs counsel, it would be expected for Knoxville area counsel charging such rates to have a copier with scanning capabilities and computers capable of placing this small amount of scanned documents on a CD. As such, the item is an expense Knoxville area attorneys would regard as overhead and not customarily charged to the client. See Aff. S. Taylor, par. 16.      **-$83.57**

11    2012/06/30    Nama Sushi Bar (JH dinner).      $29.94

    Response: This item [Doc. 370-2, p. 24] should not be allowed as an expense incurred in defense of the Counterclaim because the expense is for an evening meal (7:31 pm) and therefore not the type of expense Knoxville area attorneys would charge to the client. See Aff. S. Taylor, par. 15. Additoinally, June 30, 2012 was a Sunday, and there were no depositions or court proceedings in Knoxville that day. The expense is furthermore related to the counsel of choice for Plaintiffs MAKS, Kumar, and Shabbir having to commute from out of state. While MAKS was free to use the attorney of its choice, passing this expense to EODT is limited to attorney billing practices of the venue, and it is not customary for Knoxville area attorneys to charge for expenses related to commuting. See Aff. S. Taylor, par. 15 .      **-$29.94**

12    2012/07/01    Nama Sushi Bar (JH dinner).      $35.54

    Response: After a diligent search of the supporting documents filed at [Doc. 370-2], a receipt, documentation, or other support could not be located, and so the expense item should be denied.      **-$35.54**

13    2012/07/02    Hilton Hotel (JH Coffee).      $2.46

Response: After a diligent search of the supporting documents filed at [Doc. 370-2], a receipt, documentation, or other support could not be located, and so the expense item should be denied.   -$2.46

| 14 | 2012/07/02 | Nama Sushi Bar (JH dinner). | $31.02 |

Response: After a diligent search of the supporting documents filed at [Doc. 370-2], a receipt, documentation, or other support could not be located, and so the expense item should be denied.   -$31.02

| 15 | 2012/07/03 | Linkedin to obtain information on Susan Davis. | $24.95 |

Response: While this entry fails to describe how the expense is limited to just defending the Counterclaim, the item is an out-of-pocket expense for online research concerning EODT's principal witness on the Counterclaim, and the expense has a relatainship close enough to defending the Counterclaim.   $0.00

| 16 | 2012/07/03 | Hilton Knoxville (JH, Sumit M. deposition). | $1,209.44 |

Response: The item [Doc. 370-2, p. 30-31] is for a hotel stay 6/26/12 to 7/02/12. Half of the item pertains to MAKS witness Sumit Malhotra attending a deposition in Knoxville concerning, in part, the Counterclaim. The other half of the item should not be allowed as an expense incurred in defense of the Counterclaim because it is the expense for MAKS' out of state counsel to stay at a hotel. While MAKS was free to use the attorney of its choice, passing this expense to EODT is limited to what a Knoxville area attorney would charge. See Aff. S. Taylor, par. 15.   -$604.72

| 17 | 2012/07/05 | Dinner: Oodles Knoxville | $22.83 |

Response: This expense [Doc. 370-2, p. 29] was incurred 7/02/12. The item should not be allowed as an expense incurred in defense of the Counterclaim because it is for an evening meal (8:36) and therfore not the type of expense Knoxville area attorneys would charge to the client. See Aff. S. Taylor, par. 15.   -$22.83

| 18 | 2012/07/05 | Lunch Downtown Grill (JH) | $30.09 |

Response: After a diligent search of the supporting documents filed at [Doc. 370-2], a receipt, documentation, or other support could not be located, and so the expense item should be denied.   -$30.09

| 19 | 2012/07/05 | Megabus Roundtrip to Knoxville/DC (JH) | $78.50 |

Response: This item [Doc. 370-2, p. 32] is for travel by Plaintiffs' out of state counsel from 7/08/12 to 7/13/12. The item should not be allowed as an expense incurred in defense of the counterclaim because the activity occuring in the case at that time was the depostions of MAKS witness Jagdeep Singh on 7/10/12 (see [Doc. 370-2, p. 43]) and assault tort plaintiff Ajeesh Kumar on 7/12/12 (see [Doc. 370-2, p.43]). Also, while MAKS was free to use the attorney of its choice, passing this expense to EODT is limited to attorney billing practices of the venue, and it is not customary for Knoxville area attorneys to charge for commuting. See Aff. S. Taylor, par. 15.   -$78.50

| 20 | 2012/07/07 | Lauren Dunn for Admin, (pull Patton files; copies; assist at depo). | $390.00 |

Response: After a diligent search of the supporting documents filed at [Doc. 370-2], a receipt, documentation, or other support could not be located, and so the expense item should be denied.   -$390.00

| 21 | 2012/07/08 | Megabus (JH) | $81.00 |

Response: This claimed expense is for Plaintiffs' out of state counsel's commute 7/08/12 to 7/13/12. This item [Doc. 370-2, p. 32] should not be allowed as an expense incurred in defense of the Counterclaim because the purpose of the trip was for Plaintiff's counsel to attend the depostions of Plaintiffs and their witnesses. Also, while MAKS was free to use the attorney of its choice, it is limited to attorney billing practices of the venue (i.e. Knoxville area), and it is not customary for Knoxville area attorneys to charge for commuting. See Aff. S. Taylor, par. 15.   -$81.00

| 22 | 2012/07/10 | Calhoun's Restaurant (JH) | $9.42 |

Response: After a diligent search of the supporting documents filed at [Doc. 370-2], a receipt, documentation, or other support could not be located, and so the expense item should be denied.   -$9.42

| 23 | 2012/07/12 | Hilton Restaurant Food (JH) | $22.93 |

|     |            |                                                                                                                                                                                                                                                                                                 |           |
|-----|------------|-------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------|-----------|
|     |            | Response: After a diligent search of the supporting documents filed at [Doc. 370-2], a receipt, documentation, or other support could not be located, and so the expense item should be denied.                                                                                                  | -$22.93   |
| 24  | 2012/07/13 | Uncorked Food (JH)                                                                                                                                                                                                                                                                               | $15.22    |
|     |            | Response: After a diligent search of the supporting documents filed at [Doc. 370-2], a receipt, documentation, or other support could not be located, and so the expense item should be denied.                                                                                                  | -$15.22   |
| 25  | 2012/07/13 | Hampton Inn & Suites (JH, Singh, Kumar)                                                                                                                                                                                                                                                          | $856.51   |

Response: This item [Doc. 370-2, p. 36] is for hotel rooms from 7/9/12 to 7/12/12. This item should not be allowed as an expense incurred in defense of the Counterclaim because the hotel rooms are for Plaintiffs' out of town counsel, MAKS employee Jagdeep Singh and Plaintiff Ajeesh Kumar. The activity occuring in the case at that time was the depostions of MAKS witness Jagdeep Singh on 7/10/12 (see [Doc. 370-2, p. 43]) and assault tort plaintiff Ajeesh Kumar on 7/12/12 (see [Doc. 370-2, p.43]). Because of his original complaint for assault, Mr. Kumar was requried to come to Knoxville and give a deposition, and not to defend the Counterclaim as asserted. Mr. Singh was required to give a deposition because of MAKS having filed the original complaint, and not to defend the Counterclaim. Also, while MAKS was free to use the attorney of its choice, passing this expense to EODT is limited to attorney billing practices of the venue, and it is not customary for Knoxville area attorneys to charge for commuting. See Aff. S. Taylor, par. 15.

