IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE
KNOXVILLE DIVISION

| | |
|---|---|
| **MAKS, Inc.,** *et. al.* | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) No. <u>3:10-cv-00443</u> |
| | ) |
| **STERLING OPERATIONS, INC.** | ) |
| **f/k/a EOD TECHNOLOGY, INC.** | ) Judge: <u>Varlan/Guyton</u> |
| | ) |
| Defendant, | ) |
| | ) |

## AFFIDAVIT OF ROBERT H. GREEN

Robert H. Green, being first duly sworn, deposes and states under oath the following:

1. I am Robert H. Green, over 18 years old, competent to give this testimony, and personally familiar with the facts set forth herein.

2. I have been asked to review and express certain opinions pertaining to an attorney's fee application [Doc. 369; Brief at Doc. 370] filed by Plaintiff MAKS in the above captioned matter. The opinions that I express below are made within a reasonable degree of my professional certainty.

3. It is my understanding that there was a contract between Plaintiff MAKS and Sterling Operations, Inc. (formerly EOD Technology, Inc. "EODT") that allows MAKS to recover attorney's fees and other expenses for its efforts in successfully defending the Counterclaim by EODT (MAKS – EODT MSA Section 26). I further

1

understand that the contract at issue between MAKS and EODT was for MAKS to fabricate and construct living quarters from shipping containers and other materials and install these containers and related structures at Bagram Air Field in Afghanistan. I further note from the MSA Contract that Tennessee law applies to any dispute. MSA Section 16.

4. My background is as follows: I graduated from Iowa State University with a degree in Engineering Operations; the University of Iowa with a degree in Mechanical Engineering; and the University of Tennessee with a JD degree in 1975. I was licensed to practice law in Tennessee (BPR #1428) in 1975. I am a shareholder with the Knoxville law firm of Kennerly, Montgomery & Finley, P.C. and have been in private practice and litigating construction disputes for over 30 years. I have been in private practice since then and have been litigating construction disputes for over 30 years. I am an Arbitrator and Mediator on the construction arbitration panel of the American Arbitration Association and have served as a single arbitrator and member of a panel of arbitrators on complex construction matters in Tennessee and other states (including Washington D. C.).

I am familiar with many of the attorneys and law firms in the Eastern District of Tennessee, Northern Division, that provide legal services to clients in the construction industry including construction litigation. The trial practitioners that provide construction related litigation services in Knoxville and its surrounding counties I will refer to as "Knoxville area" attorneys. I am familiar with the rates customary for such practitioners.

5. In addition to the foregoing experiences, I presently serve on the Knoxville Bar Association's fee dispute resolution committee. In that capacity I am generally familiar with the rates and billing practices for Knoxville Area attorneys generally.

6. To inform myself about this litigation, I have reviewed the following:

   a) The Original Complaint filed by Plaintiffs MAKS and others [Doc. 1];

   b) The Answer and Counterclaim to the Original Complaint filed by EODT [Doc. 6];

   c) The Answer to the Counterclaim (on the Original Complaint) filed by MAKS [Doc. 8];

   d) The Amended Complaint filed by Plaintiff MAKS and others [Doc. 106];

   e) The Answer to the Amended Complaint and Counterclaim filed by EODT [Doc. 109];

   f) The Answer to the Counterclaim filed by MAKS [Doc. 110];

   g) The Civil Docket Sheet for this case printed 4/8/13;

   h) The MAKS – EODT Contract, Defendant's trial exhibit 1.1 – 1. 8;

   i) EODT's Calculations of Offsets and Damages, Defendant's trial exhibit 204;

   j) The Application for attorney's fees and expenses filed by MAKS [Doc. 369];

   k) The Brief and supporting information field by MAKS [Doc. 370]; and

7. In addition, I have spoken with attorney Brian Quist about the nature of the case and the work undertaken by MAKS to defend the Counterclaim.

8. Based upon the prevailing rates for attorneys in the Knoxville area for litigating construction related cases, it is my opinion that for senior attorneys with over

3

20 years of litigation experience an hourly rate between $250.00 and $300.00 is reasonable.

9. At the time the Counterclaim to the Original Complaint was filed, January 2011, there were numerous attorneys and law firms in the Knoxville area that were capable of providing competent representation to MAKS in defense of the Counterclaim. While the declaration from MAKS's counsel Joseph Hennessey [Doc. 370- 3 ] appears to express the opinion that there were none, I must disagree.

10. As justification for the applicability of Washington DC rates, Mr. Hennessey in his Declaration contends that his previous experience in certain international matters and international disputes has overriding significance. [Doc. 370 – 3]. However, the contract at issue was for construction of living quarters pursuant to a scope of work, specifications, and drawings which are typical documents in construction projects. The contract was governed by Tennessee law with litigation filed in Knoxville. It is my opinion that the Counterclaim involved issues on which Knoxville Area attorneys were capable of providing competent representation.

AND FURTHER AFFIANT SAYETH NOT

_____
Robert H. Green

## OATH

STATE OF Tennessee    )
                                      ) ss.
COUNTY OF Knox      )

     Personally appeared, before the undersigned authority, a Notary Public in and for said County and State, Robert H. Green, who acknowledged, after being duly sworn, that the statements in the foregoing document are true to the best of his knowledge, information and belief.

     Witness my hand and official seal this the 12 day of April, 2013.

                                                     _Ann D. Howard_
                                                     Notary Public

My Commission Expires: 3-8-15

## CERTIFICATE OF SERVICE

     I hereby certify that on this the 12th of April '13, a copy of the foregoing Document was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. All other parties will be served by regular U.S. mail. Parties may access this filing through the Court's electronic filing system.

                                                 s/ Brian C. Quist
                                               Brian C. Quist (BPR #012762)