UNITED STATE DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| MAKS, INC. GENERAL TRADING AND CONTRACTING, CO., | ) ) ) |
| Plaintiff/Counter-Defendant, | ) ) |
| v. | ) No. 3:10-CV-443 ) (VARLAN/GUYTON) ) |
| STERLING OPERATIONS, INC., *Formerly known as* EOD TECHNOLOGY, INC., | ) ) ) ) |
| Defendant/Counter-Plaintiff. | ) ) |

## MEMORANDUM AND ORDER

This case is before the undersigned pursuant to 28 U.S.C. § 636, the Rules of this Court, and Standing Order 13-02. Now before the Court is the Plaintiff/Counter-Defendant MAKS's request to seek discovery. The parties appeared for a telephone conference on July 11, 2013. Attorney Joseph A. Hennessey appeared on behalf of MAKS. Attorneys Brian C. Quist and Joanna O'Hagan appeared on behalf of Sterling Operations. The parties advised the Court that they were discussing the possibility of a surety bond. The Court reset the matter to July 19, 2013. During the July 19 telephone conference,[1] the parties stated that they could not agree on a surety bond or the discovery disputes. After considering the parties' arguments, the Court **GRANTS** MAKS's request for discovery.

MAKS requests that the Court permit it to examine documents and depose witnesses about EOD Technology's assets following the creation of various new corporate entities. MAKS argues that it sent Sterling Operations a document request. With respect to Request No. 8, Sterling Operations objected that the request was too vague. On May 22, 2013, MAKS reissued Request No. 8 with more detail. MAKS asserts that Sterling Operations did not respond until

---

[1] Attorney O'Hagan was not present at the July 19 telephone conference.

June 25, 2013, which was two days after the deadline. MAKS argues that by responding late, Sterling Operations has waived its objections to Request No. 8. In addition, MAKS seeks to depose three Sterling Operations officers: (1) Matt Kaye, President; (2) Lisa Jacobson, Chief Financial Officer; and (3) Erik Quist, General Counsel.

Sterling Operations responds that it has not waived its objections and that it filed its response timely. In addition, it argues that its objection to Request No. 8 is valid and was made in good faith. Sterling Operations asserts that Request No. 8 would include tens of thousands of items dating back to 2009 and is irrelevant with regard to its current assets. Finally, Sterling Operations agrees to make a Rule 30(b)(6) witness available for a deposition but contends MAKS's interest in deposing its other officers is to annoy.

Federal Rule Civil Procedure 69(a)(2) states:

> In aid of the judgment or execution, the judgment creditor or a successor in interest whose interest appears of record may obtain discovery from any person—including the judgment debtor—as provided in these rules or by the procedure of the state where the court is located.

"Post-judgment discovery may be utilized to obtain information on the 'existence or transfer of the judgment debtor's assets.'" Aetna Group, USA, Inc. v. AIDCO Intern., Inc., No. 1:11-mc-023, 2011 WL 2295137, at *1 (S.D. Ohio June 8, 2011) (citing British Intern. Ins. Co., Ltd. v. Seguros La Republica, S.A., 200 F.R.D. 586, 589 (W.D. Tex. 2000)) (other citations omitted). Furthermore, "the scope of post-judgment discovery is broad." Id. (citing United States v. Conces, 507 F.3d 1028, 1040 (6th Cir. 2007)). A creditor is permitted to "utilize the full panoply of federal discovery measures provided for under federal and state law to obtain information from parties . . . including information about assets on which execution can issue . . ." Id. (quoting Andrews v. Raphaelson, No. 5:08-cv-077, 2009 WL 1211136, at *3 (E.D. Ky. Apr. 30, 2009)) (other citations omitted).

In the present matter, MAKS seeks certain financial documents, Request No. 8, so that the judgment can be satisfied in this case. Regardless if Sterling Operations waived its objections,[2] the Court finds that Sterling Operations should produce the documents requested. As outlined above, a creditor is permitted broad post-judgment discovery and the Rules authorize discovery to allow a judgment creditor to identify the assets that can be used to satisfy a judgment. Accordingly, Sterling Operations shall produce the documents requested in Request No. 8.

MAKS also seeks to depose three Sterling Operations officers. Sterling Operations responds that MAKS's interest in deposing the officers is to annoy and that a properly noticed Rule 30(b)(6) witness is sufficient. Other than this conclusory allegation, Sterling Operations has not shown that MAKS's request was made to annoy. Further, MAKS is entitled to broad discovery in order to seek the judgment that it is entitled.

In summary, the Court finds that Sterling Operations **SHALL** produce the documents listed in Request No. 8. In addition, the Court **GRANTS** MAKS's request to depose Matt Kaye, Lisa Jacobson, and Erick Quist. Finally, if MAKS wants any additional discovery, it shall seek leave of the Court

**IT IS SO ORDERED.**

ENTER:

s/ H. Bruce Guyton
United States Magistrate Judge

---

[2] The Court notes that the "failure to object to discovery requests within the thirty days provided by Rules 33 and 34 constitutes a waiver of any objection" Carfagno v. Jackson Nat'l Life Ins., No. 99-118, 2011 WL 34059032, at *1 (W.D. Mich. Feb. 13, 2001) (citation and internal quotations marks omitted). MAKS reissued Request No. 8 on May 22, 2013, to clarify the documents it sought. The deadline to respond was June 21, 2013, and Sterling Operations did not respond until June 25, 2013.