UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | | |
|---|---|---|---|
| MAKS INC. GENERAL TRADING AND CONTRACTING CO., *et al.*, | ) ) ) | | |
| Plaintiffs, | ) ) | | |
| v. | ) ) | No.: | 3:10-CV-443 (VARLAN/GUYTON) |
| STERLING OPERATIONS, INC., *formerly known as* EOD TECHNOLOGY, INC., | ) ) ) ) | | |
| Defendant, | ) ) | | |
| STERLING OPERATIONS, INC., *formerly known as* EOD TECHNOLOGY, INC., | ) ) ) ) | | |
| Counter-Plaintiff, | ) ) | | |
| v. | ) ) | | |
| MAKS INC. GENERAL TRADING AND CONTRACTING CO., | ) ) ) | | |
| Counter-Defendant, | ) | | |

## MEMORANDUM OPINION AND ORDER

This civil action is before the Court on Sterling Operations' Motion to Alter, Amend, and/or Correct the Judgment [Doc. 338],[1] MAKS Inc. General Trading and Contracting Co.'s ("MAKS") Motion to Alter and/or Amend the Judgment of February

---

[1] Plaintiff MAKS Inc. General Trading and Contracting Co. responded in opposition to the motion [Doc. 351], and defendant has filed a reply [Doc. 364].

14, 2013 [Doc. 347],[2] Sterling Operations' Renewed Motion for Judgment as a Matter of Law as to Counts IV and V of the Amended Complaint [Doc. 341],[3] MAKS Inc. General Trading and Contracting Co.'s Renewed Motion to Amend Complaint to Include Sterling Global Operations, Inc. as Defendant [Doc. 355],[4] and Sterling Operations' Motion for New Trial and/or Renewed Motion for Judgment as a Matter of Law as to Counts I and II of the Amended Complaint and the Counterclaim or Remittitur in the Alternative [Doc. 356]. The Court will address each of the motions in turn.

I. Background

At the conclusion of the trial of this matter, the jury returned a verdict in favor of plaintiff MAKS, awarding MAKS $990,000.00 on its breach of contract claim with regard to Work Authorization 01, $975,000.00 on its breach of claim with regard to Work Authorization 02, $3,000.00 on its breach of contract claim with regard to the security contract, $1.00 on its trespass claim, and $1,000,000.00 on its conversion claim [Doc. 319]. The jury also found in MAKS's favor on EODT's counterclaim for breach of contract and found in EODT's favor on the assault claims of the individual plaintiffs [*Id.*]. After the Court ordered [Doc. 332] that MAKS elect between the remedies awarded for the breach of contract claim with regard to Work Authorization 02 and the conversion claim, MAKS filed a notice [Doc. 333], indicating that it had chosen to elect

---

[2] Defendant filed a response in opposition to the motion [Doc. 368].

[3] MAKS responded in opposition to the motion [Doc. 350] and defendant filed a reply [Doc. 363].

[4] Defendant responded in opposition [Doc. 371].

the award for the breach of contract with regard to Work Authorization 02. In its notice of election, MAKS specifically represented that, in making the ordered election, MAKS was doing so "without prejudice to Plaintiff's right to seek a final determination of its claimed right to both remedies in any court of competent jurisdiction, including but not limited to its right to appeal the Court's Order of January 24, 2013 [Document 332]; and without prejudice to the jury's final determination of EODT's liability for converting Plaintiff's property on October 23, 2009[.]" [Doc. 333, pp. 1-2].

## II. Defendant's Motion to Alter, Amend, and/or Correct Judgment [Doc. 338]

In its motion to alter, amend or correct the judgment, defendant Sterling Operations Inc., formerly known as EOD Technology, Inc., ("EODT" or "defendant") requests, pursuant to Federal Rules of Civil Procedure 59(e) and 60(a), that the Court order that the judgment [Doc. 336] undergo several alterations. Specifically, defendant requests that the Court alter the judgment to add the following paragraphs and/or phrases:

1. "that pursuant to the election of remedies by MAKS [Doc. 333], MAKS's claims at Count VI of the Amended Complaint (conversion) [Doc. 106] are DISMISSED with full prejudice;"

2. Inclusion of the date "October 23, 2009" at the 6th and 7th paragraphs of the Judgment after the name of each plaintiff as well as the additional language: "The claims of Plaintiffs Ajeesh Kumar and Azad Shabbir claims (sic) at Count IX of the Amended Complaint (assault) [Doc. 106] are DISMISSED with full prejudice;" and

3. "that Plaintiff MAKS is not entitled to punitive damages; therefore MAKS's claims for punitive damages are DISMISSD (sic) with full prejudice."

