UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| MAKS, INC. GENERAL TRADING AND CONTRACTING CO., ) ) ) Plaintiff / Counter-Defendant, ) ) ) v. ) ) STERLING OPERATIONS, INC., ) *Formerly known as* ) EOD TECHNOLOGY, INC., ) ) Defendant / Counter-Plaintiff. ) | No. 3:10-CV-443 (VARLAN/GUYTON) |

**MEMORANDUM AND ORDER**

This case is before the undersigned pursuant to 28 U.S.C. § 636, the Rules of this Court, and Standing Order 13-02. Now before the Court are: a Motion for Sanctions [Doc. 388], filed by MAKS Inc. General Trading and Contracting Co., ("MAKS"); a Motion to Stay Execution and Other Proceedings Related to Collection of the Judgment [Doc. 406], filed by Sterling Operations, Inc., formerly known as EOD Technology, Inc. ("Sterling"); a Motion to Set Aside or Otherwise Traverse Sterling Operations, Inc's Garnishment Answer and Affidavit for Writ of Garnishment [Doc. 417], filed by MAKS; and a Claim for Exemptions and Request for Hearing [Doc. 410], filed by Wells Fargo Bank, N.A. The Court will address the pending motions in turn.

A.   **Motion for Sanctions**

In its Motion for Sanctions, MAKS moves the Court to enter an Order:

1. Restraining the EODT Employee Stock Ownership Trust from disposing of any ownership interest in Sterling Operations, Inc. or Sterling Global Operations, Inc.;

2. Requiring the delivery of any and all EODT Employee Stock Ownership Trust stock certificates evidencing ownership in Sterling Operations, Inc. or its Sterling Global Operations, Inc. to the Clerk of the United States District Court for the Eastern District of Tennessee;

3. Appointing a receiver of Sterling Operations, Inc.'s assets and directing it to deliver to the receiver all income or property it might thereafter possess, receive or control;

4. Serving upon Reliance Trust Company, Sterling Operations, Inc.'s President Matt Kaye, General Counsel Erick Quist, Chief Financial Officer Lisa Jacobson, and outside counsel Brian Quist copies of such an Order for the purpose of making such persons personally liable upon any breach thereof of such Order[;]

5. Mandating that Defendant Sterling Operations, Inc[.] and its attorney of record, Brian Quist fully comply with this Court's July 24, 2013 order on or before 5:00 p.m. of the 3rd business day following entry of this order, and provide supplemental responses every 30 days thereafter until the judgment is satisfied or an appeal bond is obtained under Rule 62[; and]

6. Requiring Sterling and its counsel to pay MAKS' reasonable attorneys['] fees and expenses caused by EODT/Sterling's failure to comply with this Court's order of July 24, 2013 and for otherwise failing to respond to MAKS' Request for Production of Documents No 8 act under Rule 37(d)(3).

[Doc. 388 at 1-2]. In support of this request, MAKS alleges that Sterling has utterly failed to comply with an Order of the Court entered July 24, 2013, which directed Sterling to produce certain documents in response to written discovery served on it by MAKS.

2

Sterling responds that it has not committed any sanctionable acts. [Doc. 400]. Sterling notes that the Order entered July 24, 2013, did not specify a time for compliance, and that Sterling is working towards producing the documents requested. Sterling submits that, even if the Court were to find sanctions were appropriate, the sanctions requested by MAKS are vastly disproportionate to any action or inaction by Sterling.

In its Reply [Doc. 402], MAKS alleges that Sterling has engaged in obstruction throughout this litigation. It maintains that the sanctions requested are appropriate.

Pursuant to Rule 37 of the Federal Rules of Civil Procedure, the Court may impose appropriate sanctions where a party fails to comply with an Order of the Court. See Fed. R. Civ. P. 37(b), (d). Sanctions may include: "(i) directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims; (ii) prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence; (iii) striking pleadings in whole or in part; (iv) staying further proceedings until the order is obeyed; (v) dismissing the action or proceeding in whole or in part; (vi) rendering a default judgment against the disobedient party; or (vii) treating as contempt of court the failure to obey any order except an order to submit to a physical or mental examination." Fed. R. Civ. P. 37(b).

