UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| MAKS, INC. GENERAL TRADING AND CONTRACTING CO., </br></br>Plaintiff / Counter-Defendant,</br></br>v.</br></br>STERLING OPERATIONS, INC., *Formerly known as* EOD TECHNOLOGY, INC.,</br></br>Defendant / Counter-Plaintiff. | )</br>)</br>)</br>)</br>)  No. 3:10-CV-443</br>)  (VARLAN/GUYTON)</br>)</br>)</br>)</br>)</br>)</br>)</br>) |

# REPORT AND RECOMMENDATION

This case is before the undersigned pursuant to 28 U.S.C. § 636, the Rules of the Court, and the referral of the Chief District Judge. This case is now before the Court to address a request for prejudgment and post-judgment interest presented by MAKS Inc. Trading and Contracting Company ("MAKS"). Sterling Operations Inc., formerly known as EOD Technology, Inc., ("Sterling/EODT") has responded in opposition to the request for interest, and MAKS has filed a final reply. The issue before the undersigned in now ripe for adjudication.

On December 3, 2012, the jury in this case rendered a verdict in favor of MAKS on its breach of contract claims and a conversion claim. On December 17, 2012, MAKS filed a motion moving the Court to assess prejudgment and post-judgment interest on both its breach of contract claims and conversion claim, [Doc. 324]. On January 24, 2013, the Court entered an Order directing MAKS to elect between the damages award for breach of contract with regard to Work Authorization 02 and the damages awarded on its conversion claim. On January 29, 2013,

MAKS elected to take the remedy available for the breach of contract under Work Authorization 02 ($975,000.00). MAKS's request for prejudgment and post-judgment interest relating to its conversion claim was rendered moot by this election. However, the request for prejudgment and post-judgment interest with regard to the breach of contract claims remained ripe for adjudication.

On February 14, 2013, the Clerk of Court entered Judgment in favor of MAKS. [Doc. 336]. On the same day, the Chief District Judge entered a Memorandum, Opinion, and Order [Doc. 335], finding *inter alia* that MAKS was entitled to both an award of prejudgment and an award of post-judgment interest. However, the Chief District Judge referred the determination of the rate and amount of the interest to the undersigned. On October 7, 2013, the Chief District Judge denied various post-judgment motions including Sterling's Motion for New Trial and/or Renewed Motion for Judgment as a Matter of Law. Accordingly, this matter is now ripe for adjudication.

A.   *Prejudgment Interest*

With regard to prejudgment interest, the Court has already found that "an award of prejudgment interest on the damages awarded by the jury for the breach of Work Authorization 01, the breach of Work Authorization 02, and the breach of the security agreement [is] appropriate in this case." [Doc. 335 at 5-6]. Therefore, the only issue remaining for the undersigned to decide is the rate of the prejudgment interest and the period for which it should be awarded.

MAKS moves the Court to award prejudgment interest at ten percent (10%), the statutory maximum under Tenn. Code Ann. § 46-14-123. In support of this position, MAKS argues that the jury completely rejected the positions of EODT/Sterling and that 10% interest is appropriate

2

because Sterling/EODT wrongfully denied MAKS the funds owed to it. [See Doc. 325 at 2].

EODT/Sterling responds that MAKS has not offered any evidence supporting its position that 10% is appropriate. EODT/Sterling argues that the Court should calculate prejudgment interest using either: (1) the rate of interest which MAKS is entitled to on federal judgments (approximately .15%); or (2) the rate of interest which one can expect from an one-year certificate of deposit at a commercial bank (approximately .15%). [Doc. 326 at 3].

MAKS responds that EODT/Sterling's suggestion that the Court use a rate of .15% is not credible. [Doc. 327]. MAKS submits that it was forced to borrow money to cover the missing capital anticipated by Work Authorization 1 and Work Authorization 2, and therefore, applying interest rates for certificates of deposit would be inequitable. [Id. at 2]. MAKS maintains that a rate of ten percent accurately reflects the interest rates assessed to MAKS on the working capital obtained to replace the money that should have been paid to MAKS by EODT under the contract. [Id.].

The Court has considered the parties' positions, and the Court finds that the appropriate rate for calculating prejudgment interest is 5% per annum. In so finding, the Court has considered the rates of interest available during the relevant period, the case law of this District, and the equities of this case.

