UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| MAKS INC. GENERAL TRADING AND CONTRACTING CO., *et al.*, | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | No.: 3:10-CV-443-TAV-HBG |
| STERLING OPERATIONS, INC., *formerly known as* EOD TECHNOLOGY, INC., | ) ) ) ) | |
| Defendant, | ) ) | |
| STERLING OPERATIONS, INC., *formerly known as* EOD TECHNOLOGY, INC., | ) ) ) ) | |
| Counter-Plaintiff, | ) ) | |
| v. | ) ) | |
| MAKS INC. GENERAL TRADING AND CONTRACTING CO., | ) ) ) | |
| Counter-Defendant, | ) | |

## MEMORANDUM OPINION AND ORDER

This civil action is before the Court on the Report and Recommendation of Magistrate Judge H. Bruce Guyton entered on February 11, 2014 [Doc. 458] (the "R&R"), which addresses plaintiff MAKS Inc. General Trading and Contracting Co.'s Petition for the Award of Contractual Attorney's Fees and Costs [Doc. 369]. Defendant

Sterling Operations, Inc. ("Sterling")[1] responded in opposition [Doc. 372], and MAKS Inc. General Trading and Contracting Co. ("MAKS") replied [Doc. 377]. After consideration of MAKS's request, Magistrate Judge Guyton recommends that the Court grant in part and deny in part MAKS's request for attorneys' fees and costs and award MAKS $283,408.00 in attorneys' fees and $44,108.91 in costs, for a total of $327,516.91. Sterling filed four objections to the R&R [Doc. 460], MAKS responded [Doc. 461], and Sterling replied [Doc. 464].

I.  **Background**

The Court will provide a brief background to this motion, but assumes familiarity with both the facts and procedural history of this case, which are complex.

The jury returned, as is pertinent here, a verdict in favor of MAKS, awarding MAKS $990,000 on its breach of contract claim with regard to Work Authorization 01 and $975,000 on its breach of contract claim with regard to Work Authorization 02 [Doc. 319]. The jury also found in MAKS's favor on Sterling's counterclaim for breach of contract [*Id.*]. This Court determined that the agreement between the parties—which is governed by Tennessee law—entitles MAKS to recover reasonable attorneys' fees and costs incurred in the defense of Sterling's counterclaim [Doc. 335 p. 10–12]. The Court referred this determination to the magistrate judge [*Id.* at 12], and the R&R constitutes his determination.

---

[1] Sterling was formerly known as EOD Technology, Inc.

The magistrate judge reduced the hourly attorneys' fee of $600 requested by MAKS for attorneys Beins and Hennessey to $300 and reduced the eligible hours submitted by MAKS by 40%, finding that only 60% of this time was spent defending the counterclaim [Doc. 458 p. 21].[2] As for MAKS's requested costs award, the magistrate judge likewise reduced the award by 40% so that the award reflects only fees and costs spent defending the counterclaim and further reduced the award by 25% "to discount for the request for reimbursement of unreasonable costs" [*Id.* at 22–23].

The Court takes each of Sterling's four objections in turn and discusses the relevant facts and history of the case as needed.

## II. Standard of Review

Under the circumstances, the court must conduct a *de novo* review of those portions of a magistrate judge's report and recommendation to which a party objects unless the objections are frivolous, conclusive, or general. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 54(d)(2)(D); Fed. R. Civ. P. 72(b)(3); *Massey v. City of Ferndale*, 7 F.3d 506, 510 (6th Cir. 1993). "Objections disputing the correctness of the magistrate's recommendation, but failing to specify the findings believed to be in error are too general and therefore insufficient." *Stamtec, Inc. v. Anson*, 296 Fed. App'x 516, 519 (6th Cir. 2008) (citing *Spencer v. Bouchard*, 449 F.3d 721, 725 (6th Cir. 2006)). The Court "may

---

[2] MAKS's local counsel, Deborah Buchholz, was awarded a rate of $200 for a small portion of her eligible hours and $225 for the remainder [Doc. 458 p. 21]—an award uncontested by Sterling.

accept, reject, or modify, in whole or in part, the findings or recommendations" made by the magistrate judge.  28 U.S.C. § 636(b)(1).

