UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| MAKS, INC. GENERAL TRADING AND CONTRACTING CO., | ) ) ) |
| Plaintiff / Counter-Defendant, | ) ) ) |
| v. | ) No. 3:10-CV-443-TAV-HBG ) ) |
| STERLING OPERATIONS, INC., *Formerly known as* EOD TECHNOLOGY, INC., | ) ) ) ) |
| Defendant / Counter-Plaintiff. | ) |

## **MEMORANDUM AND ORDER**

This case is before the undersigned pursuant to 28 U.S.C. § 636, the Rules of this Court, and the referral of the District Judge.

Now before the Court is a Motion to Increase Supersedeas Bond, or in the Alternative, to Lift Stay on Post Judgment Discovery and Compel Discovery [Doc. 475], filed by MAKS Inc. General Trading and Contracting Company ("MAKS"). In its motion, MAKS moves the Court to increase its supersedeas bond from $2,300,000 to $3,000,000. In support of this request, MAKS notes that the Court recently awarded MAKS approximately $650,000.00 in prejudgment interest, attorneys' fees, and taxable costs. MAKS argues that the bond obtained by Defendant Sterling Operations Inc., ("Sterling"), should be increased to reflect this additional award. In the alternative, MAKS moves the Court to lift the stay on post-judgment discovery so that it may obtain information about the assets from which it could potentially collect its judgment.

Sterling responded to the Motion to Increase Supersedeas Bond on May 13, 2014. Sterling concedes that MAKS's award now totals $2,626,921.34, and Sterling agrees that the bond should be increased to reflect this amount. The parties appear to disagree as to the period for post-judgment relief. Sterling proposes that any increase in the bond reflect three years of post-judgment interest totaling $11,821.15. Sterling also proposes the inclusion of $1,257.51, as a margin of error assurance. Thus, Sterling suggests a new bond amount of $2,640,000.00.

The Court has considered the parties' filings and the procedural posture of this case. Consistent with the parties' agreement, the Court finds that the award to MAKS now totals $2,626,921.34. The Court finds that Sterling's suggestion that post-judgment interest for a period of three years be included in the bond amount is reasonable, and the Court finds that the inclusion of $1,257.51, as a margin of error, is appropriate. The Court finds that security in excess of $2,640,000.00 is not necessary given the amount of MAKS award. Thus, the Court finds that the proposed security amount of $2,640,000.00 is reasonable and appropriate under the circumstances.

The Court finds that Sterling has already secured a bond in the amount of $2,300,000.00, and that the Clerk of Court has $40,268.79 from Sterling on deposit. Therefore, the Court will order that Sterling increase its bond by $299,731.21.

Accordingly, the Motion to Increase Supersedeas Bond, or in the Alternative, to Lift Stay on Post Judgment Discovery and Compel Discovery **[Doc. 475]** is **GRANTED IN PART** and **DENIED IN PART**, as follows:

1. Sterling is **ORDERED** to obtain a bond of at least $299,731.21, to serve as post-judgment security in this matter, on or before **June 2, 2014**;

2. Sterling **SHALL FILE** a notice that it has secured the appropriate bond on or before **June 2, 2014**.

3. If the bond is obtained from an entity other than Hanover Insurance Company, the company that provided the previous bond, then Sterling **SHALL MOVE** for approval of the bond on or before **June 2, 2014**. MAKS **SHALL RESPOND** to any motion for approval of bond on or before **June 9, 2014**.

4. To the extent MAKS sought an increase in the bond in excess of $299,731.21, that request is **DENIED**;

5. Because the Court is ordering Sterling to increase its bond, the Court finds that MAKS's alternative request to lift the stay on post-judgment discovery is moot, and it is **DENIED AS MOOT**.

**IT IS SO ORDERED**.

ENTER:

s/ H. Bruce Guyton
United States Magistrate Judge