|     |            |                                                                                                                                                                                                | |
|-----|------------|------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------|---------|
|     |            |                                                                                                                                                                                                | -$856.51 |
| 26  | 2012/07/18 | Union Station food (JH)                                                                                                                                                                         | $12.62  |
|     |            | Response: After a diligent search of the supporting documents filed at [Doc. 370-2], a receipt, documentation, or other support could not be located, and so the expense item should be denied. | -$12.62 |
| 27  | 2012/07/18 | Union Station (supplies)                                                                                                                                                                        | $13.75  |
|     |            | Response: After a diligent search of the supporting documents filed at [Doc. 370-2], a receipt, documentation, or other support could not be located, and so the expense item should be denied. | -$13.75 |
| 28  | 2012/07/19 | Fed Ex Office (copies for depo)                                                                                                                                                                 | $15.93  |
|     |            | Response: After a diligent search of the supporting documents filed at [Doc. 370-2], a receipt, documentation, or other support could not be located, and so the expense item should be denied. | -$15.93 |
| 29  | 2012/07/19 | FedEx Office (supplies)                                                                                                                                                                         | $85.48  |
|     |            | Response: After a diligent search of the supporting documents filed at [Doc. 370-2], a receipt, documentation, or other support could not be located, and so the expense item should be denied. | -$85.48 |
| 30  | 2012/07/20 | Change fee.                                                                                                                                                                                     | $1.00   |
|     |            | Response: After a diligent search of the supporting documents filed at [Doc. 370-2], a receipt, documentation, or other support could not be located, and so the expense item should be denied. | -$1.00  |
| 31  | 2012/07/20 | Uncorked (dinner)                                                                                                                                                                               | $18.83  |
|     |            | Response: After a diligent search of the supporting documents filed at [Doc. 370-2], a receipt, documentation, or other support could not be located, and so the expense item should be denied. | -$18.83 |
| 32  | 2012/07/23 | Nama Sushi Bar                                                                                                                                                                                  | $51.69  |
|     |            | Response: After a diligent search of the supporting documents filed at [Doc. 370-2], a receipt, documentation, or other support could not be located, and so the expense item should be denied. | -$51.69 |
| 33  | 2012/07/23 | Hotel Expense                                                                                                                                                                                   | $3.00   |
|     |            | Response: After a diligent search of the supporting documents filed at [Doc. 370-2], a receipt, documentation, or other support could not be located, and so the expense item should be denied. | -$3.00  |
| 34  | 2012/07/23 | Add'l Hotel Expense                                                                                                                                                                             | $4.00   |
|     |            | Response: After a diligent search of the supporting documents filed at [Doc. 370-2], a receipt, documentation, or other support could not be located, and so the expense item should be denied. | -$4.00  |

| | | | |
|---|---|---|---|
| 35 | 2012/07/23 | Au Bon Pain (en route to Knoxville) | $5.15 |
| | | Response:  After a diligent search of the supporting documents filed at [Doc. 370-2], a receipt, documentation, or other support could not be located, and so the expense item should be denied. | -$5.15 |
| 36 | 2012/07/23 | Koi Pan Asian (lunch) | $22.14 |
| | | Response:  After a diligent search of the supporting documents filed at [Doc. 370-2], a receipt, documentation, or other support could not be located, and so the expense item should be denied. | -$22.14 |
| 37 | 2012/07/23 | Hampton Inn (JH, A. Malhotra, A. Shabbir) | $356.02 |
| | | Response:  After a diligent search of the supporting documents filed at [Doc. 370-2], a receipt, documentation, or other support could not be located, and so the expense item should be denied. | -$356.02 |
| 38 | 2012/07/31 | FexEx Office (Azad Amit Motion; copies for Guyton) | $38.04 |
| | | Response:  This entry should not be allowed as an expense incurred in defense of the Counterclaim because the entry fails to describe how the expense is limited to defending the Counterclaim.  Furthermore, it is for an expense Knoxville area attorneys would regard as overhead and not customarily charged to the client.  See Aff. S. Taylor, par. 16. | -$38.04 |
| 39 | 2012/08/02 | FedEx Office (photocopies for Judge Guyton for hearing) | $27.81 |
| | | Response:  This entry should not be allowed as an expense incurred in defense of the Counterclaim because the entry fails to describe how the expense is limited to defending the Counterclaim.  Furthermore, it is for an expense Knoxville area attorneys would regard as overhead and not customarily charged to the client.  See Aff. S. Taylor, par. 16. | -$27.81 |
| 40 | 2012/08/05 | Megabus | $67.50 |
| | | Response:  This item [Doc. 370-2, p. 39] is for travel of Plaintiffs' out of state counsel from 7/17/12 to 7/20/12.  The item should not be allowed as an expense incurred in defense of the Counterclaim because the activity in the case at that time was the deposition of MAKS's witness Amit Malhotra 7/18/12 (see [Doc. 370-2. p. 44]) pertaining to MAKS's original Complaint.  Also, while MAKS was free to use the attorney of its choice, to passing this expense to EODT, is limited to attorney billing practices of the venue, and it is not customary for Knoxville area attorneys to charge for commuting. See Aff. S. Taylor, par. 15. | -$67.50 |
| 41 | 2012/08/13 | Additional photocopies | $11.71 |
| | | Response:  After a diligent search of the supporting documents filed at [Doc. 370-2], a receipt, documentation, or other support could not be located, and so the expense item should be denied. | -$11.71 |
| 42 | 2012/08/13 | FedEx Office in Knoxville | $13.99 |
| | | Response:  After a diligent search of the supporting documents filed at [Doc. 370-2], a receipt, documentation, or other support could not be located, and so the expense item should be denied. | -$13.99 |
| 43 | 2012/08/13 | FedEx Courtesy for Guyton on Amit/Azad Suspension. | $27.81 |
| | | Response:  After a diligent search of the supporting documents filed at [Doc. 370-2], a receipt, documentation, or other support could not be located, and so the expense item should be denied. | -$27.81 |
| 44 | 2012/08/13 | Taxi from Knoxville Airport to Hilton | $36.00 |
| | | Response:  This item [Doc. 370-2, p. 50] is cab fare for Plaintiffs' out of state counsel Joe Hennessey.  This item should not be allowed as an expense incurred in defense of the counterclaim.  The activity in the case at that time was the hearing the following day that resulted in Oder [Doc. 225] and did not pertain to the MAKS's defense of the Counterclaim.  Additonally, the expense is rellated to commuting by MAKS counsel.  While MAKS was free to use the attorney of its choice, to passing this expense to EODT is limited to attorney billing practices of the venue, and it is not customary for Knoxville area attorneys to charge for commuting. See Aff. S. Taylor, par. 15. | -$36.00 |
| 45 | 2012/08/13 | FedEx Office | $59.14 |

|    |            |                                                                                                                                                                                                                                                                                                                                                                                                                                        |          |
|----|------------|----------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------|----------|
|    |            | Response:  After a diligent search of the supporting documents filed at [Doc. 370-2], a receipt, documentation, or other support could not be located, and so the expense item should be denied. | -$59.14 |
| 46 | 2012/08/13 | Vinson Detective (Patton Subpoena) | $100.00 |
|    |            | Response:  This item [Doc. 370-2, p. 37] should not be allowed as an expense incurred in defense of the counterclaim because the item is for a process server to serve Don Patton with a deposition subpoena.  Plaintiffs MAKS, Kumar, and Shabbir took the deposition of Don Patton in furtherance of their original complaint, and not to defend the Counterclaim. At his deposition, Mr. Patton was examined exclusively by Mr. Hennessey as it regards a complaint Mr. Patton filed against EODT.  This complaint was deemed inadimissble at trial by order of this court [Doc. 296]. | -$100.00 |
| 47 | 2012/08/13 | Vinson Detective Agency (Quist Davis Subp). | $150.00 |
|    |            | Response:  This item [Doc. 370-2, p. 53] should not be allowed as an expense incurred in defense of the Counterclaim because the item is for a process server to serve EODT employees Erik Quist and Susan Davis with deposition subpoenas.  These individuals were employees of a party and so serving a subpoena to counsel of record is sufficeint.  Serving these individuals at work was simply for harassment.  Further, the subpoenas were for depostiions to take place when the witnesses were known to be unavailable and the subpoeanes were ultimately quashed. [Doc. 180]. | -$150.00 |
| 48 | 2012/08/14 | Burger King (en route to DC) | $6.95 |
|    |            | Response:  This item [Doc. 370-2, p. 54] should not be allowed as an expense incurred in defense of the counterclaim because the expense appears to be for lunch during commuting by Plaintiffs'out of state counsel.  While MAKS was free to use the attorney of its choice, in passing this expense to EODT, it is limited to attorney billing practices of the venue, and it is not customary for Knoxville area attorneys to charge for commuting. See Aff. S. Taylor, par. 15 . | -$6.95 |
| 49 | 2012/08/14 | Cab Hilton-FedEx-Hilton-Court | $15.00 |
|    |            | Response:  This item [Doc. 370-2, p. 57] should not be allowed as an expense incurred in defense of the counterclaim because the hearing August 14, 2012 was not for defending the Counterclaim.  Also, the expense appears to be for commuting by Plaintiffs' counsel, and while MAKS was free to use the attorney of its choice, in passing this expense to EODT, it is limited to attorney billing practices of the venue, and it is not customary for Knoxville area attorneys to charge for commuting. See Aff. S. Taylor, par. 15. | -$15.00 |
| 50 | 2012/08/14 | Cab in Knox (JH rain). | $15.00 -$15.00 |
| 51 | 2012/08/14 | Taxi from Union Station to Home (1:00 a.m.) | $35.00 |
|    |            | Response:  This item [Doc. 370-2, p. 56] should not be allowed as an expense incurred in defense of the Counterclaim because the expense appears to be for commuting by Plaintiffs' counse for the 8/14/12 hearing.  While MAKS was free to use the attorney of its choice, passing this expense to EODT is limited to attorney billing practices of the venue, and it is not customary for Knoxville area attorneys to charge for commuting. See Aff. S. Taylor, par. 15. | -$35.00 |
| 52 | 2012/08/14 | Hilton Knoxville (JH) | $202.24 |
|    |            | Response:  After a diligent search of the supporting documents filed at [Doc. 370-2], a receipt, documentation, or other support could not be located, and so the expense item should be denied. | -$202.24 |
| 53 | 2012/08/14 | US Airways DCA to Knoxville (JH) | $801.80 |
|    |            | Response:  This item [Doc. 370-2, p. 58-59] is for plane fare for Plaintiffs' out of sate attorney to attend the hearing 8/14/12 in Knoxville.  This item should not be allowed as an expense incurred in defense of the Counterclaim because the expense appears to be for commuting by Plaintiffs' counsel.  While MAKS was free to use the attorney of its choice, passiong this expense to EODT is limited to attorney billing practices of the venue, and it is not customary for Knoxville area attorneys to charge for commuting. See Aff. S. Taylor, par.15. . | -$801.80 |
| 54 | 2012/08/24 | Megabus (JH) | $82.50 |