3

[Doc. 338, pp. 1-2]. As to the first requested alteration, defendant asserts that the record does not formally reflect the disposition of the conversion claim. Because MAKS has accepted the contract remedy, defendant asserts that, for *res judicata* and collateral estoppel purposes, the record should reflect that the conversion remedy is no longer actionable in any forum. As to the second requested change, defendant submits that the judgment should be clarified to indicate that, not only did the jury find that the individual plaintiffs could not recover from EODT, but also that their causes of action for assault were dismissed with prejudice. As to the third proposed change, defendant claims that the judgment, as written, does not reflect the jury's finding as to punitive damages and that the judgment should be amended to reflect the jury's finding and the dismissal of the claim for punitive damages.

Plaintiffs respond that there are no mechanical errors in the judgment as it currently reads and that the judgment reflects the outcome of the trial. Plaintiffs point out that the judgment reads, "IT IS ORDERED AND ADJUDGED, as found by the jury . . ." [Doc. 251, p. 2 (quoting Doc. 336)]. Therefore, plaintiffs argue, the jury did not dismiss the conversion claim or the individual assault claims. Rather, the jury found defendant liable on the conversion claim and found that defendant was not liable on the assault claims, meaning that the judgment accurately reflects the trial outcome, as found by the jury.

Upon review of the judgment, the arguments of the parties, and the relevant law, the Court finds that the judgment [Doc. 336], as currently written, accurately reflects the

4

jury's verdict [Doc. 319], as altered by the election of remedies ordered by the Court [Docs. 332, 333], and that the judgment operates as the final judgment of the Court. Moreover, upon review, the Court does not find that the judgment contains any clerical errors as suggested by defendant, such that relief under Rule 60(a) of the Federal Rules of Civil Procedure would apply to compel grant of the motion in this case. The Court finds it unnecessary and inappropriate to amend the wording of the judgment of the jury and grant the requested relief. Accordingly, the Court will **DENY** defendant's motion to alter or amend the judgment.

### III.     MAKS's Motion to Alter or Amend Judgment [Doc. 347]

In its motion to alter or amend the judgment, MAKS requests that the Court amend the wording of several of the paragraphs in the judgment to alter the judgment to indicate "EOD TECHNOLOGY, INC. (now called STERLING GLOBAL OPERATIONS INC. and doing business as STERLING OPERATIONS, INC.)" [Doc. 347, p. 1]. The motion further requests that, where the judgment indicates that MAKS shall recover from defendant "EOD TECHNOLOGY, INC.," the judgment be altered to include "STERLING GLOBAL OPERATIONS INC., OR STERLING OPERATIONS, INC." [*Id.*, pp. 1-2]. In support, MAKS primarily cites to legal authority on corporate separateness and further asserts that discovery on the issue of the separation, or lack thereof, of the Sterling entities will assist in determining whether Sterling Global Operations, Inc., is distinguishable from Sterling Operations, Inc.

5

Defendant responds that the motion fails to cite to a Federal Rule of Civil Procedure under which relief is sought and that MAKS, through its motion, seeks to obligate Sterling Global Operations, Inc., a party whom defendant claims is an independent third party not currently before this Court.

Without making any findings with regard to whether Sterling Global Operations, Inc., may be liable with regard to the satisfaction of the judgment, which MAKS has obtained against Sterling Operations, Inc., formerly known as, EOD Technology, Inc., doing business as EODT General Security Company, the Court finds that the motion brought by MAKS to add Sterling Global Operations, Inc., as an obligor under the judgment following the trial of this matter involving MAKS and EODT, is not the proper vehicle through which to obtain the relief sought. This ruling in no way impacts any discovery that has been ordered or authorized by Magistrate Judge Guyton as it relates to the relationship between the relevant entities and does not prejudice MAKS from seeking relief from the Court related to this request in some other form at a later time.

Accordingly, the Court will **DENY** MAKS's motion to alter or amend the judgment, which accurately reflects the findings of the jury with regard to the liability of the parties.

**IV.    Defendant's Renewed Motion for Judgment as a Matter of Law [Doc. 341]**

Defendant moves for the entry of an order dismissing Counts IV and V of the amended complaint with prejudice. In support, defendant argues that, because MAKS elected the remedy for breach of contract with regard to Work Authorization 02, the

causes of action for breach of the security contract (Count IV) and trespass (Count V) are inconsistent, as a matter of law, with the elected contract remedy.  Defendant asserts that "for MAKS's (sic) to be entitled to the full invoice payment on Work Authorization 02, the remedy it has elected, it must be true, as a matter of law, that EODT received the modules in a <u>rightful manner</u>" [Doc. 341, p. 2].  Therefore, defendant argues, EODT must have rightfully come onto the MAKS compound to obtain the modules and thus could not have trespassed or breached the security contract.