The Court has considered the parties' positions and the applicable law, and the Court finds that MAKS's request for sanctions is not well-taken at this time. The Court finds that the Order entered July 24, 2013, did not specify a time for compliance. Instead, the Court expected that the production would be completed within a reasonable time. The Court finds that MAKS has not demonstrated that Sterling has taken an unreasonable amount of time to comply with the Court's Order. The Court also finds that MAKS has failed to demonstrate that Sterling engaged

in any sanctionable behavior or that the extreme sanctions proposed were appropriate. Accordingly, the Motion for Sanctions **[Doc. 388]** is **DENIED WITHOUT PREJUDICE**.

B.     **Motion to Stay Execution and Other Proceedings**

In its Motion to Stay Execution and Other Proceedings [Doc. 406], Sterling moves the Court to enter an Order staying all pending and future executions, garnishments, discovery, related motions, and other proceedings by MAKS relating to the Judgment entered February 14, 2013, until the Court rules upon its Motion for New Trial [Doc. 356]. In support of this request, Sterling states that it has filed a supersedeas bond in the amount of $2,300,000.00. [Doc. 407]. Sterling argues that this bond is sufficient security in this case because the Judgment entered was only $1,968,001.00.

MAKS responds in opposition to the Motion to Stay, and it maintains that the bond presented is not sufficient to insure the security of its Judgment. [Doc. 416]. In support of this position, MAKS submits that the Judgment totals $2,968,001.00, because MAKS "reserves the right to seek reinstitution of the $1 million in conversion damages on appeal." [Id. at 1, n. 1]. In addition to the amounts awarded by the jury, MAKS moves the Court to find that the supersedeas bond must cover the $866,127.60 in attorneys' fees, $81,895.96 in costs, and $622,995.00[1] in interest requested by MAKS. MAKS submits that the total contingent amount owed to MAKS is $4,539,019.56. In support of its position that the Court should provide security for all of these potential recoveries, MAKS cites the Court to a number of cases, including United States v. Gen. Elec. Co., 397 Fed. App'x 144, 151 (6th Cir. 2010).

---

[1] MAKS mistakenly states that it is owed "$319,770.00 prejudgment interest, and $303,225.00 prejudgment interest." Because it is not clear to the Court which amount is meant to represent prejudgment interest and which amount is meant to represent postjudgment interest, the Court has added them together to represent the single category of "interest."

4

In its Reply [Doc. 418], Sterling maintains that the issues of attorneys' fees, costs, and prejudgment interest have not yet been decided, and Sterling notes that it objects to the vast majority of MAKS's claimed attorneys' fees and costs, and to the rate of interest claimed by MAKS. Sterling reiterates its position that the supersedeas bond presented is sufficient.

Rule 62 of the Federal Rules of Civil Procedure states, "On appropriate terms for the opposing party's security, the court may stay the execution of a judgment--or any proceedings to enforce it--pending disposition of [a motion . . .] under Rule 59, for a new trial or to alter or amend a judgment." Fed. R. Civ. P. 62(b)(2).

A "stay of judgment usually requires a bond." Pucci v. Somers, 834 F.Supp. 2d 690, 706 (E.D. Mich. 2011). The purpose of a supersedeas bond,

> is to preserve the status quo while protecting the non-appealing party's rights pending appeal. A judgment debtor . . . may use the bond to avoid the risk of satisfying the judgment only to find that restitution is impossible after reversal on appeal. At the same time, the bond secures the prevailing party against any loss sustained as a result of being forced to forgo execution on a judgment during the course of an ineffectual appeal.

Hall v. Consol. Freightways Corp., 142 Fed. App'x 875, 879 (6th Cir.2005) (quoting Poplar Grove Planting & Ref. Co. v. Bache Halsey Stuart, Inc., 600 F.2d 1189, 1190–91 (5th Cir. 1979)).

The Court of Appeals for the Sixth Circuit has explained that, "[a]lthough the amount of [a] bond usually will be set in an amount that will permit satisfaction of the judgment in full, together with costs, interest, and damages for delay, the courts have the inherent power . . . to provide a bond in a lesser amount or to permit security other than the bond." Gen. Elec. Co., 297 Fed. App'x at *6 (citing 11 Wright, Miller & Kane, Fed. Prac. & Pro. § 2905, at 522 (4th ed. 2008)). Moreover, a court may requires a party to file a bond to cover the opposing party's

5

attorneys' fees. See, e.g., Stewart v. Fleet Fin'l, 229 F.3d 1154 (6th Cir. Aug.10, 2000) (requiring harassing and vexatious litigator to file $25,000 bond prior to filing suit is not an abuse of discretion).

The Court has considered the parties' positions and the applicable law, and the Court finds that the supersedeas bond presented by Sterling is sufficient to stay collection and garnishment actions.