The Court finds that MAKS's suggestion that the Court award interest at a rate of 10% is not consistent with the case law of this District. In evaluating a request for prejudgment interest covering approximately the same period, the Honorable Curtis L. Collier, United States District Judge, explained that awarding interest at the rate of 10%, though permissible would be "a windfall, particularly in light of the current economic climate." Krystal Co. v. Caldwell, 2012 WL 876793, at *11 (E.D. Tenn. Mar. 13, 2012); see also Dorothy J. v. City of New York, 749 F.
3

Supp. 2d 50, 81 (E.D.N.Y.2010) (noting the court would not apply the prejudgment interest rate of 9% per annum designated under New York law because such a rate "would produce a windfall for the plaintiffs in light of the historically low rates of interest and inflation that have prevailed over much of the relevant period").

Consistent with this position, recent decisions in the Eastern District of Tennessee have declined to award interest at a rate of 10%. See Nat'l Fitness Cent., Inc. v. Atlanta Fitness, 2013 WL 6231774 (E.D. Tenn. Dec. 2, 2013) (Campbell, J.) (adopting recommendation that the Court award prejudgment interest at a rate of 5% per annum rather than 10% per annum under Tenn. Code Ann. 47-14-123).

The Court finds that MAKS's request that prejudgment interest be calculated at a rate of 10% per annum is unreasonable under the circumstances. The dispute at issue arose during one of the worst economic downturns in history, and this litigation persisted during a continued period of extremely low interest rates, see Dorothy J., 749 F. Supp. 2d at 81. MAKS has not brought forth any evidence demonstrating that it could have obtained a 10% return on a reasonably secure investment during this period. Moreover, it has not cited the Court to any case law supporting its position that the rate of interest should be calculated at the interest rate for borrowing capital, and even if there were such precedence, MAKS has not demonstrated that the general cost of borrow capital was 10%. While the Court declines to award 10%, the Court also finds that EODT/Sterling's suggested rate of .15% does not appropriately account for the period that MAKS was denied access to its capital.

Accordingly, the undersigned finds that the appropriate rate for prejudgment interest is 5% per annum. The Court finds that this rate is somewhat generous given the economic downturn, but it is appropriate given the period MAKS was denied its capital and the finite

4

nature of these damages. Therefore, the undersigned **RECOMMENDS** that MAKS be awarded prejudgment interest at a rate of 5%: (a) from **September 9, 2009**, to entry of Judgment on Work Authorization 01 ($990,000.00); and (b) from **October 23, 2009**, to entry of Judgment on Work Authorization 02 ($975,000.00). That is, the undersigned **RECOMMENDS** that MAKS be awarded **$169,927.40** prejudgment interest on Work Authorization 01 and **$161,476.03** on Work Authorization 02.

### B. *Post-Judgment Interest*

The Court has determined that MAKS is entitled to post-judgment interest. [Doc. 335 at 8-9]. The undersigned, however, must determine whether MAKS's award of post-judgment interest should be calculated pursuant to Tenn. Code Ann. § 47-14-222 or 28 U.S.C. § 1961. [Id.]. Further, the undersigned is to determine the rate of the post-judgment interest and the period for which it should be awarded. [See id.].

MAKS does not suggest a specific amount of post-judgment interest. Instead, it submits simply that, "[p]ursuant to Tenn. Code Ann. § 47-14-122, post judgment interest is due to MAKS dated from December 2, 2012, the day the jury rendered verdict." [Doc. 325 at 6].

EODT/Sterling has responded in opposition. EODT/Sterling maintains that federal law controls post-judgment interest, and that the appropriate amount of interest is determined through application of 28 U.S.C. § 1961. [Doc. 326 at 4-5]. EODT/Sterling submits that, at the time of briefing, the appropriate interest rate for post-judgment interest was 0.15%. [Id. at 5].

In its reply, MAKS does not contest EODT/Sterling's position that 28 U.S.C. § 1961 governs the award of post-judgment interest, nor does MAKS contest that, at the time of briefing, the appropriate interest rate for post-judgment interest was 0.15%. [Doc. 327 at 2]. Instead,

5

MAKS argues simply that EODT/Sterling's position is not credible and that calculating interest at 0.15% would be inequitable. [Id.].