**III.   Analysis**

Sterling asserts four objections, namely, that Magistrate Judge Guyton: (1) erred in reducing MAKS's eligible hours for attorneys' fees using a percentage, rather than a line-item review; (2) may have erred in deducting 40% of MAKS's claimed hours, as opposed to 60%; (3) erred in awarding attorneys' fees based upon an hourly rate of $300 for attorneys Beins and Hennessey; and (4) erred in reducing MAKS's submitted costs using two percentages, rather than a line-item review of each cost item [Doc. 460 pp. 1–2].

**A.      Reducing MAKS's Eligible Hours Using a Percentage**

The agreement between the parties is governed by Tennessee law and entitles MAKS to recover the reasonable attorneys' fees it spent defending Sterling's counterclaim [*Id.* at 3].  To determine the reasonableness of attorneys' fees in Tennessee, courts look to the factors set forth in Tennessee Supreme Court Rule 8, Rule of Professional Conduct 1.5(a).  *Wright ex rel. Wright v. Wright*, 337 S.W.3d 166, 189 (Tenn. 2011).  In reducing MAKS's eligible hours using a percentage, Sterling argues that the magistrate judge erred in applying Rule of Professional Conduct 1.5(a)(1), which requires consideration of "the time and labor required."  Sterling submits that the Court must determine the actual amount of time spent defending the counterclaim by making a finding as to whether each interval of time submitted by MAKS's attorneys is attributable to defending the counterclaim, rather than using a percentage to reduce the amount of

4

hours submitted by MAKS in order to exclude time not attributable to defending the counterclaim [Doc. 460 p. 4]. Sterling cites as support *Estate of Thompson*, No. M2011-00411-COA-R3-CV, 2012 Tenn. App. LEXIS 171 (Tenn. Ct. App. Mar. 14, 2012), in which the court invalidated a local rule suggesting that judges award attorneys' fees in probate cases based upon a set percentage of the gross probate estate and instead looked to the submitted time records to determine the hours the attorney at issue spent working on the case. *Id.* at *18, *29. MAKS argues that Magistrate Judge Guyton's methodology was reasonable and in the interest of judicial economy, given that MAKS's claims were inextricably intertwined with Sterling's counterclaim [Doc. 461 p. 2].

The Court acknowledges Sterling's argument that making an individual determination as to each unit of time submitted by MAKS is a preferred method for determining the number of eligible hours. Yet, in considering the practicalities of such an endeavor, the Court finds persuasive the following language from the Tennessee Court of Appeals:

> It would be nearly impossible to accurately separate the legal costs incurred for defending one claim from those incurred for defending the other. We are aware that if we remand this case to the trial court for performance of that task, the parties will have to incur additional fees for an exercise of dubious value. In the interest of judicial economy, we therefore hold that the plaintiff shall be responsible for only one-half of the attorney fees incurred by the defendants.

*Glanton v. Bob Parks Realty*, No. M2003-01144-COA-R3-CV, 2005 Tenn. App. LEXIS 263, at *33–34 (Tenn. Ct. App. Apr. 27, 2005). Though Sterling points out that *Glanton*

5

concerned an award of attorneys' fees pursuant to the Tennessee Consumer Protection Act, not a contract, the reasoning is nevertheless compelling.

Here, given that Sterling's counterclaim is closely intertwined with MAKS's claim for breach of contract—essentially, the jury was tasked with determining which party breached the contract—it would be nearly impossible to accurately determine the portion of time MAKS's counsel spent defending the counterclaim, as opposed to prosecuting its claim. Thus, in addition to being factually distinct from *Thompson*, the instant matter presents unique circumstances that are not conducive to distilling an accurate number of eligible hours from the submitted time records.