Response: After a diligent search of the supporting documents filed at [Doc. 370-2], a receipt, documentation, or other support could not be located, and so the expense item should be denied.

-$82.50

55    2012/08/27    Hilton Cafe (JH)    $16.26

Response: This lunch item [Doc. 370-2, p. 61] should not be allowed as an expense incurred in defense of the Counterclaim because the activity in the case that day was EODT taking the deposition of tort plaintiff Azad Shabbir. See receipt [Doc. 370-2, p. 89]. This activity was in defense of Mr. Shabbir's Original Complaint and not to defend the counterclaim.

-$16.26

56    2012/08/27    Nama (JH)    $24.74

Response: This item [Doc. 370-2, p. 62] should not be allowed as an expense incurred in defense of the Counterclaim because as set forth above, the activity that day was for Plaintiffs' counsel to attend the required deposition of tort plaintiff Shabbir. Furthermore, this expense is for an evening meal (9:03 pm) and therfore not the type of expense Knoxville area attorneys would charge to the client. See Aff. S. Taylor, par. 15.

-$24.74

57    2012/08/28    Nama (JH)    $42.11

Response: This item [Doc. 370-2, p. 64] should not be allowed as an expense incurred in defense of the Counterclaim because the activity in the case that day was for Plaintiffs' counsel to take the deposition of EODT employee Henry Mincke in furtherance of MAKS's Original Complaint. Furthermore, this expense is for an evening meal (7:14 pm) and therfore not the type of expense Knoxville area attorneys would charge to the client. See Aff. S. Taylor, par. 15.

-$42.11

58    2012/08/29    Hilton Hotel (JH)    $2.46

Response: After a diligent search of the supporting documents filed at [Doc. 370-2], a receipt, documentation, or other support could not be located, and so the expense item should be denied.

-$2.46

59    2012/08/29    Bistro (JH)    $14.05

Response: This lunch item [Doc. 370-2, p. 63 and 65] should not be allowed as an expense incurred in defense of the Counterclaim because the activity in the case that day was counsel for Plaintiffs MAKS, Kumar, and Shabbir taking the depositions of EODT employees M. Cunningham and K. Kuklock in furtherance of their Amended Complaint. These witnesses were asked nothing pertaining to the Counterclaim.

-$14.05

60    2012/08/29    Oodles    $31.11

Response: This item [Doc. 370-2, p. 67] should not be allowed as an expense incurred in defense of the Counterclaim  because the activity in the case that day, as stated above, had nothing to do with the Counterclaim.  Also, this expense is for an evening meal (9:31 pm) and therfore not the type of expense Knoxville area attorneys would charge to the client. See Aff. S. Taylor, par. 15.

-$31.11

61    2012/08/30    Hilton Hotel    $2.13

Response: After a diligent search of the supporting documents filed at [Doc. 370-2], a receipt, documentation, or other support could not be located, and so the expense item should be denied.

-$2.13

62    2012/08/30    Bistro (JH, DB)    $25.67

Response: This lunch item [Doc. 370-2, p. 68] appears to be a lunch expense on a day when MAKS counsel was to take the depostion of EODT damages witness Bill McReynolds.

$0.00

63    2012/08/31    Airport Food (JH)    $4.75

Response: After a diligent search of the supporting documents filed at [Doc. 370-2], a receipt, documentation, or other support could not be located, and so the expense item should be denied.

-$4.75

64    2012/08/31    Airport Food (JH en route to DC)    $5.20

Response: This item [Doc. 370-2, p. 69] should not be allowed as an expense incurred in defense of the Counterclaim because the expense appears to be related to commuting by Plaintiffs' counsel, and while MAKS was free to use the attorney of its choice, passing this expense to EODT is limited to attorney billing practices of the venue, and it is not customary for Knoxville area attorneys to charge for commuting. See Aff. S. Taylor, par. 15.

-$5.20

| 65 | 2012/08/31 | Cab to airport (JH) | $20.00 |
|----|------------|---------------------|--------|

Response:  This item [Doc. 370-2, p. 70] should not be allowed as an expense incurred in defense of the Counterclaim because the expense appears to be related to commuting by Plaintiffs' counsel, and while MAKS was free to use the attorney of its choice, passing the expense to EODT is limited to attorney billing practices of the venue, and it is not customary for Knoxville area attorneys to charge for commuting. See Aff. S. Taylor, par. 15.

-$20.00

| 66 | 2012/08/31 | U.S. Airways (JH) | $25.00 |
|----|------------|-------------------|--------|

Response:  This item [Doc. 370-2, p. 74] should not be allowed as an expense incurred in defense of the Counterclaim because the expense appears to be related to commuting by Plaintiffs' counsel, and while MAKS was free to use the attorney of its choice, passing the expense to EODT is limited to attorney billing practices of the venue, and it is not customary for Knoxville area attorneys to charge for commuting. See Aff. S. Taylor, par. 15.

-$25.00

| 67 | 2012/08/31 | Super Shuttle from airport 38.00 + 10.00 tip (JH) | $48.00 |
|----|------------|---------------------------------------------------|--------|

Response:  After a diligent search of the supporting documents filed at [Doc. 370-2], a receipt, documentation, or other support could not be located, and so the expense item should be denied.

-$48.00

| 68 | 2012/08/31 | U.S. Airways (JH) | $443.10 |
|----|------------|-------------------|---------|

Response:  After a diligent search of the supporting documents filed at [Doc. 370-2], a receipt, documentation, or other support could not be located, and so the expense item should be denied.

-$443.10

| 69 | 2012/09/06 | Donnetta Kocuba Court Reporter 8/14/12 Trans | $174.60 |
|----|------------|----------------------------------------------|---------|

Response:  This item [Doc. 370-2, p. 86] should not be allowed as an expense incurred in defense of the Counterclaim because the entry fails to describe how the expense is limited to defending the Counterclaim.

-$174.60

| 70 | 2012/09/09 | Cab Fare to Union Station (JH) | $31.90 |
|----|------------|-------------------------------|--------|

Response:  After a diligent search of the supporting documents filed at [Doc. 370-2], a receipt, documentation, or other support could not be located, and so the expense item should be denied.

-$31.90

| 71 | 2012/09/09 | Megabus (JH) | $82.50 |
|----|------------|--------------|--------|

Response:  This item [Doc. 370-2, p. 81 and 94] should not be allowed as an expense incurred in defense of the Counterclaim because the expense appears to be commuting by Plaintiffs' counsel.  Further, the activity in the case that week was Plaintiffs' counsel taking the depositions of Les Lunceford [Doc. 370-2, p. 96], Susan Davis [Doc. 370-2, p. 98], Henry Mincke [Doc. 370-2, p. 103], and Erik Quist [Doc. 370-2, p. 109] in furtherance of prosecuting its Original Compaint.  On 8/14/12 Plaintiff did take the depsotions of EODT's countercalim damges witnesses Lisa Jacobson [Doc. 370-2, p. 114] and Kevin Beamish [Doc. 370-2, p. 110].  While MAKS was free to use the attorney of its choice, passing this expense to EODT is limited to attorney billing practices of the venue, and it is not customary for Knoxville area attorneys to charge for commuting. See Aff. S. Taylor, par. 15.

-$82.50

| 72 | 2012/09/11 | Koi & Cocoa Moon (JH) | $23.63 |
|----|------------|-----------------------|--------|

Response:  This item [Doc. 370-2, p. 101] should not be allowed as an expense incurred in defense of the Counterclaim because this expense is for an evening meal (7:55 pm)  and therfore not the type of expense Knoxville area attorneys would charge to the client.  See Aff. S. Taylor, par. 15.