Upon review of the arguments of both parties contained in the briefing on the issue, the Court finds that defendant's motion is not well-taken.  The Court finds that the argument presented by defendant is untimely.  Defendant was aware of this argument prior to this post-judgment point and did not raise it.  At the final pretrial conference of this matter, prior to the start of trial, counsel for defendant raised the issue that he believed that MAKS's breach of contract claim for the balance of the subcontract price was inconsistent with MAKS's property tort claims for trespass and conversion, and counsel further discussed this theory in the Pretrial Order [Doc. 272].  However, in its trial brief addressing the election of remedies issue, defendant requested only that the Court order MAKS to elect between its breach of contract claim with regard to Work Authorization 02 (Count II) and its conversion claim (Count VI).  Defendant asked that MAKS be required to elect prior to trial, and the Court denied that request, finding that election would be proper, if at all, following a jury verdict.  After the return of the jury verdict in this case, defendant moved the Court for the entry of an order requiring MAKS

7

to elect between the awards for the unpaid invoices on Work Authorization 02 and the award on the conversion claim, which involved the same modules [Doc. 320]. Defendant asserted that the "two remedies are inconsistent [and] allow for duplicative recovery" [*Id.*, p. 1]. In that motion, which the Court granted [Doc. 333], defendant did not request that MAKS be ordered to make an election related to the trespass and breach of security awards and did not discuss the awards on those claims. The argument that defendant now seeks to advance applied equally prior to trial at the final pretrial conference, at the time defendant submitted its trial brief, and following trial, when defendant filed its motion to require an election.

Moreover, in its memorandum in support of the instant motion, defendant cites to the standard for a renewed motion for judgment as a matter of law premised upon sufficiency of the evidence, and in such a scenario, the state substantive law controls. *See Surles v. Greyhound Limes*, 474 F.3d 288, 303 (6th Cir. 2007). Under Tennessee law, as defendant asserts, the Court must "'take the strongest legitimate view in favor of the opponent of the motion, allow all reasonable inferences in his or her favor, discard all countervailing evidence, and deny the motion where there is any doubt as to the conclusions to be drawn from the whole evidence.'" *Grantham & Mann, Inc. v. Am. Safety Prods., Inc.*, 831 F.2d 596, 602 (6th Cir. 1987) (quoting *Holmes v. Wilson*, 551 S.W.2d 682, 685 (Tenn. 1977)). Here, however, defendant does not appear to make a sufficiency of the evidence argument. Defendant's motion does not argue that there was insufficient evidence presented at trial to support a verdict on the trespass and breach of

8

security contract claims. Instead, it argues that the election of remedies made by MAKS after trial, as ordered by the Court upon motion by the defendant, has rendered two of the other jury awards inconsistent. Accordingly, this motion, as styled, is not the proper vehicle for the relief sought.

In sum, the Court will **DENY** defendant's renewed motion for judgment as a matter of law with regard to Counts IV and V of the amended complaint.

## V. MAKS's Renewed Motion to Amend Complaint [Doc. 355]

As a general matter, Rule 15(a) of the Federal Rules of Civil Procedure provides that leave to amend "shall be freely given when just so requires." "[I]n the post-judgment context, competing interests in finality of judgments and the expeditious termination of litigation require that courts be mindful of not only prejudice to the opposing party but also the reasons the movant failed to seek leave the amend earlier." *Commercial Money Ctr., Inc. v. Ill. Union Ins. Co.*, 508 F.3d 327, 347 (6th Cir. 2007). After the entry of a final judgment, a party may not seek to amend its complaint without first moving to alter, set aside, or vacate the judgment pursuant to Rule 59 or Rule 60 of the Federal Rules of Civil Procedure. *In re Ferro Corp. Derivative Litig.*, 511 F.3d 611, 624 (6th Cir. 2008); *Morse v. McWhorter*, 290 F.3d 795 (6th Cir. 2002); *see also Nat'l Petrochemical Co. v. M/T Stolt Sheaf,* 930 F.2d 240, 244 (2d Cir. 1991) ("once judgment is entered[,] the filing of an amended complaint is not permissible until judgment is set aside or vacated pursuant to Fed. R. Civ. P. 59(e) or 60(b)") (internal punctuation and citation omitted); *In re Gen. Motors Corp. Anti–Lock Brake Prods. Liab. Litig.,* 174 F.R.D. 444, 446 (E.D.