As an initial matter, the Court finds that MAKS has not disputed the authenticity or the form of the bond or the financial reliability of the bonding company. Thus, the Court finds that the only issue in dispute is the amount of the bond presented.

The Judgment entered in this case on February 14, 2013, awarded damages to MAKS in the amounts of $990,000.00, $975,000.00, $3,000.00, and $1.00, for a total of $1,968,001.00. [Doc. 336]. The amount of this Judgment, again, does not appear to be in dispute. Rather, the parties dispute the additional amounts that should be added onto the Judgment amount to protect MAKS.

The Court finds MAKS's statement that it reserves the right to reinstitute "$1 million in conversion damages on appeal," and its assertion that this amount should be added onto the Judgment amount for purposes of the bond to be unpersuasive. MAKS has not cited the Court to persuasive case law supporting this position, and the Court finds accounting for rights reserved on appeal is impracticable in this case.

Next, the Court finds that the supersedeas bond includes $331,999.00 in excess coverage beyond the amount of the Judgment in this case. Further, as of September 19, 2013, Wells Fargo Bank N.A. has paid into Court $40,268.79 pursuant to a Writ of Garnishment. The Court finds that the excess coverage and the money paid into the registry of the Court by Wells Fargo

provides sufficient security for MAKS's requests for $81,895.96 in costs and $622,995.00 in interest, because these amounts are not finalized and are subject to being reduced.

With regard to the $866,127.60 in attorneys' fees requested by MAKS, the Court finds that the Court is vested with the discretion to decline MAKS's request that additional security be posted for these fees. See Stewart, 229 F.3d 1154. These fees are not finalized, and the parties vigorously debate the amount of the fees to be paid. Specifically, counsel's proposal that the Court reimburse counsel at the rate of $600 prevailing in Washington D.C., is sharply contested, [see Doc. 372]. Thus, at this time, the Court declines to require that the bond be increased to cover the requested attorneys' fees. The Court, however, may require additional security to stay execution on the Judgment, and to stay further discovery in aid of execution, after it issues a ruling determining the appropriate amount of the attorneys' fees award.

Accordingly, the Court finds that the supersedeas bond obtained by Sterling provides sufficient security to stay this case at this time. The Court will grant the request that the Court stay all pending and future executions and garnishments and motions related to the Judgment entered February 14, 2013. Additionally, the Court will stay any future discovery requests including the requests for post-judgment depositions.

Accordingly, the Motion to Stay Execution and Other Proceedings **[Doc. 406]** is **GRANTED**. All pending and future executions, all pending and future garnishments,[2] all pending and future discovery, and motions relating to the Judgment entered February 14, 2013, are **STAYED** pending decision on the Motion for New Trial [Doc. 356].

---

[2] On September 18, 2013, the Honorable Thomas A. Varlan, Chief United States District Judge, ordered that Wells Fargo pay $40,268.79, into the registry of the Court, and this money was paid into court the same day. [See Docs. 421, 422]. Nothing in this Memorandum and Order should be interpreted as revisiting that decision, and that money will stay in the registry of the Court until ordered otherwise by the Court.

**C. Motion to Set Aside and Claim for Exemptions**

In light of the above decision to stay future and pending garnishments and executions and Wells Fargo's payment into the registry of the Court, the Court finds that the Motion to Set Aside **[Doc. 417]** and the Claim for Exemptions **[Doc. 410]** are now moot. They are **DENIED AS MOOT**.

**D. Conclusion**

In sum:

1. The Motion for Sanctions **[Doc. 388]** is **DENIED WITHOUT PREJUDICE**;

2. The Motion to Stay Execution and Other Proceedings **[Doc. 406]** is **GRANTED**; however, the Court reserves the option of ordering an increase in the amount of the supersedeas bond to continue the stay of execution depending on rulings regarding attorneys' fees and interest;

3. All pending and future executions, all pending and future garnishments, all pending and future discovery, and motions relating to the Judgment entered February 14, 2013, are **STAYED** pending decision on the Motion for New Trial [Doc. 356]; and

4. The Motion to Set Aside **[Doc. 417]** and the Claim for Exemptions **[Doc. 410]** are **DENIED AS MOOT**.

**IT IS SO ORDERED**.

ENTER:

  /s H. Bruce Guyton
United States Magistrate Judge

8

Case 3:10-cv-00443-TAV-HBG   Document 423   Filed 09/20/13   Page 8 of 8   PageID #: 5694