Federal law controls post-judgment interest for state-law claims and state law governs awards of prejudgment interest. Spizizen v. Nat'l City Corp., 516 Fed. App'x 426, 432 (6th Cir. 2013) (citing Estate of Riddle v. So. Farm Bur. Life Ins. Co., 421 F.3d 400, 409 (6th Cir. 2005)). Section 1961(a) requires district courts to award post-judgment interest on all money judgments. Spizizen, 516 Fed. App'x at 432 (citing Hoover v. Provident Life & Accident Ins. Co., 290 F.3d 801, 810 (6th Cir.2002)). The underlying purpose of § 1961 is "to compensate the successful plaintiff for being deprived of compensation for the loss from the time between the ascertainment of the damage and the payment by the defendant." Spizizen, 516 Fed. App'x at 432 (citing Kaiser Aluminum & Chem. Corp. v. Bonjorno, 494 U.S. 827, 835–36 (1990)).

Section 1961 instructs: "interest shall be calculated from the date of the entry of the judgment, at a rate equal to the weekly average 1-year constant maturity Treasury yield, as published by the Board of Governors of the Federal Reserve System, for the calendar week preceding[] the date of the judgment." 28 U.S.C. § 1961(a).

The Court finds that the rate of post-judgment interest is set pursuant to 28 U.S.C. § 1961, at a rate equal to the weekly average 1-year constant maturity Treasury yield, as published by the Board of Governors of the Federal Reserve System, for the calendar week preceding the date of the judgment.

Judgment in this case was entered on February 14, 2013. MAKS indicated in its initial filing that it believed the appropriate date for post-judgment interest to begin was December 2, 2012. [Doc. 325 at 6]. December 2, 2012 is the date on which the jury rendered its verdict, but the Judgment in this case was entered on February 14, 2013. Neither party has devoted

6

considerable time to this conflict in their briefing, but the Court finds that the plain language of § 1961 supports finding that post-judgment interest should be calculated from February 14, 2013, which is the date that the Clerk of Court entered the Judgment [Doc. 336].

The Court finds that the week preceding entry of judgment ended on February 8, 2013, and the Court finds the published rate for 1-year constant maturity Treasury yields was 0.15%.[1]

Accordingly, the undersigned **RECOMMENDS** that MAKS be awarded post-judgment interest at a rate of **0.15%** from February 14, 2013 to the date of decision on this Report and Recommendation.

---

[1] See http://www.federalreserve.gov/releases/h15/20130219/ , accessed Jan. 27, 2014.

*C.    Conclusion*

Based upon the foregoing, the undersigned **RECOMMENDS**[2] that:

1. MAKS's request for assessment of prejudgment interest and post-judgment interest at a rate of 10% per annum be **DENIED**.

2. MAKS be awarded prejudgment interest at a rate of **5%**:

    a. from **September 9, 2009**, to entry of Judgment on Work Authorization 01 ($990,000.00), for a total of **$169,927.40** in prejudgment interest on Work Authorization 01; and

    b. from **October 23, 2009**, to entry of Judgment on Work Authorization 02 ($975,000.00), for a total of **$161,476.03** in prejudgment interest on Work Authorization 02.

3. MAKS be awarded post-judgment interest at a rate of **0.15%** from entry of the Judgment to the date of decision on this Report and Recommendation.

                                         Respectfully Submitted,

                                         /s H. Bruce Guyton
                                         United States Magistrate Judge

---

[2] Any objections to this Report and Recommendation must be served and filed within fourteen (14) days after service of a copy of this recommended disposition on the objecting party. Fed. R. Civ. P. 72(b)(2). Such objections must conform to the requirements of Rule 72(b), Federal Rules of Civil Procedure. Failure to file objections within the time specified waives the right to appeal the District Court's order. Thomas v. Arn, 474 U.S. 140, 106 S. Ct. 466 (1985). The district court need not provide de novo review where objections to this report and recommendation are frivolous, conclusive or general. Mira v. Marshall, 806 F.2d 636 (6th Cir. 1986). Only specific objections are reserved for appellate review. Smith v. Detroit Federation of Teachers, 829 F.2d 1370 (6th Cir. 1987).