Sterling contends that the percentage used by the magistrate judge is unfair, is quantitatively incorrect, and sets a bad precedent by incentivizing parties such as MAKS to submit an excessive number of hours [Doc. 460 p. 7, 10]. First, the magistrate judge's purpose in reducing the award sought by MAKS by a certain percentage was to compensate for the excessive amount of hours submitted by MAKS. Thus, a party that submits an even more excessive number of hours would face a greater percentage reduction. Second, Sterling argues that reducing the eligible hours by 40%—and thereby allowing MAKS to count 60% of the submitted hours—is incorrect and unfair because the counterclaim would not have taken 60% of MAKS's attorneys' time, given that they were prosecuting other claims and that a considerable minority of the trial time involved Sterling's prosecution of its counterclaim [*Id.* at 7–8]. Yet, MAKS's prosecution of its claims necessarily included its defense against Sterling's counterclaim, considering that

6

the parties' claims effectively mirrored one another. Further, not all of the time MAKS's attorneys spent on this litigation was submitted as time spent defending the counterclaim [*See* Doc. 370-1].

Sterling also proposes alternative methodologies—including a weighted average of these methodologies—for calculating a percentage by which to reduce MAKS's eligible hours, which are derived from various trial metrics comparing MAKS's case-in-chief with Sterling's [Doc. 460 pp. 8–10]. Yet, as mentioned, MAKS's case-in-chief necessarily involved, to some extent, defending Sterling's counterclaim. Therefore, the Court does not find Sterling's suggested methodologies more reasonable or accurate than the methodology employed by the magistrate judge.

In sum, the Court is not persuaded by Sterling's arguments that Magistrate Judge Guyton's reduction of 40% of MAKS's submitted hours was unreasonable or unfair and, in fact, finds that this was a reasonable methodology for calculating the number of hours spent by MAKS's attorneys defending the counterclaim, under the circumstances. Therefore, the Court overrules Sterling's objection to the methodology used to calculate the number of eligible hours for which MAKS is entitled to reasonable attorneys' fees.

### B.  Possible Calculation Error by the Magistrate Judge

Sterling also suggests that the magistrate judge might have intended to reduce MAKS's eligible hours by 60%, rather than 40% [*Id.* at 11–12]. In support, Sterling notes that the R&R states that the two parties' claims "arguably mirrored one another, and given that MAKS alleged numerous tort claims in addition to its contract claims,

7

logic dictates that MAKS's claims consumed more time in pretrial litigation and during trial than did Sterling's counterclaim" [Doc. 458 p. 7].

Sterling's argument, however, ignores that not all of the time spent by MAKS's attorneys on this litigation was submitted as eligible time for purposes of calculating the counterclaim attorneys' fees. Therefore, the magistrate judge's finding that more total time was spent on MAKS's other claims—as compared with the time spent defending Sterling's counterclaim—is not inconsistent with reducing MAKS's submitted hours by 40%. Finally, the magistrate judge separately noted that "only 60% of the hours billed are attributable to the counterclaim," indicating that the 40% reduction was not a calculation error [*Id.* at 21].

In light of the foregoing, the Court finds that Magistrate Judge Guyton did not make a calculation error in determining the number of eligible hours and that the reduction in hours is consistent with his findings in the R&R. Accordingly, the Court overrules this objection.

### C. Hourly Rate Calculation for Attorneys Beins and Hennessy

Sterling objects to using a rate of $300 per hour to calculate the reasonable attorneys' fees for attorneys Beins and Hennessy, contending that the magistrate judge erred in applying Tennessee Rule of Professional Conduct 1.5(a)(3) [Doc. 460 pp. 3, 12–16]. Sterling argues that MAKS failed to submit proof regarding a reasonable Knoxville-area rate for attorneys Beins and Hennessy and that the magistrate judge's awarded rate is equivalent to the rate that Sterling's affiants submit is appropriate for the most complex

8

work—rather than comparable to a typical Knoxville fee—despite the magistrate judge's determination that the legal issues presented at trial were not unusually complex [*Id.* at 12–14]. Moreover, Sterling calls upon the Court to exercise its own judgment as to the quality of MAKS's representation in light of the proceedings before it and to determine whether this representation amounted to the best witnessed by the Court, claiming that a $300 rate sets a record for contested cases in this district [*Id.* at 14–15]. As noted, MAKS's local counsel was awarded a rate of $200 for a small portion of her eligible hours and $225 for the remainder, an award uncontested by Sterling [Doc. 458 p. 21].