-$23.63

| 73 | 2012/09/12 | Shuck Raw Bar (JH) | $18.10 |
|----|------------|--------------------|--------|

Response:  This item [Doc. 370-2, p. 104] should not be allowed as an expense incurred in defense of the Counterclaim because the activity that day pertained to counsel for Plaintiffs' MAKS, Kumar, and Shabbir in taking the second deposition of Henry Mincke (see [Doc. 370-2, p. 103]) for use by Plaintiffs in their prosecuting their Amended Complaint.  Furthermore, this expense is for an evening meal (8:04 pm)  and therfore not the type of expense Knoxville area attorneys would charge to the client.  See Aff. S. Taylor, par. 15.

-$18.10

| 74 | 2012/09/12 | Hilton Hotel (JH) | $774.45 |
|----|------------|-------------------|---------|

Response: After a diligent search of the supporting documents filed at [Doc. 370-2], a receipt, documentation, or other support could not be located, and so the expense item should be denied.

−$774.45

| 75 | 2012/09/13 | Nama Sushi Bar (JH) | $27.80 |

Response: This item [Doc. 370-2, p. 107] should not be allowed because the activity in the case that day was the deposition of Erik Quist (see [Doc. 370-2, p. 109]) for the purpose of Plaintiffs' Original Complaint. Furthermore, this expense is for an evening meal (7:42 pm) and therfore not the type of expense Knoxville area attorneys would charge to the client. See Aff. S. Taylor, par. 15.

−$27.80

| 76 | 2012/09/14 | FedEx (deposition documents) | $28.76 |

Response: This item [Doc. 370-2, p. 112] should not be allowed as an expense incurred in defense of the Counterclaim because the entry fails to describe how the expense is limited to defending the Counterclaim. The expense appears to be the shipment of a 15 lb. box for an unknown purpose

−$28.76

| 77 | 2012/09/14 | FedEx (deposition documents) | $31.23 |

Response: This item [Doc. 370-2, p. 111] should not be allowed as an expense incurred in defense of the Counterclaim because the entry fails to describe how the expense is limited to defending the Counterclaim. The expense appears to be the shipment of a 17 lb. box for an unknown purpose

−$31.23

| 78 | 2012/09/14 | Hilton Hotel (JH) | $739.08 |

Response: This item is for the out of state attorney for Plaintiffs MAKS, Kumar, and Shabbir to stay in a hotel from 9/10/12 to 9/14/12. This item [Doc. 370-2, p. 113] should not be allowed as an expense incurred in defense of the Counterclaim because the activity taking place that week was Plaintiffs' deposition of former EODT employee Les Lunceford and EODT employees Susan Davis, Henry Mincke, Bill McReynolds, Erik Quist, Lisa Jacobson, and Kevin Beamish. Of these depositions, on the depostions on 8/14/12 of Lisa Jacobson and Kevin Beamish were needed to defend the Counterclaim. However, while MAKS was free to use the attorney of its choice, in passing this expense to EOST, it is limited to attorney billing practices of the venue, and it is not customary for Knoxville area attorneys to charge for commuting. See Aff. S. Taylor, par. 15.

−$739.08

| 79 | 2012/09/20 | Paid FexEx 9/13 Invoice. | $86.64 |

Response: This item [Doc. 370-2, p. 90] should not be allowed as an expense incurred in defense of the Counterclaim because it fails to describe how the expense is limited to defending the Counterclaim. The expense appears to be overnight delivery charges for an unknown requirement.

−$86.64

| 80 | 2012/09/20 | FedEx Office: Cost of Reproduction of Exhibits for Depositions | $1,004.33 |

Response: This item [Doc. 370-2, p. 91-92] should not be allowed as an expense incurred in defense of the Counterclaim because the entry fails to describe how the expense is limited to just defending the Counterclaim. The expense appears to be black & white copies of a Susan Davis depostiion and a Henry Mincke deposition for an unknown purpose

−$1,004.33

| 81 | 2012/09/24 | DSI July 12,2012 Invoice. | $36.18 |

Response: This item [Doc. 370-2, p. 128 and p. 35] should not be allowed as an expense incurred in defense of the Counterclaim because the entry fails to describe how the expense is limited to just defending the Counterclaim. The expense appears to be 48 black & white copies for an unknown purpose. Furthermore, making 48 photocopies would be regarded as overhead by Knoxville area attorneys and not charged to the client. See Aff. S. Taylor, par. 15.

−$36.18

| 82 | 2012/09/24 | Witness Fees | $399.40 |

Response: This item [Doc. 370-2, p. 129] should not be allowed as an expense incurred in defense of the Counterclaim because the entry fails to describe how the expense is limited to defending the Counterclaim. The expense appears to be reimbursement to Deborah Buchholz for witnesses fees for unknown witnesses and for unknown circumstances.

−$399.40

| 83 | 2012/10/15 | FedEx for assembly and delivery of Filing | $79.57 |

| | | | |
|---|---|---|---:|
| | | Response: This item [Doc. 370-2, p. 133] should not be allowed as an expense incurred in defense of the Counterclaim because the expense is in furtherance of the Original Complaint of Plaintiffs MAKS, Kumar, and Shabbir, and is not in defense of the Counterclaim. The expense is $63.69 in charges for binding and/or copying and $9.99 in shipping charges for Plaintiffs MAKS, Kumar, and Shabbir's motion to file an Amended Complaint [Doc. 261] which was not granted. See Minute Entry [Doc. 273]. | -$79.57 |
| 84 | 2012/10/19 | DSI: Invoice for deposition exhibits. | $8.03 |
| | | Response: This item [Doc. 370-2, p. 230] should not be allowed as an expense incurred in defense of the Counterclaim because it fails to describe how the expense is limited to defending the Counterclaim. The expense receipt and the description do not demonstrate the purpose is to defend the Counterclaim. | -$8.03 |
| 85 | 2012/10/19 | Hilton additional bill 8/15/12 (JH) | $15.79 |
| | | Response: After a diligent search of the supporting documents filed at [Doc. 370-2], a receipt, documentation, or other support could not be located, and so the expense item should be denied. | -$15.79 |
| 86 | 2012/10/21 | Downtown Grill. (JH) | $11.36 |
| | | Response: This item [Doc. 370-2, p. 142] was for an expense incurred 10/21/12. The item should not be allowed as an expense incurred in defense of the Counterclaim because October 21 was the Sunday before the Pre-trial conference, and so related to commuting by Plaintiffs' counsel. | -$11.36 |
| 87 | 2012/10/23 | Purchase of New Computer to process high volume of documents produced by EODT. | $847.47 |
| | | Response: This item [Doc. 370-2, p. 155 and 247] should not be allowed as an expense incurred in defense of the Counterclaim because the entry fails to describe how the expense is limited to defending the Counterclaim. Also, EODT produced a high volume of documents almost a year earlier (see [Doc. 370-2. p. 9]), which opposing counsel was able to process with prior equipment since the documents produced were used by Plaintiffs' counsel in prior depositions and proceedings. Furthermore, purchasing a computer and related items is an expense Knoxville area attorneys regarded as overhead and not customarily charged to the client. See Aff. S. Taylor, par. 16. | -$847.47 |
| 88 | 2012/10/31 | Hilton Hotel | $2.46 |
| | | Response: This item [Doc. 370-2, p. 138 and 146] is for an expense dated October 21, 2012 for an unknown requirement. The item should not be allowed as an expense incurred in defense of the Counterclaim because the entry fails to describe how the expense is limited to defending the Counterclaim. | -$2.46 |
| 89 | 2012/10/31 | FedEx Office 1016615908651230 | $11.12 |
| | | Response: This item [Doc. 370-2, p. 263-264] should not be allowed as an expense incurred in defense of the Counterclaim because the entry fails to describe how the expense is limited to just defending the Counterclaim. The expense appears to be some processing or scanning of the 7/11/12 Matt Knetchel deposition for an unknown purpose. Matt Knetchel was an PSD emplyee of EODT present at the MAKS compund 10/23/09. The deposition of Mr. Knetchel was not used by EODT at trial in furtherance of its Counterclaim. | -$11.12 |
| 90 | 2012/10/31 | Downtown Grill Breakfast | $11.66 |
| | | Response: This 10/21/12 lunch (11:44 pm) item [Doc. 370-2, p. 142] should not be allowed as an expense incurred in defense of the Counterclaim because the entry fails to describe how the expense is limited to defending the Counterclaim. The date of the receipt, October 21, 2012, was a Sunday, and so the item is an expense likely related to commuting by Plaintiffs' counsel. While MAKS was free to use the attorney of its choice, passing this expense to EODT is limited to attorney billing practices of the venue, and it is not customary for Knoxville area attorneys to charge for commuting. See Aff. S. Taylor, par. 15. | -$11.66 |
| 91 | 2012/10/31 | FedEx Office 1016209924916545 | $12.14 |
| | | Response: This item [Doc. 370-2, p. 255-256] should not be allowed as an expense incurred in defense of the Counterclaim because the entry fails to describe how the expense is limited to defending the Counterclaim. The expense appears to be some processing or scanning of the 9/11/12 Susan Davis deposition for an unknown purpose | -$12.14 |
| 92 | 2012/10/31 | FedEx Office 1016013453575883 | $12.39 |