9

Mo. 1997) ("A complaint cannot be amended after dismissal unless the court first re-opens the judgment under Rule 59 or 60, and then determines that amendment is warranted."). Therefore, "[u]nless postjudgment relief is granted, the district court lacks power to grant a motion to amend the complaint under Rule 15(a) [of the Federal Rules of Civil Procedure]." *Acevedo–Villalobos v. Hernandez,* 22 F.3d 384, 389 (1st Cir. 1994).

Here, MAKS seeks to amend its complaint to add Sterling Global Operations, Inc., as a defendant in this lawsuit. As described above, MAKS has filed a motion, without citation to any specific Federal Rule of Civil Procedure, seeking to alter the judgment to add Sterling Global Operations, Inc., as a liable party against whom a verdict was obtained. The Court has already determined that it will not alter, amend, or set aside the judgment in this case. As no post-judgment relief has been granted, and MAKS has not met the threshold requirements of Rule 60(b)(6)'s extraordinary or exceptional circumstances, MAKS may not amend its pleadings, and the Court lacks the power to so order. *See In re Ferro*, 511 F.3d at 624.

Moreover, even assuming, *arguendo*, that the Court could consider the merits of MAKS's renewed motion to amend, the Court would still find the requested amendment inappropriate at this stage. When examining the competing interests at play in considering whether to allow MAKS to amend its complaint after the rendering of a jury verdict and the entry of a judgment, the Court finds that in this case, the most relevant and important factor is the prejudice to the opposing party. In considering the relevant

10

factors at play, the Court notes that the late timing of the motion does not weigh against MAKS, as MAKS made such a motion to add Sterling Global Operations, Inc., at the time when it also added Sterling Operations, Inc., by agreement of the parties and order of the Court prior to trial [Doc. 313]. While the Court makes no findings here as to the corporate relationship and possible assumption of liabilities of EODT, Sterling Operations, Inc., and Sterling Global Operations, Inc., the Court finds that allowing MAKS to add an entity as a defendant in the lawsuit after the conclusion of the trial, when that entity had no representation prior to or during the trial at issue, would be highly prejudicial to the outside entity. The proposed new defendant did not have notice of the claims, was not present or represented at trial, and did not have a fair opportunity to defend against the claims. *See Campbell v. City of New York*, No. 99 Civ. 5129 LTSHK, 2003 WL 660847, at *4-5 (S.D.N.Y. Feb. 27, 2003) (denying post-trial motion to amend complaint and add new defendants in part due to prejudice to proposed new defendants).

Accordingly, MAKS's renewed motion to amend the complaint to add Sterling Global Operations, Inc., as a defendant will be **DENIED**. In making this ruling, the Court does not opine as to MAKS's ability to collect on the judgment from any of the relevant entities.

## VI. Defendant's Motion for New Trial [Doc. 356]

Upon review of the record in this matter, the Court finds that plaintiffs have not filed a response to Sterling Operations' Motion for New Trial and/or Renewed Motion

11

for Judgment as a Matter of Law as to Counts I and II of the Amended Complaint and the Counterclaim or Remittitur in the Alternative [Doc. 356]. Accordingly and in light of the issues addressed in defendant's motion, the Court **DIRECTS** that plaintiffs file a response to that motion within **fourteen (14) days** of the entry of this order. *See* E.D. Tenn. L.R. 7.1(a).

**VII. Conclusion**

For all the reasons stated more fully above, Sterling Operations' Motion to Alter, Amend, and/or Correct the Judgment [Doc. 338], MAKS Inc. General Trading and Contracting Co.'s Motion to Alter and/or Amend the Judgment of February 14, 2013 [Doc. 347], Sterling Operations' Renewed Motion for Judgment as a Matter of Law as to Counts IV and V of the Amended Complaint [Doc. 341], and MAKS Inc. General Trading and Contracting Co.'s Renewed Motion to Amend Complaint to Include Sterling Global Operations, Inc. as Defendant [Doc. 355] are **DENIED**. The Court **DIRECTS** plaintiffs to file a response to Sterling Operations' Motion for New Trial and/or Renewed Motion for Judgment as a Matter of Law as to Counts I and II of the Amended Complaint and the Counterclaim or Remittitur in the Alternative [Doc. 356] within **fourteen (14) days** of the entry of this order.

IT IS SO ORDERED.

s/ Thomas A. Varlan
CHIEF UNITED STATES DISTRICT JUDGE

12