Sterling submitted an affidavit from local attorney Robert H. Green, who has litigated construction disputes for over 30 years, in which Green opines that "for senior attorneys with over 20 years of litigation experience[,] an hourly rate between $250.00 and $300.00 is reasonable" [Doc. 372-4 pp. 3–4]. Ultimately, the magistrate judge determined that a rate of $300 is reasonable under the circumstances [Doc. 458 p. 18].

Though attorney Hennessy began practicing law in 1996, on the whole, the Court finds that he and attorney Beins are sufficiently qualified to fit within the fee range suggested by Green [*See* Docs. 370-3, 370-4]. Consequently, even though the legal concepts involved in this litigation were not exceedingly complex or esoteric, and despite Sterling's suggestions concerning the quality of MAKS's counsel's performance, the Court finds that in light of the record, the application of an hourly rate of $300 to the eligible hours for attorneys Beins and Hennessey is reasonable. Therefore, the Court overrules Sterling's objection.

### D. Reducing MAKS's Costs Using a Percentage

Sterling objects to the magistrate judge's use of two percentages to reduce the costs submitted by MAKS and requests a line-item analysis, mirroring its request as to determining the eligible hours [Doc. 460 p. 16]. In the R&R, Magistrate Judge Guyton reduced MAKS's submitted costs by 40% for the same reason that he reduced MAKS's eligible hours—to reflect the fact that MAKS is only being awarded costs incurred in defending Sterling's counterclaim [Doc. 458 p. 22]. Subsequently, Magistrate Judge Guyton reduced MAKS's submitted costs by an additional 25% to discount for unreasonable costs sought by MAKS, including expensive meals, hotel-room movies, and supermarket bills [*Id.* at 22–23].

As with the methodology used to reduce MAKS's eligible hours, the Court acknowledges Sterling's argument that making an individual determination as to each cost and expense submitted by MAKS is a preferred method. But, considering the interrelation between MAKS's claim for breach of contract and Sterling's counterclaim, it would be nearly impossible to accurately determine the portion of the costs spent defending the counterclaim, as opposed to prosecuting MAKS's claim. Thus, for the same reasons as the Court found the eligible hour methodology reasonable, the Court finds the same methodology reasonable with respect to reducing MAKS's submitted costs. The same rationale applies to determining the reasonableness of each cost, and to what extent each cost was unreasonable. Moreover, Sterling has not shown that the

10

magistrate judge's 25% reduction for unreasonable costs was an unreasonable methodology under the circumstances.

Sterling also argues that by awarding MAKS a reduced percentage of some unreasonable costs, the Court is still requiring Sterling to pay a portion of unreasonable costs [Doc. 460 p. 16]. But this argument ignores the fact that the 25% reduction is designed to eliminate the unreasonable portion of the submitted costs. To this end, the costs remaining following the two reductions constitute the reasonable costs incurred by MAKS defending Sterling's counterclaim.

Accordingly, the Court overrules Sterling's objection to Magistrate Judge Guyton's methodology in reducing the costs awarded to MAKS.

## IV. Conclusion

After reviewing the record in this case, including the R&R and the underlying briefs, as well as the relevant law, Sterling's objections to the R&R, MAKS's response to the objections, and Sterling's reply, the Court is in agreement with Magistrate Judge Guyton's recommendations concerning MAKS's petition for an award of attorneys' fees and costs, which the Court adopts and incorporates into its ruling. Accordingly, and for the reasons stated above, the Court **OVERRULES** Sterling's objections [Doc. 460] and **ACCEPTS IN WHOLE** the R&R [Doc. 458]. Therefore, MAKS Inc. General Trading and Contracting Co.'s Petition for the Award of Contractual Attorney's Fees and Costs

[Doc. 369] is hereby **GRANTED in part** and **DENIED in part**.  MAKS is **AWARDED** $283,408.00 in attorneys' fees and $44,108.91 in costs, for a total of $327,516.91.

IT IS SO ORDERED.

s/ Thomas A. Varlan  
CHIEF UNITED STATES DISTRICT JUDGE