Response: This item [Doc. 370-2, p. 249] should not be allowed as an expense incurred in defense of the Counterclaim because the entry fails to describe how the expense is limited to defending the Counterclaim. The expense appears to be some processing or scanning of the 7/02/12 Susan Davis deposition for an unknown purpose -$12.39

| 93 | 2012/10/31 | FedEx 10/26 | $15.65 |

Response: This item [Doc. 370-2, p. 158] should not be allowed as an expense incurred in defense of the Counterclaim because the entry fails to describe how the expense is limited to defending the Counterclaim. -$15.65

| 94 | 2012/10/31 | Hilton Restaurant | $16.46 |

Response: The expense was incurred on 10/22/12. This item [Doc. 370-2, p. 149] should not be allowed as an expense incurred in defense of the Counterclaim because the entry fails to describe how the expense is limited to defending the Counterclaim. The expense appears to be from Hilton Hotel for an unknown requirement. -$16.46

| 95 | 2012/10/31 | Certificate of Good Standing for J. Beins pro hac vice application. | $18.00 |

Response: This item [Doc. 370-2, p. 162] should not be allowed as an expense incurred in defense of the Counterclaim because the expense pertains to seeking the admission *pro hac vice* for John Beins who served as counsel at trial for Plaintiffs MAKS, Kumar, and Shabbir. Regardless of the counterclaim, to appear as counsel for all Plaintiffs, this expense was required. -$18.00

| 96 | 2012/10/31 | Nama Rest. | $20.60 |

Response: This item [Doc. 370-2, p. 150-151] was for an expense incurred 10/22/12. The item should not be allowed as an expense incurred in defense of the Counterclaim because the activity in the case that day was the Pre-trial Conference 10/22/12 [Doc. 273] . Regardless of the Counterclaim, the attorney for Plaintiffs MAKS, Kumar, and Shabbir was required to attend. Furthermore, this expense is for an evening meal (6:54 pm) and therefore not the type of expense Knoxville area attorneys would charge to the client. See Aff. S. Taylor, par. 15. -$20.60

| 97 | 2012/10/31 | Calhoon's Dinner | $36.79 |

Response: This item [Doc. 370-2, p. 141] was for an expense incurred 10/21/12. The item should not be allowed as an expense incurred in defense of the Counterclaim because October 21 was the Sunday before the Pre-trial conference, and so related to commuting by Plaintiffs' counsel. Furthermore, this expense is for an evening meal (8:35 pm) and therefore not the type of expense Knoxville area attorneys would charge to the client. See Aff. S. Taylor, par. 15. -$36.79

| 98 | 2012/10/31 | FedEx 10/24 | $42.45 |

Response: This item [Doc. 370-2, p. 157] should not be allowed as an expense incurred in defense of the Counterclaim because the entry fails to describe how the expense is limited to defending the Counterclaim. The expense appears to be overnight delivery charges for an unknown requirement. -$42.45

| 99 | 2012/10/31 | FedEx Office Order 1016357494832875 | $47.39 |

Response: This item [Doc. 370-2, p. 259] should not be allowed as an expense incurred in defense of the Counterclaim because the entry fails to describe how the expense is limited to defending the Counterclaim. The expense appears to be scanning depositions for an unknown requirement. -$47.39

| 100 | 2012/10/31 | FedEx Office Order 1013426328057996 | $58.52 |

Response: This item [Doc. 370-2, p. 261-262] should not be allowed as an expense incurred in defense of the Counterclaim because item is in furtherance of the Complaint of Plaintiffs MAKS, Kumar, and Shabbir and is not in defense of the Counterclaim. -$58.52

| 101 | 2012/10/31 | FedEx Office 1016291981398522 | $69.97 |

Response: This item [Doc. 370-2, p. 159 and 257-258] should not be allowed as an expense incurred in defense of the Counterclaim because the entry fails to describe how the expense is limited to defending the Counterclaim. The expense appears to be scanning depositions for an unknown requirement. -$69.97

| 102 | 2012/10/31 | Megabus | $70.50 |

Response: This item [Doc. 370-2, p. 139] should not be allowed as an expense incurred in defense of the Counterclaim because the expense appears to be commuting by Plaintiffs' counsel 10/20 to 10/22, and while MAKS was free to use the attorney of its choice, it is limited to attorney billing practices of the venue, and it is not customary for Knoxville area attorneys to charge for commuting. See Aff. S. Taylor, par. 15. Further, the activity in the case at the time was the Pre-trial Conference 10/22/12 [Doc. 273] and regardless of the Counterclaim, counsel for Plaintiffs MAKS, Kumar, and Shabbir was required to attend anyway.                                                                                      -$70.50

| 103 | 2012/10/31 | FedEx Office 1016177539078337 | $79.57 |

Response: This item [Doc. 370-2, p. 133, 253] should not be allowed as an expense incurred in defense of the Counterclaim because the entry fails to describe how the expense is limited to defending the Counterclaim. The expense appears to be scanning depositions for an unknown requirement.                                                                                      -$79.57

| 104 | 2012/10/31 | Hilton Check out | $140.70 |

Response: This item [Doc. 370-2, p. 148 and 154] should not be allowed as an expense incurred in defense of the Counterclaim. The expense is for a hotel room for counsel for Plaintiffs MAKS, Kumar, and Shabbir 10/2/121 to 10/22/12 for said counsel to attend the Pre-trial conference 10/22/12 [Doc. 273]. Regardless of the Counterclaim, counsel for MAKS, Kumar, and Shabbir would have been required to attend in prosectuion of the Original Complaint. Also, while MAKS was free to use the attorney of its choice, passing this expense to EODT is limited to attorney billing practices of the venue, and it is not customary for Knoxville area attorneys to charge for expenses related to commuting. See Aff. S. Taylor, par. 15.                                                                                      -$140.70

| 105 | 2012/11/01 | FedEx Office Order GTN 1016099662639972 | $9.36 |

Response: This item [Doc. 370-2, p. 251 and 252] should not be allowed as an expense incurred in defense of the Counterclaim because the entry fails to describe how the expense is limited to defending the Counterclaim. The expense appears to be scanning several depositions for an unknown requirement.                                                                                      -$9.36

| 106 | 2012/11/02 | iPad Connector for Video | $31.79 |

Response: This item [Doc. 370-2, p. 165] should not be allowed as an expense incurred in defense of the Counterclaim because purchasing computer related items is an expense Knoxville area attorneys would regard as overhead and not customarily charged to the client. See Aff. S. Taylor, par. 16.                                                                                      -$31.79

| 107 | 2012/11/03 | Vinson Detective Agency: Trial Subpoenas. | $130.00 |

Response: This item [Doc. 370-2, p. 153] was an expense incurred on 10/22/12. The item should not be allowed as an expense incurred in defense of the Counterclaim because it is for process server fees for MAKS to serve a Summons and Complaint for MAKS's seperate Loudon County lawsuit against EODT employee Susan Davis and for service of a Summons and Complaint for MAKS's seperate Knox County lawsuit against former EODT employee Les Lunceford. These suits were filed for the purpose of witness intimidation, harrassment, and annoyance.                                                                                      -$130.00

| 108 | 2012/11/06 | Fed.Ex for Varlan Copy of Opposition Brief. | $35.87 |

Response: This item [Doc. 370-2, p. 168] should not be allowed as an expense incurred in defense of the Counterclaim because the entry fails to describe how the expense is limited to defending the Counterclaim. The expense appears to be scanning several depositions for an unknown requirement.                                                                                      -$35.87

| 109 | 2012/11/06 | Invoice from Corporate Quarters for Suite. | $2,421.40 |

Response: This item [Doc. 370-2, p. 172, 173, and 239] should not be allowed as an expense incurred in defense of the Counterclaim because it fails to describe how the expense is limited to defending the Counterclaim. The expense item appears to be for accomodations from 11/10/12 to 11/30/12 for MAKS personnel and/or counsel, which accomodations whould have been required anyway for them to prosecute their Amended Complaint.                                                                                      -$2,421.40

| 110 | 2012/11/09 | Corporate Quarters. | $2,055.80 |

|     |            |                                                                                                                                                                                                                                                                                                                                                        |            |
|-----|------------|--------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------|------------|
|     |            | Response:  This item [Doc. 370-2, p. 171, 173, and 240] should not be allowed becausebecause it fails to describe how the expense is limited to defending the Counterclaim.  The expense item appears to be for accomodations from 11/10/12 to 11/30/12 for MAKS personnel and/or counsel, which accomodations whould have been required anyway for them to prosecute their Amended Complaint. | -$2,055.80 |
| 111 | 2012/11/09 | Corporate Quarters.                                                                                                                                                                                                                                                                                                                                    | $2,623.30  |
|     |            | Response:  This item [Doc. 370-2, p. 170, 173, and 236] should not be allowed becausebecause it fails to describe how the expense is limited to defending the Counterclaim.  The expense item appears to be for accomodations from 11/10/12 to 11/30/12 for MAKS personnel and/or counsel, which accomodations whould have been required anyway for them to prosecute their Amended Complaint. | -$2,623.30 |
| 112 | 2012/11/10 | Marathon Gas.                                                                                                                                                                                                                                                                                                                                          | $50.00     |
|     |            | Response:  This item [Doc. 370-2, p. 177 and 178] should not be allowed as an expense incurred in defense of the Counterclaim.  The expense item appears to be for gasoline on 11/10/12.  Based on other court filings,  the expense apperas to be for Plaintiffs Kumar and Shabbir and others to drive from Virginia to Knoxville to attend their trial in prosecution of their Original Complaint.  Regardless of a Counterclaim, Plaintiffs would have incurred this expense anyway. | -$50.00    |
| 113 | 2012/11/11 | John Beins Flight.                                                                                                                                                                                                                                                                                                                                     | $535.10    |
|     |            | Response:  This item [Doc. 370-2, p. 179-183] should not be allowed as an expense incurred in defense of the Counterclaim.  The expense is for air fare for out of state counsel for Plaintiffs MAKS, Kumar, and Shabbir to commute to trial to prosecute the Original Complaint for these Plaintiffs.  Had there been no Counterclaim, counsel for these Plaintiffs would have been requried to come to trial anyway.  Further, while MAKS was free to use the attorney of its choice, it is limited to attorney billing practices of the venue, and it is not customary for Knoxville area attorneys to charge for commuting related expenses. See Aff. S. Taylor, par. 15. | -$535.10   |
| 114 | 2012/11/12 | Weigles Gas station (en route to Knoxville)                                                                                                                                                                                                                                                                                                            | $5.22      |
|     |            | Response:  After a diligent search of the supporting documents filed at [Doc. 370-2], a receipt, documentation, or other support could not be located, and so the expense item should be denied.                                                                                                                                                        | -$5.22     |
| 115 | 2012/11/12 | Texas Roadhouse Dinner for JB and JH.                                                                                                                                                                                                                                                                                                                  | $45.79     |
|     |            | Response:  This item [Doc. 370-2, p. 186] should not be allowed as an expense incurred in defense of the Counterclaim.  The expense is for out of state counsel for MAKS, Kumar, and Shabbir to have an evening meal the day before trial, which trial was for these Plaintiffs to proscute the Original Complaint.  Further, the expense is more related to commuting by these attorneys.  While these Plaintiffs were free to use the attorney of choice, passing this expense to EODT is limited to attorney billing practices of the venue, and it is not customary for Knoxville area attorneys to charge for commuting related expenses. See Aff. S. Taylor, par. 15 .   Also, the expense is for dinner, an evening meal and therefore not the type of expense Knoxville area attorneys would charge to the client.  See Aff. S. Taylor, par. 15. | -$45.79    |
| 116 | 2012/11/14 | Texas Roadhouse Dinner JH JB                                                                                                                                                                                                                                                                                                                           | $50.72     |
|     |            | Response:  This item [Doc. 370-2, p. 193 and 272] should not be allowed as an expense incurred in defense of the Counterclaim.  The expense is for out of state counsel for MAKS, Kumar, and Shabbir to have an evening meal after the second day of trial.  The activity in the case that day was Plaintiffs MAKS, Kumar, and Shabbir prosecuting their Original Complaint.  Further, the expense is more related to commuting by these attorneys.  While these Plaintiffs were free to use the attorney of choice, passing this expense to EODT is limited to attorney billing practices of the venue, and it is not customary for Knoxville area attorneys to charge for commuting related expenses. See Aff. S. Taylor, par. 15.   Also, the expense is for dinner (7:23 pm), an evening meal and therefore not the type of expense Knoxville area attorneys would charge to the client.  See Aff. S. Taylor, par. 15. | -$50.72    |
| 117 | 2012/11/14 | FedEx Office Copies for Trial Exhibits.                                                                                                                                                                                                                                                                                                                | $264.51    |

Response: This item [Doc. 370-2, p. 189] should not be allowed because it fails to describe how the expense is limited to just defending the Counterclaim as an expense incurred in defense of the Counterclaim. The expense item is stated to be copies of trial exhibits. This appears to be copies of the trial exhibits for Plaintiffs MAKS, Kumar, and Shabbir that the Scheduling Order required these Plaintiffs to provide to the Court for trial. The entry fails to demonstrate how the expense is limited to defending the Counterclaim when virtually all Plaintiffs' trial exhibits pertained to the Original Complaint filed by MAKS, Kumar, and Shabbir.

| | | | |
|---|---|---|---|
| | | | -$264.51 |
| 118 | 2012/11/14 | JH Airfare. | $559.20 |

Response: This item [Doc. 370-2, p. 190 - 192] is air fare for out of state counsel for Plaintiffs MAKS, Kumar, and Shabbir to fly from Knoxville to Boston on Wednesday 11/21/12 and return from Boston to Knoxville on Friday 11/23/12. This was during the recess in the trial for the Thanksgiving holiday. The activity during the trial at this point was the case in chief for Plaintiffs MAKS, Kumar, and Shabbir in prosecution of the Original Complaint. Further, the expense is more related to commuting by this attorney. While these Plaintiffs were free to use the attorney of choice, passing this expense to EODT is limited to attorney billing practices of the venue, and it is not customary for Knoxville area attorneys to charge for commuting related expenses. See Aff. S. Taylor, par. 15. Had there been no Counterclaim, counsel for these Plaintiffs would have been requried to come to trial and presumably commute somewhere for the holiday.

| | | | |
|---|---|---|---|
| | | | -$559.20 |
| 119 | 2012/11/15 | Steamboat Sandwiches. | $20.21 |

Response: This item [Doc. 370-2, p. 197-198] should not be allowed as an expense incurred in defense of the Counterclaim. On this day of the trial, Plaintiffs MAKS, Kumar, and Shabbir were presenting their case in chief in prosecution of their Original Complaint. [Doc. 317. Had there been no Counterclaim, Plaintiffs would have incurred this expense anyway.

| | | | |
|---|---|---|---|
| | | | -$20.21 |
| 120 | 2012/11/15 | Tomo Japanese Restaurant. | $40.06 |

Response: This item [Doc. 370-2, p. 199, 200, and 274] should not be allowed as an expense incurred in defense of the Counterclaim. On this day of the trial, Plaintiffs MAKS, Kumar, and Shabbir were presenting their case in chief in prosecution of their Oringinal Complaint. [Doc. 317]. Additionally, the expense is for an evening meal (7:17 pm) for the attorney for all Plaintiffs and is also not the type of expense Knoxville area attorneys would charge to the client. See Aff. S. Taylor, par. 15.

| | | | |
|---|---|---|---|
| | | | -$40.06 |
| 121 | 2012/11/15 | Office Depot Knoxville (paper and ink) | $84.65 |

Response: This item [Doc. 370-2, p. 195 and 196] should not be allowed as an expense incurred in defense of the Counterclaim because the entry fails to describe how the expense is limited to defending the Counterclaim. Furthermore, the expense is for toner, an expense Knoxville area attorneys would regard as overhead and not customarily charged to the client. See Aff. S. Taylor, par. 15.

| | | | |
|---|---|---|---|
| | | | -$84.65 |
| 122 | 2012/11/16 | Weigles Fuel. | $56.00 |

Response: After a diligent search of the supporting documents filed at [Doc. 370-2], a receipt, documentation, or other support could not be located, and so the expense item should be denied.

| | | | |
|---|---|---|---|
| | | | -$56.00 |
| 123 | 2012/11/17 | Hotel for Capt. Schultz. | $319.79 |

Response: This item [Doc. 370-2, p. 202] should not be allowed as an expense incurred in defense of the Counterclaim. Capt. Shultz was a witness called on 11/27 /12 [Doc. 317] by Plaintiffs MAKS, Kumar, and Shabbir as part of their case in chief in prosecuting their Original Complaint. The main area of testimony offered by these Plaintiffs through this witness was that EODT did seek, nor did the US government approve, advanced permission to recover the modules at the MAKS compound 10/23/09. This testimony was probaitve of MAKS's conversion claim for compensatory and punitive damages against EODT. Regardless of a Counterclaim, Plaintiffs would have called this witness as part of its case anyway.

| | | | |
|---|---|---|---|
| | | | -$319.79 |
| 124 | 2012/11/17 | Airfare for Translator Panoom Magar. | $1,854.20 |

Response: This item [Doc. 370-2, p. 203 and 204] should not be allowed as an expense incurred in defense of the Counterclaim. Plaintiffs Ajeesh Kumar and Azad Shabbir needed a translator to testify as part of their case in chief in prosecuting their individual assault tort and punitive damages claims. Regardless of a counterclaim. Plaintiffs would have needed a translator to prosecute their case.   -$1,854.20

| 125 | 2012/11/20 | Parking Garage. | $10.00 |

Response: This item [Doc. 370-2, p. 210] should not be allowed as an expense incurred in defense of the Counterclaim. On this day of the trial, Plaintiffs MAKS, Kumar, and Shabbir were prosecuting their Original Complaint. While the entry does not identify who's vehicle is being parked, had their been no Counterclaim, the person(s) incurring the expenese from Plaintiffs side would have incurred this expense anyway.   -$10.00

| 126 | 2012/11/20 | Steamboat Sandwiches. | $11.30 |

Response: After a diligent search of the supporting documents filed at [Doc. 370-2], a receipt, documentation, or other support could not be located, and so the expense item should be denied.   -$11.30

| 127 | 2012/11/20 | Shoney's Restaurant. | $39.03 |

Response: This item [Doc. 370-2, p. 185] should not be allowed as an expense incurred in defense of the Counterclaim. On this day of the trial, Plaintiffs MAKS, Kumar, and Shabbir were presenting their case in chief in prosecution of their Original Complaint. [Doc. 317]. Furthermore, this expense is for an evening meal (8:23 pm) and therefore not the type of expense Knoxville area attorneys would charge to the client. See Aff. S. Taylor, par. 15.   -$39.03

| 128 | 2012/11/23 | Food at O'Hare Airport (en route from Knoxville) | $8.07 |

Response: This item [Doc. 370-2, p. 213] should not be allowed as an expense incurred in defense of the Counterclaim. 11/23/12 was the Friday of Thanksgiving break and there was no court that day. The expense is clearly related to commuting by Plaintiffs' counsel and therefore not the type of expense Knoxville area attorneys would charge to the client. See Aff. S. Taylor, par. 15.   -$8.07

| 129 | 2012/11/23 | Airport Parking Garage. | $30.00 |

Response: After a diligent search of the supporting documents filed at [Doc. 370-2], a receipt, documentation, or other support could not be located, and so the expense item should be denied.   -$30.00

| 130 | 2012/11/23 | Replacement Microsoft Software to Replace that Damaged in Court. | $296.75 |

Response: After a diligent search of the supporting documents filed at [Doc. 370-2], a receipt, documentation, or other support could not be located, and so the expense item should be denied.   -$296.75

| 131 | 2012/11/23 | Replacement Laptop. | $436.99 |

Response: This item [Doc. 370-2, p. 267] should not be allowed as an expense incurred in defense of the Counterclaim. The expense is for a lap top computer, an expense Knoxville area attorneys would regard as overhead and not customarily charged to the client. See Aff. S. Taylor, par. 16. Also, based on the date of the purchase (11/23/12) Plaintiffs MAKS, Kumar, and Shabbir had not yet finished their case in chief. [Doc. 317.]. Therefore, the claimed computer failure requiring replacement was an expense attendant to these Plaintiffs prosecuting their Original Complaint   -$436.99

| 132 | 2012/11/24 | Upgrade Dropbox for additional storage. | $9.99 |

Response: After a diligent search of the supporting documents filed at [Doc. 370-2], a receipt, documentation, or other support could not be located, and so the expense item should be denied.   -$9.99

| 133 | 2012/11/24 | Food City Replacement food for Apt. | $130.75 |

Response: This item [Doc. 370-2, p. 215 - 217] should not be allowed as an expense incurred in defense of the Counterclaim. The food purchase occurred Saturday 11/24/12 during the Thanksgiving holiday recess. While there was no court that day, Plaintiffs MAKS, Kumar, and Shabbir were still presenting their case in chief for their Original Complaint.   -$130.75

| 134 | 2012/11/25 | Poonam Magar Cab Fare. | $50.25 |

Response: This item [doc. 370-2, p. 269] is for the cab fare for the translator needed by Plaintiffs' Kumar and Shabbir. This item should not be allowed as an expense incurred in defense of the Counterclaim because Plaintiffs Ajeesh Kumar and Azad Shabbir needed a translator to testify as part of their case in chief in prosecuting their individual assault tort and punitive damages claims. Regardless of a Counterclaim, Plaintiffs would have needed a translator to prosecute their case.    -$50.25

| 135 | 2012/11/25 | Diner for Briefing of Capt. Schultz. | $59.16 |

Response: This item [Doc. 370-2, p. 218] should not be allowed as an expense incurred in defense of the Counterclaim. While the expense is for an evening meal (8:27 pm), the purpose is for counsel for Plaintiffs MAKS, Kumar, and Shabbir to meet with a witness (Capt. Shultz). The purpose of Captain Shultz's testimony was to testify for Plaintiffs MAKS, Kumar, and Shabbir as part of their case in chief on the Original Complaint.    -$59.16

| 136 | 2012/11/25 | John Beins Flight. | $600.70 |

Response: After a diligent search of the supporting documents filed at [Doc. 370-2], a receipt, documentation, or other support could not be located, and so the expense item should be denied.    -$600.70

| 137 | 2012/11/26 | Parking | $10.00 |

Response: After a diligent search of the supporting documents filed at [Doc. 370-2], a receipt, documentation, or other support could not be located, and so the expense item should be denied.    -$10.00

| 138 | 2012/11/26 | Steamboat Sandwiches. | $13.77 |

Response: This expense should not be allowed. While this item [Doc. 370-2, p. 220] is for lunch during trial 11/26/12, the activity was Plaintiffs continued presentation of its case in chief.    -$13.77

| 139 | 2012/11/26 | Courtyard Grill Alcoa. | $31.84 |

Response: This item [Doc. 370-2, p. 219] should not be allowed as an expense incurred in defense of the Counterclaim because it fails to describe how the expense is limited to just defending the Counterclaim. Furthermore, this expense is for dinner (6:52 pm) and therefore not the type of expense Knoxville area attorneys would charge to the client. See Aff. S. Taylor, par. 15.    -$31.84

| 140 | 2012/11/26 | Poonam Magar Cab Fare. | $38.50 |

Response: This item [doc. 370-2, p. 269] is for the cab fare for the translator needed by Plaintiffs' Kumar and Shabbir. This item should not be allowed as an expense incurred in defense of the Counterclaim because the expense is not required to defend the Counterclaim. Plaintiffs Ajeesh Kumar and Azad Shabbir needed a translator to testify as part of their case in chief in prosecuting their individual assault tort and punitive damages claims. Regardless of a Counterclaim, Plaintiffs would have needed a translator to prosecute their case.    -$38.50

| 141 | 11/26/2012 | Poonam Magar Cab Fare. | $41.00 |
| | | | -$41.00 |

Response: This item [doc. 370-2, p. 269] is for the cab fare for the translator needed by Plaintiffs' Kumar and Shabbir. This item should not be allowed as an expense incurred in defense of the Counterclaim because the expense is not required to defend the Counterclaim. Plaintiffs Ajeesh Kumar and Azad Shabbir needed a translator to testify as part of their case in chief in prosecuting their individual assault tort and punitive damages claims. Regardless of a Counterclaim, Plaintiffs would have needed a translator to prosecute their case.

| 142 | 11/26/2012 | Marathon Fuel (Gas) | $55.00 |
| | | | -$55.00 |

Response: After a diligent search of the supporting documents filed at [Doc. 370-2], a receipt, documentation, or other support could not be located, and so the expense item should be denied.

| 143 | 11/27/2012 | Parking. | $10.00 |
| | | | -$10.00 |

Response: This item [Doc. 370-2, p. 224] should not be allowed because it is for parking at a time in the trial when Plaintffs were still presnting their case in chief, and not defending the Counterclaim.

| 144 | 2012/11 *111* | Microsoft .pdf subscription. | $15.89 |

|  |  |  | |
|---|---|---|---|
| | | Response: After a diligent search of the supporting documents filed at [Doc. 370-2], a receipt, documentation, or other support could not be located, and so the expense item should be denied. | -$15.89 |
| 145 | 11/27/2012 | Soccer Taco (Buchholtz/Schultz). | $27.39 |
| | | Response: This item [Doc. 370-2, p. 223] should not be allowed as an expense incurred in defense of the Counterclaim because it is for counsel for Plaintiffs MAKS, Kumar, and Shabbir in support of their Amended Complaint. | -$27.39 |
| 146 | 11/27/2012 | The Chop House Knoxville, TN | $67.26 |
| | | Response: This item [Doc. 370-2, p. 221] should not be allowed as an expense incurred in defense of the Counterclaim because it fails to describe how the expense is limited to just defending the Counterclaim. Furthermore, this expense is for dinner (6:32 pm) and therefore not the type of expense Knoxville area attorneys would charge to the client. See Aff. S. Taylor, par. 15. | -$67.26 |
| 147 | 11/27/2012 | Poonam Magar Hilton Bill. | $142.76 |
| | | Response: This item [doc. 370-2, p. 265] is for the hotel room of the translator needed by Plaintiffs' Kumar and Azad. This item should not be allowed as an expense incurred in defense of the Counterclaim because the expense is not required to defend the Counterclaim. Plaintiffs Ajeesh Kumar and Azad Shabbir needed a translator to testify as part of their case in chief in prosecuting their individual assault tort and punitive damages claims. Regardless of a Counterclaim, Plaintiffs would have needed a translator to prosecute their case. | -$142.76 |
| 148 | 11/28/2012 | Steamboat (lunch during trial) | $7.65 |
| | | Response: This item [Doc. 370-2, p. 223 and 226] is for lunch during trial 11/28/12 a time when EODT wsa presenting its Counterclaim and may be allowed. | $0.00 |
| 149 | 11/28/2012 | Parking. | $10.00 |
| | | Response: This item [Doc. 370-2, p. 224] was for parking during presentation of EODT's counterclaim and may be allowed. | $0.00 |
| 150 | 11/28/2012 | McAlister's Deli | $17.19 |
| | | Response: This item [Doc. 370-2, p. 225] should not be allowed as an expense incurred in defense of the Counterclaim because it fails to describe how the expense is limited to just defending the Counterclaim. Furthermore, this expense is for dinner (6:14 pm) and therefore not the type of expense Knoxville area attorneys would charge to the client. See Aff. S. Taylor, par. 15. | -$17.19 |
| 151 | 11/29/2012 | Parking. | $8.00 |
| | | Response: This item [Doc. 370-2, p. 227] was for parking during presentation of EODT's counterclaim and may be allowed. | $0.00 |
| 152 | 11/29/2012 | McAlister's Deli | $19.32 |
| | | Response: After a diligent search of the supporting documents filed at [Doc. 370-2], a receipt, documentation, or other support could not be located, and so the expense item should be denied. | -$19.32 |
| 153 | 11/30/2012 | Knoxville Hilton Airport (coffee). | $2.46 |
| | | Response: This lunch item [Doc. 370-2, p. 228] while awating the jury verdict, an expenes incurred regardless of a Counterclaim. | -$2.46 |
| 154 | 11/30/2012 | Parking. | $8.00 |
| | | Response: This Parking item [Doc. 370-2, p. 229] incurred while awating the jury verdict, an expenes incurred regardless of a Counterclaim. | -$8.00 |
| 155 | 11/30/2012 | John Beins Flight. | $584.10 |
| | | Response: After a diligent search of the supporting documents filed at [Doc. 370-2], a receipt, documentation, or other support could not be located, and so the expense item should be denied. | -$584.10 |
| 156 | 12/1/2012 | Knoxville Hilton Airport (Schultz). | $830.75 |
| | | Response: After a diligent search of the supporting documents filed at [Doc. 370-2], a receipt, documentation, or other support could not be located, and so the expense item should be denied. Additionally, the expense pertains to a witness, Captain Shultz, brought to trial by Plaintiffs MAKS, Kumar, and Shabbir in support of their Complaint. [Doc. 317]. | -$830.75 |

| 157 | 12/2/2012 | Brunch for Client at Lakeside Tavern. | $92.46 |

Response:  This item [Doc. 370-2, p. 231] should not be allowed as an expense incurred in defense of the Counterclaim because it fails to describe how the expense is limited to just defending the Counterclaim.  The expense is incurred on Sunday December 2.  At this point in the trial, the proof has closed and there is nothing about the counterclaim to be defended. While perhaps counsel for MAKS had remained in town, the expense is lunch on a Sunday and therefore not the type of expense Knoxville area attorneys would charge to the client. See Aff. S. Taylor, par. _____

−$92.46

| 158 | 12/4/2012 | McDonald's New Market, VA (lunch en route to DC) | $3.18 |

Response:  After a diligent search of the supporting documents filed at [Doc. 370-2], a receipt, documentation, or other support could not be located, and so the expense item should be denied.

−$3.18

| 159 | 12/4/2012 | Zoomerz, Bulls Gap, TN (snack en route to DC) | $3.51 |

Response:  After a diligent search of the supporting documents filed at [Doc. 370-2], a receipt, documentation, or other support could not be located, and so the expense item should be denied.

−$3.51

| 160 | 12/4/2012 | Shell (Fuel) | $43.00 |

Response:  After a diligent search of the supporting documents filed at [Doc. 370-2], a receipt, documentation, or other support could not be located, and so the expense item should be denied.

−$43.00

| 161 | 12/4/2012 | Zoomerz, Bulls Gap, TN (fuel). | $48.00 |

Response:  After a diligent search of the supporting documents filed at [Doc. 370-2], a receipt, documentation, or other support could not be located, and so the expense item should be denied.

−$48.00

| 162 | 12/4/2012 | Corporate Quarters. | $402.16 |

Response:  This item [Doc. 370-2, p. 241 and 242] should not be allowed because it fails to describe how the expense is limited to just defending the Counterclaim.  The expense appears to be for accomodations for Plaintiffs, Plaintiffs' witnesses, and or Plaintiffs' counsel, and expense that Plaintiffs would have incurred anyway.

−$402.16

| 163 | 12/4/2012 | Corporate Quarters. | $515.67 |

Response:  This item [Doc. 370-2, p. 237 and 238] hould not be allowed because it fails to describe how the expense is limited to just defending the Counterclaim.  The expense appears to be for accomodations for Plaintiffs, Plaintiffs' witnesses, and or Plaintiffs' counsel, and expense that Plaintiffs would have incurred anyway.

−$515.67

| 164 | 12/5/2012 | Knoxville Hilton (breakfast) | $8.88 |

Response:  After a diligent search of the supporting documents filed at [Doc. 370-2], a receipt, documentation, or other support could not be located, and so the expense item should be denied.

-$8.88

| 165 | 12/5/2012 | Shell (Fuel). | $28.20 |

Response:  After a diligent search of the supporting documents filed at [Doc. 370-2], a receipt, documentation, or other support could not be located, and so the expense item should be denied.

−$28.20

| 166 | 12/5/2012 | Knoxville Hilton (JH Stay). | $184.93 |

Response:  This item [Doc. 370-2. p. 233] should not be allowed as an expense incurred in defense of the Counterclaim because it fails to describe how the expense is limited to just defending the Counterclaim. The expense appears to be for the hotel room for Plaintiffs' out of town counsel from 12/3 to 912/04. The activity taking place that day (12/3) was the need for counsel for Plaintiffs MAKS, Kumar, and Shabbir to await the verdict. While MAKS was free to use the attorney of its choice, it is limited to attorney billing practices of the venue, and it is not customary for Knoxville area attorneys to charge for commuting. See Aff. S. Taylor, par. 15.

−$184.93

| 167 | 12/5/2012 | Enterprise Rental Car. | $2,602.97 |

Response:  This item [Doc. 370-2, p. 235] should not be allowed because it fails to describe how the expense is limited to just defending the Counterclaim. The expense appears to be for car rental from 11/10 to 12/05 for Plaintiffs Shabbir and Kumar and others to come to trial and prosecute their Complaint, and not in defense of the Counterclaim.  Had there been no Counterclaim, Plaintiffs would have had to come to trial anyway.

-$2,602.97

**TOTAL ALLOWED EXPENSES TO DEFEND THE COUNTERCLAIM**      **$680.99**